Michael E. Welsh (Massachusetts Bar No. 693537)
welshmi@sec.gov
Casey R. Fronk (Illinois Bar No. 6296535)
fronkc@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel: (801) 524-5796

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual;<br><br>Defendants, | Case No.:<br><br>**RULE 65(b)(1)(B) ATTORNEY CERTIFICATION**<br><br>Judge: |

ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

    Relief Defendants.

  I, Michael E. Welsh, do hereby declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the following is true and correct, and further that this declaration is made on my personal knowledge and that I am competent to testify as to the matters stated herein.

  1.  I am a resident of Utah and licensed to practice law in the State of Massachusetts.

  2.  I have worked in the Enforcement Division of the United States Securities and Exchange Commission (the "Commission") since December 2022. I currently serve as Trial Counsel in the Salt Lake Regional Office, located at 351 S. West Temple Street, Salt Lake City, Utah, 84101, where I am responsible for filing and litigating securities fraud actions on behalf of the Commission in federal district court.

  3.  I am informed and believe that on at least seven occasions in the last ten years, the Commission's Salt Lake Regional Office has sought and obtained emergency and/or *ex parte* relief for the protection of defrauded investors in cases filed in the United States District Court

for the District of Utah.[1]  In certain of those cases, including in ones in which the temporary restraining order and asset freeze were granted *ex parte*, one or more defendants violated the temporary restraining order, preliminary injunction, and/or asset freeze.

4. Evidence obtained by the Commission, and set forth in the Commission's contemporaneously-filed *Ex Parte* Application for Entry of Temporary Restraining Order and Orders (1) Freezing Assets; (2) Requiring Accountings; (3) Prohibiting the Destruction of Documents; (4) Granting Expedited Discovery; (5) Repatriating Assets; and (6) Order to Show Cause re Preliminary Injunction (the "TRO Motion") indicates that Defendants are currently in the process of attempting to relocate assets and investor funds overseas, where at least Defendant Jacob Anderson has contended that those assets will be outside the reach of U.S. regulators.

6. For example, bank records obtained by the Commission, and summarized in the declaration of the Commission's accountant, Karaz S. Zaki, appended to the TRO Motion as Exhibit 3, show that on June 26, 2023, Defendant iX Global, LLC—the multi-level-marketing entity through which the Defendants' "node licenses" are primarily promoted—began closing its bank accounts in the United States, and removed over $720,000 in putative investor funds from those accounts.

7. In addition, Defendant Digital Licensing Inc., the issuer of the "node license" securities, is in the process of moving its operations to the United Arab Emirates for the express

---

[1] *See*, *e.g.*, *SEC v. Daniel F. Putnam, et al.*, No. 2:20-cv-00301-DBB (May 7, 2020) (asset freeze and ancillary relief); *SEC v. Blackbird Capital Partners, LLC, et al.*, No. 2:16-cv-01199-TC (Nov. 28, 2016) (temporary restraining order and asset freeze); *SEC v. Traffic Monsoon, LLC, et al.*, No. 2:16-cv-00832-JNP (July 26, 2016) (temporary restraining order, asset freeze, and appointment of receiver); *SEC v. Marquis Properties, LLC, et al.*, No. 2:16-cv-00040-JNP (January 19, 2016) (temporary restraining order and asset freeze); *SEC v. Ryan L. Cook, et al.*, No. 2:15-cv-0000416-BSJ (June 12, 2015) (asset freeze); *SEC v. Bliss et al.*, No. 2:15-cv-00098-RJS (February 11, 2015) (temporary restraining order and asset freeze); S*EC v. American Pension Services, et al.*, No. 2:14-cv-309 (April 24, 2014) (temporary restraining order, asset freeze, and appointment of receiver).

purpose of evading the federal securities laws.  In a June 14, 2023, promotional video posted on YouTube, Defendant Jacob Anderson states: "we have moved all of [Digital Licensing Inc.'s] operations to Abu Dhabi," so as to "be under the jurisdictional control of Abu Dhabi, not the SEC."

8. Based on the Commission's prior experiences, and the information herein provided, I believe that irreparable injury and loss is likely to occur if the Court requires notice and a hearing.

10. In this case, the Commission has made no efforts to give notice to the Defendants of the filing of this action or the TRO Motion.

11. Notice of the TRO Motion should not be required because notice would potentially disrupt the *status quo* and give Defendants and Relief Defendants the opportunity to move, hide, dissipate, or place outside the Court's jurisdiction assets that should be preserved for eventual distribution to defrauded investors.  Proceeding on an *ex parte* basis is warranted to increase the likelihood of freezing—and ultimately recovering—investor money or other assets in Defendants' and Relief Defendants' possession, custody and control. In addition, it will help secure, and prevent destruction of, documents or other evidence of Defendants' scheme.  If Defendants and/or Relief Defendants are given advance notice that the Commission is seeking emergency relief, they may dissipate any remaining assets and destroy documents and evidence. Dated: July 26, 2023.

                                  /s/ Michael E. Welsh
                                  Michael E. Welsh