Michael E. Welsh (Massachusetts Bar No. 693537)
welshmi@sec.gov
Casey R. Fronk (Illinois Bar No. 6296535)
fronkc@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel: (801) 524-5796

**SEALED**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual;<br><br>Defendants, | Case No.: Case: 2:23-cv-00482<br>Assigned To : Stewart, Ted<br>Assign. Date : 07/26/2023<br>Description: Securities and Exchange Commission v. Digital Licensing et al<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S *EX PARTE* APPLICATION FOR APPOINTMENT OF A TEMPORARY RECEIVER AS TO DEFENDANT DIGITAL LICENSING INC. AND ORDER TO SHOW CAUSE RE APPOINTMENT OF A PERMANENT RECEIVER, AND MEMORANDUM IN SUPPORT**<br><br>Judge: |

ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

    Relief Defendants.

Plaintiff Securities and Exchange Commission ("SEC") requests the appointment of a temporary equity receiver over Defendant Digital Licensing Inc. ("DEBT Box") and its subsidiaries and affiliates. The SEC requests that the receiver have the full powers of an equity receiver, including, but not limited to, full power over all funds, tangible and intangible assets (including digital assets and cryptocurrency), collateral, premises, choses in action, electronic devices, books, records, papers, and other real or personal property belonging to, being managed by, or in the possession or control of DEBT Box and any of its subsidiaries and affiliates.

The SEC is not seeking to have a receiver appointed over the other Defendants or Relief Defendants at this time, but is only seeking, pursuant to the contemporaneously-filed *Ex Parte* Application for Entry of Temporary Restraining Order and Orders (1) Freezing Assets; (2) Requiring Accountings; (3) Prohibiting the Destruction of Documents; (4) Granting Expedited Discovery; (5) Repatriating Assets; and (6) Order to Show Cause re Preliminary Injunction (herein, "TRO Motion"), to freeze and repatriate those parties' assets.

The SEC recommends the appointment of Josias N. Dewey of the law firm of Holland & Knight as temporary receiver over DEBT Box. As more fully described below, the SEC bases its recommendation on, among other things, Mr. Dewey's qualifications, experience, and agreement to cap fees incurred in the initial stages of the receivership.

## ARGUMENT

In addition to the temporary restraining order, asset freeze, and other expedited relief the SEC seeks in its TRO Motion, the SEC also seeks appointment of a temporary receiver over Defendant DEBT Box, the entity at the heart of Defendants' fraudulent "node software license" securities scheme. Appointment of such a temporary receiver is well within the Court's discretion, and is justified in this case.

Courts have broad discretion to appoint equity receivers in SEC enforcement actions. *See SEC v. Wencke*, 622 F.2d 1363, 1365 (9th Cir. 1980). The breadth of this discretion "arises out of the fact that most receiverships involve multiple parties and complex transactions." *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005) (quotation omitted).

A receiver plays a crucial role in preventing further dissipation and misappropriation of investors' assets. *See Wencke*, 783 F.2d at 836–37 & n.9. Factors such as the integrity of management and the likelihood of future misuse of assets are critical in determining whether a receiver should be appointed. *See SEC v. Fifth Ave. Coach Lines, Inc.*, 289 F. Supp. 3, 42 (S.D.N.Y. 1968), aff'd, 435 F.2d 510 (2d Cir. 1970). Courts have found a receivership to be justified where management of an entity, collection of revenue, and/or distribution of investor funds are required, including in cases, like this one, involving crypto assets. *See*, *e.g.*, *SEC v. Credit First Fund*, No. CV05-8741, 2006 WL 4729240, *15 (C.D. Cal. 2006) (unpublished); *Fifth Ave. Coach Lines*, 289 F. Supp. at 42; *SEC v. Titanium Blockchain Infrastructure Servs., Inc.*, Dkt. No. 18-cv-04315 (C.D. Cal. May 22, 2018) (unpublished, and attached hereto as Exhibit 2) (appointing temporary receiver on an *ex parte* application where defendants raised funds from investors through a crypto asset offering); *SEC v. Arisebank*, Dkt. No. 18-cv-00186-M, 2018 WL 1532152 (N.D. Tex. Jan. 25, 2018) (unpublished) (same).

## **RECOMMENDED RECEIVER**

The SEC recommends the appointment of Josias N. Dewey, Esq. of the law firm of Holland & Knight, as receiver in this action. Attached as Exhibit 3 is a copy of a letter, which states Mr. Dewey's qualifications and the qualifications of the Holland & Knight firm and its attorneys, and which includes a proposal to provide services as a receiver in this action. Mr. Dewey sent the information attached as Exhibit 3 to the SEC at the request of counsel for the

2

SEC in this action, who solicited this information in conformity with internal SEC procedures for selecting candidates to recommend for appointment as receivers in SEC actions. The SEC obtained proposals from two other qualified receiver candidates and evaluated all three proposals before selecting Mr. Dewey as its recommended candidate for receiver in this action.

The SEC is recommending Mr. Dewey for several reasons. Mr. Dewey is an experienced financial services attorney with expertise in the areas relevant to a receivership over DEBT Box and its subsidiaries and affiliates, namely, blockchain and distributed ledger technology, initial coin offerings (or "token" offerings), and crypto assets. Mr. Dewey's law firm has experience in federal equity receiverships and securities litigation including SEC enforcement matters. Mr. Dewey's colleagues who would assist him in this matter include a former supervisory trial counsel and senior officer in the SEC's Division of Enforcement, Jessica Magee, as well as a former SEC Division of Enforcement assistant director, Scott Mascianica, both of whom personally investigated, litigated, and supervised numerous digital assets and oil and gas matters, including those involving receivers, while at the SEC; and both of whom now sit in Holland & Knight's Dallas office.

Mr. Dewey has agreed to cap the fees incurred in the first 30 days of the receivership at $200,000. This proposed initial fee cap is similar to what was ordered in a similar action filed by the SEC entitled *SEC v. AriseBank, et al.,* in which Mark Rasmussen, of the law firm Jones Day, was appointed receiver over the entity AriseBank that the SEC alleged conducted an unregistered and fraudulent crypto asset securities offering in violation of the federal securities laws, as well as in *SEC v. Titanium Blockchain Infrastructure Servs., Inc.*, in which (in 2018) the Court capped Mr. Dewey's fees and costs as receiver in the first 30 days of that receivership.

Mr. Dewey has agreed to discount his regularly hourly rate by approximately 25% to $750 per hour, which is reasonable particularly in view of his substantial experience and relevant expertise. Mr. Dewey has agreed to roughly 17% to 33% discounts to the rates of his colleagues at Holland & Knight who would work on the matter. Since Mr. Dewey and several of those colleagues are based in Miami and Dallas, he has also agreed that he and these colleagues will not bill for travel time to Utah for work on this matter.

## CONCLUSION

For these reasons, and because of Mr. Dewey's qualifications (set forth in Exhibit 3), the SEC respectfully recommends that the Court appoint Mr. Dewey as a receiver in this action as to Defendant DEBT Box, and that the Court further order that Defendants show cause, at the Court's preliminary injunction hearing, as to why Mr. Dewey should not continue to serve as a receiver throughout the pendency of this case. A proposed order is attached hereto as Exhibit 1.

Dated: July 26, 2023.

Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**

 /s/ *Michael E. Welsh*
Michael E. Welsh
Casey R. Fronk
Attorneys for Plaintiff
Securities and Exchange Commission