IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENAJMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual;<br><br>       Defendants,<br><br>ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; | TEMPORARY RESTRAINING ORDER AND ORDERS:<br>(1) FREEZING ASSETS;<br>(2) REQUIRING ACCOUNTINGS;<br>(3) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND (4) GRANTING EXPEDITED DISCOVERY; (5) REPATRIATING ASSETS<br><br>Chief Judge Robert J. Shelby<br><br>Case No. 2:23-cv-00482-RJS |

CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

Relief Defendants.

This matter came before the Court upon Plaintiff Securities and Exchange Commission's *Ex Parte* Application for Temporary Restraining Order and Orders (1) Freezing Assets; (2) Requiring Accountings; (3) Prohibiting the Destruction of Documents; (4) Granting Expedited Discovery; (5) Repatriating Assets; and (6) to Show Cause Re Preliminary Injunction (the "TRO Application").

The Court, having considered the Commission's Complaint, the TRO Application and supporting memorandum of points and authorities, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, finds that:

 A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

 B. The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)] and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(b)], by evidence establishing a *prima facie* case and likelihood that Defendants Digital Licensing Inc. (d/b/a "DEBT Box"); Jason R. Anderson; Jacob S. Anderson; Schad E.

2

        Brannon; Roydon B. Nelson; James E. Franklin; Western Oil Exploration Company, Inc.; Ryan Bowen; iX Global, LLC; Joseph A. Martinez; Benjamin F. Daniels; Mark W. Schuler; B & B Investment Group, LLC (d/b/a "Core 1 Crypto"); Travis A. Flaherty; Alton O. Parker; BW Holdings, LLC (d/b/a "FAIR Project"); Brendan J. Stangis; and Matthew D. Fritzsche (collectively herein, "Defendants") have engaged in, are engaging in, are about to engage in, and will continue to engage in, unless restrained, transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]; Section 10(b) of the Securities Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; Section 5(a) and (c) of the Securities Act [15 U.S.C. § 77e(a), (c)]; and/or Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

C.    Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants, and Relief Defendants Archer Drilling, LLC; Business Funding Solutions, LLC; Blox Lending, LLC; Calmfritz Holding, LLC; Calmes & Co, Inc.; Flaherty Enterprises, LLC; IX Ventures FZCO; Purdy Oil, LLC; The Gold Collective LLC; and UIU Holdings, LLC (collectively herein, "Relief Defendants"), will dissipate, conceal, or transfer assets which could be the subject to an order directing disgorgement or the payment of civil money penalties in this action. It is appropriate for the Court to issue this Temporary Restraining Order so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

D.    Good cause exists to believe than an accounting of assets by each of the Defendants is necessary.

E.    Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

F.    Good cause exists to believe that expedited discovery is necessary.

3

    G.    Good cause exists to require Defendants and Relief Defendants to repatriate assets to the United States.

### I.

IT IS HEREBY ORDERED that the Commission's TRO Application is GRANTED.

### II.

IT IS HEREBY FURTHER ORDERED that Defendants Digital Licensing Inc. (d/b/a "DEBT Box"); Jason R. Anderson; Jacob S. Anderson; Schad E. Brannon; Roydon B. Nelson; James E. Franklin; Western Oil Exploration Company, Inc.; and Ryan Bowen, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**III.**

IT IS HEREBY FURTHER ORDERED that Defendants Digital Licensing Inc. (d/b/a "DEBT Box"); Jason R. Anderson; Jacob S. Anderson; Schad E. Brannon; Roydon B. Nelson; Ryan Bowen; James E. Franklin; and Western Oil Exploration Company, Inc., and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

- A. employing any device, scheme or artifice to defraud
- B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
- C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit on upon any person

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**IV.**

IT IS HEREBY FURTHER ORDERED that Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or

otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in the absence of any applicable exemption:

    A.    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    B.    unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or;

    C.    making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

in violation of Section 5 of the Securities Act [15 U.S.C. § 77e].

    IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## V.

    IT IS HEREBY FURTHER ORDERED that Defendants Jason R. Anderson; Jacob S. Anderson; Schad E. Brannon; Roydon B. Nelson; Ryan Bowen; iX Global, LLC; Joseph A. Martinez; Benjamin F. Daniels; Mark W. Schuler; B & B Investment Group, LLC (d/b/a "Core 1 Crypto"); Travis A. Flaherty; Brendon J. Stangis; and Matthew D. Fritzsche, and their officers,

agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, to effect transactions in, or induce or attempt to induce the purchase or sale of, securities while not registered with the Commission as a broker or dealer or while not associated with an entity registered with the Commission as a broker or dealer in violation of Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED that Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, participating, directly or indirectly, in any offering of securities, including any crypto asset security, except for the purchase or sale of securities by these Defendants for their own personal accounts.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## VII.

