IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual;<br><br>　　　　　Defendants,<br><br>ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited | **TEMPORARY ORDER REGARDING LIVING EXPENSES**<br><br>Chief Judge Robert J. Shelby<br><br>Case No. 2:23-cv-00482-RJS |

liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

Relief Defendants.

Before the court is a Stipulated Motion for Temporary Order Regarding Defendants Joseph A. Martinez and iX Global, LLC Living Expenses. (Dkt. No. 128.) For the reasons provided below, the Stipulated Motion is GRANTED.

**WHEREAS**, on July 26, 2023, Plaintiff Securities and Exchange Commission ("SEC," or "Commission") filed its Complaint in this matter, alleging violations of the registration and antifraud provisions of the federal securities laws by Defendants, and the receipt of ill-gotten proceeds of such violations by Relief Defendants. (Dkt. No. 1.) The Commission's Complaint does not allege that Defendants Joseph Martinez and iX Global LLC violated the antifraud provisions of the federal securities laws.

**WHEREAS**, on July 26, 2023, the Commission filed a motion for a temporary restraining order and ancillary relief, including an asset freeze as to Defendants and Relief Defendants. (Dkt. No. 3.)

**WHEREAS**, on July 28, 2023, the Court granted the Commission's motion and entered a Temporary Restraining Order which, among other things, entered an asset freeze as to Defendants and Relief Defendants (Dkt. No. 9), and provided, *inter alia*, for "an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice and an opportunity for the Commission to be heard," (*id*. § IX).

**WHEREAS**, on August 7, 2023, and thereafter on August 17, 2023 and August 29, 2023, no defendant having filed an opposition to the Temporary Restraining Order, the Court entered

2

renewed Temporary Restraining Orders containing the same provisions as the initial order with respect to the asset freeze. (Dkt. Nos. 33, 78, 121.)

**WHEREAS**, counsel for the Commission and Defendants iX Global, LLC and Joseph Martinez have reached the following agreement as to the scope of the asset freeze and an allowance for living expenses while the Temporary Restraining Order is in place, without prejudice to Defendants iX Global, LLC or Martinez seeking further modification of such asset freeze or filing an opposition to the Temporary Restraining Order, and jointly provide this proposed agreement for approval by the Court:

1. The Mountain America Credit Union bank account ending in 3076 (the "MACU Account") held in the name of Joseph and Rosemary Martinez shall be unfrozen to pay living expenses and hold going-forward, earned income unconnected to the conduct alleged in the Complaint.

2. Defendant Martinez may withdraw up to $7,193 per month—representing the IRS 2023 Allowable Living Expenses National Standards for a family of five—of previously frozen funds from the MACU Account until January 31, 2024, for necessary and reasonable living expenses.

3. The Mountain America Credit Union account ending in 0736 held in the name of iX Global LLC (the "iX Global MACU Account") shall be unfrozen to pay ongoing business expenses and hold going-forward, earned income unconnected to the conduct alleged in the Complaint. The iX Global MACU Account shall maintain a balance of at least $803,128.95 throughout the pendency of this action.

4. The Stripe account held in the name of iX Global LLC (the "iX Global LLC Stripe Account") shall be unfrozen to receive payments for products and services unconnected to the conduct alleged in the Complaint.

5. The PayPal account held in the name of iX Global LLC (the iX Global PayPal Account") shall be unfrozen to pay ongoing business expenses and hold going-forward, earned income unconnected to the conduct alleged in the Complaint, and to receive payments for

products and services unconnected to the conduct alleged in the Complaint. The iX Global PayPal Account shall maintain a balance of at least $78,954.85 throughout the pendency of this action.

6. The American Express credit card ending in 61007 held in the name of iX Global LLC shall be unfrozen to pay ongoing business expenses.

7. Defendant Martinez must provide to counsel to the Commission, without further request or subpoena, the monthly account statements of the accounts identified in paragraphs 1, 3, 4, 5 and 6 for review and inspection by no later than the 5th of each month this stipulation is in effect. These statements shall be provided to counsel to the Commission by email to Casey R. Fronk (fronkc@sec.gov) and Michael E. Welsh (welshmi@sec.gov).

8. To the extent Defendant Martinez and iX Global earn additional, going-forward income that they demonstrate, to the reasonable satisfaction of counsel for the Commission, is unconnected to the conduct alleged in the Complaint, such income may be used for the payment of necessary and reasonable living and business expenses and payment of attorney's fees and defense costs.

SO ORDERED this 6th day of September 2023 at 2:30 p.m.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge