# Exhibit 11

**Morrison Cohen LLP**

David E. Ross
Partner
(212) 735-8841
dross@morrisoncohen.com

August 23, 2023

BY EMAIL: WelshMi@sec.gov
FronkC@sec.gov

Michael Welsh, Esq.
Casey Fronk, Esq.
Securities and Exchange Commission
351 S. West Temple St., Suite 6.100
Salt Lake City, UT 84101

Re: *SEC v. Digital Licensing Inc.*, 23-cv-482-RJS (D. Utah)

Dear Mike and Casey:

This firm represents Defendants Jason Anderson, Jacob Anderson, Schad Brannon, and Roydon Nelson and other associated Relief Defendants in the above-referenced matter. We are following up from my colleague's (Jason Gottlieb's) August 10, 2023 letter to you.

In our August 10th letter regarding allowances for necessary and reasonable monthly living expenses for Jason, Jake, Schad, and Roy, we also advised you that prior to the issuance of the TRO, our clients ran various businesses—aside from being involved with Digital Licensing Inc. ("DLI"). Two such businesses are Blox Lending, LLC ("Blox Lending") and Ignis Energy LLC ("Ignis"). As we also stated in the letter, in excess of caution, we advised our clients to put these businesses, which do not appear to be a "subsidiary or affiliate" of DLI, "on hold." As you know, there are no allegations in the SEC's Complaint that these businesses engaged in any federal securities violations--let alone any fraudulent conduct. Indeed, Ignis Energy is not even mentioned once in the SEC's Complaint. (We recognize that Blox Lending, which is a private real estate lender, is a relief defendant.)

It has now been almost three weeks since the TRO has been unsealed, and these businesses--which are not "shams"--need to pay ordinary-course expenses--that is, make payroll, rental, utility and other business-related expense payments due each week/month. As of this date, the business interruptions from the TRO have caused substantial and potentially irreparable financial and other harm to these entities. Any further delay in paying the modest ordinary-course expenses will permanently terminate these businesses, which are not even involved in selling or promoting any crypto assets alleged in the SEC's Complaint.

As you know, courts have rejected the notion that a TRO can cause such a business interruption—even recently for liability defendants in crypto asset case. *E.g., SEC v. Binance Holdings Limited*, No. 23-cv-1599 (D.D.C.), at 63 (June 13, 2023 TRO hearing transcript) (Court: "I don't think that a TRO can completely shut down your business; it has to preserve the assets. They [the SEC] talked about status quo, status quo, status quo; status quo, this business exists. So, I think if they [the SEC] are talking about a TRO, it can't really go much further than literally preserving the assets that we are talking about."). *See also SEC v. Duclaud*

*Gonzalez de Castilla*, 170 F.Supp.2d 427, 429 (S.D.N.Y.2001) ("While the primary purpose of freezing assets is to facilitate compensation of defrauded investors in the event a violation is established at trial, 'the disadvantages and possible deleterious effect of a freeze must be weighed against the considerations indicating the need for such relief.") (quoting *SEC v. Manor Nursing Centers, Inc.*, 458 F.2d 1082, 1105 (2d Cir. 1972)).

      We do not believe that resuming the operations of these businesses would violate the TRO in this matter.  Any ordinary-course expense payments for these businesses would be sourced from the revenue earned from these businesses—that is, non-crypto assets (and obviously not any frozen assets or funds related to DLI).  And to the extent that the SEC is concerned about its disgorgement from Blox Lending, a relief defendant, we can stipulate that Blox Lending will agree to preserve and not transfer or dissipate the amount (at least $4,700,000) that the SEC alleged that Blox Lending should not have received from any defendant.  We have attached the approximate monthly expenses for these two businesses for reference.

      We would like to further discuss this issue with you as soon as possible to answer any questions you may have regarding making ordinary-course payments for Blox Lending and Ignis Energy.  We hope that we can resolve this issue without seeking any judicial intervention.

      Sincerely,

      /s/ *David E. Ross*

      David E. Ross

Attachments