# Exhibit 19

| | |
|---|---|
| **From:** | Yarm, Alexander R. |
| **To:** | Magee, Jessica B (DFW - X61375); Mascianica, Scott (DAL - X62106); Brooks, Jeffrey D. |
| **Cc:** | Englander, Alex M (WPB - X28339); Ross, David E.; Gottlieb, Jason |
| **Subject:** | RE: SEC v. Digital Licensing |
| **Date:** | Tuesday, August 29, 2023 9:36:52 PM |
| **Attachments:** | FW Bitrue Important Notice Regarding User Compensation.msg |

Jessica, Scott and Alex – Thank you for your emails.  We will not address your mischaracterizations in your 10:30 AM email below, but will attempt to move forward, in a cooperative manner, which you have noted more than once of our efforts, with the items at issue.

Please see below addressing the items in your emails from today.

<u>Digital Asset Transfers</u> (based on 8/28 Digital Asset Transfer Receipt spreadsheet provided by Alex Englander)

- Self Custodied
    - Wallet 1 – This wallet has been transferred to the receiver.
    - Wallet 2 (REC); Wallet 3 (MSD); and Wallet 8 (REC) – It is our understanding these are air drop phishing tokens that present security risks to a receiving wallet (and the assets therein) if transferred.
    - Wallet 3 (Cake LP) – As indicated in the spreadsheet, these tokens are part of the liquidity pool. It is our understanding that transferring them presents the same issues as transferring any other tokens in the liquidity pool and that the receiver did not intend to transfer assets of this kind.
    - Wallet 11 – This wallet has been transferred to the receiver.
- Exchanges
    - No. 1 (Bitrue) –  Bitrue experienced a security breach. It is our understanding all assets from this account were affected but the exchange will cover 100% of losses. See attached.
    - No. 2 (KuCoin) – This account has been frozen due to a subpoena KuCoin received in an unrelated litigation. The exchange is requiring a KYC and the assets cannot be transferred until the verification process is complete.
    - No 4. (Bitmart) – The BSC in this account is being transferred, but Safemoon is subject to a 10% transfer tax pursuant to the smart contract, which we understand would result in a dissipation of assets. Please advise how we can address this issue to preserve the assets.
    - No 4. (Bitmart) – NDAU is a specialized buoyancy token requiring a specialized wallet to receive the tokens and is also subject to a 28% transfer tax.  Please advise how we can address these issues to ensure a successful transfer and preserve the assets.
    - Nos. 5-7 (Digifinex) – These accounts are being transferred.
    - Nos. 10-30 – It is our understanding these DCH accounts are held on exchanges outside

the US and would be subject to a 10% repatriation tax and likely income tax of more than 20% upon transfer.  Please advise who will pay the tax.

Please let us know if you have any suggestions for addressing the issues indicated for certain accounts/wallets above. Please also confirm receipt of the assets for the applicable wallets/accounts above.

Other Items

As to your 8/19 letter, our clients have been compiling information, including with respect to oil and gas matters. We will provide a response as soon as we can and are hopeful that will be this week. In the interim, if you have any specific questions as to oil and gas that were not covered by the information we previously provided, please let us know and we can try to address them.

Also, it is our understanding that the Ignis Energy account at BancFirst in Oklahoma was frozen due to the bank's receipt of the Temporary Restraining Order issued in this matter.

Regarding DLI's oil and gas operations, we provided you with the GPS coordinates to locate the 4 oil drilling rigs on August 14, 2023.  (Please note that the dispute is over 1 rig – you again incorrectly suggest otherwise.)  We are not sure what, if anything, the receiver has done to secure the rigs and associated equipment, but they are worth approximately $6 million.  We will be happy to address any questions you may have regarding the oil and gas operations; however, we respectfully decline any invitation for interviews of our clients at this time.

Finally, we have not heard back from you on the claw back agreement or conflict issues following your discussion with David Ross last week. Please let us know if there is any further information you can provide on this front.

We will be happy to discuss further tomorrow; please let us know when you are available.

**Alexander R. Yarm**
T: 212.735.8734 | F: 917.522.3134
ayarm@morrisoncohen.com
vCard | Bio | LinkedIn

**Morrison Cohen LLP**
909 Third Avenue
27th Floor
New York, NY 10022
www.morrisoncohen.com

---

**From:** Magee, Jessica B (DFW - X61375) <Jessica.Magee@hklaw.com>
**Sent:** Tuesday, August 29, 2023 2:51 PM
**To:** Mascianica, Scott (DAL - X62106) <Scott.Mascianica@hklaw.com>; Yarm, Alexander R. <ayarm@morrisoncohen.com>; Brooks, Jeffrey D. <jbrooks@morrisoncohen.com>
**Cc:** Englander, Alex M (WPB - X28339) <Alex.Englander@hklaw.com>; Ross, David E. <dross@morrisoncohen.com>; Gottlieb, Jason <jgottlieb@morrisoncohen.com>
**Subject:** RE: SEC v. Digital Licensing

**CAUTION:** External sender. Verify before continuing.

Following up on this—when will your clients be providing the required/requested information? Will digital asset transfer complete today? If not, why not? Are your clients going to respond to our August 19 letter? When can we expect the materials and information outlined in that letter? As part of that, when can we speak with you/your clients to understand the nature of DLI's oil and gas operations/assets, if any?

