# **EXHIBIT 3**

## Mascianica, Scott (DAL - X62106)

| | |
|---|---|
| **From:** | Mascianica, Scott (DAL - X62106) |
| **Sent:** | Friday, August 11, 2023 4:02 PM |
| **To:** | Gottlieb, Jason |
| **Cc:** | Magee, Jessica B (DFW - X61375) |
| **Subject:** | RE: SEC v. Digital Licensing - Follow Up to 8.8.23 Call |
| **Attachments:** | SEC v. Digital Licensing - Morrison Cohen Letter - 8.11.23.pdf |

Good afternoon, Jason.

Please see the attached correspondence on behalf of Mr. Dewey.

Thank you for your counsel to your clients on their obligations to comply with certain aspects of the Order Appointing Receiver.  Concerning the outstanding information they need to provide to fully comply, can you please provide an update?  Your Wednesday email suggested you were endeavoring to collect this information expeditiously.

Finally, there is one time-sensitive issue we need to discuss regarding Archer Drilling, an entity claimed to be a subsidiary and/or affiliate of DLI in certain court filings.  Please advise on your earliest availability to discuss the current status of operations.  We are open to whatever is most efficient to provide us with the information we need, whether counsel-to-counsel or via an interview with one or more of your clients where, of course, you attend.

Many thanks.

**Scott Mascianica | Holland & Knight**
Partner
Holland & Knight LLP
One Arts Plaza, 1722 Routh Street, Suite 1500 | Dallas, Texas 75201
Phone 214.969.2106 | Fax 214.964.9501
scott.mascianica@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Gottlieb, Jason <jgottlieb@morrisoncohen.com>
**Sent:** Wednesday, August 9, 2023 3:56 PM
**To:** Mascianica, Scott (DAL - X62106) <Scott.Mascianica@hklaw.com>
**Cc:** Magee, Jessica B (DFW - X61375) <Jessica.Magee@hklaw.com>
**Subject:** RE: SEC v. Digital Licensing - Follow Up to 8.8.23 Call

*[External email]*
Hi Scott, Jessica –

It was good connecting yesterday.  I too thought the call was useful.

Initially, we want to say that we understand the issue re DLI.  We are not holding out ourselves as counsel to DLI in this matter, and we conveyed your position to our clients.

As I mentioned to you, Morrison Cohen just got retained over the weekend.  And given that the matter is in Utah, and somewhat complicated, we have been scrambling to try to get a baseline understanding of what has happened.  (As you know, we were not counsel previously.)

1

To that end, given that there is a TRO/Asset freeze, we have been trying to obtain an allowance for the necessary and reasonable living expenses for Jason and Jacob Anderson, Schad Brannon, and Royden Nelson with the SEC.  We need to have that immediate need addressed first with the SEC and the Court this week.

With respect to DLI, we have been advised that our clients do not have any access to DLI, and we have, in turn, advised them the Receiver is in place for DLI.  We have advised that the Receiver is responsible for DLI.

Regarding turn over DLI's assets and records, we are reviewing what DLI owns or has at this point, given the TRO.  We are endeavoring to obtain information from our clients.  And while we want to cooperate, given the circumstances, we may not be able to obtain the requested information from our clients by the close of business on Friday, August 11, 2023.  We will move as expeditiously as we can.

We will advise you as soon as we have some information to share with you.

Jason


**Jason P. Gottlieb**
*Partner & Chair, White Collar and Regulatory Enforcement*
T: 212.735.8837  | F: 917.522.9937
jgottlieb@morrisoncohen.com
vCard | Bio | LinkedIn

**Morrison Cohen LLP**
909 Third Avenue
27th Floor
New York, NY 10022
www.morrisoncohen.com

---

**From:** Mascianica, Scott (DAL - X62106) <Scott.Mascianica@hklaw.com>
**Sent:** Wednesday, August 9, 2023 10:53 AM
**To:** Gottlieb, Jason <jgottlieb@morrisoncohen.com>
**Cc:** Magee, Jessica B (DFW - X61375) <Jessica.Magee@hklaw.com>
**Subject:** SEC v. Digital Licensing - Follow Up to 8.8.23 Call

> **CAUTION:** External sender. Verify before continuing.

---

Jason-

Thanks again for your time yesterday.  We found the call productive and we are looking forward to working with you.  Below are a few follow-up and clarifying points from our call:

- We understand that your engagement letter states that Morrison Cohen is representing the following parties in the SEC's litigation: Jacob Anderson, Jason Anderson, Schad Brannon, Roy Nelson, Business Funding Solutions, LLC, UIU Holdings, LLC, Blox Lending, LLC, and Digital Licensing, Inc. ("DLI")

- As discussed, the Order Appointing Receiver ("OAR") is clear that Joe Dewey now controls all aspects of DLI's operations, along with those of its subsidiaries and affiliates.  *See, e.g.,* OAR, Section II.  Accordingly, the OAR precludes Morrison Cohen—or any other firm—from representing DLI or its subsidiaries or affiliates absent

2

written consent from the Receiver.   Although we are not taking a position today on whether any of your other clients are considered subsidiaries or affiliates of DLI, your clients are in a position to know and identify to us whether they believe Business Funding Solutions, Blox Lending, UIU Holdings are DLI affiliates or subsidiaries.  It is important that we understand their position on this matter as soon as possible.  Setting that matter to the side for the moment, the Receiver does not consent to Morrison Cohen representing DLI.  More broadly, as a reminder, OAR Section V places express limits on certain individuals or other persons from taking any action—or purporting to take any action—on behalf of DLI and its subsidiaries or affiliates, in any capacity, without written consent from Mr. Dewey or court order.

- Section III of the OAR provides, among other things, that all "officers, agents, servants, employees and attorneys, and any other persons" in control of assets and records of DLI and its subsidiaries and affiliates must turn those over to the Receiver (including, but not limited to, pertinent wallet information, wherever located).  This applies regardless of whether the individual officers, agents, servants, employees, attorneys, or other persons are part of the Receivership estate.  Appreciating your desire to initially focus on carving out certain assets for your clients from the asset freeze, the OAR requires that such access/control be provided forthwith.  The Receiver needs to obtain access and gain control to these assets and records as soon as possible to carry out his court ordered obligations. For example, we are aware that there are certain oil-and-gas related assets that DLI claims to control, and time is of the essence for the Receiver gaining control of those assets.

- Similarly, Section IV of the OAR requires "any person who receives actual notice of this Order by personal service or otherwise" to turn over passwords and other cryptographic keys "pertaining in any manner to any assets of any of the Defendants…" Understanding that the Order required compliance within five days of receiving actual notice and that time frame has passed, we are willing to extend the deadline to **CoB Friday, August 11, 2023** as a reasonable accommodation.  Given the type of information called for by this portion of the OAR, we expect your clients can compile this information quickly.  Please note that the scope of this provision is beyond DLI ("…any of the Defendants…").

We are happy to set up a follow-up call to discuss a reasonable timeframe for compliance with the Section III obligations on turning over control of other assets and documents.  We'll note that this may sync up with the accounting that must be provided to the SEC but happy to discuss further.

Many thanks.

**Scott Mascianica** | **Holland & Knight**
Partner
Holland & Knight LLP
One Arts Plaza, 1722 Routh Street, Suite 1500 | Dallas, Texas 75201
Phone 214.969.2106 | Fax 214.964.9501
scott.mascianica@hklaw.com | www.hklaw.com

Add to address book | View professional biography

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.
This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this

transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you. We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com