# **EXHIBIT 9**

Filed in Kimball District Court
*** EFILED ***
Case Number: D71CI230000001
Transaction ID: 0019890811
Filing Date: 05/08/2023 01:36:27 PM MDT

IN THE DISTRICT COURT OF KIMBALL COUNTY, NEBRASKA

| | | |
|---|---|---|
| PURDY OIL, LLC, a Nebraska Limited Liability Company, ARCHER DRILLING, LLC, A Wyoming Limited Liability company, and JAMES FRANKLIN, | ) ) ) ) ) ) | Case No. CI 23-01 |
| Plaintiffs, | ) ) | |
| v. | ) ) ) ) ) ) ) ) ) ) | **DEFENDANTS DIGITAL LICENSING, INC.'S AND SCHAD BRANNON'S ANSWER AND FIRST AMENDED COUNTERCLAIMS, AND PLAINTIFF ARCHER DRILLING, LLC'S CROSSCLAIMS** |
| DIGITAL LICENSING, INC., a Wyoming Corporation, SCHAD BRANNON, GENE PURDY, GARRET PURDY, ALL PERSONS having or claiming any interest in, on, or under the premises at T13N, R58W § 24 N2; SW4 in the County of Kimball, State of Nebraska, containing 480 acres +/-, real names unknown, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendants Digital Licensing, Inc. and Shad Brannon (collectively referred to as "DLI Defendants"), and Plaintiff Archer Drilling, LLC, by and through their attorneys, Rembolt Ludtke LLP and Dentons US LLP, and for their Answer, First Amended Counterclaims and Crossclaims to Plaintiffs' Complaint state and allege as follows:

## PARTIES & JOINDER

1.      The DLI Defendants admit that Plaintiff, Purdy Oil, LLC, is a Nebraska limited liability company, with a principal address in Kimball County, Nebraska.  The DLI Defendants are without sufficient information to admit or deny remaining allegations of Paragraph 1 of Plaintiffs' Complaint and therefore deny same.

2.      The DLI Defendants admit the allegations in Paragraph 2 of Plaintiffs' Complaint.

3.      The DLI Defendants are without sufficient information to admit or deny the allegations of Paragraph 3 of Plaintiffs' Complaint and therefore deny same.

4.      The DLI Defendants admit the allegations in Paragraph 4 of Plaintiffs' Complaint.

5.      The DLI Defendants admit the allegations in Paragraph 5 of Plaintiffs' Complaint.

6.      The DLI Defendants admit the allegations in Paragraph 6 of Plaintiffs' Complaint.

7.      The DLI Defendants deny the allegations of Paragraph 7 of Plaintiffs' Complaint.

8.      Paragraph 8 of Plaintiffs' Complaint constitutes legal conclusion to which no response is required.  To the extent a response's required, the DLI Defendants deny the allegations in Paragraph 8 of Plaintiffs' Complaint.

## JURISDICTION & VENUE

9.      Paragraph 9 of Plaintiffs' Complaint constitutes legal conclusions to which no response is required.

10.      Paragraph 10 of Plaintiffs' Complaint constitutes legal conclusion to which no response is required.  To the extent a response's required, the DLI Defendants deny the allegations in Paragraph 10 of Plaintiffs' Complaint.

11.      Paragraph 11 of Plaintiffs' Complaint constitutes legal conclusions to which no response is required.  To the extent a

response's required, the DLI Defendants deny the allegations in Paragraph 11 of Plaintiffs' Complaint.

    12.    Paragraph 12 of Plaintiffs' Complaint constitutes legal conclusions to which no response is required.  To the extent a response's required, the DLI Defendants deny the allegations in Paragraph 12 of Plaintiffs' Complaint.

## FACTS COMMON TO ALL CLAIMS HEREIN
**Purdy Oil, LLC**

    13.    The DLI Defendants deny the allegations in Paragraph 13 of Plaintiffs' Complaint.

    14.    The DLI Defendants are without sufficient information to admit or deny the allegations of Paragraph 14 of Plaintiffs' Complaint and therefore deny same.

    15.    The DLI Defendants are without sufficient information to admit or deny the allegations of Paragraph 15 of Plaintiffs' Complaint and therefore deny same.

**Purdy Farms Lease**

    16.    The DLI Defendants deny the allegations in the first sentence of Paragraph 16 of Plaintiffs' Complaint.  The DLI Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 16 of Plaintiffs' Complaint and therefore deny same.

**Permit**

    17.    The DLI Defendants are without sufficient information to admit or deny the allegations of Paragraph 17 of Plaintiffs' Complaint and therefore deny same.

    18.    The DLI Defendants deny the allegations in Paragraph 18 of Plaintiffs' Complaint.

**Exploration Agreement**

19.     The DLI Defendants admit the allegations in Paragraph 19 of Plaintiffs' Complaint.

20.     The DLI Defendants state that the terms of the Exploration Agreement speak for themselves.  Except as expressly admitted herein, the DLI Defendants deny the allegations of Paragraph 20 of Plaintiffs' Complaint.

21.     The DLI Defendants deny the allegations in Paragraph 21 of Plaintiffs' Complaint.

22.     The DLI Defendants state that the terms of the Exploration Agreement speak for themselves.  Except as expressly admitted herein, the DLI Defendants deny the allegations of Paragraph 22 of Plaintiffs' Complaint.

23.     The DLI Defendants are without sufficient information to admit or deny the allegations of Paragraph 23 of Plaintiffs' Complaint and therefore deny same.

**Archer Drilling, LLC**

24.     The DLI Defendants are without sufficient information to admit or deny the allegations of Paragraph 24 of Plaintiffs' Complaint and therefore deny same.

