# **EXHIBIT 10**

| American Land Title Association | ALTA Settlement Statement – Buyer |
|---|---|
| | Adopted 05-01-2015 |

| File No.: 4521-3902122<br>Printed: 05/12/2022, 3:17 PM<br>Officer/Escrow Officer: Shandi Vasquez/SV<br>Settlement Location:<br>245 Storey Blvd, Cheyenne, WY 82009 | **First American Title Insurance Company**<br><br>**245 Storey Blvd • Cheyenne, WY 82009**<br>**Phone: (307)635-1181  Fax: (866)213-7015**<br>**Final Settlement Statement** | *First American* |
|---|---|---|

Property Address: 6179 Road 206, Pine Bluffs, WY 82082
Buyer: Archer Drilling, LLC
Seller: Glen Evans, Janice Evans
Lender: Blox Lending LLC its successors and/or assigns ATIMA
Settlement Date: 05/12/2022
Disbursement Date: 05/12/2022

| | Buyer | |
|---|---|---|
| **Description** | **Debit** | **Credit** |
| **Financial** | | |
| Sale Price | 496,000.00 | |
| Loan Amount - Blox Lending LLC its successors and/or assigns ATIMA | | 454,410.00 |
| Total Deposit/Earnest Money | | 1,000.00 |
| | | |
| **Prorations/Adjustments** | | |
| County Taxes 01/01/22 to 05/12/22 @$1,260.77/yr | | 452.50 |
| | | |
| **Loan Charges** | | |
| Loan Charges to Blox Lending LLC its successors and/or assigns ATIMA | | |
| Legal Fees | 1,395.00 | |
| Wire Fee | 150.00 | |
| Loan Documents | 1,050.00 | |
| | | |
| **Title Charges & Escrow / Settlement Charges** | | |
| Title - Lender's Policy<br>Policy: ALTA Lenders - 2006 EXT to First American Title Insurance Company | 886.00 | |
| Title - [ALTA 17-06 ] Access and Entry<br>[ALTA 17-06 ] Access and Entry to First American Title Insurance Company | 160.00 | |
| Title - [ALTA 27-06 ] Usury<br>[ALTA 27-06 ] Usury to First American Title Insurance Company | 160.00 | |
| Title - [WY 3A] Chain of Title-Commitment<br>[WY 3A] Chain of Title-Commitment to First American Title Insurance Company | 50.00 | |
| Title - e-Recording Fee<br>e-Recording Fee UCC to First American Title Insurance Company | 2.25 | |
| Title - e-Recording Fee Mortgage & AOR<br>e-Recording Fee Mortgage & AOR to First American Title Insurance Company | 4.50 | |
| Title - e-Recording Fee Warranty Deed<br>e-Recording Fee Warranty Deed to First American Title Insurance Company | 2.25 | |
| Title - Escrow/Closing Fee Buyer<br>Escrow/Closing Fee Buyer to First American Title Insurance Company | 225.00 | |
| | | |
| **Government Recording and Transfer Charges** | | |

This is a summary of the closing transaction prepared by First American Title Insurance Company. This document is not intende d to replace the Closing Disclosure form.

|  | Buyer | |
|---|---|---|
| Description | Debit | Credit |
| Record First Grant/Warranty Deed<br>Record Warranty Deed-First to Laramie County Clerk | 12.00 | |
| Record First Deed of Trust/Mortgage<br>Record Mortgage-First | 72.00 | |
| Record Deed of Trust/Mtg-Assignment | 33.00 | |
| Record UCC to Laramie County Clerk | 24.00 | |
| | | |
| **Subtotals** | 500,226.00 | 455,862.50 |
| Due From Buyer | | 44,363.50 |
| Totals | 500,226.00 | 500,226.00 |

## Acknowledgement

We/I have carefully reviewed the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement. We/I authorize First American Title Insurance Company to cause the funds to be disbursed in accordance with this statement.

This is a summary of the closing transaction prepared by First American Title Insurance Company. This document is not intende d to replace the Closing Disclosure form.

