# **EXHIBIT 12**

**RECP #: 837071**
RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 677
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY  PAGE 1 OF 21

**After Recording Return to:**

**ARCHER DRILLING, LLC**
**$504,900.00**
**May 12, 2022**

BLOX Lending LLC
13894 South Bangerter Parkway Suite 200,
Draper, UT84020

FIRST AMERICAN
3902122

## COMMERCIAL MORTGAGE, SECURITY AGREEMENT, FIXTURE FILING AND ASSIGNMENT OF LEASES AND RENTS

KNOW ALL MEN BY THESE PRESENTS that **ARCHER DRILLING, LLC**, a Wyoming limited liability company  having an office at **1100 Harrison Drive Box 94, Pine Bluffs, Wyoming, 82082** ("Mortgagor" or "Borrower", as the case maybe), for the consideration of **Five Hundred Four Thousand Nine Hundred and 00/100 dollars ($504,900.00)** and other good and valuable consideration, received to its full satisfaction from **BLOX LENDING LLC**, a Nevada limited liability company having an address at **13894 South Bangerter Parkway Suite 200, Draper, UT84020** ("Mortgagee" or " Lender", as the case maybe) does hereby give, grant, bargain, sell, and confirm unto the said Mortgagee, its successors and assigns forever, the following:

**(A)** All right, title and interest in and to those premises more commonly known as **6179 CR 206 Pine Bluffs, WY 82082** (the "Property")   which is more particularly described in **SCHEDULE A** (the "Premises") which is attached hereto and made a part hereof;

**(B)** TOGETHER WITH **(1)** all buildings, structures and improvements of every nature whatsoever now or hereafter situated on the Premises, and **(2)** all building materials, supplies and other property stored at or delivered to the Premises or any other location for incorporation into the improvements located or to be located on the Premises, and all fixtures, machinery, appliances, equipment, furniture and personal property of every nature whatsoever now or hereafter owned by Mortgagor and located in or on, or attached to, and used or intended to be used in connection with, or with the operation of, or the occupancy of, the Premises, buildings, structures or other improvements, or in connection with any construction being conducted or which may be conducted thereon, and owned by Mortgagor, and all extensions, additions, improvements, betterments, renewals, substitutions and replacements to any of the foregoing, and all of the right, title and interest of Mortgagor in and to such personal property which, to the fullest extent permitted by law, shall be conclusively deemed fixtures and a part of the real property encumbered hereby (the "Improvements");

**(C)** TOGETHER WITH **(1)** all estate, right, title and interest of Mortgagor, of whatever character, whether now owned or hereafter acquired, in and to **(a)** all streets, roads and public places, open or proposed, in front of or adjoining the Premises, and the land lying in the bed of such streets, roads and public places, and **(b)** all other sidewalks, alleys, ways, passages, strips and gores of land adjoining or used or intended to be used in connection with any of the property described in **paragraphs (A) and (B)** hereof, or any part thereof; and **(2)** all water courses, water rights, easements, rights-of-way and rights of use or passage, public or private, and all estates, interest, benefits, powers, rights (including, without limitation, any and all lateral support, drainage, slope, sewer, water, air, mineral, oil, gas and subsurface rights), privileges, licenses, profits, rents, royalties, tenements, hereditaments, reversions and subreversions, remainders and subremainders

**RECP #: 837071**
RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 678
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY  PAGE 2 OF 21

and appurtenances whatsoever in any way belonging, relating or appertaining to any of the property described in **paragraphs (A) and (B)** hereof, or any part thereof, or which hereafter shall in any way belong, relate or be appurtenant thereto, whether now owned or hereafter acquired by Mortgagor; and

**(D)** TOGETHER WITH **(a)** all estate, right, title and interest of Mortgagor of, in and to all judgments, insurance proceeds, awards of damages and settlements hereafter made resulting from condemnation proceedings or the taking of the property described in **paragraphs (A), (B) and (C)** hereof or any part thereof under the power of eminent domain, or for any damage (whether caused by such taking or otherwise) to the property described in **paragraphs (A), (B) or (C)** hereof or any part thereof, or to any rights appurtenant thereto, and all proceeds of any sales or other dispositions of the property described in **paragraphs (A), (B) or (C)** hereof, or any part thereof; and Mortgagee is hereby authorized to collect and receive said awards and proceeds and to give proper receipts and acquitances therefor, and (if it so elects) to apply the same, after deducting therefrom any expenses incurred by Mortgagee in the collection and handling thereof, toward the payment of the indebtedness and other sums secured hereby, notwithstanding the fact that the amount owing thereon may not then be due and payable; and **(b)** all contract rights, general intangibles, governmental permits, licenses and approvals, actions and rights in action, including without limitation all rights to insurance proceeds and unearned premiums, arising from or relating to the property described in **paragraphs (A), (B) and (C)** above; and **(c)** all proceeds, products, replacements additions, substitutions, renewals and accessions of and to the property described in **paragraphs (A), (B)** and **(C)**.

All of the property described in **paragraphs (A), (B), (C) and (D)** above, and each item of property therein described, is herein referred to as the "Mortgaged Property".

TO HAVE AND TO HOLD the above granted and bargained Premises, with the appurtenances thereof, unto it, the said Mortgagee, its successors and assigns forever, to it and their own proper use and behoof. And also, the said Mortgagor does for itself, its successors and assigns, covenant with the said Mortgagee, its successors and assigns, that at and until the ensealing of these presents, they are well seized of the Premises as a good indefeasible estate in FEE SIMPLE; and have good right to bargain and sell the same in manner and form as is above written; and that the same is free and clear of all encumbrances whatsoever.

AND FURTHERMORE, Mortgagor does by these presents bind itself, its legal representatives and its successors and assigns forever to WARRANT AND DEFEND the above granted and bargained Mortgaged Property to Mortgagee, its successors and assigns, against all claims and demands whatsoever.

### THE CONDITION OF THIS MORTGAGE IS SUCH THAT:

WHEREAS, Mortgagor is indebted to Mortgagee by virtue of a commercial loan transaction (the "Loan") in the sum of **Five Hundred Four Thousand Nine Hundred and 00/100 dollars ($504,900.00)** as evidenced by (1) a certain Commercial Promissory Note in the principal amount of **Five Hundred Four Thousand Nine Hundred and 00/100 dollars ($504,900.00)** (as same may be amended, restated, or modified from time to time, the "Note") dated **May 12, 2022** executed by Mortgagor and delivered to Mortgagee, with all amounts remaining unpaid thereon being finally due and payable on **August 10, 2022** and (2) that certain Loan Agreement (as same may be amended, restated, or modified from time to time, "Loan Agreement") of even date herewith;

WHEREAS, the terms and repayment of such obligations of the Mortgagor are set forth in the Note;

RECP #: 837071
RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 679
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY  PAGE 3 OF 21

WHEREAS, to secure payment and performance of the indebtedness and obligations represented by the Note, the Mortgagor is hereby executing this Mortgage in favor of the Mortgagee;

WHEREAS, Mortgagor represents and warrants that it has full power and authority to execute and deliver the Note, this Mortgage, and all other documents, agreements and instruments required of it by Mortgagee in connection with the making of the Loan (the Note, this Mortgage, and all such other documents, agreements and instruments executed and delivered by Mortgagor in connection with the Loan being sometimes collectively referred to herein as the "Loan Documents").

NOW, THEREFORE, Mortgagor hereby covenants and agrees with Mortgagee as follows:

## ARTICLE ONE: COVENANTS OF MORTGAGOR

**1.01 Performance of Loan Documents.** Mortgagor shall cause to be performed, observed and complied with all provisions hereof, of the Note and each of the Loan Documents, and will promptly pay to Mortgagee the principal, with interest thereon, and all other sums required to be paid by Mortgagor under the Note and pursuant to the provisions of this Mortgage and of the Loan Documents when payment shall become due (the entire principal amount of the Note, all accrued interest thereon and all obligations and indebtedness thereunder and hereunder and under all of the Loan Documents described being referred to herein as the "Indebtedness").

