Jason A. McNeill (9711)
 mcneill@mvmlegal.com
Eric K. Schnibbe (8463)
 schnibbe@mvmlegal.com
**MCNEILL | VON MAACK**
236 South 300 East
Salt Lake City, Utah 84111
Telephone: 801.823.6464

Jessica B. Magee (*admitted pro hac vice*)
 jessica.magee@hklaw.com
Scott F. Mascianica (*admitted pro hac vice*)
 scott.mascianica@hklaw.com
Andrew W. Balthazor (*admitted pro hac vice*)
 andrew.balthazor@hklaw.com
**HOLLAND & KNIGHT**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: 214.969.1700

Attorneys for Josias N. Dewey, Court-Appointed Temporary Receiver

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>    Plaintiff,<br><br>v.<br><br>**DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON,** an individual; **JACOB S. ANDERSON,** an individual; **SCHAD E. BRANNON,** an individual; **ROYDON B. NELSON,** an individual; **JAMES E. FRANKLIN,** an individual; **WESTERN OIL EXPLORATION COMPANY, INC.,** a Nevada corporation; **RYAN BOWEN,** an individual; **IX GLOBAL, LLC,** a Utah limited liability company; **JOSEPH A. MARTINEZ,** an individual; **BENJAMIN F. DANIELS,** an individual; **MARK W. SCHULER,** an individual; **B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"),** a Utah limited liability company; **TRAVIS A. FLAHERTY,** an individual; **ALTON O. PARKER,** an individual; **BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"),** a Utah limited | **TEMPORARY RECEIVER JOSIAS N. DEWEY'S MOTION TO CLARIFY RECEIVERSHIP ORDER**<br><br><br>Case No. 2:23-cv-00482-RJS-DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual,

    Defendants,

ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

    Relief Defendants.

**TABLE OF CONTENTS**

**TABLE OF CONTENTS** ...................................................................................................(iii)

**TABLE OF AUTHORITIES** ............................................................................................(iv)

**FACTUAL BACKGROUND**..............................................................................................1

**ARGUMENT**......................................................................................................................2

   I. Ignis Should be Considered an "Affiliate" of DLI Under the Receivership Order.........3

**CONCLUSION** ..................................................................................................................4

# TABLE OF AUTHORITIES

**Cases**

*In re Motorola Sec. Litig.*,

   644 F.3d 511 (7th Cir. 2011) ................................................................................................ 2

*SEC v. Francisco*,

   No. SACV 16-02257, 2017 WL 5952169 (C.D. Cal. July 6, 2017) ........................................... 3

*SEC v. Platforms Wireless Int'l Corp.*,

   617 F.3d 1072 (9th Cir. 2010) ................................................................................................ 3

*SEC v. Private Equity Mgmt. Grp.*,

   No. CV 09-2901, 2009 WL 3074604 (C.D. Cal. Sept. 21, 2009) ........................................ 3, 4

*SEC v. Torchia*,

   No. 1:15-cv-3904, 2016 WL 6212002 (N.D. Ga. Oct. 25, 2016) .............................................. 4

*U.S. v. RaPower-3, LLC*,

   No. 2:15-cv-00828-DN, 2019 WL 2195409 (D. Utah May 3, 2019) .................................... 2, 4

**Statutes**

Rule 12b-2 of Regulation 12B,

   17 C.F.R. § 240.12b-2 ............................................................................................................ 2

Rule 144 of the Securities Act of 1933,

   17 C.F.R. § 230.144(a)(1) ...................................................................................................... 2

Court-appointed Temporary Receiver, Josias N. Dewey ("Receiver"), by and through his undersigned counsel of record, hereby moves this Court to clarify the Court's July 28, 2023 Temporary Receivership Order [ECF No. 10, "Receivership Order"].

