**PREPARED AND SUBMITTED BY:**

| | |
|---|---|
| Jason A. McNeill (9711)  <br> mcneill@mvmlegal.com <br> Eric K. Schnibbe (8463) <br> schnibbe@mvmlegal.com <br> **MCNEILL | VON MAACK** <br> 236 South 300 East <br> Salt Lake City, Utah 84111 <br> Telephone: 801.823.6464 | Jessica B. Magee (*admitted pro hac vice*) <br> jessica.magee@hklaw.com <br> Scott F. Mascianica (*admitted pro hac vice*) <br> scott.mascianica@hklaw.com <br> Andrew W. Balthazor (*admitted pro hac vice*) <br> andrew.balthazor@hklaw.com <br> **HOLLAND & KNIGHT** <br> 1722 Routh Street, Suite 1500 <br> Dallas, Texas 75201 <br> Telephone: 214.969.1700 |

Attorneys for Josias N. Dewey, Court-Appointed Temporary Receiver

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br><br> DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability | **ORDER GRANTING TEMPORARY RECEIVER JOSIAS N. DEWEY'S MOTION TO CLARIFY RECEIVERSHIP ORDER** <br><br><br><br> Case No. 2:23-cv-00482-RJS-DBP <br> Judge Robert J. Shelby Magistrate <br> Judge Dustin B. Pead |

| | |
|---|---|
| company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual, <br><br>    Defendants, <br><br>ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company, <br><br>    Relief Defendants. | |

This matter came before the Court upon Court-appointed Temporary Receiver, Josias N. Dewey ("Receiver")'s Motion to Clarify Receivership Order ("Receiver's Motion to Clarify"), which seeks to supplement Plaintiff Securities and Exchange Commission's ("Commission") Motion to Clarify Receivership Order (Dkt. 125, "SEC's Motion for Clarification") adding non-party Ignis Energy LLC to the Receivership Order's delegation of authority over Digital Licensing, Inc. ("DLI") and its "affiliates and subsidiaries."

The Court, having considered the Commission's Complaint, the Commission's *Ex Parte* Application for Appointment of a Temporary Receiver as to Defendant DLI and Order to Show

1

Cause re Appointment of a Permanent Receiver (the "Temporary Receivership Application"), the Commission's Motion to Clarify, Receiver's Motion to Clarify and supporting memorandum of points and authorities, and the other evidence and argument presented to the Court, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)] and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(b)], by evidence establishing a *prima facie* case and likelihood that Defendant Digital Licensing Inc. (d/b/a "DEBT Box") has engaged in, are engaging in, are about to engage in, and will continue to engage in, unless restrained, transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]; Section 10(b) of the Securities Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; and/or Section 5(a) and (c) of the Securities Act [15 U.S.C. § 77e(a), (c)].

C. Good cause exists to appoint a temporary equity receiver over Defendant Digital Licensing, Inc. and its affiliates and subsidiaries, including but not limited to Relief Defendants Blox Lending, LLC; Business Funding Solutions, LLC; The Gold Collective, LLC; and UIU Holdings, LLC; and non-parties Digital Commodity House, LLC; Digital Commodity Software House, FZCO; Digital Commodity House, FZCO; and Ignis Energy LLC.

2

I.

IT IS HEREBY ORDERED that the Commission's Motion to Clarify and Receiver's Motion to Clarify are GRANTED.

II.

IT IS HEREBY FURTHER ORDERED that Josias N. Dewey is appointed as temporary receiver of Defendant Digital Licensing Inc. (d/b/a "DEBT Box") and its subsidiaries and affiliates, including but not limited to Relief Defendants Blox Lending, LLC; Business Funding Solutions, LLC; The Gold Collective, LLC; and UIU Holdings, LLC; and non-parties Digital Commodity House, LLC; Digital Commodity Software House, FZCO; Digital Commodity House, FZCO; and Ignis Energy LLC; with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of Defendant Digital Licensing Inc. and its subsidiaries and affiliates, and that such receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets (including any digital assets, digital currencies, virtual currencies, digital tokens of any kind, cryptocurrencies, digital wallets, or private keys associated with any of the foregoing, whether encrypted or not, or other tangible, intangible, or digital assets, wherever located), collateral, premises (whether owned, leased, pledged as collateral, occupied, or otherwise controlled), choses in action, books, records, papers, and other real or personal property, wherever located, of or managed by Defendant Digital Licensing Inc. and its subsidiaries and affiliates

(collectively, the "Assets") with full power to sue, foreclose, marshal, collect, receive, and take into possession all such Assets (including access to and taking custody, control, and possession of all such Assets);

  B. to assume full control of defendant Digital Licensing Inc. by removing, as the receiver deems necessary or advisable, any director, officer, attorney, independent contractor, employee, or agent of any of defendant Digital Licensing Inc. and its subsidiaries and affiliates, including any named Defendant, from control of, management of, or participation in, the affairs of Defendant Digital Licensing Inc. and its subsidiaries and affiliates;

  C. to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution, brokerage firm (including any futures commission merchant), or coin exchange, which has possession, custody or control of any Assets, or which maintains accounts over which Defendant Digital Licensing Inc. and its subsidiaries and affiliates, and/or any of their employees or agents have signatory authority;

