Adam L. Grundvig (12106)
KESLER & RUST
68 South Main Street, Suite 200
Salt Lake City, Utah 84101
Telephone: (801) 532-8000
agrundvig@keslerrust.com
*Attorneys for Matthew Fritzsche*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN B OWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON 0. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual;<br><br>            Defendants, | **MATTHEW FRITZSCHE'S MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER**<br><br>Chief Judge Robert J. Shelby<br><br>Case No. 2:23-cv-00482-RJS |

| | |
|---|---|
| ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDING, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company, | |
| Relief Defendants. | |

Under DUCivR 7-1(a)(7), defendant Matthew Fritzsche incorporates by reference certain points by (1) defendants iX Global, Joseph A. Martinez, and Travis Flaherty (the "iX Global Defendants") in their Motion to Dissolve Temporary Restraining Order ("iX Global Mot.", Dkt. 145); and (2) defendants Jason R. Anderson *et al.* (the "Anderson Defendants") in their Motion to Dissolve the Temporary Restraining Order ("TRO") (Anderson Mot., Dkt. 132).

### INTRODUCTION AND INCORPORATION OF OTHERS' POINTS

The Securities and Exchange Commission (the "Commission") has not accused Matthew Fritzsche of any fraudulent or even dishonest conduct. To the contrary, the Commission accuses Fritzsche—via CalmFritz Holdings, LLC (in which Fritzsche has a minority interest)—of being an unregistered broker of digital asset-related software. According to the Commission, that software is an "investment contract" and therefore a "security" that must be registered to be

offered (Compl. 2). As the iX Global Defendants did in their motion, Fritzsche reserves for another day his factual and legal defenses to the Commission's positions.

For now, Fritzsche incorporates by reference the iX Global Defendants':

- Consternation over being treated similarly to dissimilarly situated defendants (iX Global Mot., 3) (noting not all defendants have been accused of the same misconduct yet all are equally restrained)

- Upset over being treated more harshly than defendants in other digital asset cases involving alleged fraud (*id.* at 9-10) (referencing *SEC v. Green United, LLC*[1] and noting the Commission accused all defendants of fraud but did not attempt to freeze any assets)

- Legal arguments the Commission cannot satisfy the Tenth Circuit's standards for obtaining or maintaining a disfavored injunction such as the instant one

Additionally, Fritzsche incorporates by reference the Anderson Defendants':

- Concern about the TRO's enormous disruptive effects (Anderson Mot., 3, 20-22)

- Argument the TRO should be dissolved, including because:
  - of the paucity of federal authority on whether digital asset-related software can be an "investment contract" security, which undermines the Commission's ability to show a substantial likelihood of prevailing on the merits of its securities claims (*id.* at 4)
  - in June or July 2023, defendants did not close any bank accounts or attempt to relocate any assets or funds overseas (*id.* at 10-11)

---

[1] Case No. 2:23-cv-0159 (D. Utah Mar. 3, 2023).

- Arguments the Commission's issuance of *ex parte* administrative investigative subpoenas (the "Subpoenas") was improper, including because the Subpoenas unquestionably relate to the instant action but circumvent applicable federal procedural rules,[2] and this Court should prohibit the Commission's further issuance of subpoenas related to this lawsuit outside of this lawsuit (Anderson Mot. 22-23)

## **CONCLUSION**

Based on the foregoing and the iX Global Defendants and Anderson Defendants' factual and legal positions set forth in their aforementioned motions, this Court should: (1) dissolve the TRO; and (2) enter an order prohibiting the Commission from issuing subpoenas related to the alleged scheme described in its complaint outside of this lawsuit.

Dated this 20th day of September 2023.

                              KESLER & RUST

                              /s/ Adam L. Grundvig

                              Adam L. Grundvig
                              *Attorneys for Matthew Fritzsche*

---

[2] In addition to the procedural concerns shared with the Anderson Defendants, Fritzsche (as a principal of Subpoena recipient Razorback, Inc.) has significant concerns about the Subpoenas' substantive demands. Fritzsche reserves his right to present those substantive concerns if the Commission seeks enforcement in this Court of any Subpoena that affects him.

4

5

## CERTIFICATE OF SERVICE

I certify that I caused to be delivered through CM/ECF filing a true and correct copy of the foregoing **MATTHEW FRITZSCHE'S MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER** on September 20, 2023 to all counsel of record.

/s/ Cindee Elmer