Matthew R. Lewis (7919)
Taylor J. Smith (17537)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, 10th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
mlewis@kba.law
tsmith@kba.law

Jason P. Gottlieb (admitted *pro hac vice*)
David E. Ross (admitted *pro hac vice*)
Alexander R. Yarm (admitted *pro hac vice*)
**MORRISON COHEN LLP**
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
jgottlieb@morrisoncohen.com
dross@morrisoncohen.com
ayarm@morrisoncohen.com

*Attorneys for Defendants Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, and Relief Defendants Business Funding Solutions, LLC; Blox Lending, LLC; The Gold Collective LLC; and UIU Holdings, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENAJMIN F. DANIELS, an | **DEFENDANTS JASON R. ANDERSON, JACOB S. ANDERSON, SCHAD E. BRANNON, AND ROYDON B. NELSON AND RELIEF DEFENDANTS BUSINESS FUNDING SOLUTIONS, LLC, BLOX LENDING, LLC, THE GOLD COLLECTIVE LLC, AND UIU HOLDINGS, LLC'S OPPOSITION TO SEC'S MOTION TO CLARIFY TEMPORARY RECEIVERSHIP ORDER**<br><br>Case No. 2:23-cv-00482-RJS<br><br>Chief Judge Robert J. Shelby |

individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual;

      Defendants,

ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

      Relief Defendants.

## **TABLE OF CONTENT**

**Page(s)**

OPPOSITION TO THE SEC'S AND RECEIVER'S MOTIONS TO CLARIFY TEMPORARY RECEIVERSHIP ORDER ................................................................................... 1

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ............................................... 2

ARGUMENT ............................................................................................................................... 3

CONCLUSION .......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*SEC v. Platform Wireless Int'l Corp.*,
  617 F.3d 1072 (9th Cir. 2010) ...................................................................................................4

**Statutes**

Securities Exchange Act Section 15 ...............................................................................................3

Securities Exchange Act Section 5 .................................................................................................3

Securities Exchange Act Section 10 ...............................................................................................3

Securities Exchange Act Section 17 ...............................................................................................3

**Other Authorities**

www.bloxlending.com .....................................................................................................................5

www.digitalcommunityhouse.com ..................................................................................................6

www.fundyourein.com .....................................................................................................................5

## OPPOSITION TO THE SEC'S AND RECEIVER'S MOTIONS TO CLARIFY TEMPORARY RECEIVERSHIP ORDER

Defendants Jason Anderson ("Jason Anderson"), Jacob S. Anderson ("Jacob Anderson"), Schad E. Brannon ("Brannon"), and Roydon B. Nelson ("Nelson") (collectively "Defendants") and Relief Defendants Business Funding Solutions, LLC ("BFS"), BLOX Lending, LLC ("BLOX Lending"), The Gold Collective LLC ("TGC"), and UIU Holdings, LLC ("UIU") ("Relief Defendants"), by and through undersigned counsel, hereby oppose the SEC and the Receiver's Motions to Clarify the Temporary Receivership Order ("Motions to Clarify"). As discussed below, the Motions to Clarify are without merit.

## PRELIMINARY STATEMENT

As Defendants and Relief Defendants previously stated,

> [i]nstead of attempting to understand Defendants' complex set of legitimate operating businesses in the United States, UAE [United Arab Emirates], and Ghana, the SEC saw some hints of what it believed to be suspicious activities, assumed the worst, without a full and fair investigation, and lumped together all 18 defendants in the Complaint into one "bucket" of culpability.

Defendants and Relief Defendants' Motion to Dissolve ("Motion to Dissolve") at 3 (ECF No. 132). That is exactly what the SEC (and the out-of-state Receiver) continue to do with their Motions to Clarify Receivership Order ("Motions to Clarify")—indiscriminately lumping parties and non-parties together as "affiliates" and falsely suggesting that they engaged in some large-scale fraudulent conduct.

