Matthew R. Lewis (7919)
Taylor J. Smith (17537)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, 10th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
mlewis@kba.law
tsmith@kba.law

Jason P. Gottlieb (admitted *pro hac vice*)
David E. Ross (admitted *pro hac vice*)
Alexander R. Yarm (admitted *pro hac vice*)
**MORRISON COHEN LLP**
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
jgottlieb@morrisoncohen.com
dross@morrisoncohen.com
ayarm@morrisoncohen.com

*Attorneys for Defendants Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, and Relief Defendants Business Funding Solutions, LLC; Blox Lending, LLC; The Gold Collective LLC; and UIU Holdings, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENAJMIN F. DANIELS, an | **DEFENDANTS JASON R. ANDERSON, JACOB S. ANDERSON, SCHAD E. BRANNON, AND ROYDON B. NELSON AND RELIEF DEFENDANTS BUSINESS FUNDING SOLUTIONS, LLC, BLOX LENDING, LLC, THE GOLD COLLECTIVE LLC, AND UIU HOLDINGS, LLC'S SUPPLEMNENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND MODIFY TEMPORARY RECEIVERSHIP ORDER TO APPOINT A NEW RECEIVER**<br>Case No. 2:23-cv-00482-RJS<br>Chief Judge Robert J. Shelby |

individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual;

      Defendants,

ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

      Relief Defendants.

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISSOLVE THE TRO AND MODIFY TEMPORARY RECEIVERSHIP ORDER**

Defendants Jason R. Anderson ("Jason Anderson"), Jacob S. Anderson ("Jacob Anderson"), Schad E. Brannon ("Brannon"), and Roydon B. Nelson ("Nelson") (collectively "Defendants") and Relief Defendants Business Funding Solutions, LLC ("BFS"), Blox Lending, LLC ("Blox"), The Gold Collective LLC ("TGC"), and UIU Holdings, LLC ("UIU") ("Relief Defendants"), by and through undersigned counsel, hereby submit this Supplemental Memorandum of Law in further support of their Motion to Dissolve the renewed Temporary Restraining Order ("TRO"), including an asset freeze, originally issued *ex parte* on July 28, 2023 and last renewed on September 12, 2023, and to modify the Temporary Receivership Order ("Receivership Order"), issued on July 28, 2023 ("Motion to Dissolve") (ECF Doc No. 132).

In addition to the reasons stated in the Motion to Dissolve, there is yet another compelling reason the Court should immediately dissolve the TRO: Without consent of Defendants and Relief Defendants, the TRO was in effect without any scheduling of a preliminary injunction hearing for 49 days and has been in effect for 60 days (as of this filing) and counting; far longer than the 28-day maximum duration of a temporary restraining order allowed under Rule 65(b)(2) of the Federal Rules of Civil Procedure. In other words, by operation of law, the TRO cannot stand. This reason alone warrants the immediate dissolution of the TRO here.

Accordingly, Defendants and Relief Defendants respectfully request that the Motion to Dissolve be granted, and the TRO be dissolved for this additional reason as well.

## **RELEVANT PROCEDURAL HISTORY**

On July 28, 2023, the Court issued the *ex parte* TRO (ECF Doc. No. 9) after a sealed hearing on the SEC's application for this relief. The TRO has remained in effect ever since, having been renewed by the Court before expiring on four separate occasions: (1) August 7, 2023 (ECF Doc. No. 33); (2) August 17, 2023 (ECF Doc. No. 78); (3) August 29, 2023 (ECF Doc. No. 121); and (4) September 12, 2023 (ECF Doc. No. 136).

Defendants and Relief Defendants did not consent to the issuance of any TROs or preliminary injunction in this case.

In addition, the SEC did not seek a preliminary injunction hearing after the issuance of the first TRO. Thus, prior to September 15, 2023, the date of the first status conference (and the first court appearance involving any defendants or relief defendants), there was no scheduled preliminary injunction hearing.

## ARGUMENT

### THE TRO SHOULD BE DISSOLVED FOR THE ADDITIONAL REASON THAT IT HAS REMAINED IN EFFECT FAR LONGER THAN PERMITTED UNDER RULE 65(b)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 65(b)(2) provides, in relevant part, that:

> Every temporary restraining order issued without notice … expires at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

Fed. R. Civ. P. 65(b)(2).

