# Exhibit B

# Holland & Knight

One Arts Plaza | 1722 Routh Street, Suite 1500 |Dallas, TX 75201-2532 | T 214.969.1375 | F 214.964.9501
Holland & Knight LLP | www.hklaw.com


Jessica B. Magee
214-969-1375
Jessica.Magee@hklaw.com


September 21, 2023

*<u>Via Email</u>*

Mr. Jeffrey D. Brooks
Mr. Alexander R. Yarm
Morrison Cohen LLP
909 Third Avenue
New York, New York 10022-4784

  Re: *SEC v. Digital Licensing, Inc., et al.,* Case No. 2:23-cv-00482-RJS (D. Utah)

Dear Jeff and Alex:

  Thank you for your time earlier today. As discussed, on behalf of Temporary Receiver Joe Dewey ("Receiver"), this letter serves as a supplement to our prior letter, dated August 19, 2023 ("August 19 Letter"). In our August 19 Letter, we requested that your clients prioritize the production of certain materials as a first step to complying with various provisions of the Court's Order Appointing Receiver ("OAR") [ECF 10], including the requirement to give the Receiver access to and control over <u>all</u> books, records, information, and assets belonging to or managed by Digital Licensing, Inc. and its subsidiaries and affiliates ("Receivership Entities") (OAR, Section III). For efficiency, we have repeated the requests from the August 19 Letter herein.

  We understand that, over the coming weeks, your clients plan to produce certain materials to the Securities and Exchange Commission ("SEC") in response to the SEC's expedited written discovery requests ("Expedited Discovery"). We also understand that such responses to the Expedited Discovery may include documents responsive to one or more of the requests herein. As discussed on the call, we agree with your proposal that a productive first step will be for you to identify which requests below, if any, will be covered in full by responses to the Expedited Discovery. Additionally, we are willing to accept a copy of the Expedited Discovery <u>as an initial step</u> to fulsome and complete compliance with the obligations set forth in the Court's orders. For the sake of clarity, to the extent the responses to Expedited Discovery only cover some of the materials ordered to be turned over—a subset of which is requested here—we remain ready to discuss any good faith proposal your clients are willing to offer to commence and satisfy those obligations in a reasonable time frame.

  Furthermore, notwithstanding their prior declination, we also renew our request to interview your clients regarding the operations, assets, and liabilities of the Receivership Entities. Although time continues to be of the essence, we remain willing to schedule such discussions—virtually or

Morrison Cohen LLP
September 21, 2023
Page 2

in person—early- or after-hours, and on dates and times that work with your schedules and those of your clients.

## Documents, Information, and Materials to be Produced to the Receiver:

1. A list of, or documents sufficient to demonstrate, all entities and individuals who were or are subsidiaries or affiliates of Digital Licensing, Inc., as those terms are commonly used.

    a. This request includes, but is not limited to, parties named in *SEC v. Digital Licensing Inc.*, 2:23-cv-00482-RJS (the "Litigation"). For instance, if "Company X" is a known affiliate but is not listed as a party in the Litigation, you should still include it in your response.

    b. For each entity, please include the following:

        i. the basis for concluding that it is/was a subsidiary or affiliate;

        ii. the entity's EIN / tax identification number, registered agent, officers, members/shareholders, and directors;

        iii. whether the entity has employees (and if so, who), and the physical address(es) for each such entity's operations and receipt of mail; and

        iv. if an entity conducts or conducted business from an office location, provide contact information for any landlord, building management, or the like.

    c. For individuals, please include the following information:

        i. the basis for concluding that they are/were an affiliate (officer, director, control person, etc.); and

        ii. the role and responsibilities each such person had vis-à-vis the Receivership Entities.

    d. For all identified subsidiaries and affiliates, also include the approximate sum of fiat or digital asset sent/provided/received/transferred to or from the Receivership Entities by same.

2. A list, or document sufficient to demonstrate, each entity, individual, or interest that supports, at any time supported, or was considered to potentially support the following projects ("Projects"):

    a. BGLD            c. NATG            e. DLG

    b. GROW            d. XPLR            f. ALUM

Morrison Cohen LLP
September 21, 2023
Page 3

    g. BEV      i. DRIP      k. REV

    h. BLOX      j. DCM

3. All agreements of any kind relating to the foregoing Projects, including all exhibits, schedules, attachments, amendments, restatements, and modifications thereto.

4. Documents sufficient to identify all transfers of fiat or digital assets from any of the Receivership Entities to the following, including the basis for each transfer (salary, reimbursement, etc.):

    a. Jason Anderson      d. Roydon Nelson

    b. Jacob Anderson      e. Emily Eads

    c. Schad Brannon

5. A complete list of the Receivership Entities' employees, contractors, vendors, agents, and representatives.

    a. For each individual, please include their name, relevant Receivership Entity(ies), title, role, and contact information.

    b. For each individual, please denote all "key" personnel as that term is used on p. 24 of ECF 132.

6. Documents sufficient to identify all other individuals or entities besides those identified in response to the foregoing request, who at any time have acted on behalf of or for any of the Receivership Entities' benefit including, but not limited to, entering into agreements or negotiating transactions.

7. Documents sufficient to identify the Receivership Entities' payment of payroll, payroll taxes, employment taxes, supplemental benefits, and other expenses of the Receivership Entities relating to the employment of employees.

