Matthew R. Lewis (7919)
Taylor J. Smith (17537)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, 10th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
mlewis@kba.law
tsmith@kba.law

Jason P. Gottlieb (admitted *pro hac vice*)
David E. Ross (admitted *pro hac vice*)
Jeffrey D. Brooks (admitted pro hac vice)
Alexander R. Yarm (admitted *pro hac vice*)
**MORRISON COHEN LLP**
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
jgottlieb@morrisoncohen.com
dross@morrisoncohen.com
ayarm@morrisoncohen.com

*Attorneys for Defendants Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, and Relief Defendants Business Funding Solutions, LLC; Blox Lending, LLC; The Gold Collective LLC; and UIU Holdings, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada | **DEFENDANTS JASON R. ANDERSON, JACOB S. ANDERSON, SCHAD E. BRANNON AND ROYDON B. NELSON'S OPPOSITION TO THE RECEIVER'S MOTION FOR CONTEMPT AND FOR SANCTIONS**<br><br>Case No. 2:23-cv-00482-RJS<br>Chief Judge Robert J. Shelby |

corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENAJMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual;

    Defendants,

ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

    Relief Defendants.

Defendants Jason R. Anderson ("Jason Anderson"), Jacob S. Anderson ("Jacob Anderson"), Schad E. Brannon ("Brannon"), and Roydon B. Nelson ("Nelson") (collectively "Defendants"), by and through undersigned counsel, respectfully submit this Opposition to the Receiver's Motion for Contempt and for Sanctions to be Entered against Defendants ("Motion for Contempt and for Sanctions"). (ECF No. 138)

## INTRODUCTION

The day after Defendants and Relief Defendants Business Funding Solutions, LLC ("BFS"), BLOX Lending, LLC ("BLOX Lending"), The Gold Collective LLC ("TGC"), and UIU Holdings, LLC ("UIU") (collectively "Relief Defendants") challenged the out-of-state Receiver's appointment and work in this case in the Motion to Dissolve TRO and Modify Receivership Order to Appoint a New Receiver ("Motion to Dissolve") (ECF No. 132), the Receiver--without first asking for a meet-and-confer with counsel for Defendants--hastily filed its unnecessary and meritless Motion for Contempt and for Sanctions. The gist of the Receiver's claims is that Defendants collectively, without differentiating any particular culpable individual, should be held in contempt and sanctioned because they allegedly violated the Court's TRO and the Receivership Order by not "cooperat[ing] with the Receiver" (that is, principally, not turning over "books and records") and by serving a foreclosure notice. (Motion for Contempt and for Sanctions 1-2, 9).

As discussed below, the Receiver cannot even establish, by clear and convincing evidence, a *prima facie* case that any alleged non-compliance rises to the level of contempt and sanctionable conduct. Indeed, Defendants take the Court's orders very seriously, and Defendants did not disobey them. Confronting extraordinarily difficult circumstances, because of the draconian TRO, asset freeze, and Receivership Order, Defendants nevertheless attempted to comply quickly with

the Receiver's many requests. The Receiver's Motion for Contempt and for Sanctions should be denied.

## RELEVANT PROCEDURAL HISTORY

On September 12, 2023, Defendants and Relief Defendants filed their Motion to Dissolve TRO. In the Motion to Dissolve, Defendants argued that, "[d]espite numerous requests by Defendants, the Receiver has failed in his obligations to properly manage and operate the on-going businesses of Defendants." (Motion to Dissolve at 24) (discussing several deficiencies in the Receiver's handling of his obligations).

On the very next day, September 13, 2023, the Receiver filed his Motion for Contempt and for Sanctions. Before filing his motion, the Receiver did not provide any notice to Defendants or request the opportunity to meet-and-confer. Indeed, the Motion for Contempt and for Sanctions largely focused on a foreclosure issue that the Receiver had never previously raised with Defendants' counsel at any time.

