Michael E. Welsh (Massachusetts Bar No. 693537)
welshmi@sec.gov
Casey R. Fronk (Illinois Bar No. 6296535)
fronkc@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel: (801) 524-5796

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual;<br><br>   Defendants, | Case No. 2-23-cv-00482-RJS<br><br>**PLAINTIFF'S OPPOSITION TO THE IX GLOBAL DEFENDANTS' AND MATTHEW FRITZSCHE'S MOTIONS TO DISSOLVE TEMPORARY RESTRAINING ORDER**<br><br>Chief Judge Robert J. Shelby |

ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDING, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

        Relief Defendants.

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................................................. i

**TABLE OF AUTHORITIES** ......................................................................................................... ii

**ARGUMENT** ................................................................................................................................. 1

    I.    THE SEC MAY FREEZE THE ASSETS OF NON-FRAUD DEFENDANTS. ................. 1

    II.    DEFENDANTS' CESSATION OF VIOLATIONS FOLLOWING THE TRO DOES NOT SUPPORT DISSOLUTION OF THE TRO. .................................................................... 4

    III.    THE IX GLOBAL DEFENDANTS HAVE DISSIPATED INVESTOR ASSETS. ........ 5

**CONCLUSION** ............................................................................................................................. 6

# TABLE OF AUTHORITIES

**Cases**

*CFTC v. Kimberlynn Creek Ranch, Inc.*,

   276 F. 3d 187 (4th Cir. 2002) ................................................................................................ 2

*McDonough v. Widnall*,

   891 F. Supp. 1439 (D. Colo. 1995) ......................................................................................... 4

*Prison Legal News v. Fed. Bureau of Prisons*,

   944 F.3d 868 (10th Cir. 2019) ................................................................................................ 4

*SEC v. Cavanaugh*,

   155 F.3d 129 (2d Cir. 1998) ................................................................................................... 2

*SEC v. Gonzales de Castilla*,

   145 F. Supp. 2d 402 (S.D.N.Y. 2001) .................................................................................... 6

*SEC v. Hickey*,

   322 F.3d 1123 (9th Cir. 2003) ................................................................................................ 2

*SEC v. Koracorp Indus., Inc.*,

   575 F.2d 692 (9th Cir. 1978) .................................................................................................. 4

*SEC v. Reynolds*,

   No. 3:08-cv-438-B, 2008 WL 4561560 (N.D. Tex. Oct. 9, 2008) .......................................... 5

*SEC v. The End of the Rainbow Partners, LLC*,

   No. 17-cv-02670, 2019 WL 8348323 (D. Colo. Nov. 25, 2019) ............................................ 2

*Smith v. SEC*,

   653 F.3d 121 (2d Cir. 2011) ................................................................................................... 2

*Vitamins Online, Inc. v. Heartwise, Inc.*,

   71 F. 4th 1222 (10th Cir. 2023) ............................................................................................... 4

Like the DLI Defendants,[1] the iX Global Defendants[2] and Defendant Matthew D. Fritzsche ("Fritzsche") move to dissolve the Court's temporary restraining order. (*See* Dkt. No. 145, herein, "iX Global Motion" or "iX Mot."; Dkt. No. 159, herein "Fritzsche Motion" or "Fritzsche Mot.") To the extent these motions incorporate the legal and factual arguments set forth in the DLI Defendants' motion (*see* Dkt. No. 132), they fail for the same reasons set forth in the SEC's opposition, which is incorporated herein by reference. (*See generally* Dkt. No. 168.) And their additional arguments fare no better, because they are premised on faulty legal assertions that the SEC does not have the ability to freeze the assets of defendants against which it does not allege fraud, and that the SEC's request for injunctive relief has somehow been mooted because the iX Global Defendants are not currently in violation of the Court's TRO. As such, and for the additional reasons set forth below, the iX Global Defendants' and Matthew Fritzche's motions to dissolve the TRO should be denied.

## ARGUMENT

### I.  THE SEC MAY FREEZE THE ASSETS OF NON-FRAUD DEFENDANTS.

The iX Global Defendants and Fritzsche suggest the SEC has somehow overstepped its authority with respect to its request for a temporary restraining order, claiming that in other actions the SEC has not sought similar relief and thus should be precluded from pursuing such relief here. (*See* Dkt. No. 145, iX Mot. at 9–10.; Dkt. No. 159, Fritzsche Mot. at 3.) Defendants cite no legal

---

[1]  Herein, "DLI Defendants" refers, collectively, to Defendants Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, and Roydon B. Nelson, and Relief Defendants Business Funding Solutions, LLC; Blox Lending, LLC; The Gold Collective, LLC; and UIU Holdings, LLC—those individuals and entities who owned and controlled Defendant Digital Licensing Inc. (d/b/a "Debt Box").

