Romaine C. Marshall (9654)
Jose A. Abarca (12762)
Jonathan E. Schmalfeld (admitted *pro hac vice*)
POLSINELLI PC
2825 E Cottonwood Pkwy, Suite 500
Salt Lake City, UT  84121
Telephone: (801) 999-3504
rmarshall@polsinelli.com
jabarca@polsinelli.com
jschmalfeld@polsinelli.com

*Attorneys for Defendants iX Global, LLC, Joseph A. Martinez,
and Travis Flaherty*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah | **DEFENDANTS IX GLOBAL, LLC, JOSEPH A. MARTINEZ, AND TRAVIS FLAHERTY'S REPLY TO THE SEC'S OPPOSITION TO DISSOLVE TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:23-cv-00482-RJS<br>Chief Judge Robert J. Shelby |

| | |
|---|---|
| limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual, | |
|       Defendants, | |
| ARCHER. DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company, | |
|       Relief Defendants. | |

## INTRODUCTION

Instead of admitting that a TRO freezing the assets of multiple defendants with vastly different situations was mistakenly overbroad and is well past its purpose and need, the SEC seeks to distance itself from the TRO's blanketing breadth by shifting its burden to the iX Global Defendants to show why it should be overturned for being improperly granted. That doesn't change the outcome. Whichever way you look at it, the bottom line is and always has been, because a TRO is such extraordinary, emergency relief – indeed, the type that takes a court's breath away – it cannot be based on evidence that is inaccurate and when it is, such relief should be corrected and overturned.

## ARGUMENT

### I. The SEC Does Not Deny that Bank of America Closed the Accounts that the SEC Used as Evidence of Immediate Irreparable Harm

To obtain the TRO, "certain defendants have taken steps to evade law enforcement," the SEC proclaimed. To obtain the TRO, the iX Global Defendants were closing bank accounts throughout the United States, the SEC proclaimed. To obtain the TRO, the iX Global Defendants "removed over $720,000 in investor funds from those bank accounts," the SEC proclaimed. Compl., Dkt. 1, ¶ 6; Mot. for TRO, Dkt. 3, p. 11. To be sure, if all the above were the case the TRO may have been justified. But it was not the case and it was a mistake to inaccurately assert as much, as if flippantly, and even if it was not blatantly false to inaccurately assert as much, it is false just the same.

Obtaining injunctive relief under these types of circumstances is not supported by any jurisprudence anywhere, at least not in these United States. The opposite is true, in fact, and injunctions sought and obtained without more are highly disfavored no matter who the party seeking injunctive relief is. *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016); *Free the Nipple-Fort Collins v. City of Fort Collins, Colo.,* 916 F.3d 792, 797 (10th Cir. 2019) ("To get a disfavored injunction, the moving party faces a heavier burden on the likelihood-of-success-on-the-merits and the balance-of-harms factors: She must make a 'strong showing' that these tilt in her favor.").

Doubling down desperately, the SEC proclaims that the iX Global Defendants "do not address that less than 2% of the approximately $50.5 million deposited in iX Global accounts during the relevant time period remained as of May 1, 2023," as if they must. SEC Opp'n to Mot. to Dissolve TRO ("SEC Opp'n"), Dkt. 169 at 5. The iX Global Defendants do not dispute that "a

3

vast majority of iX Global's revenue is paid to the [independent business owners] it supports" or that some of its business came from the now-ceased node software license sales, in which it was expected to pay those involved with such sales. iX Global Defs.' Mot. to Dissolve TRO ("Mot. to Dissolve"), Ex. 1, Martinez Decl., Dkt. 145-1, ¶¶ 16 and 19.  However, payments made in a business situation and as required, before the filing of any lawsuit where those payments are in dispute, is not evidence of the type of immediate and irreparable harm the SEC had the burden of proving to this Court, and indeed to uphold the TRO even now. *See Deer Creek Water Corporation v. City of Oklahoma City*, Case No. CIV-19-1116-SLP, 2020 WL 5333028, at *3 (W.D. Okla. Sept. 4, 2020) (unreported) ("generalized economic circumstances do not support the issuance of an injunction; otherwise, federal courts would distribute injunctions left and right during times of economic hardship and would withhold all such injunctions for business owners in times of economic boom.").

The SEC has failed to sustain its burden under Fed. R. Civ. P. 65 and should not be permitted to indiscriminately maintain an injunction after the evidence has shown it was granted based on information that was false and inaccurate. *See In re Qwest Communications Intern., Inc. Securities Litigation*, 243 F.Supp.2d 1179, 1187 (D. Colo. 2003) ("The imposition of injunctive relief in these unsettled circumstances risks financial Armageddon for [defendants] on the one hand for imponderous gain to the plaintiffs on the other.").

