Matthew R. Lewis (7919)
Taylor J. Smith (17537)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, 10th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
mlewis@kba.law
tsmith@kba.law

Jason P. Gottlieb (admitted *pro hac vice*)
David E. Ross (admitted *pro hac vice*)
Alexander R. Yarm (admitted *pro hac vice*)
**MORRISON COHEN LLP**
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
jgottlieb@morrisoncohen.com
dross@morrisoncohen.com
ayarm@morrisoncohen.com

*Attorneys for Defendants Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, and Relief Defendants Business Funding Solutions, LLC; Blox Lending, LLC; The Gold Collective LLC; and UIU Holdings, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENAJMIN F. DANIELS, an | **DEFENDANTS JASON R. ANDERSON, JACOB S. ANDERSON, SCHAD E. BRANNON, AND ROYDON B. NELSON AND RELIEF DEFENDANTS BUSINESS FUNDING SOLUTIONS, LLC, BLOX LENDING, LLC, THE GOLD COLLECTIVE LLC, AND UIU HOLDINGS, LLC'S MOTION FOR EXTENSION OF TIME TO FILE ANSWER OR RESPONSE TO THE COMPLAINT**<br>Case No. 2:23-cv-00482-RJS<br>Chief Judge Robert J. Shelby |

individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual;

    Defendants,

ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

    Relief Defendants.

Pursuant to Fed R. Civ. P. 6(b)(1)(A) and 16(b)(4), and DUCivR 7-1(a)(2)(a), Defendants Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, and Roydon B. Nelson, (collectively, the "Defendants"), and Relief Defendants Business Funding Solutions, LLC, Blox Lending, LLC, The Gold Collective LLC, and UIU Holdings, LLC (collectively, the "Relief Defendants"), by and through undersigned counsel, hereby submit this Motion for Extension of Time to File Answer. For good cause shown herein, this motion should be granted, the current scheduling order amended, and Defendants and Relief Defendants granted one additional week to Answer the complaint.

## **ARGUMENT**

Under Fed. R. Civ. P. 6(b)(1), the Court may extend time to complete an act so long as the moving party demonstrates "good cause"—i.e., that "the deadline cannot be met despite the movant's diligent efforts." *Bramhall v. Cyprus Credit Union*, No. 219CV00477RJSDAO, 2020 WL 4596934, at *2 (D. Utah Aug. 11, 2020). In reviewing requests under the rule, the Court must construe it "liberally … to advance the goal of trying each case on the merits." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016). And on this note the 10th Circuit has intimated that "district courts should normally grant extension requests, made before the deadline, in the absence of bad faith by the requesting party or prejudice to another party." *Id.* (citing with approval *Federal Practice and Procedure* § 1165, at 605–08 (2015)). The circumstances here satisfy these standards.

Since entering this case (only weeks before Defendants and Relief Defendants' Answer was originally due) Counsel has been under a tremendous load to come up to speed with the facts of the case and keep pace with the exceptional amount of briefing that has occurred. This condensed time frame and this substantial workload justify a short seven-day extension.

As the Court is aware, the parties met on September 15, 2020, to establish a schedule by which an Answer (or Motion to Dismiss) would be filed; the parties and the Court selected October

6, 2023, as that date. However, in a matter of days the situation changed. On September 18, 2023, a TRO dissolution hearing was scheduled on that same day, October 6, 2023. Once this realization occurred, Counsel had confidence in the ability to comply with the deadline notwithstanding the double-duty occurring on that day. But over the last two weeks, the workload has been heavier than anticipated, and it has become apparent that the current deadline (placing the deadline to respond to the SEC's Complaint and the TRO hearing on the same day) is unworkable if Defendants and Relief Defendants truly desire to file a substantive response to the Complaint that deals with its contents thoroughly and on the merits.

The briefing schedule for the TRO dissolution hearing substantially increased Counsel's workload. And the ongoing discovery for the upcoming preliminary injunction hearing did not pull any punches either. In fact, on top of the discovery work, and Counsel's other matters (including a trial last week in the Southern District of New York), the parties have presented at least 5 substantive filings in the past four weeks alone. All this has come with a cost—that is, impossibility in creating the time to properly respond to the Complaint. As this issue came to a head, Counsel sought to work with the SEC to secure a two-week extension. Despite Utah Code Jud. Admin. 14-301 ¶ 14, which states that "Lawyers shall agree to reasonable requests for extension of time … when doing so will not adversely affect their clients' legitimate rights," the SEC would not agree. Upon approaching the matter further and seeking to establish a mutually beneficial briefing schedule allowing for a one-week extension, which would account for the ongoing schedule as well as the SEC's interests in preparing for the Preliminary Injunction hearing, the SEC still would not relent. Accordingly, having retained their desire to respond to the Complaint thoroughly and on the merits (in what is expected to be a somewhat complicated motion to dismiss involving in-

2

depth legal and factual arguments), Defendants and Relief Defendants are left with no other recourse than to seek the Court's intervention on the matter.

Given the liberal standards applicable to motions to extend, the Court should grant the minimal time requested here. Not only is a short seven-day window unlikely to interfere with the remainder of the Court's schedule in this case, it is also unlikely to prejudice the SEC. Not a single defendant has yet provided an answer to the SEC's Complaint, and this extension will not interfere with the simultaneous progression of the case against each independently represented defendant. Moreover, Defendants and Relief Defendants have not sought this extension in bad faith. First, they initially believed they could comply with the deadline until the realities of the current workload interfered with those plans. And, the short length of the extension, and the current status of the underlying proceedings, do not warrant a conclusion that Defendants or Relief Defendants are seeking any kind of unfair advantage.

## CONCLUSION

As such, this motion should be granted, and Defendants and Relief Defendants allowed an additional seven days, until October 13, 2023, to file a pleading responsive to the complaint.

    Respectfully submitted,

    **KUNZLER BEAN & ADAMSON, PC**
    Matthew R. Lewis
    Taylor J. Smith

    **MORRISON COHEN LLP**

    /s/ David E. Ross
    Jason P. Gottlieb (admitted pro hac vice)
    David E. Ross (admitted pro hac vice)
    Alexander R. Yarm (admitted pro hac vice)

    *Attorneys for Defendants Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, and Relief Defendants Business Funding Solutions,*

              *LLC; Blox Lending, LLC; The Gold Collective*
              *LLC; and UIU Holdings, LLC*