Maria E. Windham (10761)
Justin T. Toth (8438)
Jamie Z. Thomas (9420)
Emily B. Nuvan (17722)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
jtoth@rqn.com
mwindham@rqn.com
jthomas@rqn.com
enuvan@rqn.com

*Attorneys for Defendant Ryan Bowen*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF UTAH - NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> *Plaintiff,* <br><br> v. <br><br> DIGITAL LICENSING INC., (d/b/a "DEBT Box") a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS LLC (d/b/a the "FAIR PROJECT"),  a Utah limited liability company; BRENNAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual, <br><br> *Defendants.* | **DEFENDANT RYAN BOWEN'S ANSWER TO THE COMPLAINT** <br><br> Case No. 2:23-cv-00482-RJS <br><br> Judge Robert J. Shelby |

Defendant Ryan Bowen ("Bowen"), through his undersigned counsel, hereby answers the Securities and Exchange Commission's ("SEC") Complaint as follows:

## SUMMARY OF THE ACTION

Bowen objects that this "Summary of the Action" section is a preface containing legal arguments and conclusions to which a factual response is not required. To the extent a factual response is required by Bowen, Bowen generally denies the allegations contained therein and denies that the SEC is entitled to the relief sought against him.

1. In response to paragraph 1, Bowen denies that he has engaged in a fraudulent securities offering or defrauded investors. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations relating to each of the other Defendants, and on that basis, denies such allegations.

2. In response to paragraph 2, Bowen denies that he has unlawfully promoted the alleged DEBT Box "node software licenses" and he denies making the alleged representations. Bowen is aware that DEBT Box offers crypto investments, Jason Anderson solicited Bowen to purchase DEBT Box crypto investments, and Bowen purchased DEBT Box crypto investments based on Jason Anderson's representations. Bowen observed or has been told that several of the other Defendants promoted purchases of DEBT Box crypto investments. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations relating to each of the other Defendants, and on that basis, denies such allegations.

3. In response to paragraph 3, Bowen denies making the alleged representations. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations relating to each of the other Defendants, and on that basis, denies such allegations.

4.      In response to paragraph 4, Bowen denies touting real projects and real assets as supporting value of DEBT Box tokens. Bowen denies making the alleged false representations. Bowen further denies misappropriating any investor funds for personal gain. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations relating to each of the other Defendants, and on that basis, denies such allegations.

5.      In response to paragraph 5, Bowen denies that he has engaged in any fraudulent unregistered securities offering and denies offering or unlawfully promoting securities in DEBT Box or the FAIR Project. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations relating to each of the other Defendants, and on that basis, denies such allegations.

6.      In response to paragraph 6, Bowen denies that he has taken any steps to evade law enforcement. Bowen denies involvement in any alleged actions of DEBT Box or iX Global, LLC. Bowen heard that DEBT Box was moving its operations to UAE. With respect to allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations as to each of the other Defendants, and on that basis, denies such allegations.

7.      In response to paragraph 7, Bowen denies he engaged in past or ongoing violations of the federal securities laws, and he denies he harmed investors. Bowen denies the SEC is entitled to any of the relief sought against him. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to each of the other Defendants, and on that basis, denies such allegations.

## JURISDICTION AND VENUE

8.      Paragraph 8 constitutes a legal conclusion to which no response is required. To the extent a response is required from Bowen, Bowen denies the allegations.

9.      Paragraph 9 constitutes a legal conclusion to which no response is required. To the extent a response is required from Bowen, Bowen denies the allegations.

10.     Paragraph 10 contains a legal conclusion to which no response is required. To the extent a response is required from Bowen, Bowen admits that he resides in and transacts business in the District of Utah. Bowen denies that he has engaged in any violations. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to each of the other Defendants and on that basis, denies such allegations.

11.     Paragraph 11 is denied as to Bowen. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to each of the other Defendants and on that basis, denies such allegations.

12.     Paragraph 12 is denied as to Bowen. With respect to allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

## DEFENDANTS

13.     Paragraph 13 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen has been informed that DEBT Box is operated by the DEBT Council, including the individuals referenced. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis, denies such allegations.

