Adam L. Grundvig (12106)
KESLER & RUST
68 South Main Street, Suite 200
Salt Lake City, Utah 84101
Telephone: (801) 532-8000
agrundvig@keslerrust.com
*Attorneys for Matthew Fritzsche*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN B OWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON 0. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual;<br><br>            Defendants, | **MATTHEW FRITZSCHE'S MOTION TO DISMISS**<br><br>Chief Judge Robert J. Shelby<br><br>Case No. 2:23-cv-00482-RJS |

| | |
|---|---|
| ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDING, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,<br><br>            Relief Defendants. | |

Under Federal Rule of Civil Procedure 12(b)(6) and DUCivR 7-1(a)(7), defendant Matthew Fritzsche moves this Court to dismiss plaintiff Securities and Exchange Commission ("SEC")'s complaint and incorporates by reference certain points by defendants: (1) iX Global, Joseph A. Martinez, and Travis Flaherty (the "iX Global Defendants") in their Motion to Dismiss ("iX Global MTD", Dkt. 182); and (2) Brendan Stangis in his Motion to Dismiss Plaintiff's Complaint ("Stangis MTD", Dkt. 192).

## INTRODUCTION

In their motion to dissolve plaintiff's temporary restraining order, the heretofore-called "Anderson Defendants" succinctly state "The SEC got this case wrong. Badly wrong." *See* Anderson Defendants' Motion to Dissolve TRO (Dkt. 132), 1. This Court recently expressed agreement with aspects of that sentiment. En route to granting several motions to dissolve the TRO, this Court identified several statements by the SEC that were wrong because they were

"false", "misleading", or "mischaracteriz[ations]."  *See* Tr. Oct. 6, 2023 Zoom Motion Hrg. 14:21-15:6; 17:6-18; 22:21-24; 24:12-17; 25:15-26:22.

The SEC's conduct in this case appears borne of a systemic overreach by the SEC, where it—through enforcement actions like the instant one and unclear guidance—attempts to "shape policy in a way that falls outside the rulemaking process".  *See* American Action Forum, Insight, Sep. 26, 2023, "Overreach at the SEC", https://www.americanactionforum.org/insight/overreach-at-the-sec/ (accessed Oct. 13, 2023) (author Thomas Kingsley noting the "awkward" enforcement/guidance paradigm's unsettling application to digital assets like crypto).  As this Court has noted, unchecked discretion can be dangerous in our system of government.  *See* Tr. Oct. 6, 2023 Zoom Motion Hrg. 12:2-11 (this Court likening "the power that the lawyers for the [SEC]" have to the superlatively "unchecked power" of "prosecutorial discretion").

## ARGUMENT

Matthew Fritzsche hereby joins in the iX Global MTD and Stangis MTD and incorporates by reference all arguments made therein.  As these defendants convincingly demonstrate, the SEC, in addition to getting some of the (material) facts wrong, asserts securities claims against defendants: (1) without establishing the underlying software is a "security" under applicable law, (2) in violation of the "major questions doctrine", and (3) in contravention of due process and fair notice.  Two points warrant brief elucidation.

First, as with Mr. Stangis, the SEC's allegations involving Mr. Fritzsche are scant.  The SEC's complaint specifically mentions Mr. Fritzsche 20 times—in the caption; in paragraphs 30, 34, 62, 96, 98-99 (collectively identifying his age, residency, agent status for a relief defendant; alleging he solicited investors to purchase unregistered DEBT Box crypto asset securities and

received transaction-based compensation for such solicitations); in paragraphs 97, 100 (collectively alleging Fritzsche handled and routed investor funds, including U.S. dollars and bitcoin, to various accounts, and helped investors set up wallets respecting their software); in the Sixth Claim for Relief (paragraphs 123-124, collecting alleging Mr. Fritzsche solicited the purchase and sale of the crypto software "securities" without being registered with the SEC as a broker); and once in the Prayer for Relief.  *See* Compl. 8-9, 17, 26-28, 33.  The complaint also lumps Mr. Fritzsche together with "All Defendants" in the SEC's First Claim for Relief (paragraphs 101-04, collectively alleging Mr. Fritzsche offered to sell or sold unregistered securities).  *See id.* at 28.  There are no allegations or claims of fraud against Mr. Fritzsche.

Second, the SEC's position about what is a security in the digital assets industry has been, and remains, an evasive moving target.  *See* iX Global MTD, 16-21 (detailing the SEC's approach to digital assets).  As Mr. Kingsley of the American Action Forum recently put it, the SEC "asserts that cryptocurrencies are securities because [it] says so."  *See* American Action Forum, Insight, Sep. 26, 2023, "Overreach at the SEC", https://www.americanactionforum.org/insight/overreach-at-the-sec/ (accessed Oct. 13, 2023). That approach is unfair and unlawful.

## CONCLUSION

Based on the foregoing and on the factual and legal positions set forth in the incorporated motions to dismiss, this Court should dismiss plaintiff's complaint.

Dated this 13th day of October 2023.

         KESLER & RUST

         /s/ Adam L. Grundvig

         Adam L. Grundvig
         *Attorneys for Matthew Fritzsche*

## CERTIFICATE OF SERVICE

I certify that I caused to be delivered through CM/ECF filing a true and correct copy of the foregoing **MATTHEW FRITZSCHE'S MOTION TO DISMISS** on October 13, 2023 to all counsel of record.

         /s/ Cindee Elmer