Should takJason A. McNeill (9711)
 mcneill@mvmlegal.com
Eric K. Schnibbe (8463)
 schnibbe@mvmlegal.com
**MCNEILL | VON MAACK**
236 South 300 East
Salt Lake City, Utah 84111
Telephone: 801.823.6464

Jessica B. Magee *(admitted pro hac vice)*
 jessica.magee@hklaw.com
Scott F. Mascianica *(admitted pro hac vice)*
 scott.mascianica@hklaw.com
Andrew W. Balthazor *(admitted pro hac vice)*
 andrew.balthazor@hklaw.com
**HOLLAND & KNIGHT**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: 214.969.1700

*Attorneys for Josias N. Dewey,
Court-Appointed Temporary Receiver*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited | **TEMPORARY RECEIVER'S STATUS REPORT REGARDING TRANSITION, WIND DOWN, AND CONCLUSION OF THE RECEIVERSHIP**<br><br>Case No. 2:23-cv-00482-RJS-DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

| | |
|---|---|
| liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual,<br><br>    Defendants,<br><br>ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,<br><br>    Relief Defendants. | |

    Josias Dewey, in his capacity as the Court-appointed Temporary Receiver ("Receiver") for Digital Licensing, Inc. ("DLI") and its affiliates and subsidiaries files this Status Report Regarding Transition, Wind Down, and Conclusion of the Receivership ("Report") summarizing actions undertaken (i) to date in accordance with this Court's Temporary Receivership Order ("Receivership Order") [ECF No. 10]; and (ii) since the Court's October 6, 2023 Order dissolving the Temporary Restraining Order ("TRO") [ECF No. 187] and, consequently, determining that the Receivership should not continue beyond a transition period ("Transition Order") [ECF No. 187].

1

# I.
# STATUS SUMMARY

1.       The Receivership is actively and effectively winding down. Information, assets, and materials are being provided—or in some cases are ready to be provided—to the Morrison Cohen Parties. And the Receiver agrees that control over DLI can be immediately returned to its prior identified directors—Defendants Nelson and Brannon—or others whom the Morrison Cohen Parties may identify. The Receiver received the Morrison Cohen Parties' proposed transition plan on October 12, 2023 and responded with requested revisions on October 13, 2023 and proposed times to meet and confer and provide another update on transition activities. However, despite efforts, a meet and confer did not occur between the Morrison Cohen Parties and the Receiver in the time allowed by the Transition Order. Therefore, in accordance with the Transition Order, the Receiver submits this individual status report.

2.       The Receiver will continue to (i) comply with the Court's Receivership Order and Transition Order; and (ii) engage with the Morrison Cohen Parties in good faith as he carries out winding down and transition activities, and until the conclusion and dissolution of the Receivership, which the Receiver believes can occur very soon.

# II.
# RECEIVER'S EFFORTS TO DATE AND
# AFTER ENTRY OF THE TRANSITION ORDER

3.       Since his appointment in this matter, the Receiver and his engaged professionals have undertaken a number of actions to carry out the duties, responsibilities, and obligations outlined in the Receivership Order, including as previously summarized in the Receiver's Declarations dated September 1, 2023 and September 14, 2023 [ECF Nos. 125-1 and 144-1], First Status Report [ECF No. 139], and Interim Status Report [ECF No. 161] and as reflected through

the Receiver's efforts to secure cooperation and compliance from the Morrison Cohen Parties, which culminated in a Motion for Contempt and Sanctions [ECF. No. 138] (denied as moot in the Transition Order).

4. In its October 6, 2023 Transition Order, the Court dissolved the TRO. Because the Court established the Receivership and appointed the Receiver as a result of the Securities and Exchange Commission's ("SEC") *ex parte* motions in this action, the Court also determined on October 6, 2023 that the Receivership should be wound down and concluded following a transition period.

5. Promptly after the hearing, the Receiver began taking steps to (i) halt ongoing work; (ii) immediately notify the Morrison Cohen Parties of time sensitive Receivership matters; and (iii) outline actions to be taken to ensure a prompt and complete return of control, materials, and assets to the Morrison Cohen Parties ("Transition"). This included contacting and conducting a teleconference on October 6, 2023 with the Morrison Cohen Parties to inform them of hearings set in certain pending lawsuits involving DLI or assets potentially belonging to the Receivership ("Ancillary Litigation").

