# **<u>EXHIBIT D</u>**

Matthew R. Lewis (7919)
Taylor J. Smith (17537)
**Kunzler Bean & Adamson, PC**
50 W. Broadway, 10th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
mlewis@kba.law
tsmith@kba.law

Jason P. Gottlieb (admitted *pro hac vice*)
David E. Ross (admitted *pro hac vice*)
Alexander R. Yarm (admitted *pro hac vice*)
**Morrison Cohen LLP**
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
jgottlieb@morrisoncohen.com
dross@morrisoncohen.com
ayarm@morrisoncohen.com

Jason A. McNeill (9711)
mcneill@mvmlegal.com
Eric K. Schnibbe (8463)
schnibbe@mvmlegal.com
**McNeill | Von Maack**
236 South 300 East
Salt Lake City, Utah 84111
Telephone: 801.823.6464

Jessica B. Magee (admitted *pro hac vice*)
Scott F. Mascianica (admitted *pro hac vice*)
Andrew W. Balthazor (admitted *pro hac vice*)
**Holland & Knight LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: 214.969.1700
jessica.magee@hklaw.com
scott.mascianica@hklaw.com
andrew.balthazor@hklaw.com

*Attorneys for Defendants Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, and Relief Defendants Business Funding Solutions, LLC, Blox Lending, LLC, The Gold Collective LLC, and UIU Holdings, LLC*

*Attorneys for Josias N. Dewey, Court-Appointed Temporary Receiver*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL | **[JOINT PROPOSED] ORDER REGARDING TRANSITION FROM TEMPORARY RECEIVER JOSIAS N. DEWEY TO DEFENDANTS**<br><br>Case No. 2:23-cv-00482-RJS<br><br>Chief Judge Robert J. Shelby |

EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual;

 Defendants,

ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

 Relief Defendants.

This matter came before the Court upon certain Defendants' and Relief Defendants' Motions, *inter alia*, to Dissolve the Temporary Restraining Order (Dkt. 132, 145, 159).

For the reasons stated on the record at the Motion Hearing held on October 6, 2023, the Court, *inter alia* (a) granted the Motions to Dissolve (Dkt. 132, 145, 159) and dissolved the

Temporary Restraining Order (Dkt. 165); (b) denied as moot the Motion to Appoint a New Receiver (Dkt. 132); (c) concluded, because there is no Temporary Restraining Order in place, the Receivership should not continue beyond a transition period and, accordingly, denied as moot the SEC's and the Receiver's Motions to Clarify the Receivership Order (Dkt. 125, 144) and the Receiver's Motion for Contempt and Sanctions (Dkt. 138); and (d) directed Morrison Cohen LLP ("Morrison Cohen"), counsel for certain Defendants and Relief Defendants ("Morrison Cohen Parties"), to meet and confer with other defense counsel to coordinate a transition plan with respect to the Receiver, to serve that plan on the Receiver, and to meet and confer with the Receiver (Dkt. 187).

Morrison Cohen, having met and conferred with other Defense counsel and the Receiver and having jointly proposed this transition plan and order with the Receiver, IT IS HEREBY ORDERED that:

A. Control over Digital Licensing Inc. is hereby returned to Roydon Nelson ("Nelson") and Schad Brannon ("Brannon").

B. The Receiver will continue working with Nelson and Brannon, through Morrison Cohen, to return all assets, property, information, documents and communications, (including text messages and emails) of Digital Licensing, Inc., including those entities the Receiver contends are subsidiaries or affiliates thereof (collectively, "DLI"), obtained in connection with the Receiver's efforts undertaken pursuant to the Temporary Receivership Order [ECF No. 10]. This includes but is not limited to (i) digital assets the Morrison Cohen Parties previously transferred to the Receiver from wallets and exchange accounts identified in a confidential schedule retained by the

    Receiver and Morrison Cohen and not filed herewith; and (ii) all documents and communications obtained by the Receiver from the law firm Dentons LLP.

C. On or before 5:00 pm mountain daylight time on Monday, October 23, 2023, the Receiver shall provide a transition report to Nelson and Brannon, via Morrison Cohen, summarizing the actions taken by the Receiver following his appointment as Receiver, including, but not limited to, all:

- assets, documents, email accounts, subpoenas, requests for information, bank accounts, account login credentials, digital asset wallets or accounts, financial information, or other property or information that the Receiver issued, obtained or took possession, custody or control of pertaining to DLI and carrying out his duties as Receiver,

- ongoing litigation in which the Receiver appeared or took action in carrying out his duties as Receiver, including key dates with respect to the same;

- parties, counsel, service providers and vendors the Receiver contacted or otherwise interacted with in carrying out his duties as Receiver;

- invoices, expenses, costs, and fees incurred by the Receiver in carrying out his duties as Receiver;

For the avoidance of doubt, the Receiver shall not produce nor be requested or required to produce communications or work product created or communicated by, between, or among any of the Receiver and his retained professionals.

D. On or before 5:00 pm mountain daylight time on Monday, October 23, 2023, and in accordance with Section VIII of the Temporary Receivership Order, the Morrison Cohen Parties shall pay the Receiver "the costs, fees and expenses of the receiver incurred in connection with the performance of his duties described in [that] Order, including the costs and expenses of those persons who [were] engaged or employed by the receiver to assist him in carrying out his duties and obligations."

  E. On or before Thursday, October 26, 2023, the Morrison Cohen Parties and the Receiver shall file a Joint Status Report advising the Court regarding (i) delivery of the transition report in accordance with this Order; (ii) payment of the Receiver's costs and fees in accordance with the Temporary Receivership Order, and (iii) whether there are any remaining activities to be completed by the Receiver in concluding a prompt and orderly wind down of the Receivership. Upon the Morrison Cohen Parties and the Receiver's joint representation that the forgoing actions have been completed <u>and</u> no activities remain to be performed or concluded by the Receiver, the Court will enter an Order dissolving the Receivership, relieving the Receiver of his duties under the Temporary Receivership Order, and releasing and discharging the Receiver from all liability for acts performed in the course of his appointment.

IT IS HEREBY FURTHER ORDERED that, due to the Court's dissolution of the Temporary Restraining Order, all Orders stipulated to by any of the Defendants and the SEC in connection with the Temporary Restraining Order are moot and hereby dissolved, including the following:

  a. Temporary Order Regarding Living Expenses for Defendants Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon and Roydon B. Nelson (Dkt. 120);

  b. Temporary Order Regarding Defendant Travis Flaherty's Living Expenses for Defendant Travis Flaherty (Dkt. 113);

  c. Temporary Order Regarding Defendants Joseph A. Martinez and iX Global, LLC Living Expenses for Defendants Joseph A. Martinez and iX Global LLC (Dkt. 129); and

    d. Stipulated Order Regarding Living Expenses for Defendant Matthew Fritzsche (Dkt. 156).

IT IS SO ORDERED this ___th day of October 2023 at _____.

BY THE COURT:

_____

ROBERT J. SHELBY

United States Chief District Judge