Jason A. McNeill (9711)
 mcneill@mvmlegal.com
Eric K. Schnibbe (8463)
 schnibbe@mvmlegal.com
**MCNEILL | VON MAACK**
236 South 300 East
Salt Lake City, Utah 84111
Telephone: 801.823.6464

Jessica B. Magee (*admitted pro hac vice*)
 jessica.magee@hklaw.com
Scott F. Mascianica (*admitted pro hac vice*)
 scott.mascianica@hklaw.com
Andrew W. Balthazor (*admitted pro hac vice*)
 andrew.balthazor@hklaw.com
**HOLLAND & KNIGHT**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: 214.969.1700

*Attorneys for Josias N. Dewey,
Court-Appointed Temporary Receiver*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>**DIGITAL LICENSING INC. (d/b/a "DEBT Box"),** a Wyoming corporation; **JASON R. ANDERSON,** an individual; **JACOB S. ANDERSON,** an individual; **SCHAD E. BRANNON,** an individual; **ROYDON B. NELSON,** an individual; **JAMES E. FRANKLIN,** an individual; **WESTERN OIL EXPLORATION COMPANY, INC.,** a Nevada corporation; **RYAN BOWEN,** an individual; **IX GLOBAL, LLC,** a Utah limited liability company; **JOSEPH A. MARTINEZ,** an individual; **BENJAMIN F. DANIELS,** an individual; **MARK W. SCHULER,** an individual; **B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"),** a Utah limited liability company; **TRAVIS A. FLAHERTY,** an individual; **ALTON O. PARKER,** an individual; **BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"),** a Utah limited | **TEMPORARY RECEIVER'S SECOND STATUS REPORT REGARDING TRANSITION, WIND DOWN, AND CONCLUSION OF THE RECEIVERSHIP**<br><br>Case No. 2:23-cv-00482-RJS-DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

| | |
|---|---|
| liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual,<br><br>      Defendants,<br><br>ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,<br><br>      Relief Defendants. | |

Josias Dewey, in his capacity as the Court-appointed Temporary Receiver ("Receiver") for Digital Licensing, Inc. ("DLI") and its affiliates and subsidiaries files this Second Status Report Regarding Transition, Wind Down, and Conclusion of the Receivership ("Report") summarizing (i) additional actions undertaken in accordance with this Court's Temporary Receivership Order ("Receivership Order") [ECF No. 10] and the Court's October 6, 2023 Order dissolving the Temporary Restraining Order ("TRO") and, consequently, determining that the Receivership should not continue beyond a transition period ("Transition Order") [ECF No. 187]; and (ii)

important issues on which the Receiver has been unable to secure agreement from the Morrison Cohen Parties.[1]

# I.
# STATUS SUMMARY

1. The Receiver has diligently taken steps to wind down the Receivership and complete the transition to the Morrison Cohen Parties ("Transition").

2. As the Receiver has previously stated in filings before this Court, the Receivership Order contains certain language which limited the scope of the Receiver's efforts and thus necessitated the clarification motions [ECF Nos. 125 and No. 144]. Accordingly, the Receiver only asserted control over DLI, explicitly named as a Receivership Entity, while he awaited clarification from this Court on which other entities are "subsidiaries and affiliates" of DLI.

3. The Transition Order directed the Morrison Cohen Parties to deliver a proposed Transition Plan to the Receiver, and further directed such parties to meet and confer regarding the same and, thereafter, provide joint or individual status reports to this Court.

4. The Receiver has met and conferred with the Morrison Cohen Parties on numerous occasions in connection with the Receiver's Transition efforts and to discuss prompt wind down and termination of the Receivership. These conferences took place both in advance of, and since, the parties' filed their respective status reports on October 15, 2023 and October 17, 2023 [ECF Nos. 198 and 200].

---

[1] Morrison Cohen LLP represents Defendants Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, and Roydon B. Nelson; and Relief Defendants Business Funding Solutions, LLC; Blox Lending, LLC; The Gold Collective LLC; and UIU Holdings, LLC (collectively, the "Morrison Cohen Parties").

