Matthew R. Lewis (7919)
Taylor J. Smith (17537)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, 10th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
mlewis@kba.law
tsmith@kba.law

Jason P. Gottlieb (admitted *pro hac vice*)
David E. Ross (admitted *pro hac vice*)
Alexander R. Yarm (admitted *pro hac vice*)
**MORRISON COHEN LLP**
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
jgottlieb@morrisoncohen.com
dross@morrisoncohen.com
ayarm@morrisoncohen.com

*Attorneys for Defendants Digital Licensing Inc., Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, and Relief Defendants Business Funding Solutions, LLC, Blox Lending, LLC, The Gold Collective LLC, and UIU Holdings, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENAJMIN F. DANIELS, an | **DEFENDANTS DIGITAL LICENSING INC., JASON R. ANDERSON, JACOB S. ANDERSON, SCHAD E. BRANNON, AND ROYDON B. NELSON AND RELIEF DEFENDANTS BUSINESS FUNDING SOLUTIONS, LLC, BLOX LENDING, LLC, THE GOLD COLLECTIVE LLC, AND UIU HOLDINGS, LLC'S SECOND STATUS REPORT REGARDING TRANSITION, WIND DOWN, AND CONCLUSION OF THE RECEIVERSHIP**<br><br>Case No. 2:23-cv-00482-RJS<br><br>Chief Judge Robert J. Shelby |

#12536148v4\031376\0001

| | |
|---|---|
| individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual; <br><br>  Defendants, <br><br>ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company, <br><br>  Relief Defendants. | |

Defendants Digital Licensing Inc. ("DLI"), Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, and Roydon B. Nelson and Relief Defendants Business Funding Solutions, LLC, Blox Lending, LLC, The Gold Collective LLC, and UIU Holdings, LLC ("Morrison Cohen Parties"), by and through their counsel, Morrison Cohen LLP ("Morrison Cohen"), file this Second Status Report Regarding Transition, Wind Down, and Conclusion of the Receivership following the Court's October 6, 2023 Order dissolving the Temporary Restraining Order ("TRO") and determining that the Receivership should not continue ("October 6 Order") [ECF No. 187].

#12536148v4\031376\0001

Morrison Cohen has met and conferred with Holland & Knight, LLP ("H&K"), counsel for Temporary Receiver Josias N. Dewey ("Receiver"), on numerous occasions, both before and after the parties' filed their respective status reports on October 15, 2023 and October 17, 2023 [ECF Nos. 198 and 200], in connection with the transition and termination of the Receivership. Since this Court's bench ruling on October 6, 2023, the Morrison Cohen Parties have endeavored to complete the transition and termination of the Receivership as expeditiously as possible. However, the principal difficulty that the Morrison Cohen Parties have encountered is the lack of full transparency provided by the Receiver regarding all the actions that he took during the pendency of the receivership. To that end, the Morrison Cohen Parties have requested a further summary or accounting from the Receiver, which he declined.

In addition, as further detailed below, the parties have been unable to reach agreement on certain issues, including purportedly privileged or otherwise protected communications and documents the Receiver intends to withhold from the Morrison Cohen Parties, the Receiver's fees and expenses, and a release of the Receiver in connection with actions taken by him during the Receivership.

In the Receiver's Second Status Report Regarding Transition, Wind Down, and Conclusion of the Receivership ("Second Receiver Report") [ECF No. 202], the Receiver mischaracterizes the unresolved issues and the positions of the Morrison Cohen Parties to cast them in an unreasonable light. As noted above, the Receiver has not yet detailed the extent of his actions during the Receivership; nor has the Receiver disclosed the amount of fees and expenses he incurred and the reasons he incurred them. Accordingly, the Morrison Cohen Parties continue to largely remain in the dark with respect to the Receivership and have sought only to reasonably protect their interests.

