Michael E. Welsh (Massachusetts Bar No. 693537)
welshmi@sec.gov
Casey R. Fronk (Illinois Bar No. 6296535)
fronkc@sec.gov
Attorneys for Plaintiff
Troy Flake (California Bar No. 267523)
flaket@sec.gov
Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel: (801) 524-5796

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual;

Case No.: 2:23-cv-00482-RJS

**PLAINTIFF'S MOTION FOR ALTERNATE SERVICE AND EXTENSION OF TIME FOR SERVICE OF PROCESS**

Chief Judge Robert J. Shelby
Magistrate Judge Dustin B. Pead

Defendants,

ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

Relief Defendants.

Plaintiff Securities and Exchange Commission (the "Commission" or "SEC") hereby moves for an Order authorizing service on Defendant James Franklin ("Franklin") by publication pursuant to Rule 4(e)(1) and providing the Commission with 60 days from the date of its Order to permit sufficient time to serve Franklin by the proposed alternate means pursuant to Rule 4(m).

## I. INTRODUCTION

On July 26, 2023, the Commission filed this action alleging, among other claims, that Defendants, including Franklin, violated the federal securities laws by making fraudulent statements in connection with the sale of securities. The Commission promptly served or obtained waivers from all defendants except Franklin, including Western Oil, of which Franklin is the founder and president. Despite its diligent efforts, including communicating with an attorney who represents Franklin in another SEC matter, the Commission has been unsuccessful in serving Franklin. Accordingly, the Commission seeks an order from the Court permitting it to serve Franklin by alternative means and giving the Commission an additional 60 days to complete service.

## II. BACKGROUND

On July 26, 2023, the Commission filed its Complaint alleging that the Defendants in this action, including Franklin, unlawfully solicited hundreds of investors to purchase over $49 million of securities, by misrepresenting that those securities would let investors "mine" digital cryptocurrency assets "backed" by revenues from "real projects." Dkt. No. 1 ¶¶ 1-2. However, these statements are false and misleading because the "node software license" securities Defendants offered and sold do not allow investors to mine crypto assets, and the purported crypto assets are propped up by sham businesses, failed contractual partnerships, and fanciful, nonexistent technology. *Id.* ¶¶ 3-4. Specifically, the SEC alleged that Franklin solicited fraudulent investments

by claiming that investors could share in the profits from oil wells in Nevada and Nebraska that sat atop an "oil pool that is 100 billion barrels in size." *Id.* ¶ 68. These representations are false – there is no profit-sharing agreement, Franklin's wells never produced oil, and some were completely defunct at the time he was touting them to investors. *Id*. ¶¶ 69-72.

On July 26, 2023, the Court issued summonses for Franklin and his company, Western Oil. Dkt. Nos. 5-15, 5-27. Western Oil was served on August 2, 2023, and the Commission filed the returned of service on August 4, 2023. Dkt. No. 27.

The Commission retained Cavalier Courier & Process Service to complete service on Mr. Franklin. Exhibit 1, Declaration of Delaney Jean Wyatt ("Wyatt Decl.") ¶ 2. Cavalier attempted service at an address provided by the SEC, 14244 Barrymore Street, San Diego, CA, 92129. *Id*. ¶ 3. A female resident who identified herself as Ms. Graham told the process server that Franklin does not live there and that she does not know him. *Id*. ¶ 3.

Cavalier searched social media; proprietary, non-public databases; and other records to identify residential or business addresses for Franklin. *Id*. ¶ 4. Based on this search, Cavalier identified three additional addresses in the San Diego area. *Id*.

On August 3, 2023, Cavalier attempted service at 3510 Santoro Way, San Diego, CA, 92130. *Id*. ¶ 5. The current residents identified themselves as the Palmer family and told process servers that they purchased the home over a year ago, that Franklin does not live there, and that they do not know him. *Id*.

That same day, Cavalier attempted service at 5348 Wild Blossom Terrace, San Diego, CA, 92121. *Id*. ¶ 6. A female resident identified herself as Kimberly Franklin, but she stated that she does not know the defendant, Franklin. *Id*.

On August 4, Cavalier attempted service at 3525A Del Mar Heights Road, #163, San

Diego, CA, 92130. *Id.* ¶ 7. This address is a UPS store and the clerk confirmed that Franklin is not the boxholder at #163, and that Franklin was not in the store's records. *Id.*

Process servers attempted to contact Franklin on two phone numbers, but received no response. *Id.* ¶ 8. Cavalier also called a number listed for Nicole Scott, a possible associate of Franklin. *Id.* ¶ 9. A female answered and told Cavalier that she is no longer in communication with Franklin.

On August 3, 2023, an attorney who represented Franklin in another Commission investigation contacted the Commission and noted that he was "shocked to learn that you filed a lawsuit that included" Franklin but that the Commission had not contacted Franklin or his attorney. Exhibit 2, Declaration of Michael Welsh ("Welsh Decl."), Exhibit A. When counsel for the Commission spoke with the attorney, he indicated that he had spoken with Franklin about the Complaint. *Id.* ¶ 3. After the call, the Commission sent the Complaint and a waiver of service, and requested that the attorney confirm that he represented Franklin in this matter and waive service. *Id.*, Exhibit B. The attorney did not respond despite several follow up attempts. *Id.* ¶ 5.

