IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION, et al.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-00482-RJS-DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff Securities and Exchange Commission (Commission) moves the court for an order authorizing service on Defendant James Franklin (Franklin) by publication pursuant to Rule 4(e)(1).[1] The SEC also seeks 60 days from the date of the court's order to permit sufficient time to serve Franklin by the proposed alternate means pursuant to Rule 4(m).[2] For the reasons set forth herein, the court grants the motion with additional requirements for service.

BACKGROUND

The Commission brings this matter against multiple Defendants alleging the fraudulent offering of unregistered securities. Defendants solicited hundreds of investors to purchase these

---

[1] ECF No. 207.

[2] This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. (ECF No. 133)

investment contracts in violation of federal securities laws. Franklin is a Defendant in this matter along with Western Oil. Franklin is the founder and president of Western Oil.

The Commission issued summonses to Franklin and Western Oil. Western Oil was served on August 2, 2023, and the Commission filed a return of service on August 4, 2023.[3] Cavalier Courier & Process Service was hired by the Commission to complete service on Franklin. Cavalier attempted service at the address provided by the Commission and three other addresses in the San Diego area after searching social media, databases, and other records. None of these efforts succeeded and the residents at the addresses told Cavalier they did not know Franklin. Cavalier also attempted to contact Franklin via two phone numbers to no avail.

Around this same time frame, an attorney who represents Franklin in another matter before the Commission, Sean Prosser, contacted the Commission and informed them he was "shocked to learn that you filed a lawsuit that included [Franklin] but have never contact[ed] him or me for testimony, documents or anything involving your underlying investigation."[4] Mr. Prosser informed the Commission that he had spoken with Franklin about the current matter. The Commission sent a Complaint and waiver of service to Mr. Prosser but he never responded.

## DISCUSSION

The Federal Rules of Civil Procedure provide that service may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[5] In this case, the Commission filed the Complaint in the District of Utah. Therefore, Utah law is applicable.

---

[3] ECF No. 27.

[4] August 3, 2023 email from attorney Sean Prosser, ECF No. 207-2.

[5] Fed. R. Civ. P. 4(e)(1).

Rule 4 of the Utah Rules of Civil Procedure provides that "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence ... or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."[6] The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the party."[7] Additionally, Rule 4 states:

> If the motion is granted, the court will order service of the complaint and summons by means reasonably calculated, under all the circumstances, to apprise the named parties of the action. The court's order must specify the content of the process to be served and the event upon which service is complete. Unless service is by publication, a copy of the court's order must be served with the process specified by the court.[8]

Here, the court finds the Commission identifies reasonable and diligent efforts it has taken to locate and serve Franklin. This has included attempted service at four addresses, phone calls to two numbers, and correspondence with an attorney who represents Franklin in another matter before the Commission. The Commission further alleges Franklin has actual notice of the Complaint "because an attorney that represented him in another SEC matter contacted the Commission and indicated that he had discussed it with him"[9] and Franklin is the president and founder of Western Oil, which has been served.

Based on the facts before it, Franklin is certainly closely approaching the threshold of constructive notice of this lawsuit. As noted by this court in a prior decision, "'publication alone is generally not a reliable means of informing interested parties that their rights are at issue

---

[6] Utah R. Civ. P. 4(d)(5)(A).

[7] *Id.*

[8] Utah R. Civ. P. 4(d)(5)(B).

[9] Mtn. p. 7.

before the court.'"[10] To help effectuate service and in consideration of Franklin's due process rights, the court GRANTS Plaintiff's Motion for Service by Publication and orders as follows:

The Commission is given an additional 60 days from the date of this order to complete service.

The Commission is to publish notice of this suit in the San Diego Union-Tribune for once a week for four successive weeks.

The Commission is also instructed to search for Franklin's email with Western Oil and email a copy of the Complaint and Summons to that email address.

Finally, the Commission is to again email a copy of the Complaint and Summons to Attorney Sean Prosser along with a copy of this order. Notifying Mr. Prosser of this matter again will help ensure Franklin's due process rights regarding notice are met.[11]

Service will be deemed complete once these steps have been taken and Franklin is HEREBY ORDERED to file a timely Answer to the Complaint.

DATED this 21 November 2023.

_____
Dustin B. Pead
United States Magistrate Judge

---

[10] *AVT New Jersey, L.P. v. Cubitac Corp.*, No. 2:19-CV-00662-JNP, 2019 WL 6310226, at *1 (D. Utah Nov. 25, 2019) (quoting *Jackson Const. Co. v. Marrs*, 2004 UT 89, ¶ 11, 100 P.3d 1211, 1215.).

[11] The fact that Mr. Prosser represents Franklin in another matter and has had discussions with the Commission regarding this case, will help ensure Franklin has sufficient notice of this case.