Brent R. Baker (5247)
Brennan J. Curtis (16433)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
bbaker@parsonsbehle.com
bcurtis@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Defendants Brendan J. Stangis*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>DIGITAL LICENSING INC., *et al.*,<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT BRENDAN J. STANGIS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**[HEARING REQUESTED]**<br><br>Case No. 2:23-cv-00482-RJS<br><br>Judge Robert J. Shelby |

Defendant Brendan J. Stangis ("Defendant" or "Stangis"), by and through counsel of record, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FCRP") and Rule 7-1(a)(7) of the District Court's Local Rules ("DUCivR"), hereby submits this Reply Memorandum in Support of Stangis' Motion to Dismiss the Complaint filed by the Securities and Exchange Commission ("SEC" or the "Commission") for failure to state a claim for relief. [Dkt. 192].

## JOINDER WITH IX GLOBAL DEFENDANTS' ARGUMENT

Pursuant to DUCivR 7-1(a)(7), to avoid repetition and duplication, Stangis joins "iX Global Defendants'" (comprised of Defendants iX Global, LLC, Joseph A. Martinez, and Travis Flaherty) in their Reply Memorandum in Support of their Motion to Dismiss [Dkt. 219]. Stangis previously joined in the factual and argument sections of iX Global Defendants' Motion to Dismiss and also submitted his own additional argument points at Docket 192. The argument points in iX Global Defendants' Reply Memorandum regarding the SEC's pleading failure to show a common enterprise as required by the Howey Test equally applies to Stangis. Moreover, the SEC failed to respond to or opposed Stangis' separate argument points on that subject. Thus, Stangis does not submit additional separate arguments in Reply regarding the Howey Test.

The SEC's Memorandum in Opposition does respond to both Stangis' and iX Global Defendants' arguments regarding the SEC's attempts to avoid notice and rulemaking in violation of Due Process. *See* SEC's Opp., at 39 [Dkt. 206]. Accordingly, Stangis submits additional argument regarding the lack of Due Process and Notice.

## ARGUMENT

### THE SEC'S COMPLAINT AGAINST STANGIS VIOLATES NOTIONS OF FAIR PLAY AND THE DUE PROCESS CLAUSE OF THE CONSTITUTION BECAUSE STANGIS DID NOT HAVE ADEQUATE NOTICE THAT HE WAS REQUIRED TO REGISTER WITH THE COMMISSION IN ORDER TO BE A SALESPERSON

Stangis demonstrated in his Motion that the SEC's Complaint contains "very little information or allegations regarding Stangis" and has "no information or allegations that are specific only to Stangis." (Mot., pp. 1-2. Dkt. 192). Stangis is primarily identified "among other Defendants" throughout the SEC's Complaint. (*Id.*). Accordingly, based on bare, nonspecific allegations against Stangis, the SEC only asserts claims for non-scienter, registration violations.

Although the defendants are differently situated in this matter, the SEC elected to submit a singular omnibus response to all the various motions to dismiss. Unsurprisingly, Stangis is hardly mentioned in the SEC's opposition brief – once in footnote 1 to identify the docket entry of Stangis' Motion; once on page 5 along with another defendant stating he was a promoter; once on page 23 along with a list of other defendants; and only one more time on page 39 wherein the SEC asserts, "Finally, Defendants claim they did not have 'fair notice' that their misconduct was illegal under the securities laws. IX Mot. at 27; Stangis Mot. at 6." (Opp., p 39).

The SEC has brought this action along with many other actions throughout the country that involve digital assets that the SEC wishes to regulate. In order to maintain a claim in this action, the SEC must clearly show the purchase, offer or sale of a security. Unfortunately, the SEC has failed to establish clear industry standards for the circumstances in which digital assets may be considered securities under federal laws. Instead, the SEC has engaged in "regulation by enforcement" (an often critique of the regulator) which leaves market participants to guess as to whether they are participating in a regulated market and potentially committing securities violations. The SEC is using this Court to effectively rulemake and determine for the rest of the industry and country the metes and bounds of when a security is or is not at issue with crypto currencies (*e.g.* the SEC has acknowledged that Bitcoin is not a security).[1] Thus, in order to obtain more clarity on the issue, the SEC filed this current action against multiple defendants and associated businesses asserting that securities are at issue and that fraud has been committed by some, but not all, of the parties.

---

[1] https://www.investopedia.com/news/sec-chair-says-bitcoin-not-security/

There are multiple problems with the SEC's continued approach to use the judicial system in this way which have been adequately briefed by the parties and address notions of fair play, Due Process, and notice. While these principles apply to all the parties, we request that the Court consider them individually as that apply to Stagis. Stagis is very much an outlier in this case and should not be a part of this enforcement action. As addressed above, he is barely mentioned in the Complaint and in the SEC's opposition brief to Stagis' Motion to Dismiss. Stangis is in this matter as an individual. He is not an owner or associated with any other business or individual in this matter. He did not start a business or enterprise in a new industry. He was a salesperson, nothing more. And in that role, the SEC **has not** asserted that Stangis has made any false or misleading statements in his sales practices as no fraud claims have been asserted. The only *securities* violations asserted against Stangis are for **non-scienter registration claim**.

Under the circumstances asserted in the Complaint, the SEC's position is that Stangis should have known that he was required to be registered with the Commission before being a salesperson. To haul Stangis into Federal Court as part of this case for only failure to register is objectively unfair against the backdrop of the market and regulatory confusion regarding crypto currencies and thus results in violations of notions of fair play and Due Process. As The Supreme Court stated, "It is one thing to expect regulated parties to conform their conduct to an agency's interpretations once the agency announces them; it is quite another to require regulated parties to divine the agency's interpretations in advance or else be held liable when the agency announces its interpretations for the first time in an enforcement proceeding and demands deference." *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 158-59 (2012). Stangis, as a mere salesperson in this matter, did not have adequate notice, or *any* notice, that he should have been registered with the Commission.

For the foregoing reasons, the Court should dismiss the SEC's claims in their entirety with prejudice against Stangis.

DATED this 4th day of December, 2023.

**PARSONS BEHLE & LATIMER**

/s/ *Brent R. Baker*

Brent R. Baker
Brennan J. Curtis

*Attorneys for Defendant Brendan J. Stangis*

## **CERTIFICATE OF SERVICE**

On this 4th day of December 2023, I hereby certify that I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification and service to all counsel of record.

/s/ Brent R. Baker