Romaine C. Marshall (9654)
Jose A. Abarca (12762)
Jonathan E. Schmalfeld (admitted *pro hac vice*)
POLSINELLI PC
2825 E Cottonwood Pkwy, Suite 500
Salt Lake City, UT  84121
Telephone: (801) 999-3504
rmarshall@polsinelli.com
jabarca@polsinelli.com
jschmalfeld@polsinelli.com

*Attorneys for Relief Defendant iX Ventures FCZO*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>vs.<br><br>DIGITAL LICENSING INC. dba DEBT Box, a Wyoming corporation, et al.,<br><br>        Defendants/Relief Defendants. | **DEFENDANT IX VENTURES FCZO'S MOTION TO DISMISS**<br><br>Case No. 2:23-cv-00482-RJS-DBP<br>Chief Judge Robert J. Shelby<br>Magistrate Judge Dustin B. Pead |

Relief Defendant iX Ventures FCZO ("iX Ventures"), pursuant to Federal Rules of Procedure 12(b)(6) and 12(b)(2), files this Motion to Dismiss Plaintiff's claim against it for Equitable Disgorgement (Count VII).

**INTRODUCTION**

The SEC does not allege that iX Ventures, a foreign entity, violated any securities laws. Instead, iX Ventures is named as a Relief Defendant. The entirety of the SEC's claims against iX Ventures are predicated on a finding of liability against the named Defendants who are accused of making payments to iX Ventures. Pursuant to DUCivR 7-1(a)(7), iX Ventures incorporates by reference the Motions to Dismiss filed by those defendants and Replies in Support thereof. *See* Dkt. Nos. 182, 191-193, 196-197, and 218-222.

Additionally, the SEC's bare allegations are not sufficient for this Court to assert personal jurisdiction over a United Arab Emirates ("UAE") entity with no nexus to this forum. iX Ventures is a United Arab Emirates company with insufficient connections to this forum to warrant being hauled into a jurisdiction over 7,000 miles away. In the SEC's rush to judgment, it has presented false allegations to support its claims against iX Ventures and has alleged virtually no particularized claims which might warrant extending jurisdiction over iX Ventures.

In short, the SEC's claims against iX Ventures should be dismissed for the reasons stated in the various defendants' prior motions, and for this Court's lack of personal jurisdiction over iX Ventures as a UAE entity.

**FACTS ALLEGED AGAINST IX VENTURES**

iX Ventures is only named twice in the Complaint. Once to state that iX Ventures is "a company headquartered [sic] Abu Dhabi, United Arab Emirates ("UAE") with a principal place of business in Draper, Utah. Upon information and belief, Defendants Jason and Jake Anderson control this entity. IX Ventures FZCO received at least $1,350,000 in investor funds to which it has no legitimate claim." Compl. ¶ 37.

1

The next time iX Ventures is named is in the SEC's final claim where the Complaint alleges iX Ventures "obtained money, property, and assets as a result of the violations of securities laws by Defendants, to which [it] has no legitimate claim." *Id.* ¶¶ 126-127. There are no additional facts or allegations as to iX Ventures in the SEC's Complaint.

## ARGUMENT

### I. Rule 12(b)(2) Motion to Dismiss Standard

"The Plaintiff bears the burden of establishing personal jurisdiction over the defendant." *Rambo v. American Southern Ins. Co.,* 839 F.2d 1415, 1417 (10th Cir.1988). The minimum contacts required by due process principles for specific jurisdiction are:

> (1)   The nonresident defendant **must do some act** or consummate some transaction with the forum or perform some act by **which he purposefully avails himself** of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.
>
> (2)   The claim must be one which **arises out of or results from the defendant's forum-related activities.**
>
> (3)   Exercise of jurisdiction must be reasonable.

*Taylor v. Phelan*, 912 F.2d 429, 432 (10th Cir. 1990) (emphasis added); *Rambo*, 839 F.2d at 1419 n.6. Even if the purposeful acts and arising out of forum-related activities elements are met, the court must still inquire whether exercising personal jurisdiction would offend traditional notions of fair play and substantial justice. *See Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

### II. The SEC Does Not Event Attempt to Meet Jurisdictional Burdens

The SEC does not attempt to make a *prima facie* showing of personal jurisdiction over iX Ventures, and instead falsely alleges that the company is controlled by Defendants Jason and Jake Anderson, and makes the false and conclusory allegations that the company has a principal place

of business in Utah, which is not true.  *See* Decl. of Joseph Martinez, attached hereto as Exhibit A ¶¶ 4-5.

Moreover, the SEC does not allege how any of the funds allegedly received by iX Ventures have any connection to this forum, or any facts to support the conclusory allegation that iX Ventures does not have a legitimate claim to these funds.  *See FTC v. LeadClick Media, LLC et al.*, 838 F.3d 158, 177 (2d Cir. 2016) ("relief defendants who have provided some form of valuable consideration in good faith .... are beyond the reach of the district court's disgorgement remedy.").

In sum, the SEC uses two paragraphs of false and conclusory allegations to haul a UAE entity into federal court over 7,000 miles away over actions which the UAE entity is not even accused of engaging in, but instead, it is alleged that it only received funds from defendants allegedly engaged in those actions.  In addition to dismissal being proper due to the arguments raised in those defendants' Motions to Dismiss and Replies in Support thereof, iX Ventures should also be dismissed due to this Court's lack of personal jurisdiction over iX Ventures as a foreign Relief Defendant.

## **CONCLUSION**

For the foregoing reasons, iX Ventures respectfully requests this Court dismiss this case against it, and for all further relief which this Court deems is just and proper.

Dated: December 19, 2023

                                                POLSINELLI PC

                                                /s/ *Jose A. Abarca*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of December, 2023, the foregoing document was served via CM/ECF to all counsel of record.

*/s/ Kaitlin Morgan*