# Exhibit 1

Elizabeth McFadden (D.C. Bar No. 436076)
mcfaddene@sec.gov
Melinda Hardy (D.C. Bar No. 431906)
hardym@sec.gov
Michael S. Bailey (D.C. Bar No. 983676)
baileym@sec.gov
Office of the General Counsel
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-5100

*Attorneys for Plaintiff Securities and Exchange Commission*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. | **DECLARATION OF JOSEPH D. WATKINS IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO THE COURT'S NOVEMBER 30, 2023 ORDER TO SHOW CAUSE**<br><br><br>Case No. 2:23-cv-00482-RJS<br><br><br>Chief Judge Robert J. Shelby |

| |
|---|
| STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual; |
| Defendants, |
| ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company, |
| Relief Defendants. |

I, Joseph D. Watkins, make the following declaration, in accordance with the provisions of 28 U.S.C. § 1746:

1. I am currently employed by the U.S. Securities and Exchange Commission ("SEC" or "Commission") in its Salt Lake Regional Office ("SLRO"). I began working for the SEC in January 2023 and have served since that time as a staff attorney within the Division of Enforcement ("Enforcement"). As a staff attorney for the SEC, my duties include investigating potential violations of federal securities laws and supporting the SEC's litigation of securities fraud actions in federal court.

2. As part of my duties, I was assigned to the Commission's investigation concerning the alleged securities law violations in the above-captioned matter. The investigation was covert, meaning that Commission staff did not contact the persons it was investigating to

2

obtain documents or information.  In addition, the SLRO team did not subpoena bank account information from any individuals because doing so would have required providing notice to the individuals under the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3401, *et seq*.  The SLRO team only subpoenaed bank account information from those entities that did not require notification to be sent to Defendants.

3. During the course of the investigation, I visited websites affiliated with the Defendants, including the website of Digital Licensing, Inc. dba DEBT Box, using SEC tools that permit staff to view information online while remaining anonymous.  There were occasions, however, when I did not use these tools to view websites affiliated with Defendants.  I understand that, in those instances, the SEC's IP address would have been tracked and recorded by Defendants' websites.

4. I also visited the Instagram pages for Defendants Jason Anderson, Joseph Martinez, and Travis Flaherty using the Division of Enforcement's Instagram account.  I understand that Instagram account holders can determine who is reviewing their stories (as opposed to their "posts").  It is also my understanding that Instagram stories are short-lived videos or slide-shows attached to one's Instagram display picture that can be viewed by one's followers (or ANY user if it is a public profile) for only 24 hours and then the stories are archived (deleted) after that.

5. When the investigation started in March 2023, I had no trouble viewing the stories posted on the Instagram pages for Defendants Anderson, Martinez, and Flaherty, whose profiles were all public.  However, beginning in or around early June 2023, when I tried to access the stories associated with these individuals' profiles, I received messages that the pages were not available.  I tried to access these same Instagram stories using a non-SEC Instagram account and was able to view the stories on all three of the Defendants' Instagram pages.  This led me to

believe that Defendants had identified that SEC staff had accessed their stories and were blocking the SEC from viewing their public Instagram pages.

6. My belief was bolstered by other events in June and July 2023. Around this time, I noticed that videos posted by Defendants on YouTube were taken down. Moreover, I was unable to access websites that I had previously accessed at the start of the investigation. I describe an example of this in my July 26, 2023, declaration submitted in support of the SEC's Motion for a Temporary Restraining Order and Asset Freeze ("SEC's Motion"). (*See* Dkt. 3-4, Watkins Decl. ¶ 12 (describing inability to access iX Global's website on July 24, 2023, which was previously visited in March 2023).)

7. I realize that the representation in the SEC's Motion to the Court that Defendants had taken action to block SEC investigative staff from viewing their social media sites did not explain that the statement was an inference based on the facts provided above and consequently the motion did not explain the basis for the statement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20 day of December 2023 in Newport Beach, CA.

_____
Joseph D. Watkins