# Exhibit 4

Elizabeth McFadden (D.C. Bar No. 436076)
mcfaddene@sec.gov
Melinda Hardy (D.C. Bar No. 431906)
hardym@sec.gov
Michael S. Bailey (D.C. Bar No. 983676)
baileym@sec.gov
Office of the General Counsel
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone:  (202) 551-5100

*Attorneys for Plaintiff Securities and
Exchange Commission*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah | **DECLARATON OF TRACY COMBS IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO THE COURT'S NOVEMBER 30, 2023 ORDER TO SHOW CAUSE**<br><br><br>Case No. 2:23-cv-00482-RJS<br><br>Chief Judge Robert J. Shelby |

limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual;

    Defendants,

ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

    Relief Defendants.

I, Tracy Combs, make the following declaration, in accordance with the provisions of 28 U.S.C. § 1746:

1. I am currently employed by the U.S. Securities and Exchange Commission ("SEC") in its Salt Lake Regional Office ("SLRO") as its Regional Director. I have served in this position since June 2022. As Regional Director, I am responsible for overseeing the investigative and litigation functions of the SEC's SLRO. Prior to serving as the Regional Director, I was a trial attorney in the SLRO. I began working for the SEC in November 2015 as a staff attorney and then as a member of the Cyber Unit in the SEC's San Francisco Regional Office.

2

2. In this matter, I was responsible for directly supervising both the investigative staff attorneys and trial counsel. SLRO has investigative staff attorneys who are responsible for investigating potential violations of federal securities laws and supporting the SEC's litigation of securities law actions in federal court. SLRO also has trial counsel who are responsible for filing and litigating securities law actions on behalf of the Commission in federal district court.

3. While I was not involved in the day-to-day activities of the investigation, I asked the investigative and trial counsel assigned about the evidence we had obtained on the alleged securities law violations. I also reviewed the July 26, 2023 Motion for a Temporary Restraining Order ("TRO") and Asset Freeze ("SEC's Motion") and the accompanying Rule 65(b)(1)(B) Attorney Certification. I was satisfied that based on the evidence described in the papers, there was sufficient evidence to file the complaint and the SEC's Motion. I believed the Defendants were engaging in ongoing fraud and investors were currently being harmed, which impacted the decision to seek the temporary restraining order in July.

4. One or two days before the July 28, 2023 hearing on the SEC's Motion, I asked staff to contact banks to obtain current bank balances for Defendants' accounts under subpoena so that we would have the most recent information regarding Defendants' accounts available for the TRO hearing.

5. I was present at the July 28, 2023 TRO hearing. After the Court stated that the SEC would need to argue for a TRO under the standard in *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016), and then recessed to consider whether to proceed with an oral argument or require additional briefing on the issue, I left the conference room to print out a copy of *Dine Citizen*. When I returned to the conference room, I discussed the *Dine Citizen* standard of review with trial counsels Mike Welsh and Casey Fronk. I do not

3

recall participating in conversations between Mr. Welsh and investigative staff attorneys during the recess. I did not know that any statements made by Mr. Welsh at the TRO hearing were inaccurate, especially in light of the fact that in the days leading up to the TRO hearing, I had asked the staff to call the banks and obtain current bank activity information.

6. I was aware that Defendants filed a motion to dissolve the TRO in September. I understood that Mr. Welsh would take the lead in preparing the brief in opposition to Defendants' motion. I did not review the evidence related to Defendants' allegations that the SEC had made misleading statements. I believed that Ms. Zaki's supplemental declaration would affirm the Commission's evidence that was called into question by the Defendants' motion to dissolve and that the evidence as conveyed by my staff supported the requested emergency relief. I did not believe that the team had made any statement to the Court that needed to be corrected. Nor did any of the staff assigned to the matter tell me that they had identified—either in our TRO papers or the TRO transcript—any misleading statements.

7. I recognize that the SEC, especially when seeking emergency, *ex parte* relief, has a responsibility to present the facts and the law to the court accurately and completely and to take all steps necessary to avoid making misrepresentations or otherwise misleading the court. I also recognize that the SEC has a responsibility to immediately correct any misstatements or misleading statements once the staff is aware that a statement may have been incorrect or misleading. I deeply regret that in the course of supervising the attorneys in my office, I failed to identify and immediately rectify any statements my team made to the Court that were incorrect or could have been misleading. I am privileged to serve as the Regional Director of the SEC's Salt Lake Office, and I am committed to making sure that our office does not fail in this regard again.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20th day of December 2023 in Washington, D.C.

/s/ Tracy Combs
Tracy Combs

5