Exhibit 5

Elizabeth McFadden (D.C. Bar No. 436076)
mcfaddene@sec.gov
Melinda Hardy (D.C. Bar No. 431906)
hardym@sec.gov
Michael S. Bailey (D.C. Bar No. 983676)
baileym@sec.gov
Office of the General Counsel
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone:  (202) 551-5100

*Attorneys for Plaintiff Securities and
Exchange Commission*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. | **DECLARATION OF CASEY R. FRONK IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO THE COURT'S NOVEMBER 30, 2023 ORDER TO SHOW CAUSE**<br><br>Case No. 2:23-cv-00482-RJS<br><br>Chief Judge Robert J. Shelby |

FRITZSCHE, an individual;

Defendants,

ARCHER DRILLING, LLC, a Wyoming
limited liability company; BUSINESS
FUNDING SOLUTIONS, LLC, a Utah
limited liability company; BLOX LENDING,
LLC, a Utah limited liability company;
CALMFRITZ HOLDINGS, LLC, a Utah
limited liability company; CALMES & CO,
INC., a Utah corporation; FLAHERTY
ENTERPRISES, LLC, an Arizona limited
liability company; IX VENTURES FZCO, a
United Arab Emirates company; PURDY
OIL, LLC, a Nebraska limited liability
company; THE GOLD COLLECTIVE LLC,
a Utah limited liability company; and UIU
HOLDINGS, LLC, a Delaware limited
liability company,

Relief Defendants.

I, Casey R. Fronk, make the following declaration, in accordance with the provisions of

28 U.S.C. § 1746:

1.      I am currently employed as a Trial Counsel in the Salt Lake Regional Office

("SLRO") of the U.S. Securities and Exchange Commission ("SEC").  I began working for the

SEC in September 2020 in the position I currently hold.  As Trial Counsel, I am responsible for

filing and litigating securities actions on behalf of the SEC in federal court.

2.      SLRO typically assigns two trial attorneys to each case.  My colleague Michael

Welsh served as lead Trial Counsel in this matter, and I was assigned as the second trial attorney.

My role was to assist Mr. Welsh with filing and litigating the above-captioned matter.

3.      I attended the July 28, 2023 hearing on the SEC's Motion for a Temporary

Restraining Order ("TRO Hearing").  During the TRO Hearing, when Mr. Welsh made the

statement that "even in the last 48 hours Defendants have closed additional bank accounts, and I believe the number, I don't have it in front of me, was around 33 bank accounts have been closed," I did not know that this statement was inaccurate.  I recall investigative counsel, either Ms. Laurie Abbott or Mr. Joseph Watkins, saying something during the break to the effect that there was evidence of bank account closures in the last couple of days, but I was not aware of the information investigative counsel obtained regarding bank account closures in the two days leading up to the hearing.  I had no reason to believe that Mr. Welsh may have misinterpreted the information provided to him.

4.      I first became aware that Mr. Welsh's statement may have been inaccurate when certain Defendants raised the issue in their motions to dissolve the TRO on or about September 12, 2023.  Thereafter, I discussed the issue with Mr. Welsh, who appeared surprised to learn his statement may have been inaccurate.  Mr. Welsh and I agreed that he would work with the SEC's investigative staff to confirm whether the bank records regarding the relevant transactions in Defendants' bank accounts supported the information Mr. Welsh provided at the TRO Hearing.

5.      Before the SEC filed its September 27, 2023 Opposition to the DLI Defendants' Motion to Dissolve ("Opposition"), I learned from Mr. Welsh that the investigative staff told him that no Defendants' accounts had been closed in the two days before the TRO Hearing, but rather that certain Defendants' accounts had been substantially drained of assets.  Mr. Welsh and I agreed to submit the updated account transaction information to the Court through a supplemental declaration from the SEC's accountant, Ms. Zaki.  Mr. Welsh and I further discussed how, in his view, evidence that accounts were "substantially drained" in the 48 hours before the hearing supported the same inference as evidence that accounts were "closed" in the last 48 hours, namely that Defendants were moving investor funds out of known accounts.  I

regret not doing more to ensure that the arguments presented in the Opposition corrected Mr.

Welsh's statement at the TRO Hearing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 2⁷ day of December 2023 in Salt Lake City, Utah

Casey R. Fronk

4