# Exhibit A - Timeline

**EXHIBIT A: TIMELINE**

| ¶ | Date | Event | Citation |
|---|---|---|---|
| 1. | 2004 | Defendant Joseph Martinez enlisted in the Marine Corps. He served his country for five years, including three tours of duty in Iraq. He was awarded the Navy and Marine Corps Achievement medal for superior performance in a highly professional manner.<br><br>At all times relevant to this action, the SEC knew or could have known about Joseph Martinez's military record and community ties from publicly available information and from information available to the SEC as a federal agency. | Dkt. No. 145-1, ¶¶ 4-5; 145-2. |
| 2. | 03/2023 | The SEC began its investigation into this matter. The investigation was covert. | Dkt. No. 233-1, ¶¶ 2 and 5 |
| 3. | 03/2/2023 | Bank of America made the decision to close three bank accounts controlled by Joseph Martinez. | Dkt. No. 145-3 |
| 4. | 7/12/2023 | The SEC received from Mountain American Credit Union records which contained a Cashier Check showing that 164,472.35 was deposited from iX Global's Bank of America Account.<br><br>While the SEC claims to have been unaware the Bank of America account closures were instituted by Bank of America, it knew the funds were transferred to another U.S. banking institution and had no basis to infer that the account closures were either instituted by iX Global or an attempt to dissipate assets or move assets outside of the U.S. | Dkt. No. 3-10. |
| 5. | 7/24/2023 | SEC accountant Karaz Zaki, located in the SEC's headquarter office, signs a declaration under penalty of perjury in support of the SEC's *ex parte* TRO application. That accountant prepared a detailed spreadsheet of transactions attributable to iX Global based on bank account records reviewed.<br><br>The only transactions listed for the year 2023 were payments to U.S. companies, U.S. citizens, transfers between U.S. banks, and payments to the IRS. The last listed withdrawal occurred on 4/27/2023 and was to Relief Defendant Flaherty Enterprises, a U.S. company, to that company's U.S. bank account. | Dkt. No. 3-10, Ex. 5. |
| 6. | 7/26/2023 | The SEC filed the sealed Complaint and Motion for Temporary Restraining Order in this matter. The combined documents and exhibits were over 300 pages. The following information was contained in those documents which has been subsequently identified as false or materially misleading: | Dkt, 1; Dkt. No. 3; Dkt. No. 233, at 9. |

| ¶ | Date | Event | Citation |
|---|------|-------|----------|
| | | <ul><li>On June 26, 2023, iX Global began closing its bank accounts in the United States and has since removed over 720,000 in investor funds in those accounts. Dkt. No. 1, ¶ 6.<ul><li>iX Global did not close those accounts. iX Global transferred the funds from those accounts to another United States bank account, which the SEC was aware of.</li></ul></li><li>That in the past two months, certain defendants have taken steps to evade law enforcement. Dkt. No. 1, ¶ 6.<ul><li>There is zero evidence in the record of any defendants taking steps to avoid law enforcement; certainly not in May, June, or July of 2023.</li></ul></li><li>DEBT Box stated it is in the process of moving its operations to the UAE for the express purpose of evading federal securities laws. Dkt. No. 3, at 6.<ul><li>As the Court noted, no reasonable interpretation of the video cited by the SEC as support indicates the move was to "evade federal securities laws."</li><li>Further, the attorney who swore to that statement has now stated "I do not recall whether, at the time I signed the Certification, I had viewed the video myself…"</li></ul></li><li>Defendants are currently in the process of attempting to relocate assets and investor funds overseas. Dkt. No. 1, ¶ 6.<ul><li>According to the SEC's Response this statement was made based off : (1) transfers of funds by or before December 2022; (2) transfers of funds by or before May 30, 2023, largely to U.S. bank accounts controlled by U.S. individuals and entities, or in some instances to the federal government itself; and (3) U.S. bank account closures which the SEC knew, at minimum, resulted in funds being transferred to other U.S. bank accounts. None of which support the above claim. The SEC now admits "staff did not have direct evidence of recent depletion of funds or recent overseas transfers."</li></ul></li><li>Defendants have taken action to block SEC investigative staff from viewing their social media sites and deleted training materials for promotors.  Dkt. No. 3, at 1.</li></ul> | |

