Nicholas P. Heinke (Colorado Bar No. 38738)
HeinkeN@sec.gov
Gregory A. Kasper (Colorado Bar No. 46800)
KasperG@sec.gov
Terry R. Miller (Colorado Bar No. 39007)
MillerTe@sec.gov
Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Suite 1700
Denver, Colorado 80294
Tel. 303-844-1000

Michael E. Welsh (Massachusetts Bar No. 693537)
welshmi@sec.gov
Casey R. Fronk (Illinois Bar No. 6296535)
fronkc@sec.gov
Troy Flake (California Bar No. 267523)
flaket@sec.gov
Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel: 801 524-5796

*Attorneys for Plaintiff Securities and Exchange Commission*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. | **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM IN OPPOSITION OF RELIEF DEFENDANT IX VENTURES FZCO'S MOTION TO DISMISS [DKT. NO. 232]**<br><br>Case No. 2:23-cv-00482-RJS-DBP<br><br>Chief Judge Robert J. Shelby |

MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual,

     Defendants,

ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

     Relief Defendants.

**Table of Contents**

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND........................................................................................................2

ARGUMENT .................................................................................................................................5

    I.   THE SECURITIES ACT AND THE EXCHANGE ACT PROVIDE FOR
        NATIONWIDE AND WORLDWIDE SERVICE OF PROCESS......................................5

    II.  PERSONAL JURISDICTION OVER IX VENTURES COMPORTS
        WITH DUE PROCESS......................................................................................................6

           1.   Extent of Contacts................................................................................................8

           2.   Inconvenience to IX Ventures .............................................................................9

           3.   Judicial economy ................................................................................................11

           4.   Probable situs of the discovery ..........................................................................11

           5.   Nature of the regulated activity..........................................................................12

    III. THE FEDERAL INTEREST IN LITIGATING THIS CASE IN UTAH
        OUTWEIGHTS ANY BURDEN IMPOSED ON IX VENTURES..................................13

CONCLUSION............................................................................................................................14

# Table of Authorities

Cases

*Klein v. Petty*,
    2013 WL 4780760 (D. Utah 2013) .................................................................................. 8-9

*Mohon v. Agentra LLC*,
    400 F. Supp. 3d 1189 (D.N.M. 2019) ................................................................................ 9

*Peay v. BellSouth Med. Assistance Plan*,
    205 F. 3d 1206 (10th Cir. 2000) ..................................................................... 5, 8, 12, 13

*SEC v. Carrillo,*
    115 F. 3d 1540 (11th Cir.1997) ......................................................................................... 8

*SEC v. Erwin*,
    2022 WL 2063227 (D. Colo. 2022) .............................................................................. 2, 3

*SEC v. Hartman Wright Grp., LLC*,
    2022 WL 669758 (D. Colo. Mar. 7, 2022) ........................................................................ 6

*SEC v. Knowles*,
    87 F.3d 413 (10th Cir. 1996) ............................................................................................. 8

*Shani N. v. Gillette Children's Specialty Healthcare Med. Benefit Plan*,
    2023 WL 5046818 (D. Utah Aug. 8, 2023) ............................................................... *passim*

*Touchtone Grp., LLC v. Rink*,
    913 F. Supp. 2d 1063 (D. Colo. 2012) .............................................................................. 8

**Statutes**

15 U.S.C. § 77v ............................................................................................................... 5-6, 8
15 U.S.C. § 78aa ................................................................................................................ 6, 8
Fed. R. Civ. P. 12(b) ..................................................................................................... 1, 2, 4
Fed. R. Civ. P. 30 ................................................................................................................ 10
Fed. R. Civ. P. 43 ................................................................................................................ 10

Plaintiff Securities and Exchange Commission submits this memorandum of law in opposition to Relief Defendant iX Ventures FZCO's ("iX Ventures") motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) by incorporation of motions filed by other defendants. Dkt No. 232 ("Motion").

## PRELIMINARY STATEMENT

This case is about a fraud to obtain investor funds and the misappropriation of some of those funds. iX Ventures obtained at least $1,350,000 of this money.

