Elizabeth McFadden (D.C. Bar No. 436076)
mcfaddene@sec.gov
Melinda Hardy (D.C. Bar No. 431906)
hardym@sec.gov
Michael S. Bailey (D.C. Bar No. 983676)
baileym@sec.gov
Office of the General Counsel
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone:  (202) 551-5100

*Attorneys for Plaintiff Securities and
Exchange Commission*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. | **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S SURREPLY TO THE COURT'S NOVEMBER 30, 2023 ORDER TO SHOW CAUSE**<br><br><br>Case No. 2:23-cv-00482-RJS<br><br><br>Chief Judge Robert J. Shelby |

STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual;

     Defendants,

ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

     Relief Defendants.

For the reasons given in the Commission's Response to the Order to Show Cause, the Commission respectfully submits that the statements identified in the Order to Show Cause do not warrant sanctions under Rule 11 or the Court's inherent authority. (Dkt. 233 at 8-20.) While the Commission recognizes that its attorneys should have been more forthcoming with the Court, sanctions are not appropriate or necessary to address those issues. Significantly, the Commission is continuing to take steps to address the issues the Court identified and to identify any other issues that may warrant further consideration. As indicated in the Commission's Response, experienced trial attorneys from the Commission's Denver Regional Office have been assigned to this matter. (*Id.* at 1; *see* Dkt. 234-236.) That team is reviewing the allegations and evidence in this matter. Given this ongoing review, the Commission has determined that the best way to proceed is to dismiss this action without prejudice. Thus, the Commission has authorized the filing of a motion to dismiss this action without prejudice, which will be forthcoming.

If the Court were to determine that some sanction is warranted, it should decline to impose a penalty beyond dismissal without prejudice. Any Rule 11 sanction must be "the least severe sanction adequate to deter future abuses." *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1159 (10th Cir. 1991); *see* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."). In addition to moving to dismiss this action without prejudice, and as explained in the Commission's Response to the Order to Show Cause, agency officials have taken and are taking broader corrective action to ensure the concerns raised by the Court do not arise again, including holding mandatory trainings for all Enforcement Division staff involved in investigations and litigation on the importance of candor and the duty to promptly correct any inaccuracies, as well as the unique considerations that apply when seeking

emergency relief, particularly on an *ex parte* basis. (Dkt. 233 at 20; Dkt. 233-6 ¶ 6.)[1] The Commission respectfully submits that no further sanction is needed to serve Rule 11's "central purpose" of deterrence. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *see also, e.g.*, *Classic Aviation Holdings LLC v. Harrower*, No. 20-cv-824-RJS, 2022 WL 4773624, at *17 (D. Utah Sept. 30, 2022) (Shelby, J.) (finding Rule 11 violation but concluding that "the publication of this Memorandum Decision and Order identifying by name the law firms and lawyers involved serves as a public admonition sufficient to give effect to the policies underlying Rule 11").

The Court should reject Defendants' request for additional sanctions. Dismissal with prejudice (*see* Dkt. 246 at 19-20; Dkt. 247 at 13-15) is "an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). As the Commission has explained, no such willful misconduct occurred here. (Dkt. 233 at 9-18.) Dismissal with prejudice—with no opportunity for the Commission to prove allegations of securities-laws violations if it determined that filing a new action was warranted—could harm the investing public whom the Commission brought this action to protect.

Defendants' requested monetary sanctions are also foreclosed. The DLI Defendants request an award of "attorney's fees and costs" under Rule 11. (Dkt. 246 at 18.) But Rule 11 "prohibits a court acting on its own initiative from ordering payment of a monetary penalty to an opposing party." *Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 (10th Cir. 2000); *see* Fed. R. Civ. P. 11(c)(4) (authorizing "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses" only if "imposed on motion"). Because this

---

[1] The Commission also has removed from its website the press release describing the emergency relief it obtained in this matter. (*See* Dkt. 247 at 6-7.)

2

Court issued its Order to Show Cause on its own initiative, and Defendants have made no motion for Rule 11 sanctions, Rule 11 precludes any monetary penalty to be paid to Defendants. The iX Global Defendants further request "reimburse[ment]" for supposed "business losses" such as the "loss of value to iX Global's goodwill" and the "loss of existing and potential contract relationships and investment opportunities." (Dkt. 247 at 16-17.) That request fails for the additional reason that Rule 11 sanctions may not be used "as substitutes for tort damages." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 553 (1991); *see id.* at 553-54 (approvingly citing holding that "consequential damages" are not "within the purview of Rule 11" (citation omitted)); *see also, e.g.*, *Elliott v. M/V LOIS B.*, 980 F.2d 1001, 1007-08 (5th Cir. 1993) (vacating sanctions as "beyond the scope of Rule 11" where plaintiff falsely claimed ownership of vessel in court documents and district court had awarded Rule 11 sanctions for amount plaintiff received from selling vessel).

Further, as Defendants do not dispute, sovereign immunity would bar monetary sanctions against the Commission under the Court's inherent authority. (Dkt. 233 at 19-20 (citing, *e.g.*, *United States v. Droganes*, 728 F.3d 580, 590 (6th Cir. 2013)); *see* Dkt. 247 at 4 (asserting waiver of sovereign immunity only "as to Rule 11 sanctions").)

*   *   *

For the foregoing reasons, and those in the Commission's Response to the Order to Show Cause (Dkt. 233), the Commission respectfully submits that sanctions are not warranted and that the Court's Order to Show Cause (Dkt. 215) should be discharged.

Dated:  January 30, 2024               Respectfully submitted,

/s/ *Michael S. Bailey*
Michael S. Bailey (D.C. Bar No. 983676)
Senior Counsel
baileym@sec.gov
Elizabeth McFadden (D.C. Bar No. 436076)
Deputy General Counsel
mcfaddene@sec.gov
Melinda Hardy (D.C. Bar No. 431906)
Assistant General Counsel
hardym@sec.gov
Office of the General Counsel
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone:  (202) 551-5100

*Attorneys for Plaintiff Securities and Exchange Commission*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of January, 2024, I caused the foregoing to be served to all parties entitled to service through the Court's ECF system.

/s/ *Michael S. Bailey*
Michael S. Bailey

*Attorney for Plaintiff Securities and Exchange Commission*
