Nicholas P. Heinke (Colorado Bar No. 38738)
HeinkeN@sec.gov
Gregory A. Kasper (Colorado Bar No. 46800)
KasperG@sec.gov
Terry R. Miller (Colorado Bar No. 39007)
MillerTe@sec.gov
Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Suite 1700
Denver, Colorado 80294
Tel. 303-844-1000
*Attorneys for Plaintiff Securities and Exchange Commission*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENAJMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDON J. | Case No.: 2:23-cv-00482-RJS-DBP<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO DISMISS ACTION WITHOUT PREJUDICE AND TO VACATE UPCOMING HEARING**<br><br>Chief Judge Robert J. Shelby<br>Magistrate Judge Dustin B. Pead |

| |
|---|
| STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual; |
| Defendants, |
| ARCHER DRILLING, LLC, a Wyoming limited liability; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company, |
| Relief Defendants. |

Pursuant to Federal Rules of Civil Procedure 41(a)(2) and 66, the Securities and Exchange Commission ("SEC"), through undersigned counsel, respectfully requests that the Court dismiss the action without prejudice, retaining jurisdiction over the Order to Show Cause and receivership issues. *See* Fed. R. Civ. P. 41(a)(2) (court may dismiss action "on terms that the court considers proper"). If granted, the SEC commits to filing a status report within 90 days of the Court's order dismissing the action without prejudice. In light of the issues raised in connection with the Court's Order to Show Cause, the SEC intends to thoroughly review the record, take investigative steps as appropriate, and engage with Defendants and Relief Defendants[1] to determine whether to file a new complaint and the scope of any re-filed

---

[1] As the SEC previously noted, when the SEC filed its TRO application, its investigation was covert in that the SEC had not communicated directly with Defendants about the investigation. For instance, the SEC had not requested or subpoenaed documents or testimony from Defendants, and it

2

complaint. This approach is consistent with certain defendants' requests in response to the Order to Show Cause. (*See* Doc. 247 at 15-16 (requesting that, if the Court does not dismiss the case with prejudice, "[t]he Court should dismiss this case without prejudice and order the SEC to simply abide by its own guidelines prior to refiling. If the SEC conducts a full and fair investigation, abides by the Wells Notice procedure, and still believes this is an appropriate case to bring against some or all defendants it is free to do so—this time free of false and misleading evidence.").) For the avoidance of doubt, the SEC understands this dismissal does not moot the pending issues related to the Court's Order to Show Cause or the open items related to the receivership.[2] In light of this request, the SEC further respectfully requests the Court vacate the March 7, 2024 hearing on various Defendants' motions to dismiss (*see* Doc. 242).

Undersigned counsel has conferred with counsel for Defendants and Relief Defendants. Specifically, undersigned counsel sent an email to counsel for Defendants and Relief Defendants on January 30, 2024 seeking their position on this motion. Defendant Ryan Bowen does not oppose the SEC's motion. Defendants Digital Licensing Inc., Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, iX Global LLC, Joseph A. Martinez, Travis A. Flaherty, and Matthew D. Fritzsche, and Relief Defendants Business Funding Solutions, Blox Lending, The Gold Collective LLC, UIU Holdings LLC, Flaherty Enterprises, and iX Ventures FCZO, oppose the SEC's motion. As of the time of the filing of this motion, undersigned counsel had not received a response from counsel for Defendants Benjamin F. Daniels, Mark W. Schuler,

---

had obtained only those bank records that it could secure without notification to Defendants. (*See* Doc. 233 at 11.)

[2] As noted in the parties' Joint Status Report, receivership issues, including the responsibility for the payment of fees and costs, are among the open issues in this matter. (*See* Doc. 256.) Counsel for the SEC will endeavor to work with the Defendants and Receiver on possible resolution of those issues.

3

B&B Investment Group LLC, Alton O. Parker, BW Holdings LLC, Brendan J. Stangis, or Relief Defendants Calmfritz Holdings or Calmes & Co. Inc. Defendants James E. Franklin and Western Oil Exploration and Relief Defendants Archer Drilling and Purdy Oil have not had counsel appear in this case, so undersigned counsel has not conferred with those parties.

Dated: January 31, 2024

Respectfully submitted,

*/s/ Nicholas Heinke*
Nicholas Heinke
Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Suite 1700
Denver, Colorado 80294
Tel.  303-844-1071
HeinkeN@sec.gov

*Attorney for Plaintiff Securities and Exchange Commission*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January 2024, I caused the foregoing to be served to all parties entitled to service through the Court's ECF system.

*/s/ Nicholas P. Heinke*
Nicholas P. Heinke