IT IS HEREBY FURTHER ORDERED that Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, soliciting any person or entity to purchase or sell any security, including any crypto asset security; except that this shall not prevent the purchase and sale of securities by Defendants for their own personal accounts.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a)

## VIII.

IT IS HEREBY FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants, Relief Defendants, and Defendants' and Relief Defendants' officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or other tangible, intangible, or digital assets, wherever located, of any one of the Defendants or Relief Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them, and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the

Defendants or their subsidiaries and affiliates; including but not limited to the real and personal property below:

**Real Property**

| Property Address | Owner |
|---|---|
| 14942 S. Vantage View Ct., Draper, UT 84020 | Jason Anderson |
| 1320 N. Chimney Rock Rd, Heber City, UT 84023-1473 | Jason Anderson |
| 525 Alienta Dr., St. George, UT 84770-6969 | Jason Anderson |
| 7689 South 1530 West, West Jordan, UT 84084-4106 | Jason Anderson |
| 1067 W. Briarcliff Ave, Salt Lake City, UT 84116-2205 | Jason Anderson |
| 147 South 1300 East, Salt Lake City, UT 84102-3226 | Jason Anderson |
| 6120 S. Verness CV, Holladay, UT 84121 | Jacob Anderson |
| 5819 Wish Ave, Encino, CA 91316-1459 | Schad E. Brannon |
| 22462 Roscoe Blvd, West Hills, CA 91304-3347 | Schad E. Brannon |
| 1615 N. Raven Ln., St. George, UT 84770-6159 | Roydon B. Nelson |
| 1307 Meadowbrook Ct., Farmington, UT 84025-4011 | Roydon B. Nelson |
| 2971 Adams Ave, Ogden, UT 84403-0649 | Roydon B. Nelson |
| 1115 E. Homes Creek Ln, Layton, UT 84041-4409 | Roydon B. Nelson |
| 152 Spinnaker Dr., Stansbury Park, UT 84074-8946 | Ryan Bowen |
| 405 American Way, Tooele, UT 84047-2502 | Ryan Bowen |
| 5050 N. Ashlee Way, Erda, UT 84047-8184 | Ryan Bowen |
| 566 Elk Meadow Loop, Tooele, UT 84074-3155 | Ryan Bowen |
| 694 W. Cephus Rd, Draper, UT 84020-2306 | Ryan Bowen |
| 784 Elk Meadow Loop, Tooele, UT 84074-3163 | Ryan Bowen |
| 52 Sawgrass Ct, Las Vegas, NV 89113-1325 | Ryan Bowen |
| 5994 Bayshore Dr, Tooele, UT 84047-9070 | Ryan Bowen |
| 2915 N. Bronzewood Cir., Erda, UT 84074-3301 | Ryan Bowen |
| 997 E. Brookfield Ave., Erda, UT 84074-3304 | Ryan Bowen |
| 1482 E. Spring Canyon Rd., Erda, UT 84074 | Ryan Bowen |

| Property Address | Owner |
|---|---|
| 3148 N. Pronghorn Rd, Erda, UT 84074-3311 | Ryan Bowen |
| 1972 E. Garfield Ave, Salt Lake City, UT 84108-2951 | Ryan Bowen |
| 5085 Ashlee Way, Erda, UT 84074-8184 | Ryan Bowen |
| 997 E. Brookfield Ave, Tooele, UT 84074-3304 | Ryan Bowen |
| 746 E. Elk Hollow Dr., Tooele, UT 84074 | Ryan Bowen |
| 224 Spinnaker Dr, Tooele, UT 84074-8947 | Ryan Bowen |
| 743 West 740 South, Tooele, UT 84074-3274 | Ryan Bowen |
| 295 West Cimmarron Way, Erda, UT 84074-9423 | Ryan Bowen |
| 589 West 925 North, Centerville, UT 84014-3466 | Ryan Bowen |
| 769 Tanglewood Loop, North Salt Lake, UT 84054-3342 | Joseph Martinez |
| 537 Beacon Ridge Way, Mesquite, NV 89027-6704 | Benjamin F. Daniels |
| 3617 W. District Peak Ct, South Jordan, UT 84095-5145 | Benjamin F. Daniels |
| 652 W. Rachelle Park CV, South Jordan, UT 84095-4418 | Benjamin F. Daniels |
| 14743 S. Vintage Rose Court, Herriman, UT 84096-1938 | Benjamin F. Daniels |
| 3448 E. Kennekuk Cir, Eagle Mountain, UT 84043-4677 | Benjamin F. Daniels |
| 9103 S. Hidden Peak Dr, West Jordan, UT 84088-5751 | Mark W. Schuler |
| 1011 W. Rooftop Dr., Midvale, UT 84047-4805 | Mark W. Schuler |
| 13039 S. Cannon View Dr., Riverton, UT 84096-1429 | Mark W. Schuler |
| 1921 S. Santa Anna Dr, Chandler, AZ 85286-8427 | Travis A. Flaherty |
| 4631 E. Collinwood Dr., Gilbert, AZ 85298-4013 | Travis A. Flaherty |
| 1807 S. Range Rd, Saratoga Springs, UT 84045-4096 | Travis A. Flaherty |
| 5415 E. McKellips Rd. 18, Mesa, AZ 85215-2652 | Travis A. Flaherty |
| 3491 N. Arizona Ave 55, Chandler, AZ 85225-1142 | Travis A. Flaherty |
| 3050 Wolcott St, Ferndale, MI 48220-3605 | Alton O. Parker |
| 4465 S. Mathews Way, Salt Lake City, UT 84124-4207 | Alton O. Parker |
| 379 N. Glenwood St. 2-1, Jackson, WY 83001-8765 | Alton O. Parker |