JM


**Jessica Magee** | **Holland & Knight**
Partner
Holland & Knight LLP
One Arts Plaza, 1722 Routh Street, Suite 1500 | Dallas, Texas 75201
Phone 214.969.1375 | Mobile 214.458.4761
jessica.magee@hklaw.com | www.hklaw.com

Add to address book | View professional biography


**From:** Mascianica, Scott (DAL - X62106) <Scott.Mascianica@hklaw.com>
**Sent:** Tuesday, August 29, 2023 10:30 AM
**To:** ayarm <ayarm@morrisoncohen.com>; Brooks, Jeffrey D. <jbrooks@morrisoncohen.com>
**Cc:** Englander, Alex M (WPB - X28339) <Alex.Englander@hklaw.com>; Magee, Jessica B (DFW - X61375) <Jessica.Magee@hklaw.com>; dross <dross@morrisoncohen.com>; jgottlieb <jgottlieb@morrisoncohen.com>
**Subject:** SEC v. Digital Licensing

Jeff and Alex,

Thank you for the call last night with Alex E. Apologies that Jessica and I could not attend as we were in witness interviews. We understand you raised two issues: (1) whether the Receiver withdrew money from an Ignis Energy bank account; and (2) what information is needed by us to secure any oil rig assets.

The Receiver did not withdraw any money from any Ignis account. In fact, the Receiver does not have any knowledge of any bank accounts owned or controlled by Ignis Energy. The only information we have received from any party related to Ignis was the selective information included in your firm's August 17, 2023 letter. As detailed further below, disclosure of, among other things, bank account information was requested 10 days go for entities owned, controlled, and managed by your clients. We have not received this information. *See* August 19, 2023 Request Letter, Request #4. **Please provide the specific bank and account information for Ignis, as we plan to investigate the circumstances surrounding this purported withdrawal**.

This is emblematic of the broader issue we have been pressing for weeks, which is the selective disclosure of information.  We have requested copies of books and records (including identification of all bank accounts) necessary for the Receiver to identify the nature and scope of the assets and property interests belonging to the estate as well as what needs to be done to secure those interests.  This is particularly concerning as some of your communications have made claims to assets where there is ongoing litigation disputing title to the same, all while not turning over underlying records regarding these assets or the basis for the purported affiliation of these parties to Digital Licensing, Inc.  Although we are taking various steps with other parties to ensure safety and security of disputed assets, the lack of underlying documentation and source information is severely limiting Mr. Dewey's ability to carry out his court ordered obligations and creating inefficiencies to the detriment of all parties.

We appreciate that you and your clients are busy on many fronts.  That said, we believe your clients can and should be able to provide all information and materials responsive to our August 19 correspondence and the directives in the Court's July 28 orders.  But 10 days after our request, we haven't even received a proposed timeline for compliance with these requests.  Once again, we respectfully request that your clients (1) turn over all information specified in our August 19, 2023 letter; and (2) schedule a time to speak with us to walk through same. This is the only realistic way to ensure that assets of the Receivership Estate are properly protected.

With regard to speaking with your clients, we are aware that your team will attend and we will accommodate to ensure that the meeting is efficient and productive.  We are only interested in gathering all available facts, documents, assets, and information.  Your clients remain in the best position to facilitate and advance this process.  With appropriate assurance and indication that your clients are taking steps to provide full and unfettered access to all information they must turn over, we are amenable to prioritizing a discussion about oil and gas matters today or tomorrow.

Finally, we have been awaiting completion of the digital asset transfer for many days and, despite repeated claims, this process remains incomplete.  We expect that this transfer will be completed **today**.

**Scott Mascianica** | **Holland & Knight**
Partner
Holland & Knight LLP
One Arts Plaza, 1722 Routh Street, Suite 1500 | Dallas, Texas 75201
Phone 214.969.2106 | Fax 214.964.9501
scott.mascianica@hklaw.com | www.hklaw.com

Add to address book | View professional biography

NOTE: This e-mail is from a law firm, Holland & Knight LLP (quot;H&Kquot;), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an

existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you. We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.