25.     The DLI Defendants admit the allegations of Paragraph 25 of Plaintiffs' Complaint except to the extent such allegations imply or infer that Exhibit 6 to Plaintiffs' Complaint is the currently effective operating agreement for Archer Drilling, LLC, which the DLI Defendants deny.

26.     The DLI Defendants state that the provisions of Exhibit 6 speak for themselves.  Except as expressly admitted herein, the DLI Defendants deny the allegations of Paragraph 26 of Plaintiffs' Complaint.

27.     The DLI Defendants deny the allegations in Paragraph 27 of Plaintiffs' Complaint.

28.     The DLI Defendants deny the allegations in Paragraph 28 of Plaintiffs' Complaint.

29.     The DLI Defendants are without sufficient information to admit or deny the allegations of Paragraph 29 of Plaintiffs' Complaint and therefore deny same.

30.     The DLI Defendants are without sufficient information to admit or deny the allegations of Paragraph 30 of Plaintiffs' Complaint and therefore deny same; in particular, the DLI Defendants deny that the detachment of Plaintiff James Franklin's left retina was a "work" related injury.

31.     The DLI Defendants deny the allegations in Paragraph 31 of Plaintiffs' Complaint.

**Equipment Purchasing**

32.     The DLI Defendants are without sufficient information to admit or deny the allegations of Paragraph 32 of Plaintiffs' Complaint and therefore deny same.

33.     The DLI Defendants deny the allegations in Paragraph 33 of Plaintiffs' Complaint.

**Equipment List**

34.     DLI Defendants admit that on or about June 2022, Drilling Rigs Nos. 2 & 4 were purchased by, or for the benefit of, Archer Drilling, LLC.  The DLI Defendants are without sufficient information to admit or deny remaining allegations of Paragraph 34 of Plaintiffs' Complaint and therefore deny same.

**Conflict**

35.     Paragraph 35 of Plaintiffs' Complaint contains conclusory and confusing allegations to which no response is required.  To the extent a response's required, the DLI Defendants deny the allegations in Paragraph 35 of Plaintiffs' Complaint.

36.     The DLI Defendants admit that on or about August 19, 2022, a new operating agreement for Archer Drilling, LLC was executed which superseded and replaced the April 4, 2022 operating agreement of Archer Drilling, LLC attached to Plaintiffs' Complaint as

123048312\V-5

Exhibit 6.  Except as expressly admitted herein, the allegations in Paragraph 36 of Plaintiffs' Complaint are denied.

37.     The DLI Defendants admit that the Invoice for Services Rendered attached as Exhibit 9 to Plaintiffs' Complaint was sent by Archer Drilling, LLC to Purdy Oil, LLC on or about September 20, 2022.  Except as expressly admitted herein, the allegations of Paragraph 37 of Plaintiffs' Complaint are denied.

38.     The DLI Defendants are without sufficient information to admit or deny the allegations of Paragraph 38 of Plaintiffs' Complaint and therefore deny same.

39.     The DLI Defendants admit that Exhibit 10 to Plaintiffs' Complaint is a true and correct copy of an email sent by Gene Purdy to James Franklin on October 7, 2022.  Except as expressly admitted herein, the allegations in Paragraph 39 of Plaintiffs' Complaint are denied.

40.     The DLI Defendants admit that Exhibit 11 to Plaintiffs' Complaint is a true and correct copy of a recorded letter which was sent from Purdy Farms to Purdy Oil, LLC on or about October 7, 2022. Except as expressly admitted herein, the allegations in Paragraph 40 of Plaintiffs' Complaint are denied.

41.     The DLI Defendants are without sufficient information to admit or deny the allegations of Paragraph 41 of Plaintiffs' Complaint and therefore deny same.

42.     The DLI Defendants are without sufficient information to admit or deny the allegations of Paragraph 42 of Plaintiffs' Complaint and therefore deny same.

43.     The DLI Defendants admit that Exhibit 12 to Plaintiffs' Complaint is a true and correct copy of a recorded Oil, Gas and Mineral Lease dated October 8, 2022 from Purdy Farms, Lessor, to Digital Licensing, Inc.  Except as expressly admitted herein, the allegations in Paragraph 43 of Plaintiffs' Complaint are denied.

44.     The DLI Defendants are without sufficient information to admit or deny the allegations of Paragraph 44 of Plaintiffs' Complaint and therefore deny same.

45.     The DLI Defendants are without sufficient information to admit or deny the allegations of Paragraph 45 of Plaintiffs' Complaint and therefore deny same.

46.     The DLI Defendants admit the allegations in Paragraph 46 of Plaintiffs' Complaint.

## FIRST CLAIM FOR RELIEF
## DECLARATORY RELIEF – OWNERSHIP, CONTROL, AND ASSETS OF ARCHER DRILLING, LLC

47.     Paragraph 47 of Plaintiffs' Complaint is a pleadings recitation to which no response is required.

48.     Paragraph 48 of Plaintiffs' Complaint contains conclusory and confusing allegations to which no response is required.  To the extent a response's required, the DLI Defendants deny the allegations in Paragraph 48 of Plaintiffs' Complaint.

49.     The DLI Defendants admit the allegations in Paragraph 49 of Plaintiffs' Complaint.

50.     The DLI Defendants admit the allegations in Paragraph 50 of Plaintiffs' Complaint.

51.     DLI Defendants admit that a controversy exists between DLI Defendants and Plaintiffs Purdy Oil, LLC and James Franklin. DLI Defendants deny that the ownership of the members of Archer Drilling, LLC is correctly set out in Plaintiffs' Complaint.  Except as expressly admitted herein, the DLI Defendants deny the allegations in Paragraph 51 of Plaintiffs' Complaint.