Copyright 2015 American Land Title Association.
All rights reserved                   Page 2 of 3

File # 4521-3902122
Printed on 05/12/2022 at 3:17 PM

**Buyer(s):**

Archer Drilling, LLC, a Wyoming limited liability company

By: _____

Name: Gene Purdy

Title: Member

By: _____

Name: Garret Purdy

Title: Member

_____

Escrow Officer: Shandi Vasquez

This is a summary of the closing transaction prepared by First American Title Insurance Company. This document is not intende d to replace the Closing Disclosure form.

Copyright 2015 American Land Title Association.
All rights reserved

Page 3 of 3

File # 4521-3902122
Printed on 05/12/2022 at 3:17 PM

**ARCHER DRILLING, LLC**
**$504,900.00**
**May 12, 2022**

## COMMERCIAL PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned, **ARCHER DRILLING, LLC,** a Wyoming limited liability company having an address at **1100 Harrison Drive Box 94, Pine Bluffs, Wyoming, 82082** ("Maker"), promises to pay to the order of **BLOX LENDING LLC,** a Nevada limited liability company having an address at **13894 South Bangerter Parkway Suite 200, Draper, UT84020** ("Lender"), or at such other place as the holder hereof may designate, the principal amount of **Five Hundred Four Thousand Nine Hundred and 00/100 dollars ($504,900.00),** with interest on the principal amount of this Note computed from the date hereof, together with all taxes assessed upon this Note and together with any costs, expenses, and reasonable attorneys' fees incurred in the collection of this Note or in protecting, maintaining, or enforcing its security interest or any mortgage securing this Note or upon any litigation or controversy affecting this Note or the security given therefor, including, without limitation, proceedings under the Federal Bankruptcy Code.

**1. Payments.** Principal and interest hereunder shall be payable as follows:

    **A.** From the date hereof, interest on the principal amount of this Note shall accrue at the rate of 8.5% per annum, for the period from the date hereof to and including May 31, 2021 shall be payable at the closing of the loan.

    **B.** The rate of interest of this Note, which shall remain effective until an Event of Default (as defined below), shall be fixed at 8.5% per annum. Interest on this Note shall be calculated on the basis of a 30-day month and a 360-day year.

    **C.** Beginning on **June 12, 2022** and continuing on the **1st day** of each and every month thereafter through and including the payment due on **August 01, 2022** (as hereinafter defined), Maker shall make payments of interest only, in arrears, on the principal amount of this Note.

    **D.** If not sooner paid, the entire principal amount of this Note, together with accrued interest and with all other sums due hereunder, shall be due and payable in full on **August 10, 2022** (the "Maturity Date"). It is understood and agreed by Maker that if sufficient prepayments of principal have not been made, a balloon payment will be due on the Maturity Date.

    **E.** All payments received will be credited first to late charges and costs hereunder, then to interest accrued at the applicable interest rate hereinafter set forth, with the balance on account of principal.

    **F.** At no time shall the interest rate exceed the maximum rate permitted by the usury statutes governing this Note, if any. If, by application of the above interest rate

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP
Commercial Promissory Note                                         Initials

formula, the interest rate would exceed and violate such usury statutes, interest shall accrue at the maximum rate permitted by law.

**2. Security.** This Note is secured by a first priority Commercial Mortgage, Security Agreement, and Fixture Filing (the "Mortgage") on that certain piece or parcel of real property known as **6179 CR 206 Pine Bluffs, WY 82082** being more specifically described in said Mortgage.

**3. Default.** If any of the following events occur (which is an "Event of Default"), Lender may declare the entire outstanding principal balance hereof, together with any other amounts that Maker owes to Lender, to be immediately due and payable:

  a. Maker fails to pay any installment of principal and/or interest or any other charges due under this Note within five (5) days after the same becomes due and payable;

  b. Maker defaults in any other obligations, liabilities, or indebtedness with Lender (whether now existing or hereafter arising);

  c. Maker sells, leases, or otherwise disposes of all or substantially all of its property, assets, or business, or if Maker ceases any of its business operations, dissolves, or commences reorganization;

  d. Makers makes or takes any action to make a general assignment for the benefit of its creditors or becomes insolvent or has a receiver, custodian, trustee in Bankruptcy, or conservator appointed for it or for substantially all or any of its assets;