**1.02 General Representations, Covenants and Warranties.** Mortgagor represents and covenants that **(a)** Mortgagor is now able to meet its debts as they mature, the fair market value of its assets exceeds its liabilities and no bankruptcy or insolvency case or proceeding is pending or contemplated by or against Mortgagor; **(b)** all reports, statements and other data furnished by Mortgagor to Mortgagee in connection with the Loan are true, correct and complete in all material respects and do not omit to state any fact or circumstance necessary to make the statements contained therein not misleading; **(c)** this Mortgage, the Note and all other Loan Documents are legal, valid and binding obligations of Mortgagor enforceable in accordance with their respective terms and the execution and delivery thereof do not contravene any contract or agreement to which Mortgagor is a party or by which Mortgagor may be bound and do not contravene any law, order, decree, rule or regulation to which Mortgagor is subject; **(d)** there are no actions, suits or proceedings pending, or to the knowledge of Mortgagor threatened, against or affecting Mortgagor or any part of the Mortgaged Property; **(e)** all costs arising from construction of any improvements and the purchase of all equipment located on the Mortgaged Property which have been incurred prior to the date of this Mortgage have been paid; **(f)** the Mortgaged Property has frontage on, and direct access for, ingress and egress to the street(s) described in any survey submitted to Mortgagee; **(g)** electric, sewer, water facilities and any other necessary utilities are, or will be, available in sufficient capacity to service the Mortgaged Property satisfactorily during the term of the Note, and any easements necessary to the furnishing of such utility service by Mortgagor have been or will be obtained and duly recorded (evidence satisfactory to Mortgagee that all utility services required for the use, occupancy and operations of the Mortgaged Property shall be provided to Mortgagee immediately upon Mortgagee's request); **(h)** there has not been, is not presently and will not in the future be any activity conducted by Mortgagor or any tenant at or upon any part of the Mortgaged Property that has given or will give rise to the imposition of a lien on any part of the Mortgaged Property; **(i)** Mortgagor is not in default under the terms of any instrument evidencing or securing any indebtedness of Mortgagor, and there has occurred no event which would, if uncured or uncorrected, constitute a default under any such instrument with the giving of notice, or the passage of time or both; and **(j)** Mortgagee has legal capacity to enter into the Loan and to execute and deliver the Loan Documents, and the Loan Documents have been duly and properly executed on behalf of Mortgagee.

**RECP #: 837071**
RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 680
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY  PAGE 4 OF 21

**1.03 Compliance with Laws; Permits; Notice.** Mortgagor covenants and warrants that the Mortgaged Property presently complies with and shall continue to comply with all applicable restrictive covenants, applicable zoning, wetlands and subdivision ordinances and building codes, all applicable health and environmental laws and regulations and all other applicable laws, statutes, rules, ordinances, codes, and regulations, and Mortgagor has not received any notice that the Mortgaged Property is not in compliance with any such laws, statutes, rules, ordinances, codes and regulations. If Mortgagor receives notice from any federal, state or other governmental body that it is not in compliance with any such laws, statutes, rules, ordinances, codes and regulations, Mortgagor shall provide Mortgagee with a copy of such notice promptly. Mortgagor agrees to comply with all federal, state and municipal local laws, statutes, rules, ordinances, codes and regulations in connection with the construction and development of the Mortgaged Property. Mortgagor has obtained all licenses, permits, authorizations, consents and approvals necessary for the construction and development of the Mortgaged Property, and all such licenses, permits, authorizations, consents and approvals are in full force and effect and all appeal periods have expired. Unless required by applicable law or unless Mortgagee has otherwise agreed in writing, Mortgagor shall not allow changes in the nature of the occupancy for which the Premises were intended at the time this Mortgage was executed. Mortgagor shall not initiate or acquiesce in a change in the zoning classification of the Mortgaged Property without Mortgagee's prior written consent. Mortgagor warrants and represents that its use, and the use by any of its tenants, of the Mortgaged Property is in accordance and compliance with the terms and conditions of any and all rules, regulations, and laws that may be applicable to the Mortgaged Property, including, without limitation, all federal, state and local laws, ordinances, rules and regulations regarding hazardous and toxic materials and that Mortgagor shall maintain and continue such compliance and shall require and ensure its tenants' compliance with the same. Mortgagor shall maintain or shall cause their agent to maintain in its possession, available for the inspection of the Mortgagee, and shall deliver to the Mortgagee, upon three (3) business days' request, evidence of compliance with all such requirements. Mortgagor hereby indemnifies and holds Mortgagee free of and harmless from and against any and all claims, demands, damages or liabilities that Mortgagee may incur with regard thereto.

**1.04 Taxes and Other Charges.**

**1.04.1 Impositions.** Subject to the provisions of this **Section 1.04**, Mortgagor shall pay, at least five (5) days before the date due, all real estate taxes, personal property taxes, assessments, water and sewer rates and charges, license fees, all charges which may be imposed for the use of vaults, chutes, areas and other space beyond the lot line and abutting the public sidewalks in front of or adjoining the Premises, and all other governmental levies and charges (collectively, the "Impositions"), of every kind and nature whatsoever, general and special, ordinary and extraordinary, foreseen and unforeseen, which shall be assessed, levied, confirmed, imposed or become a lien upon or against the Mortgaged Property or any part thereof, or which shall become payable with respect thereto. Mortgagor shall deliver to Mortgagee, within twenty (20) days after the due date of each payment in connection with the Impositions or any assessment for local improvements ("Assessment"), the original or a true Photostatic copy of the official receipt evidencing such payment or other proof of payment satisfactory to Mortgagee.

**1.04.2 Insurance.**

(a) Mortgagor shall keep all buildings erected on or to be erected on the Mortgaged Property insured against loss by fire and such other hazards as the Mortgagee may require and Mortgagor shall obtain and maintain insurance with respect to other insurable risks and coverage relating to the Mortgaged Property including, without limitation, fire, builder's risk, worker's compensation, physical damages, loss of rentals or business interruption, earthquake (if applicable), and liability insurance, all such insurance to be in such sums and upon such terms and conditions as Mortgagee reasonably may require, with loss proceeds by the terms of such

RECP #: 837071
RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 681
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY  PAGE 5 OF 21

policies made payable to the Mortgagee as its interest may appear. Mortgagor covenants that all insurance premiums shall be paid not later than fifteen (15) days prior to the date on which such policy could be cancelled for non-payment. If, to Mortgagor's knowledge, any portion of the Mortgaged Property is in an area identified by any federal governmental authority as having special flood hazards, and flood insurance is available, a flood insurance policy meeting the current guidelines of the FEMA's Federal Insurance and Mitigation Administration is in effect with a generally acceptable insurance carrier, in an amount representing coverage not less than the least of (1) the outstanding principal balance of the Loan, (2) the full insurable value of the Mortgaged Property, and (3) the maximum amount of insurance available under the Flood Disaster Protection Act of 1973, as amended. All such insurance policies (collectively, the "hazard insurance policy") shall contain a standard mortgagee clause naming the Mortgagee and its successors and assigns as beneficiary, and may not be reduced, terminated, or canceled without thirty (30) days' prior written notice to the Mortgagee.

(b) Such insurance companies shall be duly qualified as such under the laws of the states in which the Mortgaged Property is located, duly authorized and licensed in such states to transact the applicable insurance business and to write the insurance provided, and companies whose claims paying ability is rated in the two highest rating categories by A.M. Best with respect to hazard and flood insurance. Such insurance shall be in amounts not less than the greater of: (i) the outstanding principal balance of the Loan, or (ii) the amount necessary to avoid the operation of any co-insurance provisions with respect to the Premises.