## RELIEF SOUGHT

Previously, on September 1, 2023, Plaintiff Securities and Exchange Commission ("SEC") moved the Court for related relief, requesting that the Court clarify the language in the Receivership Order referring to Defendant Digital Licensing, Inc.'s (herein, "DLI") "subsidiaries and affiliates" [ECF No. 125, "SEC's Motion for Clarification"]. As stated therein, the SEC requested that the language "subsidiaries and affiliates" of DLI be clarified by the Court to specifically include Relief Defendants Blox Lending, LLC ("Blox"), Business Funding Solutions, LLC ("BFS"), The Gold Collective LLC ("Gold Collective"), UIU Holdings, LLC ("UIU") and certain third-party entities under the "Digital Commodity House" brand (collectively, the "Affiliates"). *See id.*

Based on the evidence detailed herein, the Receiver moves to clarify that the term "subsidiaries and affiliates" in the Receivership Order specifically includes Ignis.

## FACTUAL BACKGROUND

The SEC's Complaint alleges that DLI, through its principals, Defendants Roy Nelson, Schad Brannon, Jason Anderson and Jacob Anderson (collectively, the "DEBT Council Defendants"), created and perpetuated an unregistered and fraudulent securities offering through which Defendants defrauded investors out of at least $49 million dollars. (*See* ECF No. 1, Compl. ¶¶ 1–4, 13–17.) Furthermore, the SEC alleges that DLI represented to investors, among other things, that the value of its tokens is derived from "a proportional allocation of the profits DEBT Box receives from **business partnerships** with various independent entities engaged in the

production of, amongst other things, **crude oil, gold, natural gas**, bauxite, real estate, and agriculture." *Id.* ¶ 47 (emphasis added).

**Ignis Energy LLC**[1] was registered as an Oklahoma limited liability company on January 12, 2023, and its operator listed with the Oklahoma Corporation Commission is Mr. Nelson. *See* Ex. A, Second Declaration of Receiver Josias N. Dewey ("Second Dewey Decl."), ¶ 13. The attorneys for the DEBT Council Defendants confirmed that Mr. Nelson is the operator of Ignis and represented that the company purchased several oil and gas systems in Kay County, Oklahoma. *See id.* ¶ 20.

## ARGUMENT

"It is generally recognized that district courts have broad powers and wide discretion to determine relief in a receivership." *U.S. v. RaPower-3, LLC*, No. 2:15-cv-00828-DN, 2019 WL 2195409, *2 (D. Utah May 3, 2019) (unpublished). As such, "to accomplish the purpose of a receivership, courts frequently include all subsidiaries and affiliates of receivership defendants in the receivership, regardless of where they may be located." *Id.* (citing cases).

Under securities laws, an "affiliate" is defined to include entities "under common control" with the subject entity. *See, e.g.*, Rule 144 of the Securities Act of 1933, 17 C.F.R. § 230.144(a)(1) (defining "affiliate" as "a person that directly or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with, such issuer"); Rule 12b-2 of Regulation 12B, 17 C.F.R. § 240.12b-2 (defining "affiliate" as "a person that directly, or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with, the person specified."); *see also In re Motorola Sec. Litig.*, 644 F.3d 511, 518 n.1 (7th Cir. 2011)

---

[1] Although Ignis is a nonparty to the SEC's lawsuit, Mr. Nelson and Mr. Brannon are named Defendants. Accordingly, pursuant to their management of this entity and its financial interdependency with DLI, the Court should find sufficient evidentiary support for including Ignis within the scope of the Receivership Order.

("This focus on control is important for purposes of securities law and is the dispositive inquiry in determining whether or not an entity is an affiliate."). Thus, in determining whether entities are "affiliates" for purposes of a receivership in SEC actions, courts have considered "the nature of the relationship between entities, the degree of control and influence (including common control by another company or individual), and the financial interests between the entities and individuals involved." *SEC v. Francisco*, No. SACV 16-02257, 2017 WL 5952169, *2 (C.D. Cal. July 6, 2017) (unpublished), citing *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1087 (9th Cir. 2010); *see also SEC v. Private Equity Mgmt. Grp.*, No. CV 09-2901, 2009 WL 3074604, *2 (C.D. Cal. Sept. 21, 2009) (unpublished).