  D. to conduct such investigation and discovery as may be necessary to locate and account for all of the assets (including any digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or other tangible, intangible, or digital assets, wherever located) of or managed by Defendant Digital Licensing Inc. and its subsidiaries and affiliates, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

  E. to take such action as is necessary and appropriate to preserve and take control of, and to prevent the dissipation, concealment, or disposition of, any Assets;

  F. to choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order, including but not limited to, the law firm in which the receiver is a partner;

  G. to make accountings, as soon as practicable, to this Court and the SEC of the assets and financial conditions of Defendant Digital Licensing Inc. and its affiliates and subsidiaries, and to file the accountings with the Court and deliver copies thereof to all parties;

  H. to make such payments and disbursements from the Assets taken into custody, control, and possession or thereafter received by him, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his duties as receiver;

  I. to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature that may now or hereafter exist as a result of the activities of present or past employees or agents of Defendant Digital Licensing Inc., and its subsidiaries and affiliates;

  J. to institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts, that (i) the receiver deems necessary and advisable to preserve or recover any Assets, or (ii) the receiver deems necessary and advisable to carry out the receiver's mandate under this Order; and

  K. to have access to and monitor all mail, electronic mail, text, SMS, or other messaging applications, and video phones of the entities in receivership in order to review such mail, electronic mail, SMS, text, or other messaging applications, and video phones which he deems relates to his business and the discharging of his duties as receiver.

### III.

IT IS HEREBY FURTHER ORDERED that Defendant Digital Licensing Inc. and its subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets (including any digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or any private keys associated with any of the foregoing, whether encrypted or not, or other tangible, intangible, or digital assets of any of the Defendants, wherever located), collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the receiver.

### IV.

IT IS HEREBY FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise who holds, possesses, or controls any account passwords, computer passwords, device PINs or passwords, or cryptographic keys, including any such passwords or cryptographic keys held in any manner in any safe deposit box or pursuant to any other bailee relationship, pertaining in any manner to any assets of any of the Defendants (including any digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or other tangible, intangible, or digital assets of any of the Defendants, wherever located), shall within 5 days of receiving actual notice of this Order provide counsel for the SEC and the receiver with continuing access to all such account passwords, computer passwords, device PINs or passwords, and cryptographic keys, which, if stored in an encrypted state, shall be provided in an unencrypted state.

## V.

IT IS HEREBY FURTHER ORDERED that no officer, agent, servant, employee, or attorney of Defendant Digital Licensing Inc. or of its subsidiaries and affiliates shall take any action or purport to take any action, in the name of Defendant Digital Licensing Inc. or on behalf of Defendant Digital Licensing Inc. or its subsidiaries and affiliates without the written consent of the receiver or order of this Court.

## VI.

IT IS HEREBY FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from Defendant Digital Licensing Inc., or its subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group, or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Defendant Digital Licensing Inc. or its subsidiaries and affiliates; and

C.   doing any act or thing whatsoever to interfere with taking control, possession or management by the receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of Defendant Digital Licensing Inc. or its subsidiaries and affiliates, or in any way to interfere with or harass the receiver or his attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the receiver's duties and responsibilities hereunder.

## VII.

IT IS HEREBY FURTHER ORDERED that Defendant Digital Licensing Inc. and its subsidiaries, affiliates, officers, agents, servants, employees, and attorneys, shall cooperate with and assist the receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the receiver or his attorneys, accountants, employees, or agents, in the conduct of the receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the receiver of the funds, assets, collateral, premises, and choses in action described above.

## VIII.

IT IS HEREBY FURTHER ORDERED that Defendant Digital Licensing Inc. and its subsidiaries and affiliates, shall pay the costs, fees and expenses of the receiver incurred in connection with the performance of his duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the receiver to assist him in carrying out his duties and obligations. The receiver's fees shall not exceed $200,000 during the initial 30 days of the receivership. Further fee limitations, if any, will be set by the Court. All applications for costs, fees, and expenses for services rendered in connection with the receivership

other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

## IX.

IT IS HEREBY FURTHER ORDERED that no bond shall be required in connection with the appointment of the receiver. Except for an act of gross negligence, the receiver shall not be liable for any loss or damage incurred by any of the Defendants, their officers, agents, servants, employees, and attorneys or any other person, by reason of any act performed or omitted to be performed by the receiver in connection with the discharge of his duties and responsibilities.

## X.

IT IS HEREBY FURTHER ORDERED that representatives of the SEC and any other government agency are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Defendant Digital Licensing Inc., and the other entities in receivership, and continuing access to inspect their funds, property, assets, and collateral, wherever located.

## XI.

IT IS HEREBY FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees that may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS HEREBY ORDERED that the motion is GRANTED.

DATED this _____ day of September, 2023.

BY THE COURT:

_____
Magistrate Judge Dustin B. Pead

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MCNEILL VON MAACK and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **ORDER GRANTING TEMPORARY RECEIVER JOSIAS N. DEWEY'S MOTION TO CLARIFY RECEIVERSHIP ORDER** was delivered to counsel of record this 14th day of September, 2023, by filing of the same through the Court's CM/ECF System.

[ ]     Hand Delivery

[ ]     Depositing the same in the U.S. Mail, postage prepaid

[ ]     Electronic Mail

[X]    Submission to the U.S. District Court Electronic Case Filing System


/s/  Camille Coley