The SEC and Receiver's Motions to Clarify should be denied for three reasons:

*First*, contrary to the SEC's contention, there was no nefarious "conglomerate," executing a "sprawling, fraudulent securities offering." SEC Motion at 1, 8. The six entities—BFS, BLOX Lending, TGC, UIU, non-party Digital Commodity House ("DCH"), and non-party Ignis Energy, LLC ("Ignis Energy")—that are subject to the Motions to Clarify have operated legitimate, real

and separate businesses. In fact, neither the SEC nor the Receiver in their Motions to Clarify present any evidence showing that Defendants operated a fraudulent "conglomerate" of any type.

*Second*, BFS, BLOX Lending, TGC, UIU, DCH and Ignis Energy are not "affiliates" of DLI under the federal securities laws. These entities are not commonly owned, managed, operated, and controlled by Jason Anderson, Jacob Anderson, Brannon, and Nelson. These separate entities engaged in arms-length transactions with DLI that were mutually beneficial, which is why funds were transferred (not "commingled") from one entity to another for payments of services rendered. But such transactional dealings or relationships do not make them an "affiliate" of DLI under the federal securities laws.

*Finally*, there is no need to "clarify" the Receivership Order to include these additional six entities in the Order. Defendants, Relief Defendants, DCH and Ignis Energy have not dissipated any assets—indeed, the SEC and River have identified none. In addition, to the extent that there is any need to manage on-going litigations involving these entities (but unrelated to this matter), the attorneys who are currently retained to do so (not any of the undersigned attorneys or their firms) could continue or resolve them with consultation with the Receiver, as necessary.

We respectfully submit that having the Receiver assume more responsibilities, many unfamiliar to him, because of their highly technical nature, would require hiring more consultants, attorneys, and other support personnel, which will dissipate the receivership estate. In short, adding any of these entities in the Receivership Order would further upset the status quo.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On July 26, 2023, the SEC filed its sealed Complaint against 28 defendants and relief defendants, including Defendants Jason Anderson, Jacob Anderson, Brannon, and Nelson and Relief Defendants BFS, BLOX, TGC, and UIU, for violations of the registration and anti-fraud provisions of the federal securities laws. ECF No. 1.

The gravamen of the SEC's Complaint against Defendants and Relief Defendants is: (1) that Defendants, with respect to Defendant Digital Licensing Inc's ("DLI") offer or sales of "node" software licenses, which the SEC contends is a "security," was engaging in an unregistered securities offering, in violation of Section 5 of the Securities Act of 1933 (the "Securities Act"); (2) that Defendants, in connection with DLI's offer or sales of the licenses, made material misrepresentations, in violation of the anti-fraud provisions under Section 17(a) of the Securities Act and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder; and (3) that Defendants, with respect to DLI's offer or sales of the licenses, acted as an unregistered broker, in violation of Section 15(a)(1) of the Exchange Act. *See generally* SEC's Complaint. As to Relief Defendants, the Complaint alleges that they "unjustly enriched" themselves by receiving "ill-gotten gains" of various amounts that they were not entitled to receive. *See id*. ¶¶ 126-27.

In addition to the Complaint, on July 26, 2023, the SEC filed an *ex parte* emergency application for a TRO/asset freeze and an appointment of a receiver. ECF Nos. 3, 4. On July 28, 2023, after conducting a sealed TRO hearing, the Court granted the emergency relief sought by the SEC, including the issuance of the Receivership Order. Tr. at 24-26.

The Receivership Order named a temporary receiver for "Defendant Digital Licensing Inc. (d/b/a "DEBT Box") and its subsidiaries and affiliates." ECF No. 10 (page 3, Section II)

## ARGUMENT

The SEC argues that Defendants ran a fraudulent "conglomerate" (that is, DLI), which executed a "sprawling, fraudulent securities offering," and that BFS, BLOX Lending, TGC, UIU, and non-party DCH were "affiliates" of that "conglomerate" under the federal securities laws. In addition, the Receiver claims that non-party Ignis Energy is an "affiliate" of that "conglomerate." The Motions to Clarify are without merit.