Courts, including those within the Tenth Circuit, have consistently interpreted Rule 65(b)(2) as limiting the duration of a temporary restraining order to 28 days; an initial period of up to 14 days, subject to extension for another period of up to 14 days (*i.e,*. "a like period") only. *See, e.g., Sample Farms, LLC v. ConocoPhillips Co.*, No. CIV-15-231-D, 2015 U.S. Dist. LEXIS 36636, at *2 (W.D. Okla. Mar. 24, 2015) ("The maximum extension authorized by Rule 65(b)(2) is a second 14-day period, unless Defendant consents to a longer period."); *Isler v. N.M. Activities Ass'n*, Civ. No. 10-00009 MV/WPL, 2010 WL 11623621, at *3 (D.N.M. Feb. 2, 2010) ("The clear weight of authority is that regardless of whether or not notice is provided to the opposing party, a temporary restraining order should not exceed the maximum time allowed by Federal Rule of Civil Procedure 65 absent consent of the opposing party."); *H-D Michigan, LLC v Hellenic Duty Free*

2

*Shops S.A.*, 694 F. 3d 827, 844 (7th Cir. 2012) ("In our view, the language of Rule 65(b)(2) and the great weight of authority support the view that 28 days is the outer limit for a TRO without the consent of the enjoined party, regardless of whether the TRO was issued with or without notice.") (citations omitted). *Accord Pan Am. World Airways, Inc. v Flight Engineers' Intern. Ass'n,* 306 F. 2d 840, 842 (2d Cir. 1962) ("There is no statutory authority for the indefinite, successive extensions of temporary restraining orders."); *Western Watersheds Project v Bernhardt*, 391 F. Supp. 3d 1002, 1007 n.5 (D. Ore. 2019) ("[A]bsent consent of the parties, [a] court may not extend a TRO indefinitely, even upon notice and a hearing.") (citations and quotations omitted).

The strict time limitations codified in Rule 65(b) recognize, and are intended to guard against, the inherent dangers in issuing a temporary restraint before the parties adversely affected by this extraordinary relief (including in an asset freeze) are afforded notice and an opportunity to be heard. The Second Circuit in *Pan American World Airways* further explained the reasons for a time limitation as follows:

> The purpose of a temporary restraining order is to preserve an existing situation in status quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction. Such an order is necessarily limited to a very brief period because what may later prove to be a right of the party who is restrained is suspended before even a tentative adjudication as to that right has been had …. It is because the remedy is so drastic and may have such adverse consequences that the authority to issue temporary restraining orders is carefully hedged in Rule 65(b) by protective provisions. And the most important of these protective provisions is the limitation on the time during which such an order can continue to be effective.

306 F. 2d at 842-43. Thus, the time limits imposed by Rule 65(b)(2) should be strictly adhered to, especially where the relief was granted without notice of a hearing.

Here, the *ex parte* TRO (with an asset freeze) was originally issued, without notice, on July 28, 2023, and was in effect, through four extensions, without any consent from Defendants or

3

Relief Defendants, and without scheduling a preliminary injunction hearing, for 49 days. In total, the TRO has been in effect for 60 days (as of this filing) and counting. During the successive issuance of the TROs, the SEC also did not seek to schedule any preliminary injunction hearing. By any measure, the TRO has been in effect far beyond the 28-day maximum lifespan of a temporary restraining order allowed under Rule 65(b)(2). Thus, this expired TRO, with an asset freeze, should be dissolved at once.

## CONCLUSION

Defendants and Relief Defendants' Motion to Dissolve should be granted for this additional reason as well.

Respectfully submitted,

**KUNZLER BEAN & ADAMSON, PC**
Matthew R. Lewis
Taylor J. Smith

**MORRISON COHEN LLP**

/s/ Alexander R. Yarm
Jason P. Gottlieb (admitted pro hac vice)
David E. Ross (admitted pro hac vice)
Alexander R. Yarm (admitted pro hac vice)

*Attorneys for Defendants Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, and Relief Defendants Business Funding Solutions, LLC; Blox Lending, LLC; The Gold Collective LLC; and UIU Holdings, LLC*