8. Documents evidencing all insurance policies and coverage available or applicable to the Receivership Entities.

9. The Receivership Entities' tax returns and documents, including receipts, from which those returns were prepared.

10. Documents sufficient to identify all internal and external account, bookkeeper, controller, auditor, or financial officers for the Receivership Entities.

11. Documents sufficient to identify all manners in which the books and financial records of the Receivership Entities were made and kept including, but not limited to, Excel, Quickbooks, Wave, and SoftLedger.

Morrison Cohen LLP
September 21, 2023
Page 4

12. Each of the Receivership Entities' financial statements and any other documents sufficient to identify all of the Receivership Entities' assets and liabilities.

13. A complete list of all bank, brokerage, and digital asset accounts[1] controlled by the Receivership Entities, on an entity-by-entity basis, or to which they have, or at any time have had, access.

14. Documents relating to each and every oil and gas interest[2], of any kind, in any location, that any Receivership Entity has, or contends it has, or has had including, but not limited to, contracts, communications and correspondence, invoices, receipts, payment records, title documents, lease documents, royalty documents, legal files, memoranda of understanding, letters of interest, letters of intent, insurance policies, transactional agreements and drafts thereof, employee lists, research and production records, regulatory filings, current or former vendor and service provider agreements and contact information.

15. Contact information and copies of any agreements with services providers who are supplying or historically have supplied hosting, domain listing, and/or related support services relating to www.thedebtbox.com, www.digitallicensinginc.com, www.digitalcommodityhouse.com, www.debt.store, and any other website related to the Receivership Entities.

    a. For each of the aforementioned, provide the name of the person or entity in whose name the account is registered as well as login credentials.

16. Access rights to the domains' host and login access to any databases connected to the foregoing websites and any other websites related to the Receivership Entities.

17. All account identifying information, and current/last known login credentials, for every email or other communications channel (Instagram, Twitter, Facebook, SnapChat, Discord, Telegram, YouTube, etc.) used by any of the Receivership Entities or their representatives or by any of their clients relating to the Receivership Entities.

    a. Provide the email address, username, or handle for each officer or employee who communicated on behalf of any of the Receivership Entities over all such channels.

18. A list of every lawyer or law firm engaged to provide legal services to or for any of the Receivership Entities, of any kind, at any time, on any issue, and regardless of location.

19. A list of all litigation, arbitration, and mediation matters to which any of the Receivership Entities is (or was) a party, whether plaintiff, defendant, nominal, or otherwise, regardless

---

[1] The term "digital asset accounts" is meant to be construed broadly to include, but not be limited to, every and any digital asset exchange account, whether centralized or decentralized, and any digital asset wallet address or smart contracts containing, or that have ever contained, Receivership Entities' assets.

[2] Including, but not limited to, ownership of equipment, mineral interests, working interests, royalty interests, drilling or operation rights, and the like.

Morrison Cohen LLP
September 21, 2023
Page 5

    of whether the matter occurred within or outside the United States. For each matter, please include the following:

       a. Matter or case name;

       b. Matter or case number;

       c. Court, tribunal, arbitral body and arbitrator(s), or mediator;

       d. Counsel for the Receivership Entity, and opposing counsel, with associated contact information; and

       e. A summary of the matter and current status.

20. A list of all judgments or liens entered against any of the Receivership Entities, or on any of Receivership Entity's behalf against another, in the last two years. This request specifically includes, but is not limited to, Case No. A-20-820260-C, *DIG CCP LLC v. Bullion of Nevada, LLC, et al.*, in which a judgment was entered—and recently resolved—against Bullion and Schad Brannon. For each judgment or lien, please include:

       a. Information sufficient to identify the judgment or lien; and

       b. A summary of underlying facts or proceedings relating to same.

21. Copies and/or a list of all known existing contractual relationships or agreements—written or unwritten—between any of the Receivership Entities and any entity or individual. This includes, but is not limited to:

       a. Investor or customer agreements;

       b. Lending agreements;

       c. Notes;

       d. Merger or purchase and sale agreements;

       e. LLC agreements;

       f. License or licensing agreements;

       g. Operating agreements;

       h. Royalty agreements;

       i. Working interest agreements;

       j. Lease agreements;

       k. Escrow agreements and any other agreements involving the purchase/sale of real property; and

       l. All agreements with parties purportedly connected to the projects identified on www.thedebtbox.com/projects.

22. Documents sufficient to identify the source of proceeds used by any of the Receivership Entities to purchase or obtain any vehicles (cars, boats, etc.), real properties (primary

Morrison Cohen LLP
September 21, 2023
Page 6

residence, vacation homes, rental properties, undeveloped land, mineral interests, etc.), and any personal property valued at or above $10,000.00 at the time of purchase or receipt, along with all contracts, purchase documents, and receipts documents.

23. A complete investor and customer list for the Receivership Entities.

As ever, do not hesitate to contact us with any questions or concerns.

Respectfully,

*[signature]*

Jessica B. Magee,

Counsel to Joe Dewey, in His Capacity as the Court-Appointed Temporary Receiver

cc:   Mr. Josias Dewey
      Mr. Scott Mascianica
      Mr. Alex M. Englander
      Mr. Jason P. Gottlieb
      Mr. David E. Ross