## ARGUMENT

### MOTION FOR CONTEMPT AND FOR SANCTIONS SHOULD BE DENIED

As this Court has explained, in a civil-contempt proceeding, "the plaintiff has the burden of proving, by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998). If the plaintiff is able to establish a *prima facie* case, the "burden shifts to the defendant to show either that he had complied with the order or that he could not comply with it." *SEC v. Bliss*, No. 2:15–cv–00098–RJS, 2015 WL 4877332, at *6

2

(D. Utah Apr. 14, 2015) (Shelby, C.J.) (cleaned up).  Here, the Receiver has not established a *prima facie* case that Defendants disobeyed any court orders in this case.

## I.     Defendants Have Cooperated with the Receiver.

The Receiver complains that Defendants collectively (again lumping everyone in one bucket of culpability) did not cooperate with the Receiver regarding turning over the books and records of the "Receivership Entities." (Motion for Contempt and for Sanctions at 6.)  That is not accurate.  All Defendants and Relief Defendants have cooperated with the Receiver from the outset.

On August 9, 2023, the day after the initial telephone call with the Receiver, counsel for Defendants told the Receiver that "[w]ith respect to DLI, we have been advised that our clients do not have any access to DLI, and we have, in turn, advised them the Receiver is in place for DLI." Ex. 3 to Motion for Contempt and for Sanctions (8/9/2023 email from J. Gottlieb to S. Mascianica). (It is our understanding that the Receiver obtained immediate access to DLI's books and records, except for approximately 420 privileged documents, upon entry of the Temporary Receivership Order.)  In addition, counsel for Defendants added that "[r]egarding turn over [of] DLI's assets and records, we are reviewing what DLI owns or has at this point, given the TRO" and that counsel would respond once they were in a position to do so. *Id*.

Given that Defendants no longer had access to DLI, including the records DLI kept, the focus of the discussions between counsel for Defendants and counsel for the Receiver pivoted to the topic of any crypto assets that Defendants may have possessed or held in custody.  Starting on August 15, 2023, and for the remainder of the month of August, Defendants' efforts were focused on responding to the Receiver's myriad inquiries regarding turning over of the crypto assets, which

included providing lengthy explanations of the crypto assets in various wallets and a spreadsheet showing all of the crypto asset wallets that Defendants were turning over. *See* Exs. 1-5 (multiple email threads, starting from August 15, 2023 to August 29, 2023 showing numerous discussions between counsel for the receiver and Defendants about turning over of the crypto assets) (attached hereto).

On August 19, 2023, while the crypto asset discussions were on going, the Receiver sent a letter requesting, among other things, that the Defendants:

- o   Create a detailed descriptive list of all entities and individuals who are affiliates of DLI;
- o   Compile a list of all DLI bank and brokerage accounts;
- o   Compile a list of everyone who has ever acted on behalf of DLI;
- o   Compile contact information for all service providers;
- o   Compile log-in information for all accounts – including personal email accounts;
- o   Compile a list of every law firm engaged;
- o   Compile a list of all pending litigation;
- o   Compile a list of all judgments;
- o   Compile a list of all known contractual relationships;
- o   Compile a complete DLI customer list; and
- o   Submit to interviews.[1]

---

[1] In light of the aggressive nature of interviews conducted by the Receiver and his counsel of other witnesses, counsel for Defendants declined an invitation to interviews. However, counsel offered to provide whatever other assistance they could provide in lieu of the interviews. Ex. 6 (8/29/2023 email from Alexander Yarm to Jessica Magee, *et al.*, under the "Other Items" section of the email: "We will be happy to address any questions you may have regarding the oil and

Ex. 4 to Motion for Contempt and for Sanctions.

None of the foregoing items are specifically required by the TRO or the Receivership Order. Also, as noted above, Defendants no longer have any access to DLI. Thus, to provide the requested information, Defendants undertook the process, with assistance of counsel, to obtain and compile as much of the requested information as possible by other means. Counsel for Defendants also advised Receiver's counsel of the status of their response to the August 19th letter as follows: "As to your 8/19 letter, our clients have been compiling information, including with respect to oil and gas matters. We will provide a response as soon as we can and are hopeful that will be this week." Ex. 6. While counsel for Defendants were still gathering all the information, the Receiver, without any further discussion, filed this Motion for Contempt and for Sanctions.[2]

No Defendant disobeyed any court orders in this case. Defendants, through counsel, were cooperating – trying to provide to the Receiver as much of the requested information as they could obtain. Counsel for Defendants, in turn, were reviewing the information provided by their clients. While it is regrettable that the process took more time than initially anticipated, Defendants were not trying to disobey--and did not disobey--any court orders.