[2]  Herein, the "iX Global Defendants" refers, collectively, to Defendants iX Global, LLC, Joseph A. Martinez, and Travis Flaherty.

1

authority—nor can they—for the proposition that the SEC must seek the same relief in every case. Nor is there any legal basis for Defendants' corollary suggestion that they cannot be subject to an asset freeze because the SEC has not charged them with fraud.

To the contrary, it is well-settled law that the Court's equitable powers include the authority to freeze the assets of both parties and nonparties—including Relief Defendants who have not been charged with any violation of the securities laws—to prevent the dissipation of assets that may be available for the benefit of investor victims. *See*, *e.g.*, *SEC v. Hickey*, 322 F.3d 1123, 1131 (9th Cir. 2003) (noting a district court's "broad equitable powers, drawn from a tradition of allowing courts to reach third parties in order to effect orders in securities fraud enforcement actions, authorized [an] asset freeze against a non-party"); *CFTC v. Kimberlynn Creek Ranch, Inc.*, 276 F. 3d 187, 193 (4th Cir. 2002) (affirming freeze of relief defendant's assets). "The plenary powers of a federal court to order an asset freeze are not limited to assets held solely by [an] alleged wrongdoer, who is sued as a defendant in an enforcement action. Rather, federal courts may order equitable relief against a person who is not accused of wrongdoing in a securities enforcement action where that person (1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds." *Smith v. SEC*, 653 F.3d 121, 128 (2d Cir. 2011), quoting *SEC v. Cavanaugh*, 155 F.3d 129, 136 (2d Cir. 1998) (cleaned up); *see also*, *e.g.*, *SEC v. The End of the Rainbow Partners, LLC*, No. 17-cv-02670, 2019 WL 8348323, *14 (D. Colo. Nov. 25, 2019) (unpublished) (denying a relief defendant's request to lift an asset freeze where the relief defendant could not show (1) "she has a legitimate claim to the funds she seeks to release," and (2) "she has funds sufficient to satisfy a disgorgement judgment entered against her if the SEC prevails at trial.").

Here, while the SEC's Complaint does not allege that the iX Global Defendants or Matthew Fritzsche engaged in fraud, the SEC charges these defendants with several violations of the

2

registration provisions of the securities laws, and has provided evidence that each of these defendants received investor funds to which they have no legitimate claim. (*E.g.*, Dkt. No. 3-4, Declaration of Joseph Watkins ("Watkins Decl.") ¶¶ 17, 32, 33, 34, 61–63 & Exs. 27–28; *see also* Dkt. No. 3-11 at Ex. 4, Declaration of Jenny McBride ¶¶ 3–4 & Ex. A.)  Indeed, expedited discovery has already shown that the iX Global Defendants received at least $26 million in investor funds, including through cryptocurrency transactions, and Fritzsche received at least $57,000 (Dkt. No. 3-10 at Ex. 3, Declaration of Karaz Zaki ("Zaki Decl.") ¶¶ 15, 18; *see also* Dkt. Nos. 84, 86, 88, 148.)  None of these defendants present any evidence that they currently have sufficient funds to satisfy a disgorgement judgment equal to these amounts.  As such, the Court has ample authority to maintain an asset freeze on those tainted funds received by these defendants.

What's more, any concerns regarding the iX Global Defendants' ability to continue to conduct their "ordinary business" have already been addressed through stipulated orders regarding the iX Global Defendants' ability to use funds for living and business expenses. (*See* Dkt. Nos. 129, 156.)  The SEC does not intend to prevent these defendants from continuing to conduct business unrelated to the DLI securities offering, or to pay for normal living expenses with funds generated from such business, and has so stipulated. (*See id.*)  What the SEC cannot allow is for these defendants to use tainted funds obtained from their violations of the federal securities laws to further their unrelated business operations or pay for extravagant living expenses.  Defendants do not explain why—under these facts and the stipulated modifications to the TRO's asset freeze provisions—they are being somehow prevented by the TRO from "conduct[ing] ordinary business" (*see* Dkt. No. 145, iX Mot. at 10.)

3

## II. DEFENDANTS' CESSATION OF VIOLATIONS FOLLOWING THE TRO DOES NOT SUPPORT DISSOLUTION OF THE TRO.

Similarly, the iX Global Defendants' assertion that the TRO is unnecessary because they have now "ceased all sales of node software licenses" (*see* Dkt. No. 145, iX Mot. at 7) is not supportable on the facts or the law. There can be no dispute that the only reason the iX Global Defendants have stopped offering node licenses and soliciting investors to purchase them, in violation of the securities laws, is because of the Court's entry of the SEC's requested injunctive relief preventing defendants doing these very things. Defendants did not voluntarily cease selling the node licenses before this suit was filed. (*See* Dkt. No. 145-1, Martinez Decl. ¶ 19.)