**II.    The SEC's Dissimilar Treatment of Similar Defendants is Evidence of *Arbitrary and Capricious* Action by an Agency**

The SEC, of course, is not *required* to seek a preliminary injunction against any party to litigation. However, "when agencies articulate legal standards on a case-by-case basis, they must justify different results reached on similar facts to lend predictability and intelligibility to agency

4

actions, promote fair treatment, and facilitate judicial review." *Grayscale Investments, LLC v. SEC*, Case No. 22-1142, 2023 WL 5536704, at *3 (D.C. Cir. Aug. 29, 2023).  To act otherwise is the quintessence of arbitrariness and caprice. *Id*.

The iX Global Defendants are not required to show the SEC acted arbitrarily and capriciously in seeking its *ex parte* TRO to have that TRO lifted.  However, it is telling that the SEC cannot point to a single reason why a continuing TRO is required in this case but not required in *Green United* or *Binance*.  *See* Mot. to Dissolve at 9-10 (describing a case currently before the Honorable Bruce S. Jenkins in which the SEC, despite allegations of fraud, filed a case against the defendants casually, in comparison to this case).  "[W]hatever the applicable standard of review, the aim is always to ensure that, while persons in dissimilar situations may be treated differently, the law treats like alike." *SECSYS, LLC v. Vigil,* 666 F.3d 678, 684 (10th Cir. 2012); *see also Raymond M. v. Beacon Health Options Inc*., 463 F. Supp. 3d 1250, 1266 (D. Utah 2020) (failure to provide reasoning for dissimilar treatment of similar situations is arbitrary and capricious).

### III. The Balance-of-Harm Factors Are Not Met for the TRO, a Disfavored Injunction

Throughout its briefing, the SEC does not once cite to the applicable case law in the Tenth Circuit for the imposition of a disfavored injunction. The only case law dealing with injunctions from this circuit the SEC cites to, *SEC v. End of the Rainbow Partners*, was an unpublished case decided under a standard which the Court has already noted is in direct contradiction with *Diné Citizens* and *Winters. SEC v. End of the Rainbow Partners*, Case No. 17-cv-02670-MSK-NYW, 2019 WL 8348323, at *4 (D. Colo. Nov. 25, 2019) (unreported) ("[p]roof of irreparable injury or the inadequacy of other remedies as in the usual suit for injunction is not required."); *compared with Diné Citizens*, 839 F.3d at 1281; ("Under *Winter*'s rationale, any modified test which relaxes

5

one of the prongs for preliminary relief and thus deviates from the standard test is impermissible.").[1]

The iX Global Defendants, however, continue to face ongoing reputational and business harm, which is exacerbated by a Court record which shows an injunction against them based on the SEC's false and misleading evidence. *See, e.g.*, Sollitt Shannon, *Utah crypto 'brokers' were 'showering themselves' in cash from $50M fraud, SEC alleges*, The Salt Lake Tribute, *available at* https://www.sltrib.com/news/2023/08/04/utah-crypto-brokers-were-showering/ (last visited Oct. 2, 2023) ("On June 26, 2023, iX Global — a multilevel-marketing business that promoted DEBT Box software licenses — began closing its American bank accounts, the SEC said, and it has since removed over $720,000 in investor funds from them."). Even under its stipulation with the SEC, iX Global is required to keep almost $1 million in cash on hand, a large ask for any small business and something that significantly impairs its ability to operate at optimal efficiency. *See In re Qwest Communications,* 243 F.Supp.2d at 1187 (holding that requiring a business keep cash on hand failed to meet Rule 65 requirements and improperly burdened defendant).

## **CONCLUSION**

The SEC painted the Court a picture that was unquestionably inaccurate. Nevertheless, even now with corrected information the SEC would still have the Court believe that multiple defendants with vastly different situations were flight risks aiming to leave the country, to escape

---

[1] While the SEC does cite to some 10th Circuit precedent regarding the voluntary cessation exception to mootness, as its own cited cases hold this is only appropriate "to counteract the possibility of a defendant ceasing illegal action long enough to render a lawsuit moot and then resume the illegal conduct," or "evade judicial review ... by temporarily altering questionable behavior" *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 881 (10th Cir. 2019) (internal quotations and citations omitted). Mr. Martinez, a decorated veteran, has stated under oath that the iX Global Defendants have ceased node license sales. To this extent this Court wishes to preliminarily enjoin the iX Global Defendants from conducing further node license sales during the pendency of this action, the iX Global Defendants have no objection to that.

the jurisdictions in which they have made a home and found purpose, in which they have established small businesses and have deep connections to their communities. Without more the Court should dissolve the TRO against the iX Global Defendants, enabling them to resume their businesses unimpeded by the TRO which was granted based on inaccurate information, and grant all further relief which the Court deems just and proper.

Dated: October 4, 2023

                            POLSINELLI PC

                          /s/ *Jose A. Abarca*
                          Romaine C. Marshall
                          Jose A. Abarca
                          Jonathan E. Schmalfeld

                          *Attorneys for Defendants iX Global, LLC, Joseph A. Martinez, Travis Flaherty, and Flaherty Enterprises, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October 2023, the foregoing document was served *via* CM/ECF to all counsel of record.

*/s/ Kaitlin Morgan*