14.     Paragraph 14 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen admits that, to his knowledge, Jason R. Anderson is a resident of Utah who has described himself to Bowen as the "co-founder" and "co-owner" of DEBT Box. Bowen has been informed that Jason Anderson also controls BLOX Lending, LLC. Bowen further states that Bowen was solicited by Jason Anderson to provide funding for a purchase of Lazy Magnolia Brewing Company, LLC. Bowen has copies of agreements reflecting that Bowen's company, Bowen Investments LLC, is a member together with Jason Anderson's company, BLOX Lending, LLC, in LM Holdings Investments, LLC, which was assigned the membership interests of Lazy Magnolia Brewing Company, LLC. Bowen denies offering or making the alleged representations regarding DEBT Box's BEV token. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies such allegations.

15.     Paragraph 15 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen admits that, to his knowledge, Jacob S. Anderson is a resident of Utah and is Jason Anderson's brother. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis, denies such allegations.

16.     Paragraph 16 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen is informed that Schad Brannon is a member of the DEBT Council that controls DEBT Box.  Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis, denies such allegations.

17.     Paragraph 17 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen is informed that Roydon Nelson is a member of the DEBT Council that controls DEBT Box. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis, denies such allegations.

18.     Paragraph 18 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

19.     Paragraph 19 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

20.     In response to paragraph 20, Bowen admits that he is a resident of Utah and affirmatively alleges that he is currently 47 years old. Regarding "Bowen's" alleged membership in "Lazy Magnolia," Bowen refers to his response to paragraph 14 above describing his current interest in Lazy Magnolia. Bowen denies that he solicited investors to purchase crypto asset securities offered by DEBT Box and the remaining allegations of paragraph 20.

21.     Paragraph 21 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen is informed that iX Global was a multi-level marketing company that has partnered with DEBT Box and markets DEBT Box crypto investments. Bowen is further informed that Joseph Martinez is associated with iX Global and solicits investments in DEBT Box crypto. Bowen lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained therein, and on that basis, denies such allegations.

22.     Paragraph 22 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

23.     Paragraph 23 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen is informed that Benjamin Daniels has solicited investments in DEBT Box crypto. Bowen is also informed that Daniels has solicited investments in FAIR Project crypto. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis, denies such allegations.

24.     Paragraph 24 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen is informed that Mark Schuler goes by "Billy Beach." Bowen is informed that Schuler has solicited investments in DEBT Box crypto. Bowen is also informed that Mark Schuler has solicited investments in FAIR Project crypto. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis, denies such allegations.

25.     Paragraph 25 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

26.     Paragraph 26 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen is informed that Travis Flaherty has solicited investments in DEBT Box crypto. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis, denies such allegations.

27.     Paragraph 27 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen is informed that Alton Parker also goes by "Dr. Buck Parker." Bowen is also informed that Alton Parker has solicited investments in DEBT Box crypto and FAIR Project crypto. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis, denies such allegations.

28.     Paragraph 28 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen is informed that the FAIR Project offers crypto investments. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis, denies such allegations.

29.     Paragraph 29 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen is informed that Brendan Stangis has solicited investors to purchase DEBT Box crypto investments. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis, denies such allegations.

30.     Paragraph 30 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient

to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

## RELIEF DEFENDANTS

31.     Paragraph 31 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

32.     Paragraph 32 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen is informed that Business Funding Solutions is a business owned by Jason Anderson. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis, denies such allegations.

33.     Paragraph 33 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen is informed that Jason Anderson owns and is a manager of BLOX Lending, LLC. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis, denies such allegations.

34.     Paragraph 34 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

35.     Paragraph 35 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient

to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

36. Paragraph 36 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

37. Paragraph 37 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

38. Paragraph 38 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

39. Paragraph 39 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

40. Paragraph 40 is not directed to Bowen and does not require a response from him. To the extent that a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

## FACTS

### I. Background on Digital Assets and Blockchain Technology.

41.     In response to paragraph 41, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

42.     In response to paragraph 42, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

43.     In response to paragraph 43, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

44.     In response to paragraph 44, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

45.     In response to paragraph 45, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

### II. Defendants Raised Money from Investors with False Representations of an Investment in Crypto Backed by "Real World" Businesses.