6. In the days since entry of the October 6, 2023 Transition Order, the Receiver has taken a number of actions to ensure a prompt Transition, while also continuing to adhere to the pending Receivership Order. Among other things, the Receiver has:

   a. Updated the Receivership website to notify readers of the Transition Order and pending wind down of the Receivership;

   b. Updated the Receivership email inbox with an automated response stating that the TRO was dissolved and that the Receivership is concluding, following a transition period that will involve the Morrison Cohen Parties. This automated response also states that the Receiver is no longer processing any submissions, and will no longer

3

    actively monitor the inbox and that, instead, the Receiver's efforts will be focused on winding down the Receivership;

c. Updated the Receivership telephone hotline with a recorded message also noting that the Receiver is no longer processing any submissions, and will no longer actively monitor the inbox and that, instead, the Receiver's efforts will be focused on winding down the Receivership;[1]

d. Notified (and in several instances continuing to take steps to notify) courts and counsel in Ancillary Litigation that the TRO was dissolved and the Receivership will conclude after Transition;

    i. Where necessary the Receiver has also withdrawn motions to stay or notified courts of the Transition Order and intent to withdraw such motions;

    ii. Additionally, in one such matter, the Receiver has provided the Morrison Cohen Parties with received discovery responses from a litigant;

e. Prepared and transmitted to the Morrison Cohen Parties a schedule of digital assets received from them and expressed readiness to return same pending their guidance on receiving addresses where the assets should be sent;

f. Prepared to return or transmit DLI fiat assets to accounts or parties to be identified by the Morrison Cohen Parties;

g. Notified banks, digital asset exchanges, financial service providers, the Bureau of Land Management, and others to whom the Receiver provided the TRO and Receivership Order, informing them that the TRO was dissolved and that the Receivership will conclude after Transition;

h. Notified Dentons LLP (prior counsel for DLI) that it should cease producing any materials to the Receiver and considered options for returning or otherwise appropriately handling documents received therefrom;

i. Identified other steps necessary to complete the Transition, including:

    i. remove the Receiver as the authorized signatory for DLI's bank account at Mountain America Credit Union, pending direction from the Morrison Cohen Parties regarding who should replace the Receiver in this regard;

---

[1] The Receiver is prepared to take down the Receivership website, inbox, and hotline upon dissolution of the Receivership or as otherwise agreed with the Morrison Cohen Parties or directed by this Court.

    ii. return control of DLI's registered agent, pending direction from the Morrison Cohen Parties regarding to whom such control should be transferred;

    iii. withdraw powers of attorney and notices of the Receiver's appointment filed with the Internal Revenue Service;

    iv. eliminate forwarding of mail addressed to DLI to the Receiver; and

    v. provide to the Morrison Cohen Parties control over—or directions to control—DLI's internet domains and digital workspaces, including emails, upon direction from Morrison Cohen Parties regarding to whom control should be provided.

### III.
### TRANSITION PLANNING
### AND ORDERLY WIND DOWN AND CONCLUSION OF THE RECEIVERSHIP

7. The Transition Order directed the Morrison Cohen Parties to deliver a proposed Transition Plan to the Receiver, and further directed such parties to meet and confer regarding same and, thereafter, provide joint or individual status reports to this Court regarding same.

8. On October 12, 2023, the Morrison Cohen Parties delivered to the Receiver a proposed order outlining their suggested approach to completing a Transition, and invited the Receiver to review, comment, and meet and confer about same ("Defendants' Proposal"). *See* Exhibit A (Oct. 12, 2023 email); Exhibit B (Defs.' Proposal).[2]

9. The next day, on October 13, 2023, the Receiver provided the Morrison Cohen Parties a revised version of Defendants' Transition Proposal, incorporating additional provisions conforming to the terms of the Temporary Receivership Order and designed to ensure both an effective Transition and an orderly wind down and conclusion of the Receivership ("Receiver's

---

[2] Following the October 6, 2023 hearing, the Receiver provided the Morrison Cohen Parties updates regarding certain Transition actions.

Revised Transition Proposal"). *See* Exhibit C (Oct. 13, 2023 email); Exhibit D (Receiver's Revised Transition Proposal). In addition, the Receiver (i) accepted the Morrison Cohen Parties' invitation to meet and confer regarding the Receiver's Revised Transition Proposal; and (ii) offered to also provide further update regarding the Receiver's ongoing efforts to complete the Transition and wind down the Receivership. *See* Ex. C.