5. Throughout, the Receiver has engaged in expeditious and thorough action to facilitate and complete the Transition. It is the Receiver's position that neither DEBT Box investors nor any of the parties to this lawsuit benefit from a drawn out Transition. Accordingly, as summarized below, the Receiver has completed the turnover of DLI documents, materials, and assets to the Morrison Cohen Parties with limited exception, including where additional information is needed from the Morrison Cohen Parties.

6. However, the Morrison Cohen Parties attempt to stretch the Transition Order beyond "transfer[ring] control and any assets back to the defendants," as they urged at the October 6, 2023 hearing. Instead, despite the Receiver's good faith efforts to complete the Transition efficiently and conclude the Receivership, the Morrison Cohen Parties:

   a. are attempting to pierce the Receiver's independent attorney-client privilege and work product protections over communications and materials;

   b. will not agree that the Court should discharge the Receiver and his retained professionals from their duties under the Receivership Order and release them from claims and causes of action for matters arising from actions taken thereunder; and

   c. have declined to pay any part of the fees and expenses incurred in the Receivership.

7. Furthermore, the Morrison Cohen Parties—without basis—assert that the Receiver must provide a detailed memorandum to Morrison Cohen setting forth all material facts ascertained and developed during the pendency of the Receivership.

8. Such baseless and unsupported positions will turn an orderly Transition into a protracted, time-consuming, and costly fishing expedition that would strip the Receiver of his privilege and work product protections, prevent him from receiving a standard discharge and release of claims when the Receivership is terminated, and potentially leave the Receiver without

payment for the fees and costs incurred under his appointment. It is the Receiver's view that further discussions between the Receiver and Morrison Cohen Parties are unlikely to yield additional progress.[2]

## II.
## SUMMARY OF TRANSITION EFFORTS

9. As previously reported, promptly after the October 6, 2023 hearing, the Receiver began taking steps to (i) halt ongoing work; (ii) immediately notify counsel for the Morrison Cohen Parties of time sensitive Receivership items; and (iii) outline actions to be taken to ensure a prompt and complete return of DLI control, materials, and assets to the Morrison Cohen Parties. This included contacting counsel for the Morrison Cohen Parties immediately after the hearing on October 6, 2023 to inform them of hearings set in certain pending lawsuits involving DLI or assets where DLI may have an interest ("Ancillary Litigation").

10. Following entry of the Transition Order, the Receiver has taken a number of actions to complete the Transition, while also continuing to adhere to the pending Receivership Order. In addition to the steps detailed in the Receivers' October 15, 2023 Status Report, these additional actions have been shared with counsel for the Morrison Cohen Parties on a rolling basis since October 6, 2023. In sum:

---

[2] The Receiver has not provided copies of invoices for fees, expenses, and costs to the Morrison Cohen Parties because they have taken the position—in no uncertain terms—that they will not pay any portion thereof.

| TRANSITION ACTION | RECEIVER STATUS |
|---|---|
| Control over websites | Returned[3] |
| DLI Email Administrator privileges | Returned |
| Registered agent control | Returned[4] |
| Control over mail | Returned |
| Digital assets | Returned |
| Bank account control | Returned[5] |
| Cash secured from frozen bank account(s) | Returned |
| Accounting software access | Returned |
| Turnover of DLI documents | Complete[6] |
| Notify third parties of Termination Order | Complete |
| Update Receiver website, inbox, and hotline | Complete |
| Facilitate Transition of ongoing Ancillary Litigation | Complete |
| Destruction of DLI Privilege Materials received from Prior Outside Counsel | Complete[7] |

11. In the Receiver's view, control over DLI has been effectively returned to the Morrison Cohen Parties along with the DLI assets secured by the Receiver. The only remaining

---

[3] With regard to digitallicensinginc.com and digitalcommodityhouse.com, the Receiver previously redirected the domains to the Receivership website, and has since ceased such redirection. *See infra* FN 8 regarding thedebtbox.com.