#12536148v4\031376\0001

Despite the Receiver's contentions in the Second Receiver Report (*see* ¶ 6(a)), the Morrison Cohen Parties are not attempting to pierce any applicable attorney-client or other privilege belonging to the Receiver. During the parties' meet and confers, H&K has vaguely asserted that the Receiver will not turn over communications and documents the Receiver deems privileged, including communications between the Receiver or his agents and third parties such as retained professionals. Because the extent of, and basis for, the Receiver's alleged privilege, which the Receiver claims extends to third-party communications, has not been made sufficiently clear, and because the Morrison Cohen Parties do not know the extent of the Receiver's actions, including the professionals retained by the Receiver, other parties the Receiver communicated with and documents obtained by the Receiver, the Morrison Cohen Parties reasonably proposed that the Receiver provide a privilege log identifying the purportedly attorney-client privileged communications or attorney work product documents created or communicated by, between, or among any of the Receiver and his agents and retained professionals or any other purportedly-protected communications or documents that the Receiver intends to withhold from the principals of DLI. Notwithstanding that the Receiver presumably seeks payment from DLI for fees and expenses attributable to this unknown universe of communications and documents, the Receiver nonetheless refused to provide a privilege log to the Morrison Cohen Parties.[1]

---

[1] The Receiver should be required to turn over the documents he obtained relating to Archer Drilling and Ignis Energy (*see* Second Receiver Report, footnote 6) to Morrison Cohen on behalf of Roydon Nelson ("Nelson") and Schad Brannon ("Brannon"). DLI is the majority owner of Archer Drilling and Nelson and Brannon own DLI. Nelson owns Ignis Energy. It is irrelevant whether the Morrison Cohen Parties contended these entities were not subject to the Receivership as the Receiver obtained their documents anyway and should now return them. As to thedebtbox.com (*see* Second Receiver Report, footnote 8), this website belongs to Digital Commodity House ("DCH"), which is owned by Nelson and Brannon. As Morrison Cohen requested, the Receiver should accordingly transfer control of the website to DCH's hosting services provider specified by Morrison Cohen.

#12536148v4\031376\0001

With respect to the Receiver's fees and expenses incurred during the Receivership, which are similarly unknown to the Morrison Cohen Parties, Morrison Cohen conveyed to the H&K that, because the TRO and Temporary Receivership Order ("Receivership Order") [ECF No. 10] were improvidently issued and conferred no benefit on the Receivership estate, DLI cannot agree to pay the Receiver's fees and expenses and proposed raising this issue in briefing to the Court. The Morrison Cohen Parties did not reject the Receiver's offer in this regard (*see* Second Receiver Report ¶¶ 13-14), but rather proposed this course of action in the first instance. In addition, irrespective of the Morrison Cohen Parties' position regarding financial responsibility for the Receiver's fees and expenses, the Receiver should be required, as is common practice in receivership cases, to submit a fee application on notice, including a complete accounting, so that the Court can determine the threshold issues of whether the Receiver's fees and expenses were reasonable, appropriate and incurred in furtherance of the Receiver's appointment, such that the Receiver should or should not be compensated for them in whole or in part.

Finally, because the extent of the Receiver's actions during the Receivership is unknown, the Morrison Cohen Parties reasonably advised the Receiver that they cannot agree to a release in connection with such actions. This is another reason the Morrison Cohen Parties respectfully request that this Court should require the Receiver to submit a report and accounting detailing his actions following the issuance of the Receivership Order.

The Morrison Cohen Parties' proposed Transition Order consistent with the foregoing is attached for the Court's consideration.[2]

Respectfully submitted,

**KUNZLER BEAN & ADAMSON, PC**
Matthew R. Lewis
Taylor J. Smith

**MORRISON COHEN LLP**

/s/ David E. Ross
Jason P. Gottlieb (admitted pro hac vice)
David E. Ross (admitted pro hac vice)
Jeffrey D. Brooks (admitted pro hac vice)
Alexander R. Yarm (admitted pro hac vice)

*Attorneys for Defendants Digital Licensing Inc., Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, and Relief Defendants Business Funding Solutions, LLC; Blox Lending, LLC; The Gold Collective LLC; and UIU Holdings, LLC*

---

[2] While the Receiver website (Debt Box Receiver | Holland & Knight (hklaw.com)) has been updated to reflect the dissolution of the TRO and transition of the Receivership, the Morrison Cohen Parties submit that the website no longer serves any purpose and should be disabled and taken down, as Morrison Cohen previously requested.

#12536148v4\031376\0001