## III. ARGUMENT

### A. The Court Should Permit Alternative Service in California

Under the Federal Rules of Civil Procedure, litigants may serve an individual by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). To satisfy due process, notice must be "reasonably calculated … to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Franklin's last known address is in California and records indicate he is connected to at

least four addresses in California. Wyatt Decl. at ¶¶3-7. The Commission also attempted service in California. Accordingly, the Court should permit service in accordance with California law.

**B. The Commission Has Diligently Attempted Service and Service by Publication is Appropriate**

Under California law, "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court ... that the party to be served cannot with reasonable diligence be served in another manner [and] ... [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a). "Reasonable diligence," for purposes of alternate service under California law, "is a relative term and must be determined by the circumstances of each case." *Vorburg v. Vorburg*, 117 P.2d 875, 876 (Cal. 1941). "A number of honest attempts to learn the defendant's whereabouts through inquiry and investigation generally are sufficient." *Rios v. Singh*, 65 Cal. App. 5th 871, 880 (2021) (citing *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995)).

Courts in this district have determined that a party is reasonably diligent when it takes "advantage of readily available sources of relevant information" to locate and serve a defendant. *Xmission v. Trimble*, 2017 WL 11810159, at *1 (D. Utah Mar. 2, 2017) (quotation omitted) (reasonable diligence satisfied under Utah law by attempted service on four separate occasions and telephonic communication with defendant's wife); *Beesley v. Brinton*, 2017 WL 11591114, at *1 (D. Utah Aug. 30, 2017) (alternative service appropriate where plaintiff made nine attempts at service and provided information that defendant had actual knowledge of the pending action).

When other means are ineffective, courts have found that service by publication is an appropriate form of notice where the defendant "is actually aware of the litigation." *Acevedo v. EXP Realty*, LLC, 2023 WL 6192701, at *3 (C.D. Cal. June 7, 2023); *see also, e.g.*, *Felix v. Anderson*, 2015 WL 545483, at *3 (N.D. Cal. Feb. 9, 2015) (due process concern in allowing

service by publication is less applicable where defendant has actual notice of lawsuit).

As set forth in the Complaint, the Commission has asserted two causes of action against Franklin. Dkt. No. 1, Complaint ¶¶ ___110-113 (Third Claim for Relief), 118-121 (Fifth Claim for Relief). The Commission has diligently attempted to serve Franklin by searching a variety of databases and social media for information, attempting service at four addresses in the San Diego area, attempting to contact him by phone, and contacting a known associate. Wyatt Decl. at ¶¶3-7. Further, the Commission believes that Franklin has actual notice of the Complaint because an attorney that represented him in another SEC matter contacted the Commission and indicated that he had discussed it with him, Welsh Decl. at ¶¶ 2, 3, and because Western Oil, of which he is president and founder, has been served. Dkt. No. 27. Accordingly, the Commission has been reasonably diligent in its efforts to serve Franklin and alternative service is appropriate.

**C. The Court Should Permit Service by Weekly Publication in the San Diego Union-Tribune for Four Weeks**

Service by publication under CCP § 415.50©, requires "publication in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served" and must be conducted in accord with California Government Code § 6064, which provides:

> Publication of notice pursuant to this section shall be once a week for four successive weeks. Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient. The period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day, including therein the first day.

Cal. Gov't Code § 6064.

Accordingly, the Commission requests that the Court permit service by publication in The

San Diego Union-Tribune, which is the most widely circulated newspaper in the San Diego area[1] where Franklin's last known residence was. The proposed method complies with California law and is particularly appropriate because, based on conversations with an attorney who represented him in another SEC matter, it appears that Franklin has actual notice of the lawsuit.

**D. The Court Should Grant an Extension of Time to Serve by Publication**

Fed. R. Civ. P. 4(m) provides that "if the plaintiff shows good cause for the failure [to serve within 90 days], the court must extend the time for service for an appropriate period." Courts routinely extend time to allow for service by publication. *See, e.g.*, *Ruiz-Marentes v. Montoya*, 2013 WL 12334151, at *4 (D.N.M. Mar. 18, 2013) (finding good cause for extending service deadline to allow time for service by publication); *United States v. Unger*, 2007 WL 677712, at *4 (D. Kan. Mar. 2, 2007) (granting extension of service deadline to allow for service by publication).

Under California law, service of a summons by publication is "deemed complete as provided in Section 6064 of the Government Code." Cal. Civ. Code § 415.50(c). Section 6064 of the California Government Code provides:

> Publication of notice pursuant to this section shall be once a week for four successive weeks. Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient. The period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day, including therein the first day.

Cal. Gov't Code § 6064. The Commission has good cause for its failure to serve Franklin to date since it diligently attempted service but was unable to locate him. Because California law requires the publication notice period to be 28 days, the Commission requires additional time to serve Franklin by this alternate means. The Commission asks the Court to provide 60 days from the date

[1] *See* https://www.sandiegouniontribune.com/contact-us

of its order to permit it sufficient time to arrange for publication and serve Franklin consistent with California law.

## IV. CONCLUSION

The Commission has diligently attempted to serve Franklin without success and believes that Franklin is aware of the lawsuit. Accordingly, the Commission respectfully requests that the Court grant its motion permitting alternative service and providing the Commission 60 additional days to complete service.

Dated: November 15, 2023

Respectfully submitted,

/s/ *Troy Flake*___________
TROY FLAKE
*Attorneys for Plaintiff U.S. Securities and Exchange Commission*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of November 2023, I caused the foregoing to be served to all parties entitled to service through the Court's ECF system.

/s/ *Troy Flake*__________
TROY FLAKE
*Attorneys for Plaintiff U.S. Securities and Exchange Commission*