| ¶ | Date | Event | Citation |
|---|---|---|---|
| | | <ul><li>If the SEC genuinely thought Defendants were aware of the investigation, despite it being covert, then the SEC's claimed necessity for an *ex parte* TRO against, among others, a decorated military veteran falls apart. Moreover, the SEC claims some unnamed YouTube videos were taken down, without any factual support that those YouTube videos were uploaded, controlled, or taken down by any of the Defendants and yet "reasonably assumed" those were taken down by Defendants. It also would not make intuitive sense for the SEC to reasonably believe Defendants were taking down videos, but at the same time post a video which the SEC later alleged contained assertions that certain Defendants were seeking to flee the U.S. purpose of evading federal securities laws.</li></ul><br>• "[M]any of the investor funds in this action were invested through cryptocurrency that is not readily traceable through third-party subpoenas." Dkt. No. 3, at 24.<ul><li>The government routinely issues third party subpoenas for the tracing of digital assets. *See United States v. Payment Ventures, Inc.*, 3:23-mc-80029, Dkt. No. #34 (N.D.Cal. Jun 30, 2023). Additionally, while technically correct that a subpoena is not effective in tracing transactions which occur on an immutable public ledger, it is a materially misleading statement as no subpoena is needed for the government to access that immutable public record of transactions.</li></ul> | |
| 7. | 7/28/2023 | The Court holds a hearing on the SEC's *ex parte* application for temporary restraining order.  The SEC made the following false or materially misleading representations to the Court at that hearing:<br><br>• "[D]efendants are moving assets overseas.  They have said in videos that the reason they are doing this is to avoid SEC jurisdiction." 9:18-21.<ul><li>The SEC made no effort to put this into context, that this was a response to a question, and was a statement that the move was to a jurisdiction that has provided clarity for digital assets while the SEC has not.</li></ul><br>• "[O]ur investigative staff has noticed they have started to take down videos, started to remove evidence that we would need to rely on in discovery." 10:1-3. | TRO Hearing Transcript, (D.Utah July 28, 2023); Dkt. No. 233-2; Dkt. No. 145, at 8-9. |

| ¶ | Date | Event | Citation |
|---|------|-------|----------|
| | | <ul><li>The iX Global Defendants did not take down any YouTube videos during this time frame, and upon information and belief the SEC staff is referring to videos which were posted by independent individuals not named in this litigation. The SEC was aware of this and referenced "YouTube videos in India as well as Africa" during the TRO hearing. 11:7-10.</li></ul><ul><li>"[Digital] assets being moved not only will be difficult to trace funds if they are in cold storage wallets or moved to third parties or liquidated on trading pools, there's also a circumstance that we may never even know that they exist if we were not able to provide an accounting and determine in that way." 10:13-24.<ul><li>The digital asset transactions at issue here occurred on a public and immutable blockchain. None of the evidence of those past transactions are capable of being hidden or destroyed. It is anticipated the SEC intends to utilize such digital asset tracing in this very case, as it has used in many other cases.</li></ul></li><li>"[D]efendants have made it clear that their intentions are to move assets overseas and to dissipate funds." 20:24-21:1.<ul><li>*See* above.</li></ul></li><li>That in the 48 hours before the hearing, Defendants closed additional bank accounts. 20:9-18.<ul><li>The SEC staff immediately knew this statement was false but did correct the record at the time or any time thereafter.</li></ul></li></ul> | |
| 8. | 8/1/2023 | The SEC issues expedited discovery requests which the Defendants were required to respond outside of the normal course and timeline of discovery or risk violating the Court's Order. | |
| 9. | 8/3/2023 | The SEC issues a press release titled "SEC Obtains Emergency Relief to Halt Utah-Based Company's Crypto Asset Fraud Scheme Involving 18 Defendants" | *SEC Obtains Emergency Relief to Halt Utah-Based Company's Crypto Asset Fraud Scheme Involving 18 Defendants*, |