The SEC alleges in its Complaint that the DLI Defendants[1] orchestrated and controlled a sprawling, multi-year scheme through which they fraudulently raised at least $49 million. *See, e.g.*, Dkt. No. 1 ¶¶ 1-6, 56 ("Compl."). Millions of dollars of investor funds were transferred to parties that would appear to have no legitimate claim to them, and the SEC has named ten of them as Relief Defendants. *Id.* ¶¶ 31-40. The SEC seeks an order requiring these Relief Defendants to disgorge these ill-gotten gains to which they have no legitimate claim. *Id.* p. 34.

iX Ventures is one of these Relief Defendants. iX Ventures received at least $1,350,000 of investor funds from Defendant iX Global, LLC ("iX Global"), a Utah company used to promote the fraudulent scheme. iX Global transferred those funds from bank accounts controlled by Defendant Joseph Martinez, a Utah resident. The Motion does not dispute that iX Ventures received investor funds, nor does it argue that it provided value in exchange for these funds.

The SEC filed this enforcement action to hold the defendants responsible and recover investor funds. The SEC filed this action, in which subject matter jurisdiction is based on a federal question, under the Securities Act of 1933 ("Securities Act") and the Securities Exchange

---

[1] The "DLI Defendants" are Defendants Digital Licensing Inc. ("DEBT Box"), Jason Anderson, Jacob Anderson, Schad Brannon, and Roydon Nelson.

1

Act of 1934 ("Exchange Act"). Each of these statutes provides for worldwide service of process. This means that, when challenging personal jurisdiction, iX Ventures bears the burden to show that exercising jurisdiction in this forum would violate due process concerns. iX Ventures' motion to dismiss for lack of personal jurisdiction fails because iX Ventures does not meet its burden to show that litigating in this forum would be inconvenient, let alone so gravely difficult to meet the high standard of inconvenience at a constitutional level.

## **FACTUAL BACKGROUND**

When evaluating grounds for dismissal under Rule 12(b)(2), the Court may consider "facts and evidence outside the Complaint but must accept all uncontroverted well-pled allegations in the Complaint and resolve factual ambiguities in [the plaintiff's] favor." *Shani N. v. Gillette Children's Specialty Healthcare Med. Benefit Plan*, 2023 WL 5046818, at *1 (D. Utah Aug. 8, 2023).

The SEC asserts a claim for disgorgement against iX Ventures as a relief defendant. "To establish a claim for disgorgement against a relief defendant, the SEC must show that the relief defendant: 1) received ill-gotten funds; and 2) does not have a legitimate claim to those funds." *SEC v. Erwin*, 2022 WL 2063227, at *2 (D. Colo. 2022). As explained below, iX Ventures received $1,350,000 of investor funds from two bank accounts of Defendant iX Global (a Utah company with accounts associated with a Utah address) that were controlled by Defendant Martinez (a Utah resident).

Martinez, a Utah resident, Compl. ¶ 22, is the registered agent of iX Global, a Utah company headquartered in Salt Lake City. *Id.* ¶ 21. On behalf of iX Global, Martinez solicited investments to promote the DLI Defendants' fraud as alleged in the Complaint. *Id.* ¶¶ 21, 90-100. iX Global received at least $23 million of investor funds. Dkt. No. 3-10 ¶ 18.

2

iX Global has multiple bank accounts. Through two United States bank accounts, each of which has a Utah address associated with the account ("769 Tanglewood Loop, North Salt Lake, UT 84054"), iX Global made the transfers below to iX Ventures:

| Date | iX Global Account | Amount from iX Global to iX Ventures |
|---|---|---|
| 12/27/2021 | Chase x7087 | $100,000 |
| 9/7/2022 | BOA x8643 | $250,000 |
| 10/4/2022 | BOA x8643 | $500,000 |
| 12/28/2022 | BOA x8643 | $500,000 |
| | Total | $1,350,000 |