| Property Address | Owner |
|---|---|
| 2120 Corner Creek Ln, Jackson, WY 83001-9200 | Alton O. Parker |
| 3796 South 650 West Riverdale, UT 84405-1583 | BW Holdings, LLC |
| 1638 East 12500 South, Draper, UT 84020-9160 | Matthew D. Fritzsche |
| 743 Cobblestone Dr., Heber City, UT 84032-3988 | Matthew D. Fritzsche |

**Personal Property**

- 2022 Ferrari SF 90 Stradale, VIN: ZFF95NLA1N0271071, License Plate No.: CRYPT01
- 2022 Ferrari 812 GTS, VIN: ZFF97CMA1N0282701, License Plate No.: T588DG
- 2022 Ferrari Roma, VIN: ZFF98RNA9N0285442, License Plate No.: G581WH
- 2022 Maserati Levante Base, VIN: ZN661XUAXNX398544, License Plate No.: FLXN,
- 2021 Lamborghini Urus, VIN: ZPBUA1ZL4MLA12263, License Plate No.: FUNDING,
- 2018 Jeep Wrangler Unlimited Sahara, VIN: 1C4HJXEG2JW322085, License Plate No.: SUNNYY,
- 2017 Ferrari California T, VIN: ZFF77XJA7H0223644, License Plate No.: BARB1E,
- 2017 Ferrari 488 Spider, VIN: ZFF80AMA6H0225337, License Plate No.: 3RDW1FE
- 2020 Chevrolet Corvette Stingray 3LT, VIN: 1G1Y82D42L5101402, License Plate No.: F085YG,
- Toyota Sequoia SR5, VIN: 5TDBT44A82S097975, License Plate No.: L0KIN8R
- 2021 Cadillac XT5 Sport, VIN: 1GYKNGRS2MZ182688, License Plate No.: 7T1AV,
- 2019 Toyota Tacoma Double Cab, VIN: 3TMCZ5AN9KM224930, License Plate No.: U206VP
- 2016 Toyota Prius, VIN: JTDKARFU9G3011298, License Plate No.: 6D7KA,
- 2003 Dodge Ram 3500 ST, VIN: 3D7M48C13G836417, License Plate No.: T815GK,
- 1995 Dodge Ram 2500, VIN: 1B7KF26C5SS166512, License Plate No.: T545FT,
- 1994 Ford F150, VIN: 1FTEX14H7RKA80745, License Plate No.: U587UL
- 1991 Ford F150, VIN: 1FTEX15Y8MKA91566, License Plate No.: 0L0FG,
- 2014 Honda Accord EXL, VIN: 1HGCR3F81EA012369, License Plate No.: U173UW
- 2022 Cadillac Escalade Sport, VIN: 1GYS4FKL8NR205473, License Plate No.: 9U5KE
- 2022 Lamborghini Urus, VIN: ZPBUA1ZL6NLA17160, License Plate No.: 4R3JB,
- 2018 Polaris RZR XP 4 Turbo EPS, VIN: 3NSVFE921JF408319, License Plate No.: V67EC
- 2013 Ford F150 Supercrew, VIN: 1FTFW1ET2DFB09810, License Plate No.: F363JZ
- 2022 Chevrolet Corvette Stingray 3LT, VIN: 1G1YC3D44N5124607, License Plate No.: 4V2PD,
- 2022 Tesla Model X, VIN: 7SAXCBE65NF355434, License Plate No.: 2W2FJ,
- 2018 Land Rover Range Rover Sport SVR, VIN: SALWZ2SE4JA197456, License Plate No.: U104NS
- 2012 Toyota Tacoma V6, VIN: 3TMMU4FN6CM045879
- 2023 Mercedes Benz S Class, VIN: W1K6G7GB6PA207377, License Plate No.: ASA3MN,