52.     DLI Defendants admit that a controversy exists between DLI Defendants and Plaintiffs Purdy Oil, LLC and James Franklin. Except as expressly admitted herein, the DLI Defendants deny the allegations in Paragraph 52 of Plaintiffs' Complaint.

53.     Paragraph 53 of Plaintiffs' Complaint constitutes legal and conclusory allegations to which no response is required.  To the extent a response's required, the DLI Defendants deny the allegations in Paragraph 53 of Plaintiffs' Complaint.

54.     Paragraph 54 of Plaintiffs' Complaint constitutes legal and conclusory allegations to which no response is required.  To the extent a response's required, the DLI Defendants deny the allegations in Paragraph 54 of Plaintiffs' Complaint.

55.     Paragraph 55 of Plaintiffs' Complaint constitutes legal and conclusory allegations to which no response is required.  To the extent a response's required, the DLI Defendants deny the allegations in Paragraph 55 of Plaintiffs' Complaint.

## SECOND CLAIM FOR RELIEF
## QUIET TITLE TO PURDY FARMS LEASE

56.     Paragraph 56 of Plaintiffs' Complaint is a pleadings recitation to which no response is required.

57.     The DLI Defendants deny the allegations in Paragraph 57 of Plaintiffs' Complaint.

## THIRD CLAIM FOR RELIEF
## DECLARATORY RELIEF – OPERATIONAL CONTROL ON THE PURDY FARMS LEASE

58.     Paragraph 58 of Plaintiffs' Complaint is a pleadings recitation to which no response is required.

59.     Paragraph 59 of Plaintiffs' Complaint contains conclusory and confusing allegations to which no response is required.  To the extent a response's required, the DLI Defendants deny the allegations in Paragraph 59 of Plaintiffs' Complaint.

60.     DLI Defendants admit that a controversy exists between DLI Defendants and Plaintiffs Purdy Oil, LLC and James Franklin. Except as expressly admitted herein, the DLI Defendants deny the allegations in Paragraph 60 of Plaintiffs' Complaint.

61.     Paragraph 61 of Plaintiffs' Complaint contains conclusory and confusing allegations to which no response is required.  To the extent a response's required, the DLI Defendants deny the allegations in Paragraph 61 of Plaintiffs' Complaint.

62.     The DLI Defendants deny the allegations in Paragraph 62 of Plaintiffs' Complaint.

63.     Paragraph 63 of Plaintiffs' Complaint constitutes legal conclusions to which no response is required.  To the extent a response's required, the DLI Defendants deny the allegations in Paragraph 63 of Plaintiffs' Complaint.

64.     Paragraph 64 of Plaintiffs' Complaint constitutes legal conclusions to which no response is required.  To the extent a response's required, the DLI Defendants deny the allegations in Paragraph 64 of Plaintiffs' Complaint.

## FOURTH CLAIM FOR RELIEF
## CONSPIRACY TO RESTRAIN TRADE (NEB. REV. STAT. § 59-801 ET SEQ.)

65.     Paragraph 65 of Plaintiffs' Complaint is a pleadings recitation to which no response is required.

66.     The DLI Defendants deny the allegations in Paragraph 66 of Plaintiffs' Complaint.

67.     The DLI Defendants deny the allegations in Paragraph 67 of Plaintiffs' Complaint.

68.     The DLI Defendants deny the allegations in Paragraph 68 of Plaintiffs' Complaint.

## FIFTH CLAIM FOR RELIEF
## RESTRAINT TO TRADE (NEB. REV. STAT. § 59-801 ET SEQ.)

69.     Paragraph 69 of Plaintiffs' Complaint is a pleadings recitation to which no response is required.

70.     The DLI Defendants deny the allegations in Paragraph 70 of Plaintiffs' Complaint.

71.     The DLI Defendants deny the allegations in Paragraph 71 of Plaintiffs' Complaint.

72.     The DLI Defendants deny the allegations in Paragraph 72 of Plaintiffs' Complaint.

## SIXTH CLAIM FOR RELIEF
## BREACH OF CONTRACT - EXPLORATION AGREEMENT
## (FIDUCIARY DUTIES; IMPLIED COVENANT OF GOOD FAITH
## AND FAIR DEALING)

73.     Paragraph 73 of Plaintiffs' Complaint is a pleadings recitation to which no response is required.

74.     Paragraph 74 of Plaintiffs' Complaint constitutes legal conclusions to which no response is required.  To the extent a response's required, the DLI Defendants deny the allegations in Paragraph 74 of Plaintiffs' Complaint.

75.     Paragraph 75 of Plaintiffs' Complaint constitutes legal conclusions to which no response is required.

76.     The DLI Defendants deny the allegations in Paragraph 76 of Plaintiffs' Complaint.

77.     The DLI Defendants deny the allegations in Paragraph 77 of Plaintiffs' Complaint.

78.     The DLI Defendants deny the allegations in Paragraph 78 of Plaintiffs' Complaint.

## SEVENTH CLAIM FOR RELIEF
## BREACH OF CONTRACT - OPERATING AGREEMENT OF
## PURDY OIL, LLC

79.     Paragraph 79 of Plaintiffs' Complaint is a pleadings recitation to which no response is required.

80.     Paragraph 80 of Plaintiffs' Complaint constitutes legal conclusions to which no response is required.

81.     Paragraph 81 of Plaintiffs' Complaint constitutes legal conclusions to which no response is required.

82.     Paragraph 82 of Plaintiffs' Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, the DLI Defendants deny the allegations in Paragraph 82 of Plaintiffs' Complaint.