  e. Makers files or becomes the subject of a petition in Bankruptcy or upon the commencement of any proceeding or action under any Bankruptcy laws, insolvency laws, relief of debtors laws, or any other similar law affecting Maker, provided, however, that Maker shall have sixty (60) days from the filing of any involuntary petition in Bankruptcy to have the same discharged and dismissed;

  f. Upon the failure by Maker to observe or perform, or upon default in, any covenants, agreements, or provisions in the Mortgage, Loan Agreement or in any other instrument, document, or agreement, executed and/or delivered in connection herewith or therewith;

  g. Any representation or statement made herein or any other representation or statement made or furnished to Lender by Maker was materially incorrect or misleading at the time it was made or furnished;

  h. In the event of any material adverse change in the financial condition of Maker or any guarantor of the loan; or

  i. Upon the death of any guarantor of the loan.

**4. Default Rate.** After the occurrence of an Event of Default, interest will accrue at the lesser of **(i)** 45% per annum or **(ii)** the Maximum Rate (as defined in Section 14 below) allowed by applicable law. Interest will continue to accrue at the default rate after judgment until the Note is paid in full.

**5. Prepayment.** Provided that Maker is not in default hereunder, Maker may prepay all or any portion of the unpaid principal balance of this Note at any time. All prepayment shall be applied first to any costs or charges due hereunder, then to interest due and owing hereunder, and then to principal then outstanding, in inverse order of maturity.

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP
Commercial Promissory Note                                                                 Initials

Case 2:23-cv-00482-RJS-DBP Document 138-10 Filed 09/13/23 PageID.2842 Page 7 of 9

**6. Late Charge.** It is further agreed that the holder hereof may collect a late charge equal to sixteen percent (16%) of any payment required hereunder, including the final payment, or required under any security agreement, mortgage, or any other instrument, document, or agreement executed and/or delivered in connection herewith which is not paid within five (5) days of the due date thereof. This late charge is to cover the extra expenses involved in handling delinquent payments and is not to be construed to cover other costs and attorneys' fees incurred in any action to collect this Note or to foreclose the mortgage securing the same. This provision shall not affect or limit the holder's rights or remedies with respect to any Event of Default.

**7. Lien/Set Off.** Maker hereby gives the holder hereof a lien and right of set off for all of Maker's liabilities to the holder hereof or Lender upon and against all deposits, credits, and other property of Maker now or hereafter in the possession or control of the holder hereof, or in transit to it, excepting however, funds held in trust by Maker. All payments shall be made in lawful currency of the United States of America in immediately available funds, without abatement, counterclaim, or set-off, and free and clear of, and without any deduction or withholding for, any taxes or other matters.

**8. Purpose of Loan.** Maker represents and warrants that the proceeds of this Note are to be used solely for business and commercial purposes and not at all for any personal, family, household, or other noncommercial or farming or agricultural purposes. Maker acknowledges that Lender is making this loan to Maker in reliance upon the above representation by Maker. The above representation by Maker will survive the closing of this loan and repayment of amounts due to Lender hereunder.

**9. Other Obligations.** To the extent that the outstanding balance of this Note is reduced or paid in full by reason of any payment to Lender by an accommodation maker, endorser, or guarantor, and all or any part of such payment is rescinded, avoided, or recovered from Lender for any reason whatsoever, including, without limitation, any proceedings in connection with the insolvency, bankruptcy, or reorganization of the accommodation maker, endorser, or guarantor, the amount of such rescinded, avoided, or returned payment shall be added to or, in the event this Note has been previously paid in full, shall revive the principal balance of this Note upon which interest may be charged at the applicable rate set forth in this Note and shall be considered part of the outstanding balance of this Note and all terms and provisions herein shall thereafter apply to the same.