(c) All such policies shall provide for a minimum of thirty (30) days prior written cancellation notice to Mortgagee. Mortgagee, upon its request to Mortgagor, shall have the custody of all such policies and all other policies which may be procured insuring said Mortgaged Property, the same to be delivered, to Mortgagee at its office and all renewal policies to be delivered and premiums paid to Mortgagee at its office at least twenty (20) days before the expiration of the old policies; and Mortgagor agrees that upon failure to maintain the insurance as above stipulated or to deliver said renewal policies as aforesaid, or to pay the premiums therefor, Mortgagee may, without obligation to do so, procure such insurance and pay the premiums therefor and all sums so expended shall immediately be paid by Mortgagor and unless so paid, shall be deemed part of the debt secured hereby and shall bear interest at the rate set forth in the Note, and thereupon the entire principal sum unpaid, including such sums as have been paid for premiums of insurance as aforesaid, and any and all other sums which shall be payable hereunder shall become due and payable forthwith at the option of Mortgagee, anything herein contained to the contrary notwithstanding. In case of loss and payment by any insurance company, the amount of insurance money received shall be applied either to the Indebtedness secured hereby, or in rebuilding and restoring the damaged property, as Mortgagee may elect.

(d) Mortgagor has not engaged in and shall not engage in any act or omission which would impair the coverage of any such policy, the benefits of the endorsement provided for herein, or the validity and binding effect of either including, without limitation, no unlawful fee, commission, kickback, or other unlawful compensation or value of any kind has been or will be received, retained, or realized by any attorney, firm, or other person, and no such unlawful items have been received, retained, or realized by Mortgagor.

(e) No action, inaction, or event has occurred and no state of facts exists or has existed that has resulted or will result in the exclusion from, denial of, or defense to coverage under any applicable special hazard insurance policy or bankruptcy bond, irrespective of the cause of such failure of coverage.

**RECP #: 837071**
RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 682
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY  PAGE 6 OF 21

**1.04.3 Deposits for Impositions and Insurance.** Notwithstanding anything to the contrary contained in any of the Loan Documents, upon demand by Mortgagee, after failure by Mortgagor to pay any of the amounts specified in **Sections 1.04.1 or 1.04.2**, Mortgagor shall deposit with Mortgagee on the first day of each month an amount equal to one twelfth (1/12th) of the sum of: **(i)** the aggregate annual payments for the Impositions; **(ii)** the annual insurance premiums on the policies of insurance required to be obtained and kept in force by Mortgagor under this Mortgage; and **(iii)** all other periodic charges (other than interest and principal under the Note) arising out of the ownership of the Mortgaged Property or any portion thereof which are or with notice or the passage of time or both will become a lien against the Mortgaged Property or any part thereof (**(i), (ii)**, and **(iii)**, collectively, the "Annual Payments"). Such sums will not bear interest and are subject to adjustment or additional payments in order to assure Mortgagee that it will have the full amount of any payment on hand at least one (1) month prior to its due date. Mortgagee shall hold said sums in escrow to pay said Annual Payments in the manner and to the extent permitted by law when the same become due and payable. Notwithstanding anything herein to the contrary. however, such deposits shall not be, nor be deemed to be, trust funds but may be commingled with the general funds of Mortgagee. If the total payments made by Mortgagor to Mortgagee, on account of said Annual Payments up to the time when the same become due and payable, shall exceed the amount of payment for said Annual Payments actually made by Mortgagee, such excess shall be credited by Mortgagee against the next payment or payments due from Mortgagor to Mortgagee on account of said Annual Payments. If, however, said payments made by Mortgagor shall not be sufficient to pay said Annual Payments when the same become due and payable, Mortgagor agrees to promptly pay to Mortgagee the amount necessary to make up any deficiency. In case of default in the performance of any of the agreements or provisions contained in the Note, Mortgagee may, at its option, at any time after such default, apply the balance remaining of the sums accumulated, as a credit against the principal or interest of the mortgage Indebtedness, or both.

**1.04.4 Late Charge.** Mortgagee may collect a "late charge" of sixteen percent (16%) on any payment or installment due or required to be paid pursuant to the terms of this Mortgage or the Note which is not paid within five (5) days of when the same is required to be paid to cover the extra expenses involved in handling such delinquent payment.

**1.04.5 Proof of Payment.** Upon request of Mortgagee, Mortgagor shall deliver to Mortgagee, within twenty (20) days after the due date of any payment required in this **Section 1.04**, proof of payment satisfactory to Mortgagee.

**1.05 Condemnation.** Mortgagee shall be entitled to all compensation awards, damages, claims, rights of action and proceeds of, or on account of, any damage or taking through condemnation, eminent domain or the like, and Mortgagee is hereby authorized, at its option, to commence, appear in and prosecute in its own or Mortgagor's name any action or proceeding relating to any such condemnation, taking or the like and to settle or compromise any claim in connection therewith.

**1.06 Care of Mortgaged Property; Demolition and Alteration**. Mortgagor shall maintain the Mortgaged Property in good condition and repair, shall not commit or suffer any waste of the Mortgaged Property, and shall comply with or cause to be complied with, all statutes, laws, rules, ordinances and requirements of any governmental authority relating to the Mortgaged Property; and Mortgagor shall promptly repair, restore, replace or rebuild any part of the Mortgaged Property now or hereafter subject to the lien of this Mortgage which may be damaged or destroyed by any casualty whatsoever or which may be affected by any proceeding of the character referred to **in Section 1.05**. Mortgagor shall complete and pay for, within a reasonable time, any structure in the process of construction on the Mortgaged Property at any time during the term of the Loan; and Mortgagor shall not initiate, join in, or consent to any change in any private restrictive covenants, or private restrictions, limiting or defining the uses which may be made of the Mortgaged Property or any part thereof, without the written consent of

**RECP #: 837071**
RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 683
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY  PAGE 7 OF 21

Mortgagee. Mortgagor agrees that no building or other property now or hereafter covered by the lien of this Mortgage shall be removed, demolished, or materially altered, without the prior written consent of Mortgagee, except that Mortgagor shall have the right, without such consent, to remove and dispose of, free from the lien of this Mortgage, such equipment as from time to time may become worn out or obsolete, provided that simultaneously with or prior to such removal any such equipment shall be replaced with other equipment of value at least equal to that of the replaced equipment and free from any title retention or security agreement or other encumbrance, and by such removal and replacement Mortgagor shall be deemed to have subjected such equipment to the lien of this Mortgage.

**1.07 Transfer and Encumbrance of Mortgaged Property.**

(a) Mortgagor shall not sell, convey, transfer, suffer any type of change in title or ownership, lease, assign or further encumber any interest in any part of the Mortgaged Property, without the prior written consent of Mortgagee, Any such sale, conveyance, transfer, pledge, lease, assignment or encumbrance made without Mortgagee's prior written consent shall be null and void and shall constitute a default hereunder. Mortgagor shall not, without the prior written consent of Mortgagee, permit any further assignment of the rents, royalties, issues, revenues, income, profits or other benefits from the Mortgaged Property, or any part thereof, and any such assignment without the prior written consent of Mortgagee shall be null and void and shall constitute a default hereunder. Mortgagor agrees that in the event the ownership of the Mortgaged Property or any part thereof is permitted by Mortgagee to be vested in a person other than Mortgagor, Mortgagee may, without notice to Mortgagor, deal in any way with such successor or successors in interest with reference to this Mortgage and the Note and other sums hereby secured without in any way vitiating or discharging Mortgagor's liability hereunder or upon the Note and other sums hereby secured. No sale of the Mortgaged Property and no forbearance to any person with respect to this Mortgage and no extension to any person of the time for payment of the Note and other sums hereby secured given by Mortgagee shall operate to release, discharge, modify, change or affect the original liability of Mortgagor either in whole or in part.

(b) If Mortgagor shall sell, convey, assign or transfer all or any part of the Mortgaged Property or any interest therein or any beneficial interest in Mortgagor without Mortgagee's prior written consent, Mortgagee may, at Mortgagee's option, without demand, presentment, protest, notice of protest, notice of intent to accelerate, notice of acceleration or other notice, or any other action, all of which are hereby waived by Mortgagor and all other parties obligated in any manner on the Indebtedness, declare the Indebtedness to be immediately due and payable, which option may be exercised at any time following such sale, conveyance, assignment, lease or transfer, and upon such declaration the entire unpaid balance of the Indebtedness shall be immediately due and payable.