Here, the evidence identified by the Receiver demonstrates, among other things, that (1) Mr. Nelson and Mr. Brannon manage both DLI and Ignis; (2) email communications to Mr. Nelson and Mr. Brannon for DLI and Ignis were consolidated in a single email domain; and (3) DLI transferred significant assets to Ignis for the apparent purchase of oil and gas assets. As such, Ignis should be an "affiliate" of DLI subject to the Receivership Order.

## I.  Ignis Should be Considered an "Affiliate" of DLI Under the Receivership Order.

First, Ignis is owned and controlled by Mr. Nelson and Mr. Brannon, both of whom are officers, members, and managers for Ignis and DLI. *See* Ex. A, Second Dewey Decl. ¶¶ 13, 18, 20, 23.  Moreover, counsel for the DEBT Council Defendants acknowledged that Mr. Nelson ran Ignis through Relief Defendant and affiliated entity The Gold Collective, LLC.  *Id.* ¶ 20; *see RaPower-3, LLC*, 2019 WL 2195409, at *3 (entities are "affiliates" for purpose of receivership where they had "common officers, directors, members, and managers" and when "[t]heir corporate purposes are similar").

Second, Mr. Nelson and Mr. Brannon had email accounts related to Ignis and directed the same Provider to compile all email correspondence—including domains related to DLI—into a central email domain repository. *See* Ex. A, Second Dewey Decl. ¶¶ 11–12.

Third, DLI sent hundreds of thousands of dollars to Ignis to finance its purchases of equipment related to DLI's scheme alleged in the SEC's complaint. DLI sent $400,000 to Ignis in the two months leading up to Ignis' purchase of 150 gas wells and 127 miles of pipeline with a purpose price of approximately the same amount. *See id.* ¶¶ 25–26. Additionally, Mr. Nelson and Mr. Brannon linked new bank accounts for DLI and Ignis, to which they were both authorized signatories on each. *See id.* ¶¶ 15, 17–18. Courts have found such "transference of funds" as strong evidence that companies are "affiliates" for purposes of enforcing a receivership. *See, e.g., RaPower-3, LLC*, 2019 WL 2195409, at *3 (finding entities to be affiliates where "there have been numerous and substantial financial transactions between them"); *SEC v. Torchia*, No. 1:15-cv-3904, 2016 WL 6212002, *3 (N.D. Ga. Oct. 25, 2016) (unpublished) ("Receiverships have been expanded by use of the alter ego doctrine to include entities related to defendants where funds have been commingled."); *Private Equity Mgmt. Grp.*, 2009 WL 3074604, at *5 (finding an entity to be an affiliate where it transferred "substantial sums of money" to another entity at the direction of the other entity's control persons).

## CONCLUSION

For these reasons, the Receiver respectfully requests that the Court clarify that the language in the Receivership Order referring to DLI's "subsidiaries and affiliates" includes Ignis plus the Affiliates named in the SEC's Motion for Clarification, and issue such Order in the form concurrently submitted herewith.[2]

---

[2] The Receiver expects to advise the court via an Interim Status Report to be filed in the coming days concerning other potential oil and gas assets.

DATED this 14th day of September, 2023.

                **MCNEILL | VON MAACK**

                /s/ Jason A. McNeill
                Jason A. McNeill
                Eric K. Schnibbe

                **HOLLAND & KNIGHT**

                Jessica B. Magee
                Scott F. Mascianica
                Andrew W. Balthazor

                *Attorneys for Josias N. Dewey, Court-Appointed Temporary Receiver*

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MCNEILL VON MAACK and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **TEMPORARY RECEIVER JOSIAS N. DEWEY'S MOTION TO CLARIFY RECEIVERSHIP ORDER** was delivered to counsel of record this 14th day of September, 2023, by filing of the same through the Court's CM/ECF System.

[ ]   Hand Delivery

[ ]   Depositing the same in the U.S. Mail, postage prepaid

[ ]   Electronic Mail

[X]   Submission to the U.S. District Court Electronic Case Filing System

/s/ Camille Coley