3

*First*, neither the SEC nor the Receiver has presented a shred of credible and admissible evidence showing that Defendants ran a "conglomerate," which executed a "sprawling, fraudulent securities offering." SEC Motion at 1, 8. Rather, the SEC has presented: (1) the bare allegations in its Complaint—which is (at least in part) demonstrably false and misleading, *see* Motion to Dissolve at 11-13; and (2) its inadequate application for the TRO, which is supported by inadmissible and irrelevant double hearsay, innuendos, and speculations. *See id*. at 14-20 (discussing, with declarations, SEC's failure to present sufficient evidence to make a clear showing of substantial likelihood of prevailing on the merits for the TRO). Similarly, the Receiver provides no evidence to support the SEC's claim that Defendants ran a fraudulent "conglomerate." Thus, no such assumption or inference should be made or drawn in the context of any "motion to clarify."

*Second*, BFS, BLOX Lending, TGC, UIU, DCH and Ignis Energy are not "affiliates" of DLI under the federal securities laws. Under the federal securities laws, "affiliate" is defined as "a person that directly, or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with, such issuer." *SEC v. Platform Wireless Int'l Corp.*, 617 F.3d 1072, 1087 (9th Cir. 2010). "The term control (including the terms controlling, controlled by and under common control with) means the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise." *Id*.

The SEC claims that BFS, BLOX Lending, TGC, UIU, and non-party DCH are "affiliates" of DLI because "each of these entities … are owned, managed, operated, and controlled by the same Defendants (Jason Anderson, Jacob Anderson, Schad Brannon, and Roydon Nelson) that operated and controlled the entity in now in receivership, Defendant Digital Licensing Inc." and that the "financial accounts" of the five entities "were used, interchangeably with DLI's." SEC's

4

Motion to Clarify at 1.  In addition, the Receiver claims that non-party Ignis Energy is an "affiliate" because Nelson and Brannon "manage both DLI and Ignis [Energy]"; because Nelson and Brannon's emails "were consolidated in a single email domain"; and because DLI "transferred significant assets to Ignis for the apparent purchase of oil and gas assets."  Receiver's Motion to Clarify at 3.

The SEC and Receiver are wrong. Prior to the Receivership, DLI was not "owned, managed, operated, and controlled" by all four Defendants--Jason Anderson, Jacob Anderson, Brannon, and Nelson.  Similarly, the six separate entities--BFS, BLOX Lending, TGC, UIU, DCH and Ignis Energy--are not owned, managed, operated, and controlled by the same four defendants. SEC Motion at 1.

The summary of each business follows:

**BFS**:

- o BFS was founded on May 17, 2018 (established 34 months prior to DLI—DLI was found on March 18, 2021).
- o BFS helped secure funding for clients.  BFS also operated as a bill payment services company.
- o BFS is owned, managed, operated and controlled by Jason Anderson alone.  No other Defendant is involved.
- o Website:  www.fundyourein.com.
- o Corporate Address: 1086 Skyler Drive Draper, UT 84020.

Exs. 1, 13 (attached hereto).

**BLOX Lending:**

- o BLOX Lending was founded on July 20, 2020 (established 8 months prior to DLI).
- o BLOX Lending is a private lending company focused on short term fix and flip, hard money, and other collateralized loans.
- o In addition, BLOX Lending is the developer and owner of intellectual property related to blockchain technology using the BEP-20 network.
- o BLOX Lending is owned, managed, operated and controlled by Jason Anderson alone.  No other Defendant is involved.
- o Website www.bloxlending.com (was under construction).

- o   Corporate Address: 13894 S Bangerter Pkwy, Suite 100, Draper, UT 84020.

Exs. 2-3 (attached hereto).

### TGC:

- o   TGC was founded on March 4, 2019 (established 24 months prior to DLI).
- o   The business purpose of TGC was for mining and refining activities. TGC established mining operations in West Africa prior to DLI's existence. Prior to the TRO, TGC was also developing intellectual property related to metals separation of complex ore bodies.
- o   TGC is owned, managed, operated and controlled by Bullion Holdings of Nevada, LLC (Brannon and Nelson). No other Defendant is involved.
- o   Website: None.
- o   Corporate address: 1812 W. Sunset Blvd., Suite 1, St. George, Utah 84770; prior physical address: 1810 East Sahara Avenue, Suite 425, Las Vegas Nevada 89104.

Ex. 8 (attached hereto).