## II.  Defendants Are Not Attempting to Violate the TRO and the "Lien Provisions" of the Receivership Order.

The Receiver also argues that Defendants collectively (again) attempted to violate the TRO and Receivership Order by attempting to foreclose on a property in Pine Bluffs, Wyoming.

---

gas operations; however, we respectfully decline any invitation for interviews of our clients at this time.") (attached hereto).

[2] The Receiver sent another letter on September 21, 2023, asking substantially the same information and more. We have provided a responsive letter earlier today (September 27, 2023).

(Motion for Contempt and for Sanctions at 6)  That is not correct.  None of Defendants were directly involved in such an attempt, and the foreclosure referrals in question--which were sent *before* the entry of the TRO and the Receivership Order—are no longer active.  No Defendant disobeyed any court orders in this case, and no asset has been dissipated.

The facts, as provided by the attorneys handling the foreclosure matter (not undersigned counsel), are as follows:

> With respect to 6179 County Road 206, Pine Bluffs, WY 82082, on 5/12/22, the borrower/mortgagor (Archer Drilling, LLC) executed a Note and Mortgage to BLOX Lending LLC to secure a loan in the amount of $504,900.00.  The borrower defaulted on the loan by failing to make payment of the monthly installments, commencing with the installment that was due on 8/10/22.  Our office received the foreclosure referral from BLOX Lending on 5/3/23, and our local counsel for Wyoming (Halliday, Watkins & Mann) sent a "Notice of Default and Intent to Foreclose" dated 8/22/23 to the borrower at the subject property.  No further action was taken to advance this non-judicial foreclosure.  On 9/6/23, we received an email from our local counsel which advised us of the attached Temporary Restraining Order that was entered in the subject action brought by the SEC.  Furthermore, on 9/14/23, our client instructed us to place the matter on hold.
>
> We also received a foreclosure referral from BLOX Lending on 5/3/23 for the property located at 54094 Country Road T, Moffat, CO 81143.  According to our file, the foreclosure had not commenced before we received notice of the TRO and instruction to cease working on the foreclosure.

Ex. 7 (September 25, 2023 email from Chris Ford to Alexander Yarm) (attached hereto).

As shown above, these foreclosure referrals were made months before the entry of the TRO and the Receivership Order, and once Relief Defendant BLOX Lending learned that the foreclosure process was commencing for the Pine Bluffs, Wyoming property, it quickly stopped the foreclosure process from proceeding any further.  (As BLOX Lending and Archer Drilling are

6

not "affiliated," BLOX Lending had a right to foreclose on Archer Drilling in May 2023 and follow its normal legal course at that time.)  Other than sending out a "Notice of Default and Intent to Foreclose," the law firm did nothing else regarding the Wyoming property. In addition, BLOX Lending stopped another, separate foreclosure referral, which had not started yet, to avoid any similar concern by the Receiver. Thus, contrary to the Receiver's speculation, there was no foreclosure on any property.

In short, the Receiver has failed to show by clear and convincing evidence that the foregoing actions, which were set in motion months before the entry of the TRO and the Receivership, rose to the level of contempt and sanctionable conduct.

## CONCLUSION

For the foregoing reasons, the Receiver's Motion for Contempt and for Sanctions should be denied.

Respectfully submitted,

**KUNZLER BEAN & ADAMSON, PC**

Matthew R. Lewis
Taylor J. Smith

**MORRISON COHEN LLP**

　　*/s/ Jeffrey D. Brooks*
Jason P. Gottlieb (admitted pro hac vice)
David E. Ross (admitted pro hac vice)
Jeffrey D. Brooks (admitted pro hac vice)
Alexander R. Yarm (admitted pro hac vice)

*Attorneys for Defendants Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, and Relief Defendants Business Funding Solutions, LLC; Blox Lending, LLC; The Gold Collective LLC; and UIU Holdings, LLC*

8