In any event, "[v]oluntary cessation does not normally moot a request for injunctive relief," *Vitamins Online, Inc. v. Heartwise, Inc.*, 71 F. 4th 1222, 1246 (10th Cir. 2023), and "[t]he voluntary cessation exception to mootness applies only if the defendant can meet a 'formidable burden' to show that 'the allegedly wrongful behavior could not reasonably be expected to recur.'" *Id.*, quoting *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 881 (10th Cir. 2019). This is especially so in cases where a defendant only ceases illegal activity following court action, because "courts must be particularly skeptical about attaching any significance to contrition under protest," *SEC v. Koracorp Indus., Inc.*, 575 F.2d 692, 698 (9th Cir. 1978), and "[i]t is the duty of the courts to beware of efforts to defeat injunctive relief by protestations of repentance and reform, especially when there is probability of resumption." *McDonough v. Widnall*, 891 F. Supp. 1439, 1445 (D. Colo. 1995) (quotation omitted). As described in the SEC's TRO Motion and supporting declarations, even on the day the SEC filed this case, Defendants were expanding their securities offerings to new investors, and planned to offer even more "node licenses" in the future. Absent the injunctive relief in the TRO, there is no indication that any defendant would have voluntarily ceased their incredibly lucrative offer and sale of the securities at issue.

4

### III.   THE IX GLOBAL DEFENDANTS HAVE DISSIPATED INVESTOR ASSETS.

Finally, and much like the DLI Defendants, the iX Global Defendants claim the TRO should be dissolved because the facts show that a bank (rather than Defendants themselves) chose to close certain of their accounts following reports of potentially fraudulent activity. As an initial matter, the relevant inquiry is not whether iX Global Defendants voluntarily closed certain accounts, but whether dissipation of investor funds is likely. The iX Global Defendants do not dispute that the three bank accounts closed on June 30, 2023 held funds obtained by investors in the DLI node license scheme. Nor do they provide any evidence that these investor funds were preserved following the closure of these accounts.

Regardless, the iX Global Defendants fail to address the specific transactions identified in the declaration of the SEC's accountant, Karaz Zaki, showing dissipation of funds. (*See* Dkt. No 3-10 at Ex. 3, Zaki Decl. ¶ 15.) That is, the iX Global Defendants do not address the fact that less than 2% of the approximately $50.5 million deposited in iX Global accounts during the relevant time period remained as of May 1, 2023 (*id.*), or the substantial withdrawals from another iX Global account (Dkt. No. 168-1, Zaki Supp. Decl., ¶ 10c.) Nor do the iX Global Defendants explain the substantial transfers of funds from iX Global accounts to Defendants and Relief Defendants, including:

- over ***$8.5 million*** to Defendant Digital Licensing, Inc. and accounts controlled by the DLI Defendants (Dkt. No 3-10 at Ex. 3, Zaki Decl. ¶ 15.);

- approximately ***$1.35 million*** to a UAE bank account controlled by Relief Defendant IX Ventures FZCO (*id.*); and

- over ***$3.6 million*** to Defendant Joseph Martinez and Defendant Travis Flaherty. (*Id.*).

Like the DLI Defendants, the proceeds obtained by the iX Global Defendants in connection with the fraudulent offering ***far exceeds*** the total funds currently subject to the asset freeze. *See*

*SEC v. Reynolds*, No. 3:08-cv-438-B, 2008 WL 4561560, at *2 (N.D. Tex. Oct. 9, 2008) (unpublished) (noting that the "Court has discretion to freeze assets to preserve funds, including funds to pay civil penalties in this type of case."); *SEC v. Gonzales de Castilla*, 145 F. Supp. 2d 402, 415 (S.D.N.Y. 2001) (an asset freeze assures that disgorgement, penalties and possibly prejudgment interest can be collected). To prevent further dissipation and to preserve funds that may be recoverable in the event the SEC prevails at trial, the Court should deny the iX Global Defendants' attempts to avoid the asset freeze, and maintain the *status quo*.

## CONCLUSION

For the reasons stated herein, and in the SEC's TRO Motion (Dkt. No. 3) and opposition to the DLI Defendants' motion to dissolve (Dkt. No. 168), the SEC respectfully requests that the Court deny the iX Global Defendants' and Defendant Matthew Fritzsche's motions to dissolve the TRO. In the alternative, to the extent the Court intends to dissolve the TRO, the SEC requests an immediate preliminary injunction hearing.

Dated: September 27, 2023.

                                            Respectfully submitted,

                                            **SECURITIES AND EXCHANGE COMMISSION**

                                            */s/ Michael E. Welsh*
                                            Michael E. Welsh
                                            Casey R. Fronk
                                            Attorneys for Plaintiff
                                            Securities and Exchange Commission

**CERTIFICATE OF SERVICE**

On this 27th day of September 2023, I hereby certify that I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification and service to all counsel of record.

/s/ *Michael E. Welsh*