46.     In response to paragraph 46, Bowen denies he engaged in an offering of the alleged securities to investors. Bowen affirmatively alleges that Bowen himself purchased DEBT Box crypto investments after being solicited to do so by Jason Anderson. Bowen lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46, and on that basis, denies such allegations.

47.     In response to paragraph 47, Bowen purchased DEBT Box crypto investments based on representations of Jason Anderson did so following instructions of Jason Anderson and DEBT Box. Bowen understood that DEBT Box advertised that the DEBT Box crypto investments were supported by real world assets in a variety of industries. Bowen denies detailed knowledge of DEBT Box crypto including whether DEBT Box promised proportional allocation of profits from DEBT Box business partnerships. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis, denies such allegations.

48.     In response to paragraph 48, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

49.     In response to paragraph 49, Bowen denies he engaged in an offering of the alleged DEBT Box securities to investors. Bowen denies he made the alleged representations to investors. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis, denies such allegations.

50.     Paragraph 50 is denied as to Bowen. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to each of the other Defendants and on that basis, denies such allegations.

51.     Paragraph 51 is denied as to Bowen. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to each of the other Defendants and on that basis, denies such allegations.

52.     In response to paragraph 52, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

53.     In response to paragraph 53, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

**III.    Defendants Pooled Investor Funds to Finance the Scheme.**

54.     In response to paragraph 54, Bowen states that the statements in this Paragraph are accurate as to certain investments he made in DEBT Box licenses. Bowen lacks knowledge or information of other investors' investments sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis, denies such allegations.

55.     In response to paragraph 55, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

56.     Paragraph 56 is denied as to Bowen. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendants, and on that basis, denies such allegations.

**IV.    Defendants Continue to Expand Their Offerings.**

57.     Bowen denies the allegations relating to Bowen in paragraph 57. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to the remaining defendants, and on that basis, denies such allegations.

58.      In response to paragraph 58, Bowen states he was not involved in the FAIR Project, but he was told or observed on social media that Schuler, Daniels, and Parker were offering crypto

investments in the FAIR Project, and that they were partnering with Jason Anderson. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis, denies such allegations.

59.     In response to paragraph 59, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

**V.     Defendants Offered and Sold Unregistered Securities to Investors.**

60.     Bowen denies the allegations relating to Bowen in paragraph 60. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning each of the other Defendants, and on that basis, denies such allegations. Additionally, allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Bowen denies the remaining allegations.

61.     Bowen denies the allegations relating to Bowen in paragraph 61. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning each of the other Defendants, and on that basis, denies such allegations.

62.     Bowen denies the allegations related to Bowen in paragraph 62. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning each of the other Defendants, and on that basis, denies such allegations.

63.     In response to Paragraph 63, Bowen states he did not register or give notice of any offering of DEBT Box and or FAIR Project. However, Bowen denies the implication that offered these investments and/or was required to register them or provide notice of an offering. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning each of the other Defendants, and on that basis, denies such allegations.

VI.    **DEBT Box, Jason Anderson, Jack Anderson, Brannon, Nelson, Western Oil, and Franklin Made Misrepresentation to Investors in Connection with the Securities Offerings.**

64.    Paragraph 64 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

A.    *Misrepresentations Concerning the Node Software Licenses*

65.    Paragraph  65 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

66.    Bowen denies the allegations in paragraph 66 to the extent they relate to Bowen as one of the defined "Defendants". Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the remaining defendants, and on that basis, denies such allegations.

67.    Paragraph 67 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

B.    *Misrepresentations Concerning DEBT Box's Supposed Oil Drilling Operations*

68.    Paragraph 68 and its subparts a through g are not directed to Bowen and do not require a response from him. To the extent a response is required from Bowen, Bowen lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

      a.      Bowen incorporates by reference his general response to Paragraph 68.

      b.      Bowen incorporates by reference his general response to Paragraph 68.

      c.      Bowen incorporates by reference his general response to Paragraph 68.

      d.      Bowen incorporates by reference his general response to Paragraph 68.

      e.      Bowen incorporates by reference his general response to Paragraph 68.

      f.      Bowen incorporates by reference his general response to Paragraph 68.

      g.      Bowen incorporates by reference his general response to Paragraph 68.