10. The Receiver's Revised Transition Proposal contemplates immediate return of control over DLI to Defendants Brannon and Nelson, DLI's pre-Receivership directors. It also provides a timeline for (i) the Receiver to deliver to the Morrison Cohen Parties a written transition report summarizing Receivership activities and ongoing information handoff to ensure a smooth Transition; (ii) payment of the Receivership's fees and expenses in accordance with Section VIII of the Receivership Order; and (iii) the Morrison Cohen Parties and the Receiver jointly advising this Court regarding completion of the foregoing items (i) and (ii) plus any final remaining wind down activities to be completed, such that, upon completion of foregoing items (i), (ii), and (iii) the Court can enter an order concluding and dissolving the Receivership, relieving the Receiver of his duties and obligations under the Receivership Order, and releasing the Receiver from any liability or claims for actions taken pursuant to the Receivership Order.

11. Although the Morrison Cohen Parties offered to meet and confer and the Receiver proposed times to do so, the Receiver did not hear back from the Morrison Cohen Parties and the Transition Order's meet and confer deadline passed without the Receiver and the Morrison Cohen Parties meeting and conferring.

12. Nevertheless, the Receiver continues taking steps to prudently carry out his duties under both the Receivership Order and the Transition Order, and he remains ready to

(i) consummate a return of control over DLI to the whomever the Morrison Cohen Parties direct; and (ii) conclude the Receivership following completion of remaining wind down actions. The Receiver is making good and efficient progress in this regard, and reports the following—in addition to those actions taken, and to be taken, as outlined above:

    a. The assets and materials to be returned to the Morrison Cohen Parties are comprised of digital and fiat assets, information about the Ancillary Litigation, and documents obtained from DLI, or from third parties about DLI, during the Receivership. The Receiver is prepared to turn these items over to the Morrison Cohen Parties upon guidance from them regarding delivery timing and mechanics.

    b. There are no physical premises to turnover, or locks to change, to return control of property to the Morrison Cohen Parties. As previously reported, the Receiver believes that certain Morrison Cohen Parties and certain other parties in this action conducted operations from the same building in Utah, but DLI was not identified on the lease and, given the language of the Receivership Order, the Receiver therefore could not, and did not, take possession of those premises.

    c. DLI has not generated any revenue during the Receivership. The Receiver has not paid federal income taxes, nor filed any tax return or other documents with the Internal Revenue Services during the Receivership. The Receiver has not identified any evidence indicating that DLI has ever filed a tax return.

    d. The Receiver does not have the authority to, and has not, sold, liquidated, pledged, encumbered, or assigned any assets or claims during the Receivership.

    e. The Receiver has not filed any claims or instituted any actions during the Receivership.

    f. No claims have been filed, or actions instituted, against the Receiver during the Receivership. The Receiver is aware of one lawsuit newly filed during the Receivership, against DLI and other defendant and relief defendant parties herein, styled *Keith Jacobson v. Digital Licensing Inc.*, Case No. 23STCV23896 (Oct. 2, 2023), filed in the Superior Court of the State of California, County of Los Angeles, Central District.

    g. The Receiver has not made any digital asset or fiat distributions during the Receivership.

13.     The Receiver is collecting and reviewing invoices from his engaged professionals in order to submit and obtain payment for same from DLI, in accordance with Section VIII of the

Receivership Order and subject to the voluntary fee cap, reduced billing rates, and other terms previously proposed to and approved by the Court.

14. The Receiver respectfully submits that control over DLI can be returned to Defendants Nelson and Brannon—or others whom the Morrison Cohen Parties may identify. The Receiver further submits that the Receivership is actively and effectively winding down, information, assets, and materials are being provided—or are ready to be provided—to the Morrison Cohen Parties, and that the Receiver's Revised Transition Proposal fairly and effectively summarizes a plan for Transition and Receivership wind down and conclusion.

15. The Receiver will continue to comply with the Court's Transition Order. The Receiver expects he can fully wind down the Receivership in accordance with the Receiver's Revised Transition Proposal, subject to receipt of necessary guidance from the Morrison Cohen Parties. *See* Ex. D.

DATED this 15th day of October 2023.

**HOLLAND & KNIGHT**

/s/Andrew W. Balthazor
Andrew W. Balthazor
Jessica B. Magee
Scott F. Mascianica

**MCNEILL | VON MAACK**

Jason A. McNeill
Eric K. Schnibbe

*Attorneys for Josias N. Dewey, Court-Appointed Temporary Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of Holland & Knight LLP, and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **TEMPORARY RECEIVER'S STATUS REPORT REGARDING TRANSITION, WIND DOWN, AND CONCLUSION OF THE RECEIVERSHIP** was delivered to counsel of record this 15th day of October 2023, by filing of the same through the Court's CM/ECF System.

[ ]   Hand Delivery

[ ]   Depositing the same in the U.S. Mail, postage prepaid

[ ]   Electronic Mail

[X]   Submission to the U.S. District Court Electronic Case Filing System

/s/ Andrew W. Balthazor