[4] Subject to action Morrison Cohen Parties must take to ensure their access.

[5] The Receiver informed MACU that Defendant Roy Nelson is authorized to become a signatory on the bank account.

[6] The Receiver also obtained fewer than 400 documents relating to, and less than ten other invoices for expenses incurred by, entities other than DLI but whom the Morrison Cohen Parties have contended are not Receivership Entities (such as Ignis Energy) or parties where questions remained about ownership/control such that it was unclear whether they were subject to the Receivership Order (Archer Drilling). The Receiver stands ready and willing to provide these documents and invoices to the Morrison Cohen Parties as well if the Court deems it necessary and appropriate.

[7] The Receiver and the Morrison Cohen Parties agreed on the handling of DLI's legal files maintained by counsel thereto prior to the Receivership. In addition to the destruction of the electronic communications provided to the Receiver, a handful of hard copy documents from one such counsel are in the process of being returned to counsel in Las Vegas, Nevada.

action item to be undertaken is return of the thedebtbox.com domain which has been delayed due to a lack of clarity about the party who owns the domain.[8]

12. Much of the Receiver's efforts during the 70-day Receivership period prior to entry of the Transition Order were focused on litigation and investigation matters, such as tracing assets for the benefit of DEBT Box investors, attempting to clarify the scope of the Court's Receivership Order, attempting (without success) to secure the Morrison Cohen Parties' compliance with the turnover and cooperation provisions of the TRO and Receivership Order, and addressing a groundless and unsupported motion to remove and replace the Receiver.

13. The Receiver has offered reasonable and good faith compromises on several points, including a willingness (a) for the Morrison Cohen Parties to brief the court on its views about the responsible party to pay the Receiver's fees and expenses; and (b) for the Receiver to provide verbal readouts to the Morrison Cohen Parties of non-privileged or work-product protected information learned about DLI during the Receivership.

14. The Morrison Cohen Parties have rejected these offers, and their latest demand unfortunately indicates not only a halt in forward progress to conclude Transition and terminate the Receivership, but also a starkly aggressive posture in which the directive to return control and

---

[8] The Receiver never controlled thedebtbox.com website itself. Rather, despite requests for control, control of the website always remained with the original controlling party/parties. The Receiver received control over the domain from the service provider, and the Receiver is prepared to return to the Morrison Cohen Parties on a showing that they own or are otherwise entitled to control it. To date, the Morrison Cohen Parties have indicated that Messrs. Nelson and Brannon are authorized by the owner(s) of thedebtbox.com to direct control of the domain to their designee. However, the Receiver's duties require that he ensure the domain is either returned to the prior controlling party (identity unknown) or that he have sufficient assurance that the Morrison Cohen Parties are entitled to control same.

assets and wind down the Receivership should instead result in a prolonged and costly endeavor whereby the Receiver acts at the direction of Defendants rather than this Court.

15. The Receiver believes Transition is complete with the minimal steps detailed herein, and stands ready to facilitate the wind down and termination of the Receivership. However, Transition and termination should include provision for payment of the Receiver's fees and expenses, protection of his privileged and work product materials, and a standard discharge and liability release attendant to the conclusion of receiverships in SEC enforcement actions.

DATED this 2nd day of November 2023.

        **HOLLAND & KNIGHT**

        /s/ Andrew W. Balthazor
        Andrew W. Balthazor
        Jessica B. Magee
        Scott F. Mascianica

        **MCNEILL | VON MAACK**

        Jason A. McNeill
        Eric K. Schnibbe

        *Attorneys for Josias N. Dewey, Court-Appointed Temporary Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of Holland & Knight LLP, and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **TEMPORARY RECEIVER'S SECOND STATUS REPORT** was delivered to counsel of record this 2nd day of November 2023, by filing of the same through the Court's CM/ECF System.

[ ]   Hand Delivery

[ ]   Depositing the same in the U.S. Mail, postage prepaid

[ ]   Electronic Mail

[X]   Submission to the U.S. District Court Electronic Case Filing System

/s/ Andrew W. Balthazor