| ¶ | Date | Event | Citation |
|---|---|---|---|
| | | | SEC (Aug. 3, 2023). |
| 10. | 8/21/2023 | Defendant Travis Flaherty responds to the SEC's expedited discovery requests. These responses confirm Mr. Flaherty had made no attempts to move funds overseas to avoid U.S. jurisdiction.<br><br>At no point does the SEC seek to remove the injunction against Mr. Flaherty as no longer necessary based on facts learned subsequent to filing of the SEC's Complaint. | |
| 11. | 8/23/2023 | Defendant Joseph Martinez responds to the SEC's expedited discovery requests. These responses confirm Mr. Martinez had made no attempts to move funds overseas to avoid U.S. jurisdiction. At no point does the SEC seek to remove the injunction against Mr. Martinez as no longer necessary based on facts learned after filing of the SEC's Complaint. | |
| 12. | 8/28/2023 | Defendant iX Global, LLC responds to the SEC's expedited discovery requests. These responses confirm iX Global had made no attempts to move funds overseas to avoid U.S. jurisdiction. At no point does the SEC seek to remove the injunction against iX Global as no longer necessary based on facts learned subsequent to filing of the SEC's Complaint. | |
| 13. | 9/1/2023 | Despite at least some SEC staff knowing that false statements were made in effort to obtain TRO, the SEC moves to clarify receivership and put additional burdens on DEBT Council Defendants. | Dkt. No. 125 |
| 14. | 9/12/2023 | The DEBT Council Defendants file Motion to Dissolve TRO.<br><br>Lead SEC attorney Michael Welsh learned his previous statement to the Court regarding account closures 48 hours before the hearing was false. At no point did the SEC inform the Court of its known error. | Dkt. No.132; Dkt. No. 233-3, ¶ 17. |
| 15. | 9/14/2023 | The iX Global Defendants file Motion to Dissolve TRO.<br><br>This presented irrefutable proof that the SEC's cited bank account closures were instituted by the bank, additional details regarding iX Global's business expenses, and its founder (Joseph Martinez)'s decorated military record. | Dkt. No. 145 |
| 16. | 9/27/2023 | The SEC files response to DEBT Council Defendants' Motion to Dissolve TRO.<br><br>Rather than informing the Court that the SEC presented now irrefutably known false evidence to obtain the TRO, the SEC doubles down stating the SEC did not "misrepresent the exigency of its requested expedited relief." The SEC attorney who signed that filing, Michael Welsh, has now admitted | Dkt. No. 168; Dkt. No. 233-3, ¶ 17. |

| ¶ | Date | Event | Citation |
|---|---|---|---|
| | | he knew prior to making this statement that he had presented to the Court false evidence regarding the "exigency of the SEC's requested expedited relief." | |
| 17. | 9/27/2023 | The SEC files response to iX Global Defendants' Motion to Dissolve TRO.<br><br>Rather informing Court that the SEC presented the Court now irrefutably known false evidence to obtain the TRO, the SEC doubles down stating evidence it obtained through expedited discovery supported maintaining the TRO. | Dkt. No. 169 |
| 18. | 10/6/2023 | The Court held a hearing regarding the TRO and the SEC's multiple misstatements, inaccuracies, evidence devoid of necessary context, and unsupported inferences the SEC presented to the Court to obtain that TRO. The Court issued a Minute Order dissolving the TRO. The Court informed the SEC attorneys present at the hearing, including Regional Director of the Salt Lake City office Tracy Combs that the Court would likely issue an Order to Show Cause related to the SEC actions.<br><br>Subsequent to that hearing, no SEC attorney involved in those actions was removed from the case, and the SEC has presented no evidence that any corrective action was taken at the agency from the time of that hearing until the SEC Responded to the Court's Order to Show Cause. | Dkt. No. 187; [Transcript 12:12-18] |
| 20. | 11/30/2023 | The Court enters its Order to Show Cause.<br><br>Subsequent to the Order to Show Cause, no SEC attorney involved in those actions was removed from the case, and the SEC has presented no evidence that any corrective action was taken at the agency from the time of that hearing until the SEC Responded to the Court's Order to Show Cause. | Dkt. No. 215 |
| 21. | 12/21/2023 | The SEC Responds to the Court's Order to Show Cause. | Dkt. No. 233 |