Declaration of Karaz S. Zaki ¶ 3, attached as **Exhibit 1**. ("Karaz Decl."). The bank statements that reflect two of these transfers, for a total of $750,000, contain the notation "Capital injection/infusion." Exhibit 2 to Karaz Decl. p.2; Exhibit 3 to Karaz Decl. p.2. Martinez is the sole authorized user of the iX Global accounts that transferred a total of $1,350,000 to iX Ventures. Dkt. No. 3–10 p. 55–57 (Bank of America x8643); Dkt. No. 3–10 p. 128–131 (Chase x7087). Martinez is also listed as a member of iX Global in the bank authorization cards for these two accounts. *Id.*

At the time the SEC filed the Complaint, SEC staff understood that Defendants Jason Anderson and Jacob Anderson controlled iX Ventures, and on that basis understood that iX Ventures' principal place of business was in Utah where the Anderson Defendants resided. *See* Compl. ¶ 37. After the SEC filed the Complaint, iX Ventures submitted a declaration signed by Martinez in support of the Motion. Dkt. No. 232-1 ("Martinez Decl."). Although Martinez omits from the declaration any evidence to show a foundation for any testimony about iX Ventures,[2]

---

[2] Martinez does not explain in his Declaration what role he has with iX Ventures or how he has personal knowledge of any of the facts in his declaration except for a generic statement that he has "personal knowledge of the matters" in his declaration and if called as a witness "could and would competently testify under oath to the facts stated" in the declaration. Martinez Decl. ¶ 3.

3

Martinez offers testimony about the headquarters and place of business (Dubai), and control and ownership (not the Andersons), of iX Ventures. Martinez Decl. ¶¶ 4–5. The SEC has acknowledged that its original belief regarding the Andersons' control of iX Ventures appears incorrect. *See* Dkt. No. 233-3 ¶ 4.[3] *Id.* But regardless of who controls iX Ventures, nothing in the Motion or the Martinez declaration explains the nature of iX Ventures' purported business, any actual work done by it or on its behalf in Dubai, the identity of any officers or employees who physically work or live in Dubai, the identity of any records or equipment physically located in Dubai, or even a mailing address in Dubai.

Accordingly, while the Martinez Declaration shows that a Utah resident speaks on behalf of iX Ventures and "could and would competently testify" about the facts of iX Ventures business stated in the declaration, Martinez Decl. ¶ 3, there is no basis offered in the Motion or the Martinez Declaration to conclude that litigating in Utah would be inconvenient to any person actually located in Dubai or that any work on behalf of iX Ventures is physically done from Dubai.

---

[3] The Motion argues that the SEC "has presented false allegations to support its claims against iX Ventures." (Motion at 1.) As noted above, the SEC initially alleged in its Complaint, based upon information and belief, that certain DLI Defendants, namely Jason and Jacob Anderson, controlled iX Ventures. Given that the SEC has acknowledged that this allegation appears incorrect, the SEC makes clear that it does not rely on the allegation in the Complaint that Jason and Jacob Anderson controlled iX Ventures to establish facts for purposes of the Motion under the standard of review applicable to Rule 12(b)(2) motions. As explained below, the Court should deny the Motion regardless of who controls iX Ventures, especially because iX Ventures has the burden to show that the exercise of personal jurisdiction would be unconstitutional and has not identified any person who conducts any business for iX Ventures in the UAE, let alone a person who controls iX Ventures from the UAE.

## ARGUMENT

**Legal Standard**. iX Ventures argues that the Court lacks personal jurisdiction over it, citing cases in which the statutory basis for jurisdiction is not a statute that provides for nationwide or worldwide service of process. Motion at 2. These cases do not provide the standard for personal jurisdiction applicable here.

To find personal jurisdiction over iX Ventures in this federal question case, the Court first determines whether an "applicable statute confers jurisdiction by authorizing service of process on the defendant" and, second, whether the "exercise of jurisdiction comports with due process." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000); *see also Shani N.*, 2023 WL 5046818, at *3. Even if iX Ventures can meet the high burden to show that litigation in this forum would be unduly inconvenient, iX Ventures must also show that the burden imposed on it outweighs the federal interest in litigating the dispute in this forum. *Peay* 205 F.3d at 1213.