11

- 2021 Cadillac Escalade ESV, VIN: 1GYS3NKLXMR228815, License Plate No.: PLA0WN,
- 2015 Mercedes Benz S Class, VIN: WDDUG8CB3FA171164, License Plate No.: RHA29B
- 2005 Mercedes Benz E Class, VIN: WDBUF76J65A752196, License Plate No.: MLMFAM
- 2018 Porsche 911 GT3, VIN: WP0AC2A91JS175996, License Plate No.: BKWLD2018 Porsche Macan GTS, VIN: WP1AG2A55JLB64882, License Plate No.: 0C2SH
- 2015 Porsche 911, VIN: WP0AC2A98FS183519, License Plate No.: CHP7449,
- 2017 Lexus RX 350 Base, VIN: 2T2BZMCVA1HC093747
- 2022 Ford F250 Super Duty, VIN: 1FT7W2BN3NEG10681, License Plate No.: DE65126
- Can-Am Outlander Max XT 850 ATV, VIN: 3JBLPAU41NJ002697, License Plate No.: OH23155344,
- 2021 Porsche Taycan Cross Turismo, VIN: WP0BA2Y14MSA71102, License Plate No.: P0R2CHE,
- 2020 Ford F150 Raptor, VIN: 1FTFW1RG9LFB08651, License Plate No.: 5R8BT

## IX.

IT IS HEREBY FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants and Relief Defendants, including but not limited to the accounts listed below:

| BROKERAGE / BANK NAME | ACCOUNT NAME | ACCOUNT NUMBER (Last 4 Digits) |
|---|---|---|
| America First Credit Union | Jason R. Anderson | 4066 |
| Stripe, Inc. | Jason Anderson | 1oAQ6 |
| USAA Federal Savings Bank | Jason R. Anderson | 2182 |
| Utah First Federal Credit Union | Jason R. Anderson | 5607 |
| Utah First Federal Credit Union | Jason R. Anderson | 2079 |
| Stripe, Inc. | Digital Licensing, Inc. | eYRbA |
| Mountain America Credit Union | Digital Licensing, Inc. | 2717 |

| BROKERAGE / BANK NAME | ACCOUNT NAME | ACCOUNT NUMBER (Last 4 Digits) |
|---|---|---|
| Zions First National Bank | Digital Licensing, Inc. | 4702 |
| Zions First National Bank | Digital Licensing, Inc. | 2497 |
| America First Credit Union | Jacob Anderson | 4074 |
| American Express | Jacob Anderson | unknown |
| Zions First National Bank | Schad E. Brannon | 6798 |
| Zions First National Bank | Roydon B. Nelson | multiple |
| Stripe, Inc. | iX Global, LLC | hSoclz |
| Bank of America | iX Global, LLC | 8643 |
| Bank of America | iX Global, LLC | 8630 |
| Bank of America | iX Global, LLC | 8656 |
| JP Morgan Chase Bank, NA | iX Global, LLC | 7087 |
| JP Morgan Chase Bank, NA | iX Global, LLC | 1712 |
| Metropolitan Commercial Bank | iX Global, LLC | 9883 |
| Mountain America Credit Union | iX Global, LLC | 0736 |
| JP Morgan Chase Bank, NA | Joseph Anthony Martinez | 3506 |
| JP Morgan Chase Bank, NA | Joseph Anthony Martinez | 7079 |
| JP Morgan Chase Bank, NA | Joseph Anthony Martinez | 7095 |
| JP Morgan Chase Bank, NA | Joseph Anthony Martinez | 7103 |
| JP Morgan Chase Bank, NA | Joseph Anthony Martinez | 9195 |
| JP Morgan Chase Bank, NA | Joseph Anthony Martinez | 5125 |
| JP Morgan Chase Bank, NA | Joseph Anthony Martinez | 6939 |
| Wells Fargo Bank, NA | Travis A. Flaherty | 8614 |
| JP Morgan Chase Bank, NA | Brendan Stangis | unknown |
| Utah First Credit Union | Matthew Dillon Fritzsche | 3970 |
| Utah First Credit Union | Business Funding Solutions, LLC | 5607 |
| America First Credit Union | Blox Lending, LLC | 2519 |