83.     Paragraph 83 of Plaintiffs' Complaint constitutes legal conclusions to which no response is required.  To the extent a response

123048312\V-5

is required, the DLI Defendants deny the allegations in Paragraph 83 of Plaintiffs' Complaint.

84.     Paragraph 84 of Plaintiffs' Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, the DLI Defendants deny the allegations in Paragraph 84 of Plaintiffs' Complaint.

## EIGHTH CLAIM FOR RELIEF
### NEGLIGENCE

85.     Paragraph 85 of Plaintiffs' Complaint is a pleadings recitation to which no response is required.

86.     The DLI Defendants deny the allegations in Paragraph 86 of Plaintiffs' Complaint.

87.     The DLI Defendants deny the allegations in Paragraph 87 of Plaintiffs' Complaint.

88.     The DLI Defendants deny the allegations in Paragraph 88 of Plaintiffs' Complaint.

89.     The DLI Defendants deny all allegations in Plaintiffs' Complaint not expressly admitted herein.

90.     The DLI Defendants deny that Plaintiffs are entitled to the damages requested in Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

91.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

92.     Plaintiffs' Complaint is barred due to Plaintiffs' prior material breach of contract.

93.     Plaintiffs' Complaint is barred due to failure of consideration.

94.     Plaintiffs' Complaint is barred in whole or in part by the doctrines of waiver and estoppel.

95.     Plaintiffs' Complaint is barred in whole or in part by the doctrine of unclean hands.

123048312\V-5

96.    Counsel for Plaintiffs has no authority to pursue any claims on behalf of Archer Drilling, LLC

97.    The DLI Defendants reserve the right to assert additional defenses as those defenses become known during the course of discovery.

**WHEREFORE**, the DLI Defendants respectfully requests an Order dismissing Plaintiffs' Complaint with prejudice, at Plaintiffs' cost, and awarding such other and further relief in favor of the DLI Defendants as the Court deems fair and just.

### CROSSCLAIMS/COUNTERCLAIMS

COME NOW, through their lawful undersigned attorneys, (A) "Plaintiff" Archer Drilling, LLC, who asserts the following Crossclaims against Purdy Oil, LLC ("*Purdy Oil*") and James Franklin (together, the "*Franklin Plaintiffs*") and (B) the DLI Defendants, who assert the following First Amended Counterclaims against the Franklin Plaintiffs, and, in each case, and state and allege as follows:

### Archer Drilling Limited Liability Company Operating Agreement

1.    Archer Drilling, LLC ("*Archer Drilling*") was formed for the purpose of acquiring and operating drilling rigs and related equipment for the purpose drilling oil and gas wells.

2.    Exhibit 6 to Plaintiffs' Complaint is a copy of the Limited Liability Company Operating Agreement of Archer Drilling, LLC that was executed by its initial members on April 12, 2022 (the "*Initial Archer Operating Agreement*").

3.    Under the terms of the Initial Archer Operating Agreement, Plaintiff Purdy Oil was required to contribute $250,000 to Archer Drilling as a capital contribution to provide working capital for Archer Drilling's business operations.  However, as a result of James Franklin's failure to make required capital contributions to Purdy Oil, Purdy Oil was unable to make any capital contributions to Archer Drilling, leaving Archer Drilling without any funds to conduct its business.

4.      Instead, Digital Licensing, Inc. ("*DLI*") provided all of the cash contributions (directly and indirectly) required by Archer Drilling to fund its operations and purchase of drilling rigs.

5.      On or about August 18, 2022, Plaintiff James Franklin ("*Franklin*") and representatives of Plaintiff Purdy Oil met with representatives of DLI in Pine Bluffs, Wyoming.  The purpose of the meeting was to discuss the inequity of DLI's financing Archer Drilling's operations and purchase of drilling rigs, but not owning any equity interest in Archer Drilling.  To address this issue, the parties at the meeting, including Franklin and Gene Purdy on behalf of Purdy Oil, agreed to enter into a new limited liability operating agreement for Archer Drilling under which DLI would own a 51% equity interest, and Franklin, Gene Purdy and Garrett Purdy would each own a 16.33% equity interest in Archer Drilling.

6.      At the conclusion of the August 18, 2022 meeting, each of DLI, Franklin, Gene Purdy and Garret Purdy executed a new limited liability company operating agreement for Archer Drilling, superseding and replacing the Initial Archer Operating Agreement, in which the ownership of the parties in Archer Drilling was agreed to be as follows: (i) DLI - 51%; (ii) Franklin - 16.33%; (iii) Gene Purdy 16.33%, and (iv) Garret Purdy - 16.33% (the "*Renegotiated Archer Operating Agreement*").  A true and correct copy of the Renegotiated Archer Operating Agreement is attached hereto as Exhibit A.

### Ownership of Rigs Nos. 1, 2 & 4

7.      Rig No. 1, described in Paragraph 23 of Plaintiffs' Complaint, and Rig Nos. 2 and 4 described in Paragraph 34 of Plaintiffs' Complaint (collectively, the "*Archer Rigs*") were purchased 100% with funds provided, directly or indirectly, by DLI.  Although DLI funds used to purchase the Archer Rigs were initially deposited in a Purdy Oil account, those funds were always intended to be, and were in fact, advanced to Archer Drilling for the express purpose of purchasing, and owning, the Archer Rigs.

**Purdy Oil's Use of Archer Rig No. 4**

8.      Purdy Oil used the Archer Rig No. 4 in the drilling of the Purdy Farms No. 1 Well with the understanding and agreement that Archer Drilling would be compensated by Purdy Oil for the use of Archer Rig No. 4 at a daily fair market rate.  The Archer Rig No. 4 was used by Purdy Oil to drill the Purdy Farms No. 1 Well for a total of 87 days (including mobilization).  The daily fair market rate for Archer Rig No. 4 was $26,000.  As a result, Purdy Oil is obligated to compensate Archer Drilling for the use of Rig No. 4 for 87 days at a rate of $26,000/day, for a total amount of $2,262,000 due from Purdy Oil to Archer Drilling.  Exhibit 9 to Plaintiffs' Complaint is Archer Drilling's Invoice to Purdy Oil for the use of Rig No. 4 for 87 days in the amount of $2,262,000, which amount is due and owing by Purdy Oil to Archer Drilling.

**Rescission Under Neb. Rev. Stat. §8-1118**

9.      The Franklin Defendants offer and sale to DLI of a participation interest in the drilling of an oil and gas well on the Purdy Farm Lease under the Exploration Agreement (the "Purdy Farms Participation Interest") constituted an offer and sale of a "security" as that term is defined in the Nebraska Securities Act.

10.      In connection with the offer and sale of the Purdy Farms Participation Interest to DLI, the Franklin Defendants made untrue statements of material facts and omitted to disclose material facts relating to the Purdy Farms Participation Interest (the "*Material Misstatements and Omissions*").  At the time of DLI's acquisition of the Purdy Farms Participation Interest, DLI was not aware of the Material Misstatements and Omissions by the Franklin Defendants and the Franklin Defendants knew, or with the exercise of reasonable care, should have known of the existence of such Material Misstatements and Omissions.

11.      Such Material Misstatements and Omissions by the Franklin include, *inter alia*, (i) the misrepresentation that the Purdy Farms Participation Interest was subject to an existing Farmout

Agreement and a 12.5% overriding royalty interest, (ii) the misrepresentation that the Purdy Farms Participation Interest would not be treated as a tax partnership, (iii) the misrepresentation that Purdy oil would pay its portion of the costs of mobilization, demobilization and drilling costs, and (iv) the failure to disclose that the Purdy Farms Participation Interest was intended to be part of an exempt offering of "Joint Venture General Partnership" security interests with other investors.

12.     Under the provisions of § 8-1118 of the Nebraska Securities Act, DLI seeks recovery from the Franklin Defendants of (i) the consideration paid by DLI for the Purdy Farms Participation Interest (ii) six percent interest upon such consideration paid from the date of payment, (iii) attorneys' fees, and (iv) costs.  In connection with such request, DLI hereby tenders, in full, it's Purdy Farms Participation Interest to the Franklin Defendants, subject only to affirmation of DLI's rescission rights under § 8-1118 of the Nebraska Securities Act.

### CROSSCLAIM/COUNTERCLAIM COUNT I
### (Declaratory Relief against the Franklin Plaintiffs)

13.     Archer Drilling and DLI incorporate by reference the allegations of each of the numbered Paragraphs of Archer Drilling's and DLI's Crossclaims/Counterclaims set out above as if fully set forth herein.

14.     Pursuant to Neb. Rev. Stat. §25-21,145, Archer Drilling and DLI asks this Court to declare the rights of the parties under the Renegotiated Archer Operating Agreement.   Specifically, Archer Drilling and DLI asks this Court to find and declare that:

    a.    The Renegotiated Archer Operating Agreement supersedes and replaces the Initial Archer Operating Agreement.

    b.    The Members of Archer Drilling and their respective ownership interests in Archer Drilling are as follows: (i) Digital Licensing, Inc.:  51.00% ownership, (ii) James

Franklin:  16.33% ownership, (iii) Gene Purdy:  16.33% ownership, and (iv) Garret Purdy:  16.33% ownership.

c.     Neither James Franklin or Purdy Oil, LLC had the right or authority to file Plaintiffs' Complaint on behalf of Archer Drilling.

## CROSSCLAIM COUNT II
### (Declaratory Relief against Franklin Plaintiffs)

15.     Archer Drilling incorporates by reference the allegations of each of the numbered Paragraphs of Archer Drilling's and DLI's Crossclaims/Counterclaims set out above as if fully set forth herein.

16.     Pursuant to Neb. Rev. Stat. §25-21,145, Archer Drilling asks this Court to declare the rights of the parties with respect to Archer Drilling's ownership of Rig Nos. 1, 2 & 4 identified in Plaintiffs' Complaint and Archer Drilling's ownership of the real property described in Paragraph 50 of Plaintiffs' Complaint (the "***Archer Real Property***").   Specifically, Archer Drilling and DLI asks this Court to find and declare that:

a.     Archer is the legal owner of Rig Nos. 1,2 & 4 described in Plaintiffs' Complaint, and all rights and assets appurtenant thereto, free of any claims by the Franklin Plaintiffs.

b.     Archer is the legal owner of the Archer Real Property free any claims by the Franklin Plaintiffs.

## CROSSCLAIM COUNT III
### (Quantum Meruit and Unjust Enrichment against Purdy Oil)

17.     Archer Drilling incorporates by reference the allegations of each of the numbered Paragraphs of Archer Drilling's and DLI's Crossclaims/Counterclaims set out above as if fully set forth herein.

18.     Purdy Oil used Archer Drilling's Rig No. 4 in the drilling of the Purdy Farms No. 1 Well with the knowledge that Archer Drilling expected to be compensated for the reasonable value of Purdy Oil's Rig No. 4, as evidenced by the obligations assumed by Purdy Oil

under Article I, Paragraph 1 of the Exploration Agreement attached as Exhibit 4 to Plaintiffs' Complaint.  The reasonable value of the use of Archer Drilling's Rig No. 4 for 87 days was a rate of $26,000/day for a total value to Purdy Oil of $2,262,000.

19.     As a result of Purdy Oil's use of Archer Drilling's Rig No. 4 with the knowledge that Archer Drilling expected to be compensated for the use of such Rig, Purdy Oil is indebted to Archer Drilling in the amount of $2,262,000 under a claim in quantum meruit.

20.     In the alternative, Purdy is indebted to Archer Drilling in the amount of $2,262,000 for the use of Archer Drilling's Rig No. 4 under the theory of unjust enrichment.

## COUNTERCLAIM COUNT IV
## (Rescission Under § 8-1118 of the Nebraska Securities Act)

21.     DLI incorporates by reference the allegations of each of the numbered Paragraphs of Archer Drilling's and DLI's Crossclaims/Counterclaims as set out above as if fully set forth herein.

22.     As a result of the Franklin Defendants Material Misstatements and Omissions in connection with the offer and sale of the Purdy Farms Participation Interest, DLI is entitled to recover, and hereby seeks recovery from the Franklin Defendants of (i) the consideration paid by DLI for the Purdy Farms Participation Interest (ii) six percent interest upon such consideration paid from the date of payment, (iii) attorneys' fees, and (iv) costs.  In connection with such recovery, DLI hereby tenders to the Franklin Defendants its Purdy Farms Participation Interest.

## DLI's ALTERNATIVE COUNTERCLAIMS

23.     In the unlikely event that DLI's recission rights under Counterclaim Count IV above are not granted, DLI pleads the following facts and grounds for recovery solely in the alternative.

### Removal of Purdy Oil as Operator

24.     Exhibit 4 to Plaintiffs' Complaint includes a copy of the Operating Agreement which governed Purdy Oil's operations relating to the drilling of the Purdy Farms No. 1 Well.  Pursuant to the provisions of Article V.B. of the Operating Agreement the Non-Operators had the right to remove Purdy Oil as Operator under the Operating Agreement for "good cause" if Purdy Oil failed to conduct its activities under the Operating Agreement as a reasonable prudent operator, in a good and workmanlike manner, with due diligence and dispatch in accordance with good oilfield practice.  Such removal may be effectuated by a majority vote of the Non-Operators, after excluding the interest of the Operator.

25.     By letter dated 20 September 2022 (the "*Removal Notice*"), Purdy Oil was notified that it had been removed as Operator for good cause under the Operating Agreement by a vote of a majority in interest of the Non-Operators after excluding the interest of the Operator.   A true and correct copy of the Removal Notice is attached hereto as Exhibit B.

### Designation of Archer Drilling as Successor Operator

26.     In the Removal Notice, Purdy Oil was also notified that pursuant to the provisions of Article V.B of the Operating Agreement, Archer Drilling, LLC had been appointed successor operator to Purdy Oil by a vote of a majority of the Non-Operators after excluding the interest of the Operator.

### Subsequent Operations/Non-Consent

27.     In a Notice of Subsequent Operations dated 20 September 2022, DLI proposed a Subsequent Operation under Article VI.B of the Operating Agreement relating to the plugging back of the Purdy Farms No. 1 Well and sidetracking the well to a 7,500 foot depth and test, with the alternative of drilling to a depth of 9,500 feet (the "*Subsequent Operations Proposal*").  A true and correct copy of the Subsequent Operations Proposal is attached hereto as Exhibit C.

123048312\V-5

28.     Under the terms of Article VI.B of the Operating
Agreement, a failure by a Working Interest Owner to timely elect to
participate in a proposed Subsequent Operation will result in such
party (a "*Non-Consenting Working Interest Owner*") relinquishing its
interest in the Subsequent Operation until the Working Interest
Owners who timely elected to participate in the Subsequent Operation
(the "*Participating Working Interest Owners*") have recovered from the
proceeds of production from such Subsequent Operation an amount
equal to 500% of the Non-Consenting Working Interest Owners' share
of the cost of conducting such Subsequent Operation (the "*Non-Consent
Penalty*").

29.     The Participating Working Interest Owner who timely
elected to participate in the Subsequent Operation proposed by DLI
was DLI.  The Non-Consenting Working Interest Owner who failed to
timely elect to participate in the Subsequent Operation proposed by
DLI and who was, accordingly, subject to the Non-Consent Penalty was
Purdy Oil.

### Termination of the Purdy Oil Lease

30.     Exhibit 1 to Plaintiffs' Complaint is the Limited liability
Company Operating Agreement of Purdy Oil, LLC (the "*Purdy Oil
Operating Agreement*").  Under the provisions of Paragraph 6 of the
Purdy Oil Operating Agreement, Franklin agreed to contribute
$250,000 to Purdy Oil, and further agreed to cause GSSR to contribute
$2,500,000 to Purdy Oil, each such contribution to constitute a Capital
Contribution to Purdy Oil.

31.     In consideration for the agreement of Franklin to cause
$2,750,000 in Capital Contributions to be made to Purdy Oil, Gene
Purdy issued the oil and gas lease attached as Exhibit 2 to Plaintiffs'
Complaint to Purdy Oil (the "*Purdy Oil Lease*") for no bonus
consideration.

32.     Franklin failed and refused to cause $2,750,000 to be
contributed to Purdy Oil as contractually agreed in the Purdy Oil
Operating Agreement, resulting in a total failure of consideration for

Gene Purdy with respect to the issuance of the Purdy Oil Lease to Purdy Oil.

33.     As a result of the failure of consideration for Gene Purdy's issuance of the Purdy Oil Lease to Purdy Oil, Gene Purdy elected to terminate the Purdy Oil Lease on October 7, 2022.  A true and correct copy of Gene Purdy's notice of termination to Purdy Oil is attached as Exhibit C to Plaintiffs' Complaint.

34.     Following Gene Purdy's termination of the Purdy Oil Lease, Gene Purdy, aka Purdy Farms issued a new oil and gas lease to DLI covering the minerals and lands previously covered by the Purdy Oil Lease (the "*DLI Oil & Gas Lease*").  A true and correct copy of the DLI Oil & Gas Lease is attached to Plaintiffs' Complaint as Exhibit 12**.** As a result of the valid termination of the Purdy Oil Lease, and the execution and delivery of the DLI Oil & Gas Lease, the DLI Oil & Gas Lease is the currently effective lease covering the oil, gas and minerals described therein.

### Purdy Oil's Negligence/Gross Negligence

35.     Purdy Oil's inability to drill the Purdy Farms No. 1 Well to the initial targeted depth was the result of Purdy Oil's negligence and gross negligence in failing to operate as a reasonable and prudent Operator under the Operating Agreement, which failures exhibited a wanton indifference and reckless disregard by Purdy Oil to the damages that would be incurred by DLI and the other Working Interest Owners in the Purdy Farms No. 1 Well as a result of Purdy Oil's negligence and gross negligence.  Purdy Oil's negligent and grossly negligent acts included, but were not limited to, the following:

  a.  Purdy Oil's reckless conduct in failing to have adequate experienced staff to supervise critical aspects of the drilling operations for the Purdy Farms No. 1 Well.

  b.  Purdy Oil's actions in failing to maintain drill hole integrity which Purdy Oil knew or should have known would result in damage to the drill hole preventing Purdy Oil from

123048312\V-5

reaching the initial targeted depth in the Purdy Farms No. 1 Well.

c.  Purdy Oil's gross negligence in not preserving the integrity of the drill hole by running casing to the depth that had been achieved and allowing the degradation of the drill hole.

d.  Purdy Oil's reckless conduct in injecting fluids in the wellbore that Purdy Oil knew, or should have known, would cause clays in the wellbore to swell resulting in the drill string becoming stuck in the drill hole.

e.  Purdy Oil's negligence in purchasing critical items of equipment that were non-operational.

f.  Purdy Oil's negligence in not having a written working plan for the proposed operations.

## Purdy Oil's Fraud and Misappropriation of Funds

36.  DLI transferred in excess of $2,000,000 into Purdy Oil's accounts pursuant to DLI's agreement with the Franklin Plaintiffs that such funds would be used solely for the purpose of drilling of the Purdy Farms No. 1 Well and for the purpose of purchasing drilling equipment for, and on behalf, of Archer Drilling (the "*Intended Purposes*").

37.  DLI's funds were to be used by Purdy Oil solely for their Intended Purposes.

38.  However, the funds transferred by DLI to Purdy Oil were improperly and fraudulently used by the Franklin Plaintiffs to purchase goods and services for the personal benefit of Franklin and to finance Franklin's activities unrelated to the Intended Purposes.

39.  The Franklin Plaintiffs have committed conversion of DLI funds and have engaged in committing fraud.

### ALTERNATIVE COUNTERCLAIM COUNT I
### (Declaratory Relief against Purdy Oil - Operating Agreement)

40.     DLI incorporates by reference the allegations of each of the numbered Paragraphs of DLI's Alternative Counterclaims set out above as if fully set forth herein.

41.     Pursuant to Neb. Rev. Stat. §25-21,145, DLI asks this Court to declare the rights of the parties under the Operating Agreement attached as Exhibit 4 to Plaintiffs' Complaint (the "*Operating Agreement*").  Specifically, DLI asks this court to find and declare that:

a.     Purdy Oil failed to conduct its activities under the Operating Agreement as a reasonable prudent operator, in a good and workmanlike manner, with due diligence and dispatch in accordance with good oilfield practice.

b.     Purdy Oil was negligent and grossly negligent in its conduct of operations under the Operating Agreement with respect to the drilling of the Purdy Farms No. 1 Well.

c.     Purdy Oil has been removed as Operator under the Operating Agreement and Archer Drilling, LLC has been appointed as successor Operator under the Operating Agreement.

d.     Pursuant to Article VI.B of the Operating Agreement DLI has issued a valid and binding Subsequent Operations Proposal to which Purdy Oil failed to timely respond, resulting in Purdy Oil being a Non-Consenting Working Interest Owner in the Subsequent Operations Proposal subject to the Non-Consent Penalty set out in Article VI.B of the Operating Agreement.

e.     Until such time as DLI has recovered the Non-Consent Penalty from Purdy Oil under the Operating Agreement, DLI is the owner of 100% of the working interest in the Purdy Farms No. 1 Well.

## ALTERNATIVE COUNTERCLAIM COUNT II
### (Declaratory Relief against Purdy Oil - Purdy Oil Lease)

42.     DLI incorporates by reference the allegations of each of the numbered Paragraphs of DLI's Alternative Counterclaims set out above as if fully set forth herein.

43.     Pursuant to Neb. Rev. Stat. §25-21,145, DLI asks this Court to declare the rights of the parties under the Purdy Oil Lease and the DLI Oil & Gas Lease.  Specifically, DLI asks the Court to find and declare:

a.  The Purdy Oil Lease has been validly terminated for failure of consideration.

b.  The DLI Oil & Gas Lease is valid and effective and covers the oil, gas and mineral rights previously covered by the terminated Purdy Oil Lease.

## ALTERNATIVE COUNTERCLAIM COUNT III
### (Negligence and Gross Negligence against Purdy Oil)

44.     DLI incorporates by reference the allegations of each of the numbered Paragraphs of DLI's Alternative Counterclaims set out above as if fully set forth herein.

45.     Purdy Oil's inability to drill the Purdy Farms No. 1 Well to its initial targeted depth was the result of Purdy Oil's negligence and gross negligence in failing to operate as a reasonable and prudent Operator under the Operating Agreement.  Purdy Oil's negligent and grossly negligent acts included, but were not limited to, those set out in Paragraph 35 above.

46.     As a direct and proximate result of Purdy Oil's acts of negligence and gross negligence, DLI has been damaged in an amount in excess of $2,000,000.00.

47.     Due to Purdy Oil's gross negligence, DLI is entitled to an award of punitive damages to punish Purdy Oil to make an example of Purdy Oil.

123048312\V-5

## ALTERNATIVE COUNTERCLAIM COUNT IV
### (Unjust Enrichment against the Franklin Plaintiffs)

48.     DLI incorporates by reference the allegations of each of the numbered Paragraphs of DLI's Alternative Counterclaims set out above as if fully set forth herein.

49.     The Franklin Plaintiffs have been unjustly enriched by the wrongful acts of the Franklin Plaintiffs of diverting the payments made by DLI for the Intended Purposes to uses for the personal benefit of the Franklin Plaintiffs.

50.     As such, said the Franklin Plaintiffs have been unjustly enriched to the detriment and damage of DLI and DLI is entitled to recover from the Franklin Plaintiffs all amounts which were paid by DLI to Purdy Oil, and which were improperly diverted to the personal benefit The Franklin Plaintiffs.

51.     DLI has retained the services of an attorney to prosecute this action for unjust enrichment against the Franklin Plaintiffs and is entitled to an award of attorney's fees and costs incurred.

## ALTERNATIVE COUNTERCLAIM COUNT V
### (Fraud against the Franklin Plaintiffs)

52.     DLI incorporates by reference the allegations of each of the numbered Paragraphs of DLI's Alternative Counterclaims set out above as if fully set forth herein.

53.     The Franklin Plaintiffs made false representations when they promised to use DLI's money for the drilling of the Purdy Farms No. 1 Well and for the purchase of drilling equipment according to the terms of the agreements between the parties and, instead diverted a significant portion of such funds to the personal use of the Franklin Plaintiffs.

54.     At the time that the Franklin Plaintiffs made said representations, the Franklin Plaintiffs either knew the representation to be false or that the Franklin Plaintiffs lacked a sufficient basis of information to make said representations.

55.     Upon information and belief, the Franklin Plaintiffs have absconded with the funds to DLI's financial detriment.

56.     Upon information and belief, the Franklin Plaintiffs intended to induce DLI to act in reliance upon the false representations set forth above so that the Franklin Plaintiffs could be enriched thereby.

57.     DLI justifiably relied upon the Franklin Plaintiffs' representations.

58.     As a direct and proximate result of the Franklin Plaintiffs' false representations, DLI has been harmed in an amount to be determined at trial.

59.     Due to the Franklin Plaintiffs' fraudulent actions, DLI is an entitled to award of punitive damages to punish the Franklin Plaintiffs and to make an example of the Franklin Plaintiffs.

60.     DLI has been compelled to retain the services of an attorney to prosecute this action and, therefore, DLI is entitled to reasonable attorney's fees, costs and interest as damages of suit incurred herein.

## WHEREFORE, THE DLI DEFENDANTS AND ARCHER DRILLING, LLC
## PRAY FOR THE FOLLOWING RELIEF AGAINST THE FRANKLIN PLAINTIFFS:

1.     For Declaratory Relief as set forth in Counts I and II above.

2.     For Quantum Meruit and Unjust Enrichment against Purdy Oil in the amount of $2,262,000.

3.     For rescission under § 8-1118 of the Nebraska Securities Act.

4.     In the alternative to rescission under § 8-1118 of the Nebraska Securities Act:

      a. Declaratory Relief as set forth in Alternative Counts I and II above.

b.  For Damages against Purdy Oil in an amount in excess of $2,000,000.00 as a result of Purdy Oil's negligence and gross negligence.

c.  For Damages against the Franklin Plaintiffs unjust enrichment and fraud.

d.  For Punitive Damages against the Franklin Plaintiffs for gross negligence and fraud.

5.      For an award of pre-judgment interest, as well as reasonable attorneys' fees as both normal and special damages, and other costs; and

6.      For such other and further relief that this Court deems just and proper.

Dated May 8, 2023

> DIGITAL LICENSING, INC. and SCHAD BRANNON, Defendants and Counterclaimants, and ARCHER DRILLING, LLC, Cross claim Plaintiff.

> By:     REMBOLT LUDTKE LLP
> 1128 Lincoln Mall, Suite 300
> Lincoln, NE 68505
> (402) 475-5100

> By:     /s/Mark A. Fahleson
> Mark A. Fahleson (#19807)
> mfahleson@remboltlawfirm.com

> and

> Nick Janda (California Bar #)
> Dentons US LLP
> 4655 Executive Drive, Suite 200
> San Diego, California 92121
> Tel:  (619) 699-2515
> *Pro Hac Vice Pending*

123048312\V-5