**10. WAIVER. MAKER (AND EACH AND EVERY ENDORSER, GUARANTOR, AND SURETY OF THIS NOTE) ACKNOWLEDGES THAT THE LOAN EVIDENCED BY THIS NOTE IS A COMMERCIAL TRANSACTION, AND HEREBY VOLUNTARILY AND KNOWINGLY WAIVES THE RIGHT TO NOTICE AND HEARING UNDER UTAH GENERAL STATUTES, OR ANY SUCCESSOR STATUTE OF SIMILAR IMPORT, WITH RESPECT TO ANY PREJUDGMENT REMEDY AS DEFINED THEREIN, AND FURTHER WAIVES DILIGENCE, DEMAND, PRESENTMENT FOR PAYMENT, NOTICE OF NONPAYMENT, PROTEST AND NOTICE OF PROTEST AND NOTICE OF ANY RENEWALS OR EXTENSIONS OF THIS NOTE, AND ALL RIGHTS UNDER ANY STATUTE OF LIMITATIONS, AND AGREES THAT THE TIME FOR PAYMENT OF THIS NOTE MAY BE CHANGED AND EXTENDED AS PROVIDED IN SAID MORTGAGE OR ANY SECURITY AGREEMENT, WITHOUT IMPAIRING MAKER'S LIABILITY THEREON, AND FURTHER CONSENTS TO THE RELEASE OF ALL OR ANY PART OF THE SECURITY FOR THE PAYMENT HEREOF, OR THE RELEASE OF ANY PARTY LIABLE FOR THIS OBLIGATION WITHOUT AFFECTING THE LIABILITY OF THE OTHER PARTIES HERETO. ANY DELAY ON THE PART OF THE HOLDER HEREOF IN EXERCISING ANY RIGHT HEREUNDER SHALL NOT OPERATE AS A WAIVER OF ANY SUCH RIGHT, AND ANY WAIVER GRANTED FOR ONE OCCASION SHALL NOT OPERATE AS A WAIVER IN THE EVENT OF ANY SUBSEQUENT DEFAULT. MAKER FURTHER WAIVES TRIAL BY JURY AND ACKNOWLEDGES THAT IT MAKES THIS WAIVER KNOWINGLY, VOLUNTARILY, AND ONLY**

**AFTER CONSIDERATION OF THE RAMIFICATIONS OF THE WAIVER BY ITS ATTORNEY.**

**11. Binding Effect.** This Note shall be binding on Maker, its successors and assigns and shall inure to the benefit of Lender, any holder hereof, its successors and assigns.

**12. Governing Law.** This Note shall be governed by, and construed in accordance with, the laws of the State of Utah, without reference to conflicts of laws principles thereof.

**13. Joint and Several.** Should this Note be signed by more than one Maker, references in this Note to Maker in the singular shall include the plural and all obligations herein contained shall be joint and several of each signer hereof.

**14. Maximum Rate.** Notwithstanding anything to the contrary contained herein, under no circumstances shall the aggregate amount paid or agreed to be paid hereunder exceed the highest lawful rate permitted under applicable usury law (the "Maximum Rate") and the payment obligations of Maker under this Note are hereby limited accordingly. If under any circumstances, whether by reason of advancement or acceleration of the maturity of the unpaid principal balance hereof or otherwise, the aggregate amounts paid on this Note shall include amounts which by law are deemed interest and which would exceed the Maximum Rate, Maker stipulates that payment and collection of such excess amounts shall have been and will be deemed to have been the result of a mistake on the part of both Maker and the holder of this Note, and the party receiving such excess payments shall promptly credit such excess (to the extent only of such payments in excess of the Maximum Rate) against the unpaid principal balance hereof and any portion of such excess payments not capable of being so credited shall be refunded to Maker.

**15. Rights Cumulative.** The rights and remedies of Lender shall be cumulative and not in the alternative, and shall include all rights and remedies granted herein, in any document referred to herein or executed and/or delivered in connection herewith, and under all applicable laws, and the exercise of any one or more of them will not be a waiver of any other.

**16. Severability.** If any term, clause, or provision hereof shall be adjudged to be invalid or unenforceable by a court of appropriate jurisdiction, the validity and enforceability of the remainder shall not affected thereby and each such term, clause, or provision shall be valid and enforceable to the fullest extent permitted by law.

**17. "Counterparts.** This instrument may be executed in any number of counterparts each of which shall be considered an original."

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP
Commercial Promissory Note

Initials

**IN WITNESS WHEREOF**, the undersigned have executed this Commercial Promissory Note on May 12, 2022.

**MAKER**
**ARCHER DRILLING, LLC**

By: _____
Name: Gene Purdy
Title: Authorized Signatory

By: _____
Name: Garret Purdy
Title: Authorized Signatory

Copyright 2019 LaRocca, Hornik, Rosen & Greenberg LLP
Commercial Promissory Note

Initials