(c) Mortgagor shall keep the Mortgaged Property free from mechanics' liens, materialmen's liens and encumbrances. If any prohibited lien or encumbrance is filed against the Mortgaged Property, Mortgagor shall cause the same to be removed and discharged of record within thirty (30) days after the date of filing thereof.

(d) Mortgagor shall obtain, upon request by Mortgagee, from all persons hereafter having or acquiring any interest in or encumbrance on the Mortgaged Property or the said equipment or accessions, a writing duly acknowledged, and stating the nature and extent of such interest or encumbrance and that the same is subordinate to this Mortgage and no offsets or defenses exist in favor thereof against this Mortgage or the Note hereby secured, and deliver such writing to Mortgagee.

**1.08 Further Assurances.** At any time and from time to time upon Mortgagee's request, Mortgagor shall make, execute and deliver, or cause to be made, executed and delivered, to Mortgagee and, where appropriate, shall cause to be recorded or filed, and from time to time thereafter to be re-recorded and

**RECP #: 837071**
RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 684
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY  PAGE 8 OF 21

refiled, at such time and in such offices and places as shall be deemed desirable by Mortgagee, any and all such further mortgages, instruments of further assurance, certificates and such other documents as Mortgagee may consider necessary or desirable in order to effectuate, complete or perfect, or to continue and preserve, the obligations of Mortgagor under the Note and this Mortgage, the lien of this Mortgage as a lien upon all of the Mortgaged Property, and unto all and every person or persons deriving any estate, right, title or interest under this Mortgage. Upon any failure by Mortgagor to do so, Mortgagee may make, execute, record, file, re-record or refile any and all such mortgages, instruments, certificates and documents for and in the name of Mortgagor, and Mortgagor hereby irrevocably appoints Mortgagee the agent and attorney-in-fact of Mortgagor to do so.

**1.09 Uniform Commercial Code Security Agreement and Fixture Filing**. This Mortgage is intended to be a security agreement and fixture filing which is to be filed for record in the real estate records pursuant to the Uniform Commercial Code in effect from time to time in the State of Wyoming for any of the goods specified above in this Mortgage as part of the Mortgaged Property which, under applicable law, may be subject to a security interest pursuant to the Uniform Commercial Code and Mortgagor hereby agrees to execute and deliver any additional financing statements covering said goods from time to time and in such form as Mortgagee may require to perfect a security interest with respect to said goods. Mortgagor shall pay all costs of filing such financing statements and renewals and releases thereof and shall pay all reasonable costs and expenses of any record searches for financing statements which Mortgagee may reasonably require. Without the prior written consent of Mortgagee, Mortgagor shall not create or suffer to be created, pursuant to the Uniform Commercial Code, any other security interest in said goods, including replacements and additions thereto. Upon Mortgagor's breach of any covenant or agreement of Mortgagor contained in this Mortgage, including the covenants to pay when due all sums secured by this Mortgage, Mortgagee shall have the remedies of a secured party under the Uniform Commercial Code and, at Mortgagee's option, may also invoke the remedies permitted by applicable law as to such goods.

AS IT IS RELATED HERETO:

DEBTOR IS:                 ARCHER DRILLING, LLC
                           1100 Harrison Drive Box 94, Pine Bluffs, Wyoming, 82082

SECURED PARTY IS:          BLOX Lending LLC
                           13894 South Bangerter Parkway Suite 200, Draper, UT84020

Mortgagor represents, covenants, and warrants that as of the date hereof as follows: Mortgagor's full, correct, and exact legal name is set forth immediately above in this **Section 1.09**. Mortgagor is an organization of the type and is incorporated in, organized, or formed under the laws of the state specified in the introductory paragraph to this Mortgage. In the event of any change in name or identity of Mortgagor, Mortgagor hereby authorizes Mortgagee to file such Uniform Commercial Code forms as are necessary to maintain the priority of Mortgagee's lien upon the Mortgaged Property which may be deemed personal property or fixtures, including future replacement thereof, which serves as collateral under this Mortgage.

**1.10 Lease Covenants.** Each and every covenant on the part of Mortgagor contained in any assignment of lessor's interest in leases or any assignment of rents, royalties, issues, revenues, profits, income or other benefits made collateral hereto is made an obligation of Mortgagor hereunder as if fully set forth herein.

**1.11 Assignment of Rents.** Mortgagor hereby absolutely and unconditionally assigns to Mortgagee all of Mortgagor's right, title and interest in and to each Lease whether now existing or hereafter entered into, together with the room revenues, occupancy charges, issues and profits ("Rents") of each such Lease as further security for the payment and performance of the Obligations, and Mortgagor grants to Mortgagee

RECP #: 837071
RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 685
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY  PAGE 9 OF 21

the right to enter the Property for the purpose of collecting the same and to let the Property, or any part thereof, and to apply said Rents after payment of all necessary charges and expenses, on account of the Obligations. This assignment and grant shall continue in effect until the Obligations are fully paid and performed. Mortgagee hereby waives the right to enter the Property for the purpose of collecting Rents, and Mortgagor shall be entitled to collect, receive and use said Rents until the occurrence of a Default under this Mortgage. Mortgagor shall, from time to time after request by Mortgagee, execute, acknowledge and deliver to Mortgagee, in form satisfactory to Mortgagee, separate assignments confirming the foregoing assignment. Mortgagee shall not be obligated to perform or discharge any obligation or duty to be performed or discharged by Mortgagor under any Lease or other agreement affecting all or any part of the Property, and Mortgagor hereby agrees to indemnify Mortgagee for and save it harmless from, any and all liability arising from any such Lease or other agreement or any assignments thereof, and no assignment of any such Lease or other agreement shall place the responsibility for the control, care, management or repair of all or any part of the Property upon Mortgagee, nor make Mortgagee liable for any negligence in the management, operation, upkeep, repair or control of all or any part of the Property resulting in injury, death or property damage. Mortgagee or the receiver shall be liable to account only for rents and profits actually received by Mortgagee or the receiver as the case may be.

**1.12 After-Acquired Property.** To the extent permitted by and subject to applicable law, the lien of this Mortgage will automatically attach, without further act, to all after-acquired property located in, on, or attached to, or used, or intended to be used, in connection with, or with the renovation of, the Mortgaged Property or any part thereof; provided, however, that, upon request of Mortgagee, Mortgagor shall execute and deliver such instrument or instruments as shall reasonably be requested by Mortgagee to confirm such lien, and Mortgagor hereby appoints Mortgagee its attorney-in-fact to execute all such instruments, which power is coupled with an interest and is irrevocable.

**1.13 Expenses.** Unless otherwise agreed in writing, Mortgagor will pay when due and payable all appraisal fees, recording fees, taxes, brokerage fees and commissions, abstract fees, title policy fees, escrow fees, attorneys' fees, court costs, fees of inspecting architect(s) and engineer(s) and all other costs and expenses of every character which have been incurred or which may hereafter be incurred by Mortgagee in connection with: **(a)** the preparation and execution of the Loan Documents; **(b)** the funding of the Loan; **(c)** in the event an Event of Default occurs hereunder or under the Note or any of the Loan Documents, all costs, fees and expenses, including, without limitation, all reasonable attorneys' fees in connection with the enforcement under the Note or foreclosure under this Mortgage, preparation for enforcement of this Mortgage or any other Loan Documents, whether or not suit or other action is actually commenced or undertaken; **(d)** enforcement of this Mortgage or any other Loan Documents; **(e)** court or administrative proceedings of any kind to which Mortgagee may be a party, either as plaintiff or defendant, by reason of the Note, the Mortgage or any other Loan Documents; **(f)** preparation for and actions taken in connection with Mortgagee's taking possession of the Mortgaged Property; **(g)** negotiations with Mortgagor, its beneficiary, or any of its agents in connection with the existence or cure of any Event of Default or default; **(h)** any proposed refinancing by Mortgagor or any other person or entity of the debt secured hereby; **(i)** the transfer of the Mortgaged Property in lieu of foreclosure; **(j)** inspection of the Mortgaged Property pursuant to **Section 1.15**; and **(k)** the approval by Mortgagee of actions taken or proposed to be taken by Mortgagor, its beneficiary, or other person or entity which approval is required by the terms of this Mortgage or any other of the Loan Document. Mortgagor will, upon demand by Mortgagee, reimburse Mortgagee or any takeout lender for all such expenses which have been incurred or which shall be incurred by either of them; and will indemnify and hold harmless Mortgagee from and against, and reimburse it for, the same and for all claims, demands, liabilities, losses, damages, judgments, penalties, costs and expenses (including, without limitation, attorneys' fees) which may be imposed upon, asserted against, or incurred or paid by it by reason of, on account of or in connection with any bodily injury or death or property damage occurring in or upon or in the vicinity of the Mortgaged Property through any cause whatsoever or asserted against it on account of any act performed or omitted to be performed hereunder or on account of any transaction

**RECP #: 837071**
RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 686
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY  PAGE 10 OF 21

arising out of or in any way connected with the Mortgaged Property, or with this Mortgage or the Indebtedness.

**1.14 Mortgagee's Performance of Defaults.** If Mortgagor defaults in the payment of any tax, Assessment, encumbrance or other Imposition, in its obligation to furnish insurance hereunder, or in the performance or observance of any other covenant, condition, agreement or term in this Mortgage, the Note or in any of the Loan Documents, Mortgagee may, without obligation to do so, to preserve its interest in the Mortgaged Property, perform or observe the same, and all payments made (whether such payments are regular or accelerated payments) and costs and expenses incurred or paid by Mortgagee in connection therewith shall become due and payable immediately. The amounts so incurred or paid by Mortgagee, together with interest thereon at the default rate, as provided in the Note, from the date incurred until paid by Mortgagor, shall be added to the Indebtedness and secured by the lien of this Mortgage to the extent permitted by law. Mortgagee is hereby empowered to enter and to authorize others to enter upon the Mortgaged Property or any part thereof for the purpose of performing or observing any such defaulted covenant, condition, agreement or term, without thereby becoming liable to Mortgagor or any person in possession holding under Mortgagor.

**1.15 Financial Statements, Books, and Records.** Mortgagor will furnish to Mortgagee, within thirty (30) days after a request therefor, a detailed statement in writing, covering the period of time specified in such request, showing all income derived from the operation of the Mortgaged Property, and all disbursements made in connection therewith, and containing a list of the names of all tenants and occupants of the Mortgaged Property, the portion or portions of the Mortgaged Property occupied by each such tenant and occupant, the rent and other charges payable under the terms of their leases or other agreements and the period covered by such leases or other agreements.

**1.16 Inspection.** Mortgagee, and any persons authorized by Mortgagee, shall have the right, at Mortgagee's option, to enter and inspect the Premises during the fourth (4th) month and at all other reasonable times during the term of the Loan. Mortgagor shall pay any professional fees and expenses, which may be incurred by Mortgagee in connection with such inspection.

**1.17 Loan to Value Covenant.** If at any one or more time(s) during the term of the Note the then aggregate outstanding and committed principal amount of the Note, plus accrued interest and fees thereon, plus all amounts outstanding under any debts secured by prior liens on the Mortgaged Property, is greater than eighty percent (80%) of the value of the Mortgaged Property, as determined by Mortgagee based upon Mortgagee's review of any appraisal and such other factors as Mortgagee may deem appropriate, then Mortgagor shall within thirty (30) days following a request by Mortgagee, prepay the Note by an amount sufficient to cause the then outstanding principal amount of the Note, plus accrued interest and fees thereon, to be reduced to an amount equal to or less than eighty percent (80%) of the value of the Mortgaged Property. The inability of Mortgagor to reduce the principal balance of the Note within thirty (30) days following request by Mortgagee shall be, at Mortgagee's option, an Event of Default, hereunder.

## ARTICLE TWO: DEFAULTS

**2.01 Event of Default.** The term "Event of Default" or "default" wherever used in this Mortgage, shall mean anyone or more of the following events: **(a)** failure by Mortgagor to pay any installment of principal and/or interest under the Note within five (5) days after the same becomes due and payable; **(b)** failure by Mortgagor to observe or perform, or upon any default in, any other covenants, agreements or provisions herein, in the Note, or in any of the Loan Documents; **(c)** failure by Mortgagor to pay any Imposition, Assessment, other utility charges on or lien against the Mortgaged Property; **(d)** failure by Mortgagor to

**RECP #: 837071**

RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 687
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY  PAGE 11 OF 21

keep in force the insurance required in this Mortgage; **(e)** failure by Mortgagor to either deliver the policies of insurance described in this Mortgage or to pay the premiums for such insurance as provided herein; **(f)** failure by Mortgagor to pay any installment, which may not then be due or delinquent, of any Assessment for local improvements for which an official bill has been issued by the appropriate authorities and which may now or hereafter affect the Mortgaged Property, and may be or become payable in installments; **(g)** the actual or threatened waste, removal or demolition of, or material alteration to, any part of the Mortgaged Property, except as permitted herein; **(h)** the vesting of title, or any sale, conveyance, transfer, leasing, assignment or further encumbrance in any manner whatsoever of any interest in the Mortgaged Property, or any part thereof, in or to anyone other than the present owner, or any change in title or ownership of the Mortgaged Property, or any part thereof, without the prior written consent of Mortgagee; **(i)** all or a material portion of the Mortgaged Property being taken through condemnation, eminent domain, or any other taking such that Mortgagee has reason to believe that the remaining portion of the Mortgaged Property is insufficient to satisfy the outstanding balance of the Note, or the value of the Mortgaged Property being impaired by condemnation, eminent domain or any other taking, (which term when used herein shall include, but not be limited to, any damage or taking by any governmental authority or any other authority authorized by the laws of any state or the United States of America to so damage or take, and any transfer by private sale in lieu thereof), either temporarily for a period in excess of thirty (30) days, or permanently; **(j)** the merger or dissolution of Mortgagor or the death of any guarantor of the Note ("Guarantor"); **(k)** any representation or warranty of Mortgagor or Guarantor made herein or in any such guaranty or in any certificate, report, financial statement, or other instrument furnished in connection with the making of the Note, the Mortgage, or any such guaranty, shall prove false or misleading in any material respect; **(l)** Maker makes or takes any action to make a general assignment for the benefit of its creditors or becomes insolvent or has a receiver, custodian, trustee in Bankruptcy, or conservator appointed for it or for substantially all or any of its assets; **(m)** Mortgagor files, or becomes the subject of, a petition in bankruptcy, or upon the commencement of any proceeding or action under any bankruptcy laws, insolvency laws, relief of debtors laws, or any other similar law affecting Mortgagor, provided however, that Mortgagor shall have sixty (60) days from the filing of any involuntary petition in bankruptcy to have the same discharged and dismissed; **(n)** the Mortgaged Property becomes subject to **(1)** any tax lien which is superior to the lien of the Mortgage, other than a lien for local real estate taxes and assessments not due and payable or **(2)** any mechanic's, materialman's, or other lien which is, or is asserted to be, superior to the lien of the Mortgage and such lien shall remain undischarged for thirty (30) days, **(o)** Mortgagor fails to promptly cure any violations of laws or ordinances affecting or which may be interpreted to affect the Mortgaged Property; **(p)** in the event of any material adverse change in the financial condition of Mortgagor; or **(q)** any of the aforementioned events occur with respect to any Guarantor.

## ARTICLE THREE: REMEDIES

In the event that an Event of Default or default shall have occurred, the remedies available to Mortgagee include, but are not limited to, any and all rights and remedies available hereunder, any and all rights and remedies available at law, in equity, or by statute. Without limiting the foregoing, the rights and remedies available to Mortgagee shall include, but not be limited to, any one or more of the following:

**3.01 Acceleration of Maturity.** If an Event of Default shall have occurred, Mortgagee may, at its option, declare without demand or notice all of the outstanding Indebtedness to be due and payable immediately, and upon such declaration such Indebtedness shall immediately become and be due and payable without demand or notice.

**3.02 Mortgagee's Right to Enter and Take Possession.** If an Event of Default shall have occurred, Mortgagor, upon demand on Mortgagee, shall forthwith surrender to Mortgagee the actual possession of the Mortgaged Property and Mortgagee itself, or by such officers or agents as it may appoint, may enter and take possession of the Mortgaged Property, collect and receive the rents and income therefrom, and

RECP #: 837071
RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 688
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY  PAGE 12 OF 21

to apply so much of said rents and income as may be required in the necessary expenses of running said Premises, including reasonable attorneys' fees, management agents' fees, and if the Mortgagee manages the Premises with its own employees, an amount equal to the customary management agents' fees charged for similar property in the area where the Premises are located, and to apply the balance of said rents and income to the payment of the amounts due upon said Note, or in payment of taxes assessed against the Premises, or both. And for this purpose, and in case of such default, the Mortgagor hereby assigns, transfers and sets over to the Mortgagee the rents and income accruing from said Premises. Nothing contained in the foregoing provisions shall impair or affect any right or remedy which the Mortgagee might now or hereafter have, were it not for such provisions, but the rights herein given shall be in addition to any others which the Mortgagee may have hereunder.

**3.03 Receiver.** If an Event of Default shall have occurred, Mortgagee, to the extent permitted by law and without regard to the value or occupancy of the security, shall be entitled to apply for the appointment of a receiver of the rents and profit of the Mortgaged Property without notice, and shall be entitled to the appointment of such a receiver as a matter of right, without consideration of the value of the Mortgaged Property as security for the amounts due Mortgagee, or the solvency of any person or limited liability company liable for the payment of such amounts.

**3.04 Waiver of Appraisement, Valuation, Stay, Exemption, and Redemption Laws, etc.; Marshaling.** Mortgagor agrees to the full extent permitted by law that after an Event of Default neither Mortgagor nor anyone claiming through or under it shall or will set up, claim or seek to take advantage of any appraisement, valuation, stay, exemption, moratorium, or redemption laws now or hereafter in force, in order to prevent or hinder the enforcement or foreclosure of this Mortgage, and Mortgagor, for itself and all who may at any time claim through or under it, hereby waives, to the full extent that it may lawfully so do, any and all right to have the assets comprising the Mortgaged Property marshaled upon any foreclosure hereof.

**3.05 Suits to Protect the Property.** Mortgagee shall have the power and authority to institute and maintain any suits and proceedings as Mortgagee may deem advisable in order to **(a)** prevent any impairment of the Mortgaged Property, **(b)** foreclose this Mortgage, **(c)** preserve and protect its interest in the Mortgaged Property, and **(d)** to restrain the enforcement of, or compliance with, any legislation or other governmental enactment, rule, or order that may be unconstitutional or otherwise invalid, if the enforcement of or compliance with such enactment, rule or order might impair the security hereunder or be prejudicial to Mortgagee's interest.

**3.06 Proofs of Claim.** In the case of any receivership, insolvency, bankruptcy, reorganization, arrangement, adjustment, composition or other judicial case or proceeding affecting Mortgagor, its creditors or its property, Mortgagee, to the extent permitted by law, shall be entitled to file such proofs of claim and other documents as may be necessary or advisable in order to have its claims allowed in such case or proceeding for the entire Indebtedness at the date of the institution of such case or proceeding, and for any additional amounts which may become due and payable by Mortgagor after such date.

**3.07 Application of Monies by Mortgagee.** After the occurrence of an Event of Default, any monies collected or received by Mortgagee shall be applied in such priority as Mortgagee may determine in its sole and absolute discretion, to such matters including, but not limited to, the payment of compensation, expenses and disbursements of the agents, attorneys and other representatives of Mortgagee, to deposits for Impositions and Insurance and insurance premiums due, to the cost of insurance, Impositions, Assessments, and other charges and to the payment of the Indebtedness.

**3.08 No Waiver.** Notwithstanding any course of dealing or course of performance, neither failure nor delay on the part of Mortgagee to exercise any right, power, or privilege hereunder shall operate as a waiver

**RECP #: 837071**
RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 689
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY  PAGE 13 OF 21

thereof, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, power, or privilege.

**3.09 No Waiver of One Default to Affect Another.** No waiver of any Event of Default hereunder shall extend to or affect any subsequent or any other Event of Default then existing, or impair any rights, powers or remedies consequent thereon. If Mortgagee **(a)** grants forbearance or an extension of time for the payment of any of the Indebtedness; **(b)** takes other or additional security for the payment thereof; **(c)** waives or does not exercise any right granted in the Note, this Mortgage or any other of the Loan Documents; **(d)** releases any part of the Mortgaged Property from the lien of this Mortgage or any other of the Loan Documents or releases or any party liable under the Note; **(e)** consents to the filing of any map, plat or replat of the Premises; **(f)** consents to the granting of any easement on the Premises; or **(g)** makes or consents to any agreement changing the terms of this Mortgage or subordinating the lien or any charge hereof, no such act or omission shall release, discharge, modify, change or affect the original liability under this Mortgage or otherwise of Mortgagor, or any subsequent purchaser of the Mortgaged Property or any part thereof or any maker, co-signer, endorser, surety or guarantor. No such act or omission shall preclude Mortgagee from exercising any right, power or privilege herein granted or intended to be granted in case of any Event of Default then existing or of any subsequent Event of Default nor, except as otherwise expressly provided in an instrument or instruments executed by Mortgagee, shall the lien of this Mortgage be altered thereby.

**3.10 Remedies Cumulative.** No right, power or remedy conferred upon or reserved to Mortgagee by the Note, this Mortgage or any other of the Loan Documents is exclusive of any other right, power and remedy, but each and every such right, power and remedy shall be cumulative and concurrent and shall be in addition to any other right, power and remedy given hereunder or under the Note or any other of the Loan Documents, or now or hereafter existing at law, in equity or by statute.

**3.11 Interest after Event of Default; Default Rate.** If an Event of Default shall have occurred, all sums outstanding and unpaid under the Note and this Mortgage shall, at Mortgagee's option, bear interest at the default rate set forth in the Note.

## ARTICLE FOUR: MISCELLANEOUS PROVISIONS

**4.01 Heirs, Successors and Assigns Included in Parties.** Whenever one of the parties hereto is named or referred to herein, the heirs, successors and assigns of such party shall be included and all covenants and agreements contained in this Mortgage, by or on behalf of Mortgagor or Mortgagee shall bind and inure to the benefit of their respective heirs, successors and assigns, whether so expressed or not.

**4.02 Addresses for Notices, etc.**

> **(a)** Any notice, report, demand or other instrument authorized or required to be given or furnished under this Mortgage shall be in writing, signed by the party giving or making the same, and shall be sent by certified mail, return receipt requested, as follows:

| | |
|---|---|
| **MORTGAGOR:** | ARCHER DRILLING, LLC<br>1100 Harrison Drive Box 94, Pine Bluffs, Wyoming, 82082 |
| **Copy to:** | |
| **MORTGAGEE:** | BLOX Lending LLC<br>13894 South Bangerter Parkway Suite 200, Draper, UT84020 |

RECP #: 837071
RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 690
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY  PAGE 14 OF 21

Copy to:          LaRocca Hornik Rosen, et al
                  Attn: Jonathan L. Hornik, Esq.
                  83 South Main Street, Suite 302
                  Freehold, NJ  07728

    **(b)** Either party may change the address to which any such notice, report, demand or other instrument is to be delivered or mailed, by furnishing written notice of such change to the other party, but no such notice of change shall be effective unless and until received by such other party.

**4.03 Headings.** The headings of the articles, sections, paragraphs and subdivisions of this Mortgage are for convenience of reference only, are not to be considered a part hereof and shall not limit or expand or otherwise affect any of the terms hereof.

**4.04 Provisions Subject to Applicable Laws; Severability** All rights, powers and remedies provided herein may be exercised only to the extent that the exercise thereof does not violate any law and are intended to be limited to the extent necessary so that they will not render this Mortgage invalid or unenforceable. In the event that any of the covenants, agreements, terms or provisions contained in the Note, or in this Mortgage or in any other Loan Documents shall be deemed invalid, illegal or unenforceable in any respect by a court with appropriate jurisdiction, the validity of the remaining covenants, agreements, terms or provisions contained herein or in the Note or in any other Loan Documents shall be in no way affected, prejudiced or disturbed thereby.

**4.05 Modification.** This Mortgage, the Note, and all other Indebtedness are subject to modification. Neither this Mortgage, nor any term hereof, may be changed, waived, discharged or terminated orally, or by any action or inaction, but only by an instrument in writing signed by the party against which enforcement of the change, waiver, discharge, or termination is sought.

**4.06 Governing Law. THIS MORTGAGE IS MADE BY MORTGAGOR AND ACCEPTED BY MORTGAGEE IN THE STATE OF UTAH EXCEPT THAT AT ALL TIMES THE PROVISIONS FOR THE CREATION, PERFECTION, PRIORITY, ENFORCEMENT AND FORECLOSURE OF THE LIENS AND SECURITY INTERESTS CREATED IN THE MORTGAGED PROPERTY UNDER THE LOAN DOCUMENTS SHALL BE GOVERNED BY AND CONSTRUED ACCORDING TO THE LAW OF THE STATE WHERE THE MORTGAGED PROPERTY IS LOCATED. TO THE FULLEST EXTENT PERMITTED BY THE LAW OF THE STATE WHERE THE MORTGAGED PROPERTY IS LOCATED, THE LAW OF THE STATE OF UTAH SHALL GOVERN THE VALIDITY AND ENFORCEABILITY OF ALL LOAN DOCUMENTS, AND THE DEBT OR OBLIGATIONS ARISING HEREUNDER (BUT THE FOREGOING SHALL NOT BE CONSTRUED TO LIMIT LENDER'S RIGHTS WITH RESPECT TO SUCH SECURITY INTEREST CREATED IN THE STATE WHERE THE MORTGAGED PROPERTY IS LOCATED).**

**4.07 Prejudgment Remedies. THE MORTGAGOR HEREBY REPRESENTS, COVENANTS, AND AGREES THAT THE PROCEEDS OF THE LOAN SECURED BY THIS MORTGAGE, AND EVIDENCED BY THE LOAN AGREEMENT, AND THE NOTE SHALL BE USED FOR GENERAL COMMERCIAL PURPOSES AND THAT SUCH LOAN IS A "COMMERCIAL TRANSACTION" AS DEFINED BY THE STATUTES OF THE STATE OF UTAH . THE MORTGAGOR HEREBY WAIVES SUCH RIGHTS AS IT MAY HAVE TO NOTICE AND/OR HEARING UNDER ANY APPLICABLE FEDERAL OR STATE LAWS INCLUDING, WITHOUT LIMITATION, UTAH GENERAL STATUTES PERTAINING TO THE EXERCISE BY THE MORTGAGEE OF SUCH RIGHTS AS THE MORTGAGEE MAY HAVE INCLUDING, BUT NOT**

RECP #: 837071
RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 691
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY  PAGE 15 OF 21

**LIMITED TO, THE RIGHT TO SEEK PREJUDGMENT REMEDIES AND/OR TO DEPRIVE THE MORTGAGOR OF OR AFFECT THE USE OF OR POSSESSION OR ENJOYMENT OF THE MORTGAGOR'S PROPERTY PRIOR TO THE RENDITION OF A FINAL JUDGMENT AGAINST THE MORTGAGOR. THE MORTGAGOR FURTHER WAIVES ANY RIGHT IT MAY HAVE TO REQUIRE THE MORTGAGEE TO PROVIDE A BOND OR OTHER SECURITY AS A PRECONDITION TO OR IN CONNECTION WITH ANY PREJUDGMENT REMEDY SOUGHT BY THE MORTGAGEE, AND WAIVES ANY OBJECTION TO THE ISSUANCE OF SUCH PREJUDGMENT REMEDY BASED ON ANY OFFSETS, CLAIMS, DEFENSES, OR COUNTERCLAIMS TO ANY ACTION BROUGHT BY THE MORTGAGEE. FURTHER, THE MORTGAGOR HEREBY WAIVES, TO THE EXTENT PERMITTED BY LAW, THE BENEFITS OF ALL PRESENT AND FUTURE VALUATION, APPRAISAL, HOMESTEAD, EXEMPTION, STAY, REDEMPTION AND MORATORIUM LAWS.**

**4.08 Effects of Changes and Laws Regarding Taxation.** In the event of an enactment of any law deducting from the value of the Mortgaged Property any mortgage lien thereon, or imposing upon Mortgagee the payment of any or part of the Impositions, charges, or Assessments previously paid by Mortgagor pursuant to this Mortgage, or change in the law relating to the taxation of mortgages, debts secured by mortgages or Mortgagee's interest in the Mortgaged Property so as to impose new incidents of taxes on Mortgagee, then Mortgagor shall pay such Impositions or Assessments or shall reimburse Mortgagee therefor; provided that, however, if in the opinion of counsel to Mortgagee such payment cannot lawfully be made by Mortgagor, then Mortgagee may, at Mortgagee's option, declare all of the sums secured by this Mortgage to be immediately due and payable without prior notice to Mortgagor, and Mortgagee may invoke any remedies permitted by applicable law.

**4.09 Purpose of Loan.** Mortgagor represents and warrants that the proceeds from this Loan are to be used solely for business and commercial purposes and not at all for any personal, family, household, or other noncommercial or farming or agricultural purposes. Mortgagor acknowledges that Mortgagee has made this Loan to Mortgagor in reliance upon the above representation. Said representation will survive the closing and repayment of the Loan.

**4.10 Duplicate Originals.** This Mortgage may be executed in any number of duplicate originals and each such duplicate original shall be deemed to be an original.

**4.11 Usury Laws.** This Mortgage, the Note, and the other Loan Documents are subject to the express condition that at no time shall Mortgagor be obligated or required to pay interest on the debt at a rate which could subject the holder of the Note to either civil or criminal liability as a result of being in excess of the maximum interest rate permitted by applicable law. If, by the terms of this Mortgage, the Note, or any of the Loan Documents, Mortgagor is at any time required or obligated to pay interest on the debt at a rate in excess of such maximum rate, the rate of interest under the same shall be deemed to be immediately reduced to such maximum rate and the interest payable shall be computed at such maximum rate and all prior interest payments in excess of such maximum rate shall be applied and shall be deemed to have been payments in reduction of the principal balance of the Note.

**4.12 Construction.** This Mortgage and the Note shall be construed without regard to any presumption or other rule requiring construction against the party causing this Mortgage and the Note to be drafted.

**4.13 Release of Mortgage.** If all of Mortgagor's obligations under the Loan Documents are paid in full in accordance with the terms of the Loan Documents and all amounts due under the Mortgage and accompanying loan documents are paid in full, no Default then exists hereunder and no Event of Default then exists under any other Loan Document, and if Mortgagor shall well and truly perform all of

RECP #: 837071
RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 692
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY   PAGE 16 OF 21

Mortgagor's covenants contained herein, then this conveyance shall become null and void and be released, and the Mortgaged Property shall be released to Mortgagor, at Mortgagor's request and expense.

**4.14 Entire Agreement.** This Mortgage, together with the other Loan Documents executed in connection herewith, constitutes the entire agreement and understanding among the parties relating to the subject matter hereof and supersedes all prior proposals, negotiations, agreements, and understandings relating to such subject matter. In entering into this Mortgage, Mortgagor acknowledges that it is not relying on any representation, warranty, covenant, promise, assurance, or other statement of any kind made by the Mortgagee or by any employee or agent of the Mortgagee.

**4.15 Provisional Remedies: Foreclosure And Injunctive Relief:** Nothing shall be deemed to apply to limit the right of Lender to: (a) exercise self-help remedies, (b) foreclose judicially or non-judicially against any real or personal property collateral, or to exercise judicial or non-judicial power of sale rights, (c) obtain from a court provisional or ancillary remedies (including, but not limited to, injunctive relief, a writ of possession, prejudgment attachment, a protective order or the appointment of a receiver) or (d) pursue rights against Borrower or any other party in a third party proceeding in action bought against Lender (including, but not limited to, actions in bankruptcy court). Lender may exercise the rights set forth in the foregoing clauses (a) through (d), inclusive, before, during, or after the pendency of any proceeding

**4.16 State Specific Provisions**.

Foreclosure. Mortgagee may institute an action to foreclose this Mortgage against the Mortgaged Property, or take such other action at law or in equity for the enforcement of this Mortgage and realization on the mortgage security or any other security herein or elsewhere provided for, as the law may allow, and may proceed therein to final judgment and execution for the entire unpaid balance of the principal debt, with interest at the rate stipulated in the Note to the date of default, and thereafter at the Default Rate specified in the Note, together with all other sums due by Mortgagor in accordance with the provisions of the Note and this Mortgage, including all sums which may have been loaned by Mortgagee to Mortgagor after the date of this Mortgage, and all sums which may have been advanced by Mortgagee for taxes, water or sewer rents, charges or claims, payments on prior liens, completion of construction of improvements, insurance or repairs to the Mortgaged Property, all costs of suit, together with interest at such Default Rate on any judgment obtained by Mortgagee from and after the date of any foreclosure sale until actual payment is made as of the full amount due Mortgagee, and reasonable attorneys' fees for collection, or Mortgagee may foreclose only as to the sum past due with interest and costs as above provided, without injury to this Mortgage or the displacement or impairment of the remainder of the lien thereof, and at such foreclosure sale the Mortgaged Property shall be sold subject to all remaining items of Indebtedness; and Mortgagee may again foreclose, in the same manner, as often as there may be any sum past due. In the event Mortgagee forecloses this Mortgage against the Mortgaged Property, Mortgagee may, at its option and in its sole and absolute discretion, assume all rights (but not the obligation unless consented to by Mortgagee) as owner of the Mortgaged Property, and to assume all rights and privileges of Mortgagor thereunder; or

If the Indebtedness shall have become due and payable, whether by lapse of time or by acceleration, then and in every such case Mortgagor confer upon Mortgagee the authority and power to proceed to protect and enforce its rights by a suit or suits in equity or at law, either for the specific performance of any covenant or agreement contained herein or in the Loan Documents, or in aid of the execution of any power herein or therein granted, or for the foreclosure of this Mortgage by advertisement or action, or for the enforcement of any other appropriate legal or equitable remedy. The terms "foreclosure" and "foreclose", as used herein, shall include the right of foreclosure by any suit, action, or proceeding at law or in equity, or by advertisement and sale of the Property, or in any other manner now or hereafter provided by Wyoming law,

**RECP #: 837071**
RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 693
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY  PAGE 17 OF 21

including the power to sell.  The Mortgagor agrees to pay Mortgagee all costs of enforcement and of foreclosure, including reasonable attorney's fees incurred by the Mortgage.

If Mortgagee invokes the STATUTORY POWER OF SALE, Mortgagee shall mail a copy of a notice of sale to Mortgagor, and to other persons prescribed by applicable law, in the manner provided by applicable law.  Mortgagee shall publish the notice of sale, and the Mortgaged Property shall be sold in the manner prescribed by applicable law.  Mortgagee or its designee may purchase the Mortgaged Property at any sale. The proceeds of the sale shall be applied in the following order: (i) Payment of the reasonable expenses of collection and enforcement and, to the extent provided by law, reasonable attorney's fees and legal expenses incurred by the foreclosing mortgagee; (ii) the satisfaction of obligations secured by the mortgage being foreclosed; (iii) the satisfaction of obligations secured by any subordinate or junior mortgage or other lien on the real estate sold at the foreclosure sale; and (iv) surplus proceeds on demand to the mortgagor, his legal representatives or assigns, and if no demand is made, then the foreclosing mortgagee, officer or other person making sale may retain the surplus proceeds for disposition to the mortgagor or may dispose of the surplus proceeds in accordance with W.S. 34-24-101 et seq.

If the default is not cured on or before the date specified in the notice of sale, Mortgagee at its option may require immediate payment in full of all sums secured by this Mortgage without further demand and may foreclose this Mortgage by judicial proceeding.  Mortgagee shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 4.16, including, but not limited to, attorneys' fees and costs of title evidence permitted by Rules of Court.

Release.  Upon payment of all sums secured by this Mortgage, Mortgagee shall cancel this Mortgage, and cause a release of mortgage to be recorded.  Mortgagor shall pay any recordation costs.  Mortgagee may charge Mortgagor a fee for releasing this Mortgage, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

Waivers.  Mortgagor releases and waives all rights under and by virtue of the homestead exemption laws of Wyoming.

NOW, THEREFORE, If the Note and any Indebtedness secured by this Mortgage shall be well and truly paid according to their tenor and if all the terms, covenants, conditions, and agreements of the Mortgagor contained herein and in the Note and Loan Documents, shall be fully and faithfully performed, observed, and complied with, then this mortgage deed shall be void, but shall otherwise remain in full force and effect.

*[No further text on this page; signatures appear on the following page]*

RECP #: 837071
RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 694
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY  PAGE 18 OF 21

**IN WITNESS WHEREOF**, Mortgagor has executed this Mortgage as of the May 12, 2022.

Signed, Sealed, and Delivered in the Presence of:

MORTGAGOR
**ARCHER DRILLING, LLC**

Name: _____

By: _____
Name: Gene Purdy
Title: Authorized Signatory

Name: _____

By: _____
Name: Garret Purdy
Title: Authorized Signatory

STATE OF _Wyoming_ )
)ss.:
COUNTY OF _Laramie_ )

I certify that on May _17_ 2022, Gene Purdy, came before me in person and stated to my satisfaction that he/she:

(a) made the attached instrument; and

(b) was authorized to and did execute this instrument on behalf of and as Authorized Signatory of ARCHER DRILLING, LLC (the "Company"), the entity named in this instrument, as the free act and deed of the Company, by virtue of the authority granted by its operating agreement and members.

NOTARY PUBLIC

SHANDI VASQUEZ
NOTARY PUBLIC
STATE OF WYOMING
COMMISSION ID: 151576
MY COMMISSION EXPIRES: 03/10/2028

STATE OF _Wyoming_ )
)ss.:
COUNTY OF _Laramie_ )

I certify that on May _12_ 2022, Garret Purdy, came before me in person and stated to my satisfaction that he/she:

(a) made the attached instrument; and

(b) was authorized to and did execute this instrument on behalf of and as Authorized Signatory of ARCHER DRILLING, LLC (the "Company"), the entity named in this instrument, as the free act and deed of the Company, by virtue of the authority granted by its operating agreement and members.

SHANDI VASQUEZ
NOTARY PUBLIC
STATE OF WYOMING
COMMISSION ID: 151576
MY COMMISSION EXPIRES: 03/10/2028

NOTARY PUBLIC

RECP #: 837071
RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 696
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY  PAGE 20 OF 21

## SCHEDULE A
## PROPERTY DESCRIPTION

The Land referred to herein below is situated in the County of Laramie, State of Wyoming, and is described as follows:

Township 13 North, Range 60 West of the 6th P.M., Laramie County, Wyoming.

Property address commonly known as: 6179 CR 206 Pine Bluffs, WY 82082.

RECP #: 837071
RECORDED 5/16/2022 AT 2:03 PM BK# 2788 PG# 697
Debra K. Lee, CLERK OF LARAMIE COUNTY, WY  PAGE 21 OF 21

**SCHEDULE B**
**PERMITTED ENCUMBRANCES**

As outlined on Schedule B of the Lender's title policy.