### UIU:

- o   UIU was founded October 30, 2019 (established 17 months prior to DLI).
- o   UIU is a structured buyback program company. UIU has contractual buyback agreements with third parties for a variety of products it is obligated to buy back in a 5-year or 10-year term depending on the agreement; it also lends money to business entities.
- o   UIU is owned, managed, operated and controlled by Jason Anderson alone. No other Defendant is involved.
- o   Website: None.
- o   Corporate address: 16192 Coastal Highway, Lewes, DE 19958.

Ex. 9 (attached hereto).

### DCH:

- o   DCH was founded on October 14, 2022 in Dubai, UAE (this entity was created after closing Digital Commodity Software House ("DCSH"), which was the successor entity for DLI, in Sharja, UAE; DCSH was established on May 31, 2022 and closed on October 14, 2022).
- o   DCH is a permissioned administrator to the "DEBT Box" platform. Because of the TRO, DCH has engaged in no activities concerning the "DEBT Box" platform.
- o   DCH is owned, managed, operated and controlled by Brannon and Nelson only. No other Defendant is involved.
- o   Website: www.digitalcommunityhouse.com (seized by the Receiver)

      o   Corporate address:  DSO-IFZA, IFZA Properties, Dubai Silicon Oasis, UAE.

Exs. 4-7 (attached hereto).

### Ignis Energy:

- Ignis Energy was founded on January 12, 2023 (7 months after DLI moved its operations to UAE).
- Ignis Energy was established as an energy company to acquire or refurbish older oil and gas wells in Oklahoma.
- Ignis Energy is owned, managed, operated and controlled by Nelson only. No other Defendant is involved.
- Website: None.
- Corporate address: 1611 Country Road, Blackwell, OK 74631.

Exs. 10, 14 (attached hereto).

None of these separate entities were created or established for the purpose of supporting DLI—indeed, four of six entities were created *before* DLI was established and the other two were established *after* DLI's operations had ceased in the United States and had moved to UAE.[1] (Also, contrary to the SEC's suggestion, DLI did not share same offices with any of the six entities; DLI's address was 30 N. Gould Street, Suite N, Sheridan, WY 82801.) Rather, BFS, BLOX Lending, TGC, UIU, DCH and Ignis Energy engaged in their own businesses, and BFS, BLOX Lending, TGC, and UIU conducted businesses with many entities, including DLI, through arms-length transactions.

For example, the Receiver asserts that "DLI sent hundreds of thousands of dollars to Ignis to finance its purchase of equipment," Receiver Motion to Clarify at 4, and draws the conclusion that there was a "commingling" of funds between DLI and Ignis Energy. This is incorrect. On January 3, 2023, Ignis Energy took out a loan for $1 million from DCH (not DLI), with a 3% interest per annum. *See* Exhibit 11 (Loan Agreement and Promissory Note between Ignis Energy

---

[1] Prior to the Receivership, but after 2022, DLI remained active only to prosecute and defend pending lawsuits involving it.

and DCH FZCO) (attached hereto). This transaction does not make Ignis Energy into an affiliate of DLI. Otherwise, countless independent businesses with a lender-borrower relationship in the United States and elsewhere will suddenly (and ludicrously) become "affiliates" of each other under the federal securities laws.

Similarly, the SEC incorrectly relies upon the Receiver's discussion of BLOX Lending's receiving "at least $22.4 million in digital cryptocurrency assets from investors and us[ing] those funds to purchase digital asset tokens on behalf of Defendants' investment scheme." SEC Motion to Clarify at 3. Aside from the unfounded claim that there was any "investment scheme," on August 1, 2021, BLOX Lending and DLI entered a Memorandum of Understanding, whereby DLI licensed BLOX Lending's "intellectual property and technology to form an ecosystem that will be known as 'DEBT Box.'" Exhibit 12 (Memorandum of Understanding between BLOX Lending and DCH FZCO) (explaining that "BLOX is the developer and owner of intellectual property related to blockchain technology using the BEP-20 network," including, but not limited to, "Node Software – Smart contract BEP2, BEP 20, Binance Smart Chain") (attached hereto).

The Memorandum of Understanding provides the following:

4. BLOX is entitled to receive one million dollars ($1,000,000.00) per project in licensing fees, due and payable within thirty (30) days of publishing the BEP -20 smart contract.
5. BLOX is also entitled to receive ninety-nine cents ($0.99) per account user (any and all registered free accounts), monthly, in royalty fees due and payable beginning January 1, 2022. BLOX will be responsible to audit yearly on January 1. BLOX will work with DLI if projects are slower and will allow DLI to carry a balance of up to $1 million for ninety (90) days.

*Id*. at unmarked page 1. Contrary to the Receiver's claim, BLOX Lending never received any "digital cryptocurrency asset tokens" from any purchasers of the node software licenses of DLI—let alone any "investors."

8

Further, as discussed in the Motion to Dissolve, DCH was not "created as part of Defendants' effort to move the operations of DLI overseas to avoid SEC regulation." SEC Motion at 5. Rather, like many crypto companies, DLI left for UAE in May 2022, given the regulatory uncertainty in the United States—not avoidance of any regulation. *See* Motion to Dissolve at 12-13. Leaving the United States for a better business climate elsewhere does not show that DCH is involved in some misconduct or that there is any fraudulent intent on Defendants' part.

As stated above, DCH is not commonly owned, managed, operated, and controlled by the same four Defendants (Jason Anderson, Jacob Anderson, Brannon, and Nelson). And instead of addressing that fundamental defect in their arguments, the SEC and Receiver--perhaps revealing how weak of a hand that they hold--claim that BFS, BLOX Lending, TGC, UIU, DCH and Ignis Energy are "affiliates" under the federal securities laws because all emails of Brannon and Nelson, for their convenience, were consolidated to one domain. SEC's Motion to Clarify at 5, Receiver's Motion to Clarify at 4. Suffice it to say, this is nothing more than "grasping at straws," as it fails to show how any of the entities themselves were "affiliates" of DLI under the federal securities laws because of some consolidation of email traffic.

*Finally*, providing this Receiver an additional portfolio of disparate businesses---from private mortgage lending in Utah to minerals mining in West Africa to oil exploration, drilling and transport in Oklahoma—to handle will cause more harm than good. As discussed in the Motion to Dissolve, despite what appears to be a substantial expenditure of resources and money, there is already a real question on whether this Receiver, in his short tenure, has been fairly and effectively managing the receivership estate. *See* Motion to Dissolve at 23-25. Adding more responsibilities and challenges of learning and managing these new businesses that the Receiver is unfamiliar with will likely cause more difficulties and dislocations (including potential environmental issues for

managing Ignis Energy's oil wells and pipelines in Oklahoma). It will, of course, also require even more substantial financial resources for consultants, attorneys and other professionals.

In addition, to the extent that there is any need to manage or resolve on-going (but unrelated) litigations involving DLI, BLOX Lending, and TGC, the attorneys who are currently retained (not any of the undersigned attorneys or their firms) could continue to do so with any consultation with the Receiver, as necessary. In particular, two of these litigations have been long-standing, and removing the attorneys who are currently retained would adversely and severely hurt any likelihood of resolving at least one matter in the near future.

At bottom, in a matter where there is a substantial and pending question on whether a TRO and a receiver should, in the first instance, have been entered and appointed, respectively, and where there is no legitimate and provable claim that the six entities at issue have been liquidating, relocating, or dissipating assets overseas in 2023, these Motions to Clarify would add insult to injury, particularly because of the irreparable harm that the TRO has already caused.

## CONCLUSION

For the foregoing reasons, the SEC and Receiver's Motions to Clarify should be denied in their entirety.

Respectfully submitted,

**KUNZLER BEAN & ADAMSON, PC**
Matthew R. Lewis
Taylor J. Smith

**MORRISON COHEN LLP**

/s/ *David E. Ross*
Jason P. Gottlieb (admitted pro hac vice)
David E. Ross (admitted pro hac vice)
Alexander R. Yarm (admitted pro hac vice)

*Attorneys for Defendants Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson,*

*and Relief Defendants Business Funding Solutions, LLC; Blox Lending, LLC; The Gold Collective LLC; and UIU Holdings, LLC*