69.      Bowen denies the allegations in paragraph 69 to the extent they relate to Bowen as one of the defined "Defendants."  Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the remaining defendants, and on that basis, denies such allegations.

70.      Bowen denies the allegations in paragraph 70 to the extent they relate to Bowen as one of the defined "Defendants."  Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the remaining defendants, and on that basis, denies such allegations.

71.      Paragraph 71 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

72.      Paragraph  72 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient

to form a belief as to the truth of the allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

### C. *Misrepresentations Concerning DEBT Box's Proprietary Satellite Technology*

73.     Paragraph 73 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

74.     Paragraph 74 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

75.     Paragraph 75 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

76.     Paragraph 76 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

77.     Bowen denies the allegations in paragraph 70 to the extent they relate to Bowen as one of the defined "Defendants."  Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the remaining defendants, and on that basis, denies such allegations.

78.     Paragraph 78 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

79.     Paragraph 79 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

**D.     *Misrepresentations Concerning Lazy Magnolia and Fictitious Contracts***

80.     Bowen denies the allegations relating to Bowen in paragraph 80. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the other named defendants, and on that basis, denies such allegations.

81.     Bowen denies the allegation that he made claims regarding Lazy Magnolia that were false and misleading. Bowen denies the allegation that Lazy Magnolia at no point had contracts with any bottling distributors or retailers. To Bowen's knowledge, Lazy Magnolia has a contract with Richards Rainwater, for example, and also distributes bottled beer to retailers. Bowen admits he is informed that Lazy Magnolia has not generated over 12 million dollars a month in revenue during the relevant time period, and Bowen has been informed that Lazy Magnolia's net income in 2022 was close to $100,000. Bowen affirmatively alleges that he did not represent to anyone that Lazy Magnolia generated over 12 million dollars a month in revenue. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the other named defendants, and on that basis, denies such allegations.

82.     Bowen denies the allegations that Bowen wrongfully made or participated in the alleged misrepresentations regarding Lazy Magnolia's revenues and bottling contracts. Bowen admits he is informed that Jason Anderson, Jake Anderson, Brannon and Nelson are members of the DEBT Council. Bowen admits that Jason Anderson was intimately involved in making an investment in Lazy Magnolia. Bowen states that Jason Anderson solicited Bowen to participate with Jason and with another couple to provide a hard money loan for the purchase of Lazy Magnolia to third-party Renegade. Renegade made representations to Bowen regarding contracts held by Lazy Magnolia to obtain the hard money loan. Bowen denies he had access to all of Lazy Magnolia's books and records at the time. Bowen admits that he was later informed that Lazy Magnolia was not profitable, and of the contracts held by Lazy Magnolia. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, as to each of the other named defendants, and on that basis, denies such allegations.

## VII.   Defendants DEBT Box, Jason Anderson, Jake Anderson, Brannon, Nelson, and Bowen Engaged in Deceptive Acts to Defraud Node Software License Investors.

83.     Bowen denies the allegations relating to Bowen in paragraph 83. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the other named defendants, and on that basis, denies such allegations.

84.     Paragraph 84 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

85.     Paragraph 85 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient

to form a belief as to the truth of the allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

86.     Bowen denies the allegations relating to Bowen in Paragraph 86. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the other named defendants, and on that basis, denies such allegations.

87.     Paragraph 87 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

88.     Paragraph 88 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

89.     Paragraph 89 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

## VIII.  Defendants Jason and Jake Anderson, Brannon, Nelson, Bowen, iX Global, Martinez, Daniels, Schuler, Core 1 Crypto, Flaherty, Stangis, and Fritzche Violated the Federal Securities Laws by Acting as Unregistered Brokers.

90.     In response to paragraph 90, Bowen denies that he solicited investors to purchase DEBT Box node software licenses in exchange for transaction-based compensation. Bowen admits that he was not registered with the Commission as a broker or dealer during the relevant period nor was he associated with a broker or dealer registered with the Commission. Bowen lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the other named defendants, and on that basis, denies such allegations.

91.     Paragraph 91 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen states that he has observed social media posts promoting DEBT Box made by other named defendants, including posts on Instagram. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

92.     Paragraph 92 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen states that he has observed social media posts regarding a partnership between DEBT Box and iX Global relating to sales of node software licenses. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

93.     Paragraph 93 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen states that he has observed social media posts from other named defendants associated with IX Global promoting DEBT BOX node software licenses. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

94.     Paragraph 94 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient

to form a belief as to the truth of the allegations contained therein, and on that basis, denies such allegations.

95.     Paragraph 95 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen has heard or observed other defendants making claims on social media and elsewhere that they received compensation for selling investments in DEBT Box crypto. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

96.     Bowen denies the allegations relating to Bowen in paragraph 96.   Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein as to each of the other named defendants, and on that basis, denies such allegations.

97.     Bowen denies the allegations relating to Bowen in paragraph 97. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein as to each of the other named defendants, and on that basis, denies such allegations.

98.     Bowen denies the allegations relating to Bowen in paragraph 98. Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein as to each of the other named defendants, and on that basis, denies such allegations.

99.     Bowen denies the allegations relating to Bowen in paragraph 99.   Bowen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained therein as to each of the other named defendants, and on that basis, denies such allegations.

100.     Paragraph 100 is not directed to Bowen and does not require a response from him. To the extent a response is required from Bowen, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as to each of the named defendants, and on that basis, denies such allegations.

**FIRST CLAIM FOR RELIEF**
**Violation of Section 5(a) and (c) of the Securities Act [15 U.S.C. § 77e(a) and (c)]**
***(Against All Defendants)***

101.     Bowen incorporates his responses contained in the preceding paragraphs as if fully set forth herein.

102.     Bowen denies the allegations relating to Bowen contained in paragraph 102. With respect to allegations against other Defendants, Bowen lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies the same.

103.      Bowen denies the allegations relating to Bowen contained in paragraph 103. With respect to allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

104.     Bowen denies the allegations relating to Bowen contained in paragraph 104. With respect to allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

**SECOND CLAIM FOR RELIEF**
**Violations of Section 17(a)(1) and (3) of the Securities Act [15 U.S.C. § 77q(a)(1), (3)]**
***(Against DEBT Box, Jason Anderson, Jake Anderson, Brannon, Nelson, and Bowen)***

105.     Bowen incorporates his responses contained in the preceding paragraphs as if fully set forth herein.

106.    Bowen denies the allegations relating to Bowen contained in paragraph 106. With respect to allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

107.    Bowen denies the allegations relating to Bowen contained in paragraph 107. With respect to allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

108.    Bowen denies the allegations relating to Bowen contained in paragraph 108. With respect to allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

109.    Bowen denies the allegations relating to Bowen contained in paragraph 109. With respect to allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

### THIRD CLAIM FOR RELIEF
**Violations of Section 17(a)(2) of the Securities Act [15 U.S.C. § 77q(a)(2)]**
***(Against DEBT Box, Jason Anderson, Jake Anderson, Brannon, Nelson, Western Oil, and Franklin)***

110.    Bowen incorporates his responses contained in the preceding paragraphs as if fully set forth herein.

111.    Paragraph 111 does not contain any allegations against Bowen and no response by Bowen is required. To the extent a response is required with  respect to the allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

112.    Paragraph 112 does not contain any allegations against Bowen and no response by Bowen is required. To the extent a response is required with respect to the allegations against other

Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

113.     Paragraph 113 does not contain any allegations against Bowen and no response by Bowen is required. To the extent a response is required with respect to the allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

### FOURTH CLAIM FOR RELIEF
**Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5(a) and (c) [17 C.F.R. § 240.10b-5(a) and (c)]**
***(Against DEBT Box, Jason Anderson, Jake Anderson, Brannon, Nelson, and Bowen)***

114.     Bowen incorporates his responses contained in the preceding paragraphs as if fully set forth herein.

115.     Bowen denies the allegations relating to Bowen contained in paragraph 115. With respect to allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

116.     Bowen denies the allegations relating to Bowen contained in paragraph 116. With respect to allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

117.     Bowen denies the allegations relating to Bowen contained in paragraph 117. With respect to allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

**FIFTH CLAIM FOR RELIEF**
**Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b) and Exchange Act Rule 10b-5(b) [17 C.F.R. § 240.10b-5(b)]**
**(*Against DEBT Box, Jason Anderson, Jake Anderson, Brannon, Nelson, Western Oil, and Franklin)***

118.     Bowen incorporates his responses contained in the preceding paragraphs as if fully set forth herein.

119.     Paragraph 119 does not contain any allegations against Bowen and no response by Bowen is required. To the extent a response is required with respect to the allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

120.     Paragraph 120 does not contain any allegations against Bowen and no response by Bowen is required. To the extent a response is required with respect to the allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

121.     Paragraph 121 does not contain any allegations against Bowen and no response by Bowen is required. To the extent a response is required with respect to the allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

**SIXTH CLAIM FOR RELIEF**
**Violations of Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)]**
**(*Against Jason Anderson, Jake Anderson, Nelson, Brannon, Martinez, Flaherty, Schuler, Daniels, Bowen, Stagis, Fritzsche, iX Global, and Core 1 Crypto)***

122.     Bowen incorporates his responses contained in the preceding paragraphs as if fully set forth herein.

123.     Bowen denies the allegations relating to Bowen contained in paragraph 123. With respect to the allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

124.     Bowen denies the allegations relating to Bowen contained in paragraph 124. With respect to allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

## SEVENTH CLAIM FOR RELIEF
### Equitable Disgorgement
### (*Against All Relief Defendants*)

125.     Bowen incorporates his responses contained in the preceding paragraphs of the Complaint as if fully set forth herein.

126.     Bowen denies the allegations contained in paragraph 126 to the extent they relate to Bowen as one of the defined "Defendants." With respect to the allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

127.     Paragraph 127 does not contain any allegations against Bowen and no response by Bowen is required. To the extent a response is required with respect to the allegations against other Defendants, Bowen lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the same.

## PRAYER FOR RELIEF

Bowen denies that the SEC is entitled to any of the relief requested in its Prayer for Relief against Bowen, including any of the relief requested in paragraphs I through X thereof.

## AFFIRMATIVE DEFENSES

Bowen hereby asserts the following affirmative defenses to the Complaint and each purported cause of action stated therein without assuming the burden of proof. Bowen reserves his right to seek to amend the Answer in the event that additional affirmative defenses are identified in discovery.

### FIRST AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, because the Complaint fails to state a claim against Bowen for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Claims in asserted in the Complaint are barred in whole or in part because Bowen relied in good faith on the judgment and advice of counsel or other professional.

### THIRD AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, because any actions taken by Bowen were in good faith.

### FOURTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, because Bowen did not know of facts by which liability is alleged to exist.

### FIFTH AFFIRMATIVE DEFENSE

The claims and request for equitable relief asserted in the Complaint are barred, in whole or in part, because any alleged violation of law did not cause or result in any injury as a result of any action taken by Bowen.

## SIXTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, because the restraints and penalties sought are excessive and thus violate Bowen's rights under the federal constitution.

## SEVENTH AFFIRMATIVE DEFENSE

Exemption(s) from registration under the Securities Act apply to any transaction(s) alleged by the Securities and Exchange Commission to be unregistered sales of securities.

## EIGHTH AFFIRMATIVE DEFENSE

Bowen has no liability for actions of any other person who is alleged to have violated securities laws because he did not know of the facts constituting the alleged violation and his ignorance of the violation was reasonable.

## NINTH AFFIRMATIVE DEFENSE

To the extent that any of the Defendants who issued or promoted the investments in DEBT Box that are alleged to be securities establish by motion to dismiss or otherwise that the investments do not qualify as securities, the Commission also does not have jurisdiction over its claims against Bowen relating to the same investments.

DATED this 13th day of October 2023.

**RAY QUINNEY & NEBEKER P.C.**

*/s/ Emily B. Nuvan*
Maria E. Windham
Justin T. Toth
Jamie Z. Thomas
Emily B. Nuvan

*Attorneys for Defendant Ryan Bowen*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of October 2023, I electronically filed the foregoing **DEFENDANT RYAN BOWEN'S ANSWER TO THE COMPLAINT** with the Clerk of Court using the CM/ECF system, with the Clerk of Court using the CM/ECF system, which sent notification of the same to all counsel of record.

*/s/ Marci Meyers*

1651819