With no evidentiary hearing, the SEC has the burden to make a prima facie showing of jurisdiction. *Shani N.*, 2023 WL 5046818, at *4 (citing *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008)). iX Ventures bears the burden to show that jurisdiction in this forum will violate due process concerns. *Id.* (citing *Peay*, 205 F.3d at 1212).

I. **THE SECURITIES ACT AND THE EXCHANGE ACT PROVIDE FOR NATIONWIDE AND WORLDWIDE SERVICE OF PROCESS.**

The SEC asserts claims to enforce liability and duties created under the Securities Act, *see* Compl. ¶¶ 101–113, and the Exchange Act, *see* Compl. ¶¶ 114–124. In all cases brought to enforce any liability or duty created under these acts, both the Securities Act and the Exchange Act permit nationwide and worldwide service of process. *See* Securities Act § 22(a) [15 U.S.C. § 77v(a)] ("process in such cases may be served in any other district of which the defendant is an

5

inhabitant or wherever the defendant may be found"), Exchange Act § 27(a) [15 U.S.C. § 78aa(a)] (same); *see also SEC v. Hartman Wright Grp., LLC*, 2022 WL 669758, at *3 (D. Colo. Mar. 7, 2022) ("Those statutes permit worldwide service of process….").

The Motion does not dispute or address this point. "Thus, there is personal jurisdiction over [iX Ventures] if it comports with due process." *Shani N.*, 2023 WL 5046818, at *3.

## II. PERSONAL JURISDICTION OVER IX VENTURES COMPORTS WITH DUE PROCESS.

iX Ventures failed to meet its burden to show that jurisdiction in this forum would violate due process concerns. At most, the Motion hints at inconvenience by noting the distance between this district and iX Ventures' place of incorporation. Motion at 4. But nothing in the Motion attempts to explain burdens or disadvantages to litigation in this district. Indeed, what little the Motion reveals about iX Ventures' ability to litigate in this forum shows the opposite: the person who submitted the declaration on behalf of iX Ventures resides in Utah, iX Ventures has competent counsel based in Utah, and iX Ventures suggests that its interests are represented by competent counsel for other parties by incorporating their motions to dismiss into the Motion.

iX Ventures' burden to show a due process violation is high. Because this is a federal question case, "personal jurisdiction flows from the Due Process Clause of the Fifth Amendment." *Shani N.*, 2023 WL 5046818, at *4. To show a violation of the Fifth Amendment Due Process Clause, iX Ventures must show that the exercise of personal jurisdiction must "actually infringe" on its liberty interests, with litigation in this forum "so gravely difficult and inconvenient that [it] unfairly is at a severe disadvantage in comparison to [its] opponent." *Id.* (quoting *Peay*, 205 F.3d at 1212). Given "our 'age of instant communication, and modern transportation,' with lessened burdens of litigating in distant places, 'it is only in highly unusual

cases that inconvenience will rise to a level of constitutional concern.'" *Id.* (quoting *Peay*, 205 F.3d at 1212-13).

"In evaluating whether [iX Ventures] has met its burden to show a due process violation, the Tenth Circuit directs the court to consider the following factors:

(1) the extent of the defendant's contacts with the place where the action was filed;

(2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including

      (a) the nature and extent and interstate character of the defendant's business,
      (b) the defendant's access to counsel, and
      (c) the distance from the defendant to the place where the action was brought;

(3) judicial economy;

(4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and

(5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business."

*Shani N.*, 2023 WL 5046818, at *4 (quoting *Peay*, 205 F.3d at 1212).

iX Ventures fails to address nearly all of these factors in the Motion and fails to show that this is such a highly unusual case so that litigating in this forum would be so gravely difficult for iX Ventures and would put it at a "severe disadvantage." Because the burden is on iX Ventures to show a constitutional violation, the Court can deny the Motion without going any further. Especially because iX Ventures bears the burden on this point, the Court should not entertain new arguments raised in iX Ventures' reply.

Nevertheless, as explained below, application of these factors does not meet the high burden to show a constitutional violation.

     **1.**    **Extent of Contacts**. "Under the *Peay* analysis, there is no requirement that contacts reach a certain threshold or, indeed, that there be any contacts at all with the forum state. Rather, contacts are only one factor to be considered in the *Peay* analysis." *Touchtone Grp., LLC v. Rink*, 913 F. Supp. 2d 1063, 1072 (D. Colo. 2012) (citation omitted). Still, iX Ventures contacts with Utah (and the United States)[4] support jurisdiction here.

     First, iX Ventures' argument that the SEC does not allege how the money it received has any connection to this forum (Motion at 3) is belied by the clear evidence, detailed above, that the funds came from a Utah-based entity through a Utah-addressed bank account, and the allegations in the Complaint that the funds were derived from a fraud orchestrated by Utah residents and companies. By itself, the acceptance of investor funds "at issue in this case, which came from a Utah company" are some contacts that support jurisdiction. *Klein v. Petty*, 2013 WL

---

[4] The relevant forum for contacts in an action brought by the SEC under the Securities Act and the Exchange Act is the United States, rather than a specific district in the United States—such as the district of Utah here. This is because "when the personal jurisdiction of a federal court is invoked based upon a federal statute providing for nationwide or worldwide service, the relevant inquiry is whether the respondent has had sufficient minimum contacts with the United States." *Application to Enforce Administrative Subpoenas Duces Tecum of SEC v. Knowles*, 87 F.3d 413, 417 (10th Cir. 1996); *see also SEC v. Carrillo*, 115 F.3d 1540, 1544 (11th Cir.1997) (citing *Knowles* and holding that "[b]ecause in this case our personal jurisdiction is invoked based on the applicable federal securities laws, which provide for worldwide service of process, we conclude that the proper forum for minimum contacts analysis is the United States.").

In *Peay*, the Tenth Circuit declined to apply the so-called "national contacts" test in an ERISA case and distinguished *Knowles* on the ground that the court in *Knowles* was an SEC subpoena action where the jurisdictional statute was 15 U.S.C. § 77v(a), which is one of jurisdictional statutes applicable here and contains language identical to the other jurisdictional statute applicable here, 15 U.S.C. § 78aa(a). *See Peay*, 205 F.3d at 1211 & n.4. While the SEC contends that the applicable forum should be the United States and not Utah based on *Knowles* and *Carrillo*, which are more specifically on point here than *Peay*, the relevant forum does not appear to be an issue the Court needs to resolve because iX Ventures' contacts with the United States appear to be contacts with Utah. And, in any event, the exercise of jurisdiction would comply with the Fifth Amendment whether the Court considered only contacts with Utah or contacts with the United States.

4780760, at *4 (D. Utah 2013) (receivership case to recapture funds allegedly misappropriated in a Ponzi scheme) (quotation omitted).

Second, as explained above, the only evidence of a person who acts on behalf of iX Ventures is Martinez, a Utah resident, who submitted a declaration on its behalf. This additional contact with Utah further supports jurisdiction.

In the alternative, if the Court does not agree that these contacts are sufficient to exercise jurisdiction in light of all other factors in the *Peay* analysis, the SEC requests the ability to obtain discovery (written and depositions) from iX Ventures, iX Global, and Martinez about any actual business conducted by persons on behalf of iX Ventures, the extent of iX Ventures' contacts with the United States and Utah, as well as any inconvenience (discussed below) that persons working for iX Ventures might endure if it were forced to litigate in Utah rather than the UAE or some other forum. The Tenth Circuit has indicated that a court should allow at least limited discovery if such discovery is necessary to respond to a motion to dismiss for lack of jurisdiction. *Mohon v. Agentra LLC*, 400 F. Supp. 3d 1189, 1241 (D.N.M. 2019) ("The Court will permit discovery before it decides the personal-jurisdiction issue. The Tenth Circuit has indicated that a court should allow at least limited discovery if such discovery is necessary to respond to a motion to dismiss for lack of jurisdiction.") (citing *Sizova v. Nat Inst. of Standards & Tech,* 282 F.3d 1320, (10th Cir. 2002), *and Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F. App'x 586, 589 (10th Cir. 2006) (unpublished)).

  **2.** **Inconvenience to iX Ventures**. While iX Ventures claims that the UAE is its place of business and is "7,000 miles away," (Motion at 3), iX Ventures does not identify any person who works or resides in the UAE that would be inconvenienced by litigation in Utah. It

9

does not identify *any* officers or employees that actually reside or even work in the UAE. In fact, the person who submitted a declaration in support of the Motion is a Utah resident.

In any event, there is no evidence that witnesses will need to travel to Utah from the UAE for any purpose. The SEC is aware of no person living or working in the UAE that would need to provide deposition testimony or to appear at trial for testimony, and the Motion identifies none. Similarly, the SEC is aware of no evidence located exclusively in the UAE that would need to be produced, and the Motion identifies none.

And even if there were persons in the UAE that needed to provide testimony in this case, any such testimony could be presented remotely under Fed. R. Civ. P. 30(b)(4) (remote depositions), Fed. R. Civ. P. 43(a) (remote testimony at trial), or both. Remote testimony of an iX Ventures representative who actually resides in the UAE (if one exists) would be especially appropriate given iX Ventures' role as a relief defendant. The only real issue that impacts relief defendants, like iX Ventures, concerns remedies after a finding of liability. In large part because there is no known representative of iX Ventures who resides in the UAE, there is no apparent reason at this point that travel from the UAE to Utah would be necessary for a trial witness. And remedies are determined by the Court, often without the need for an evidentiary hearing. If the Court does hold an evidentiary hearing, the concerns about a factfinder's ability to assess credibility via remote testimony are not as high when the Court is the factfinder. Thus, while the need for any testimony from an iX Ventures representative that lives or works in the UAE is speculative at best, any such testimony could be provided remotely if necessary.

In short, whatever the inconvenience to iX Ventures actually is to litigate in this forum, the Motion failed to show that litigation in Utah is so uniquely and gravely difficult to rise to the level of a constitutional inconvenience. *See, e.g.*, *Shani N.*, 2023 WL 5046818, at *5 (defendant

failed to show a constitutional inconvenience when defendant "retained capable … defense counsel in Utah, has not disputed it has the resources to litigate in Utah, and while Utah may be some distance from [Minnesota], modern methods of communication and transportation greatly reduce the significance of this physical burden.") (quotation omitted).

      **3.**    <u>**Judicial economy**</u>. Judicial economy will not be served by requiring a separate action in the UAE (or other forum) for disgorgement of money paid by United States investors to United States companies who then transferred at least $1.35 million to iX Ventures as part of that scheme. The SEC's claim against iX Ventures involves issues of fact and law that overlap with the other claims in this case. Judicial economy thus supports jurisdiction here.

      **4.**    <u>**Probable situs of the discovery**</u>. The probable situs of discovery will take place outside of iX Ventures' place of incorporation (the UAE), but like the inconvenience factor above, the situs of discovery will not cause an unconstitutional inconvenience to iX Ventures for at least three reasons. *First*, given iX Ventures' role as a relief defendant, most discovery will not relate to iX Ventures and, as shown by iX Ventures' reliance on the position of Defendants to address their liability, it is unlikely that there will be a need for any individuals from iX Ventures to leave the UAE to participate in discovery related to the liability phase of this case. *Second*, even if there were individuals in the UAE that need to participate in discovery, "modern methods of communication and transportation greatly reduce the significance of this physical burden." *Shani N.*, 2023 WL 5046818, at *5. *Third*, it is unclear if iX Ventures actually has a physical presence in the UAE that would be inconvenienced by discovery conducted in Utah or the United States.

      **5.**    <u>**Nature of the regulated activity**</u>. The last factor concerns whether the nature of the regulated activity in question—use of proceeds from a fraudulent and unregistered offering

11

of securities made to the entire United States investing public through the means of interstate commerce—and the extent of the impact of that activity beyond the borders of its state of residence or business. *Peay*, 205 F.3d at 1212. The impacts of defendants' misconduct unquestionably reaches beyond the UAE because that illegal offering victimized United States investors and harmed the United States investing public. More specifically, as to iX Ventures, the transfer of investor funds to iX Ventures, which is the basis for the SEC's claim for disgorgement against iX Ventures, also has impacts beyond the UAE for the same reasons—that money rightfully belongs to investors outside the UAE and should be returned to them.

* * * *

iX Ventures accepted at least $1.35 million of investor money that, as alleged, was obtained through violations of the federal securities laws. At best, iX Ventures has shown that it has been incorporated under the laws of the UAE. It has shown no indication that any officers, employees, or agents reside or work in the UAE, let alone any representatives that have anything to do with this case reside or work in in the UAE. Rather, the Motion reveals that a Utah resident – Joseph Martinez – has personal knowledge to testify regarding iX Ventures. It has failed to show that it would be gravely inconvenienced by litigating in Utah. And if any such inconvenience to a person or persons who actually live or work in the UAE existed, that inconvenience is mitigated by iX Ventures' role as a relief defendant and modern technology that allows remote appearances. Finally, the regulated activity in question here reaches far beyond the UAE and impacts United States investors and more broadly the United States investing public. Accordingly, the exercise of personal jurisdiction over iX Ventures would not violate the Fifth Amendment.

### III. THE FEDERAL INTEREST IN LITIGATING THIS CASE IN UTAH OUTWEIGHS ANY BURDEN IMPOSED ON IX VENTURES.

Under the *Peay* analysis, even if iX Ventures could establish that litigation in Utah is too inconvenient—which iX Ventures has failed to do—the exercise of personal jurisdiction can still be proper if the federal interest in litigating the dispute in Utah outweighs any burden imposed on the defendant. *See Peay*, 205 F.3d at 1213. To determine whether any infringement on iX Venture's liberty is justified sufficiently by government interests, courts consider the federal policies advanced by the statute, the relationship between worldwide service of process and the advancement of these policies, the connection between the exercise of jurisdiction in the chosen forum and the plaintiff's vindication of his federal right, and concerns of judicial efficiency and economy. Where "Congress has provided for nationwide service of process, courts should presume that nationwide personal jurisdiction is necessary to further congressional objectives." *Peay*, 205 F.3d at 1213 (quotation omitted).

The SEC brought this action to enforce the federal securities laws, including the antifraud and registration provisions of the Securities Act and the Exchange Act, which each prohibit schemes made by the means or instrumentality of interstate commerce. Given that most defendants either reside in Utah or do business in Utah, this is a proper forum to sue these defendants. The SEC has stated claims under the Securities Act and the Exchange Act, and the strong congressional interest in the protection of investors and the protection of the capital markets outweighs any minor inconvenience that iX Ventures might endure litigating in Utah. iX Ventures has failed to meet its burden to show that the inconvenience of litigating in Utah outweighs the federal interest in litigating the dispute in this forum.

## **CONCLUSION**

For the reasons above, the Court may properly exercise personal jurisdiction over iX Ventures and its motion to dismiss under Rule 12(b)(2) should be denied. The Court should also deny iX Ventures' motion to dismiss under Rule 12(b)(6) for the reasons stated in the SEC's opposition to the motions to dismiss that iX Ventures incorporated in support of its Rule 12(b)(6) motion to dismiss.

Dated: January 16, 2024.

                                              Respectfully submitted,

                                              **SECURITIES AND EXCHANGE COMMISSION**

                                              */s/ Terry R. Miller*
                                              Nicholas P. Heinke
                                              Gregory A. Kasper
                                              Terry R. Miller
                                              Michael E. Welsh
                                              Casey R. Fronk
                                              Troy Flake

                                              Attorneys for Plaintiff
                                              Securities and Exchange Commission

**CERTIFICATE OF SERVICE**

On this 16th day of January 2024, I hereby certify that I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification and service to all counsel of record.

/s/ *Terry R. Miller*