| BROKERAGE / BANK NAME | ACCOUNT NAME | ACCOUNT NUMBER (Last 4 Digits) |
|---|---|---|
| Bank of America, N.A. | Blox Lending, LLC | 3814 |
| Bank of America, N.A. | Blox Lending, LLC | 1004 |
| Bank of America, N.A. | Blox Lending, LLC | 1020 |
| Washington Federal Bank | Blox Lending, LLC | 8442 |
| JP Morgan Chase Bank, NA | Calmfritz Holdings, LLC | 0639 |
| JP Morgan Chase Bank, NA | Calmfritz Holdings, LLC | 8115 |
| US Bank, NA | Calmfritz Holdings, LLC | 4054 |
| JP Morgan Chase Bank, NA | Calms & Co, Inc. | 2788 |
| JP Morgan Chase Bank, NA | Calms & Co, Inc. | 6549 |
| JP Morgan Chase Bank, NA | Calms & Co, Inc. | 8693 |
| Zions First National Bank | The Gold Collective LLC | 0053 |
| Zions First National Bank | The Gold Collective LLC | 3593 |
| Zions First National Bank | The Gold Collective LLC | 2273 |
| Zions First National Bank | The Gold Collective LLC | 3601 |
| Zions First National Bank | The Gold Collective LLC | 3585 |
| Bank of America, N.A. | UIU Holdings, LLC | 0882 |
| Washington Federal Bank | UIU Holdings, LLC | 0589 |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies or assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

**X.**

IT IS HEREBY FURTHER ORDERED that Defendants, within five days of the issuance of this Order, shall prepare and deliver to the Commission a detailed and complete schedule of all of their assets, including: all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number,

and all digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or other tangible, intangible, or digital funds or assets, wherever located.  The accountings shall include a description of the sources of all such assets.  Such accounting shall be simultaneously filed with the Court and a copy shall be delivered to the Commission to the attention of Michael E. Welsh and Casey R. Fronk, counsel for the Commission, by electronic mail at welshmi@sec.gov and fronkc@sec.gov.  After completion of the accounting, each of the Defendants shall produce to the Commission, at a time agreeable to the Commission, all books, records and other documents supporting or underlying their accounting.

## XI.

IT IS HEREBY FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 (or equaling $5000 in equivalent value) for the account or benefit of any one of the Defendants, including any digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or other tangible, intangible, or digital assets, wherever located, including any such assets held in any safe deposit box, shall within 5 days of receiving actual notice of this Order provide counsel for the Commission with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

## XII.

IT IS HEREBY FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually,

mechanically, electronically, or otherwise), and any accounts, account passwords, computer passwords, device PINs and passwords, cryptographic keys, or digital wallets, pertaining in any manner to Defendants or to the allegations alleged in the Commission's complaint.

### XIII.

IT IS HEREBY FURTHER ORDERED that the Commission's application for expedited discovery concerning Defendants and their assets and activities is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure and the corresponding Local Rules of this Court, expedited discovery shall proceed as follows until the Court's preliminary injunction hearing:

    A.    All written discovery requests pursuant to Rules 33, 34, and 36 shall be responded to within 5 (five) days of service.

    B.    Pursuant to Rule 45 and the applicable provisions in the Securities Act and Exchange Act, each party may serve subpoenas to third parties; and those subpoenas shall be responded to within 5 (five) days of service; and

    C.    All discovery requests and responses may be served via email, facsimile, or by hand on counsel for the parties.

### XIV.

IT IS HEREBY FURTHER ORDERED that the representatives of the Commission and any other government agency specifically authorized by the court to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Defendants and their subsidiaries and affiliates, and continuing access to inspect their funds, property, assets and collateral, wherever located.

### XV.

IT IS HEREBY FURTHER ORDERED that Defendants and Relief Defendants, and each of their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, and each of them,

shall, within 5 (five) days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any and all funds or assets that presently may be located outside the United States that were obtained directly or indirectly from the offer, sale, or solicitation of DEBT Box node licenses and/or cryptocurrency assets, or FAIR Project node licensees and/or cryptocurrency assets as described in the Commission's Complaint.

### XVI.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall expire 12 days after entry of this Order.  The court anticipates renewing the Order, but Defendants may move to dissolve the Order at any time.

### XVII.

IT IS HEREBY FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED this 17th day of August 2023 at 4:00 p.m.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge