Matthew R. Lewis (7919)
Taylor J. Smith (17537)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, 10th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
mlewis@kba.law
tsmith@kba.law

Richard Hong (admitted *pro hac vice*)
Jason P. Gottlieb (admitted *pro hac vice*)
David E. Ross (admitted *pro hac vice*)
Jeffrey D. Brooks (admitted *pro hac vice*)
Alexander R. Yarm (admitted *pro hac vice*)
**MORRISON COHEN LLP**
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
rhong@morrisoncohen.com
jgottlieb@morrisoncohen.com
dross@morrisoncohen.com
jbrooks@morrisoncohen.com
ayarm@morrisoncohen.com

*Attorneys for Defendants Digital Licensing Inc., Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, and Relief Defendants Business Funding Solutions, LLC; Blox Lending, LLC; The Gold Collective LLC; and UIU Holdings, LLC*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation, *et al.*, <br><br> Defendants, <br><br> ARCHER DRILLING, LLC, a Wyoming limited liability company, *et al.*, <br><br> Relief Defendants. | **DEFENDANTS DIGITAL LICENSING INC., JASON R. ANDERSON, JACOB S. ANDERSON, SCHAD E. BRANNON, AND ROYDON B. NELSON AND RELIEF DEFENDANTS BUSINESS FUNDING SOLUTIONS, LLC, BLOX LENDING, LLC, THE GOLD COLLECTIVE LLC, AND UIU HOLDINGS, LLC'S OPPOSITION TO THE SEC'S MOTION FOR DISMISSAL OF THIS ACTION WITHOUT PREJUDICE AND FOR VACATUR OF THE COURT'S ORDER FOR THE MARCH 7, 2024 HEARING** <br><br> Case No. 2:23-cv-00482-RJS <br> Chief Judge Robert J. Shelby |

#12769542v4\031477\0001

**TABLE OF CONTENT**

**Page(s)**

I.     PRELIMINARY STATEMENT ............................................................................. 1

II.    RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND ......... 3

III.   ARGUMENT ...................................................................................................... 5

     A.    Rule 41(a)(2) Dismissal Standard. ................................................................. 5

     B.    The SEC's Rule 41(a)(2) Motion for Voluntary Dismissal Without Prejudice Should be Denied. ............................................................................................. 6

          *1.*    Defendants Have Expended Extraordinary Effort and Expense. ...................... 6

          *2.*    *The SEC Failed to Act With Diligence.* .............................................................. 7

          *3.*    *The SEC Failed to Provide Sufficient Explanation of Need.* ............................ 8

          *4.*    *Dismissal Without Prejudice is Inappropriate at this Stage of Litigation.* ........ 9

     C.    The SEC's Rule 41(a)(2) Motion for Dismissal Without Prejudice Should Also be Denied Because There Is No Ongoing Fraudulent Securities Offering. ...................... 10

IV.   CONCLUSION .................................................................................................. 10

#12769542v4\031477\0001

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cochran v. SEC*,
   969 F.3d 507 (5th Cir, 2020), *vacated on other grounds, Cochran v. SEC,* 20
   4th 194 (5th Cir. 2021) (en banc)......................................................................................8

*Mitchell v. Roberts*,
   43 F. 4th 1074 (10th Cir. 2022) ................................................................................5, 6, 9

*Ohlander v. Larson*,
   114 F.3d 1531 (10th Cir. 1997) ......................................................................................5, 6

*Phillips USA, Inc. v. Allflex USA, Inc.*,
   77 F.3d 354 (10th Cir. 1996) ......................................................................................2, 6, 9

*SEC v. Kornman*,
   No. 3:04-CV-1803-L, 2006 WL 1506954 (N.D. Tex. May 31, 2006)
   (unpiblished) ..................................................................................................................9

**Statutes**

15 U.S.C. § 78u(d)(8) ................................................................................................................9

28 U.S.C. § 2462...........................................................................................................................9

**Other Authorities**

Federal Rules of Civil Procedure Rule 41(a)(2) ........................................................... *passim*

Rule 11 .......................................................................................................................2, 3, 4, 8

Rule 11(b)(3)......................................................................................................................1

Rule 12(b) ......................................................................................................................2, 7

#12769542v4\031477\0001

The DEBT Box Defendants respectfully submit this opposition to Plaintiff Securities and Exchange Commission's ("SEC") motion to dismiss this action without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure and to vacate the upcoming (March 7, 2024) hearing on the defendants' pending motions to dismiss.  (ECF No. 260) The DEBT Box Defendants also respectfully request oral argument on the SEC's motion to dismiss.

I.       **PRELIMINARY STATEMENT**

Facing a real likelihood of court sanctions and dismissal with prejudice, the SEC has launched a gambit.  The SEC has made a tactical decision to pre-emptively move for a Rule 41(a)(2) voluntary dismissal without prejudice to attempt to mitigate the chances of itself being sanctioned and of the action being dismissed with prejudice.

Under its proposal, the SEC, a federal disclosure agency, would be allowed to turn off the Klieg lights of this Court's rules and oversight and to further subject the DEBT Box Defendants and other co-defendants to the perils and rigors of the SEC's administrative investigative process, in which there are no applicable federal court rules to govern the SEC's conduct.  Put differently, the SEC wants to exit this action under its own terms while retaining the option to re-file another enforcement action against the DEBT Box Defendants and other defendants at some undetermined time in the future, and perhaps in a different forum--as if nothing happened in this case.

But something did happen in this case. The SEC made materially false and misleading representations that violated Rule 11(b)(3) and undermined the integrity of the Court's proceedings.  As the Court explained, "[t]he context is crucial—the representations were made by a federal agency seeking an ex parte TRO and while later seeking to preserve the TRO." Order to Show Cause ("OSC") at 17.  And as a result, those who purchased the DEBT Box software licenses and the DEBT Box Defendants suffered, among other things, enormous financial damage.

#12769542v4\031477\0001

Still, the SEC wants a double standard--it wants to be treated differently before federal courts than those that it regulates or attempts to regulate.  When an individual or entity is suspected of making materially false and misleading statements in the securities market, the SEC brings charges under the anti-fraud provisions of the federal securities laws and seeks the heaviest monetary and non-monetary sanctions that it believes it can obtain in court.  Apologies from an individual or entity do little to mitigate.  Promises to "re-staff" a team or to provide additional ethics training do not lead the SEC to just walk away from a case.  Undoubtedly, the SEC does not permit any defendants a "do-over" to fix their wrongdoings, consequence-free.

But those are the very things--apologies, re-staffing, additional training, and a "do-over"--that the SEC is proposing to do to self-cure its violations of Rule 11 and its undermining of the integrity of the Court's proceedings.  And despite all the damage its intentional misstatements have caused, the SEC wants to walk away with impunity--indeed, with the right to start all over again.

The SEC's gambit is foreclosed by Tenth Circuit law.  "[A] party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996).  Moreover, the SEC cannot satisfy the Rule 41(a)(2) requirements for voluntary dismissal without prejudice.  Indeed, allowing the SEC to engage in this gamesmanship will further undermine the integrity of the Court's proceedings and will not deter the SEC's future misconduct.

The Court should deny the SEC's motion and hold the scheduled March 7, 2024 hearing and rule on the merits of the outstanding OSC and the DEBT Box Defendants and other defendants' Rule 12(b) motions to dismiss. The Court should impose sanctions—both monetary and non-monetary—on the SEC, and dismiss this action with prejudice.

#12769542v4\031477\0001

2

## II.       RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On October 6, 2023, "[t]he court began [its motion to dissolve the TRO hearing] by highlighting instances where it believed the Commission presented false or misleading information concerning irreparable harm in its ex parte TRO papers." Memorandum Decision and Order ("MDO"; ECF No. 214) at 11.

On November 30, 2023, this Court issued, *sua sponte*, its OSC.  In ordering the SEC to show cause why the Court should not impose sanctions, the Court required the SEC to answer a series of questions regarding the SEC's representations to the Court in the *ex parte* TRO hearing and in its filed pleadings.  *See id*. at 18-19.

On December 21, 2023, the SEC responded to the OSC.  (ECF No. 233)  The SEC filed six declarations of apology to the Court, including one from the Director of Enforcement Division, and admitted that "[t]he Commission and its attorneys fell short of th[e] expectation here [that they have a "duty to be accurate and candid in its representations to the Court"].  SEC's Response to OSC at 1.  In particular, as to the SEC's lead trial counsel's false and misleading statement about "the most important evidence of irreparable harm without the requested TRO," MDO at 17, the SEC stated at that time:  "[T]he Commission should have notified the Court when staff learned that [the trial counsel's] statement at the TRO hearing was *inaccurate in multiple respects*."  SEC's Response to OSC at 16 (emphases added).

On January 12, 2024, the DEBT Box Defendants submitted their Reply to the SEC's Response to the OSC.  (ECF No. 246)  The DEBT Box Defendants argued that sanctions under Rule 11 and under the Court's inherent authority, including dismissal of this action with prejudice and monetary sanctions, were warranted for the SEC's materially false and misleading statements. DEBT Box Defendants' Reply at 2, 16-20.  The DEBT Box Defendants pointed out that as to "the

most important evidence of irreparable harm," MDO at 17, "the Commission mischaracterized

[the trial counsel's] statement [at the TRO hearing] and then doubled down on its argument, rather

than acknowledging the error." OSC at 15.  Finally, the DEBT Box Defendants detailed, including

through their personal accounts, the undisputed substantial prejudice, including the enormous

financial and personal damage, the DEBT Box Defendants suffered from the *ex parte* TRO.  DEBT

Box Defendants' Reply at 10-16.

On January 30, 2024, the SEC filed its sur-reply to the OSC.  (ECF No. 259).  The SEC

began by downplaying the fact that it had affirmatively misled the Court:  "[w]hile the Commission

recognizes that its attorneys should have been *more forthcoming with the Court*," and the SEC

claimed that no sanctions were warranted.  SEC Sur-Reply at 1 (emphases added).  The SEC then

claimed that it "has determined that the best way to proceed is to dismiss this action without

prejudice" so that its staff could "review[] the allegations and evidence in this matter" to potential

re-filing later.  *Id*.  There were no limitations or conditions on what or when the SEC could or

would do.  Ironically, even though the SEC's materially false and misleading statements caused

enormous damage to the DEBT Box software license holders and the DEBT Box Defendants, the

SEC now claimed that "[d]ismissal with prejudice—with no opportunity for the Commission to

prove allegations of securities-laws violations if it determined that filing a new action was

warranted—*could harm the investing public whom the Commission brought this action to protect*."

*Id*. at 2.  Finally, the SEC claimed that sovereign immunity and the Court's issuance of an OSC

barred any monetary sanctions to the defendants.  *Id*. at 1-3.[1]

---

[1]   Sovereign immunity should not be allowed to be used as a shield for the SEC's misconduct
here.  Indeed, the SEC does not dispute that sovereign immunity provides no bar to monetary
sanctions against the SEC for its Rule 11 violations.  *See* SEC Sur-Reply at 3. Thus, this Court,
for example, could also impose as sanction, among other things, the additional court costs
incurred for having unnecessary TRO and post-TRO hearings.  Further, whether sovereign

Later that day, the SEC sought concurrence of its proposed voluntary dismissal motion. The undersigned counsel for the DEBT Box Defendants conferred with counsel for the SEC.  Next day, the DEBT Box Defendants rejected the SEC's proposal.

In its Rule 41(a)(2) motion (ECF No. 260),[2] the SEC does not advert to the requirements of a Rule 41(a)(2) dismissal, but claims that a dismissal without prejudice is needed to review and consider what it wants to do, including "take [administrative] investigative steps as appropriate." SEC Motion to Dismiss at 2.  The SEC provides no timetable, except that it would submit a status report to the Court within 90 days.  *Id*.  The SEC also asserts that certain defendants—not the DEBT Box Defendants—suggested a similar course of action as well.  *Id*. at 3.  Finally, the SEC claims in a footnote that it will "endeavor to work" with the defendants and the former Receiver on the outstanding disagreements between them in this case.[3]  *Id*. at 3 n.2.

## III.  ARGUMENT

### A.  Rule 41(a)(2) Dismissal Standard.

Once a defendant files an answer, as was the case here, a plaintiff such as the SEC may voluntarily dismiss an action only upon order of the court under Rule 41(a)(2).  *See Ohlander v. Larson*, 114 F.3d 1531, 1536-37 (10th Cir. 1997).  Rule 41(a)(2) also permits a court to dismiss

---

immunity bars this Court from imposing monetary sanctions under its inherent authority, is, as the SEC previously acknowledged, subject to split in authorities.  *See* SEC's Response to OSC (ECF No. 233) at 20 (citing *FDIC v. Maxxam, Inc.*, 523 F.3d 566, 595 (5th Cir. 2008), which explained that "sovereign immunity falls away when a court acts under its sanctioning powers").

[2]  The SEC's motion is without any supporting memorandum or legal authorities, in violation of DUCivR 7-1(a)(1) & (2).

[3]  On January 31, 2024, the undersigned counsel for the DEBT Box Defendants sent a follow-up email to counsel for the former Receiver regarding further discussion of at least certain of the outstanding issues.  As of this filing (February 14, 2024), the former Receiver's counsel has failed to even acknowledge the receipt of the undersigned's emails, let alone provide any substantive response.  The necessity of further briefing on the outstanding issues appears confirmed.  *See* Status Report (ECF No. 256) at 4.

#12769542v4\031477\0001

an action "on terms that the court considers proper." *Mitchell v. Roberts*, 43 F. 4th 1074, 1083 (10th Cir. 2022). While a dismissal under Rule 41(a)(2) is ordinarily without prejudice, it is not always the case. *See id.* at 1084 (affirming denial of Rule 41(a)(2) motion seeking voluntary dismissal without prejudice); *Phillips USA, Inc.*, 77 F.3d at 358 (same). Dismissal without prejudice should be denied when it creates any "legal prejudice" to a defendant. *Id*. at 1083.

The Tenth Circuit has explained that district courts should consider the following factors in determining whether such prejudice exists: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation. *Ohlander*, 114 F.3d at 1537. Under this test, "[e]ach factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Id*. (cleaned up).

Because these factors are non-exclusive, a court may consider "any other relevant factors" that come into [its] equation" when deciding a motion under Rule 41(a)(2). *Mitchell*, 43 F. 4th at 1084. But "a party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice." *Phillips USA, Inc.*, 77 F.3d at 358. Ultimately, "[t]he rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id*. at 1083 (cleaned up).

**B.      The SEC's Rule 41(a)(2) Motion for Voluntary Dismissal Without Prejudice <u>Should be Denied</u>.**

In addition to the undisputed substantial prejudice the DEBT Box Defendants already suffered because of the SEC's materially false and misleading statements to the Court, a dismissal without prejudice would create significant "legal prejudice" to them under the Tenth Circuit test.

*1.*      Defendants Have Expended Extraordinary Effort and Expense.

#12769542v4\031477\0001

6

While this matter is not close to trial, the DEBT Box Defendants and other defendants have already expended extraordinary effort and expense, including substantial attorney's fees, in defending against the SEC's action. Since the inception of this action more than six months ago, there have been numerous pre-trial activities, including extensive motion practice relating to the TRO, asset freeze, the former Receiver, and the Complaint. Importantly, they include the pending OSC as well as the six Rule 12(b) motions seeking dismissal based on the merits of this action. In addition, because of the former Receiver's many requests to the DEBT Box Defendants and other defendants, they had to expend additional effort and expense to address matters tangential to the merits of this action. As one objective measure of the effort and expense of the parties (and the Court), there have been 260 ECF filings, excluding this submission, made in this litigation so far. *See* ECF docket sheet (attached as Exhibit 1).

     2.       *The SEC Failed to Act With Diligence.*

As previously discussed by the DEBT Box Defendants, *see* DEBT Box Defendants' Reply at 5, the SEC knew that it had made its first materially false and misleading statement to the Court on July 28, 2024, during the *ex parte* TRO hearing. *See* Declaration of Laurie E. Abbott (ECF NO. 232-2) ¶ 7 ("When the hearing resumed, and Mr. Welsh [the trial counsel] made the statement concerning accounts being closed in the last 48 hours, I immediately recognized this was not what I said or meant to convey to Mr. Welsh during the break."). The SEC was also alerted to the legal insufficiency of its Complaint no later than October 13, 2023, when many of the defendants, including the DEBT Box Defendants, submitted their Rule 12(b) motions to dismiss. *See* Ex. 1 at page 37/43. But approximately 110 days later, the SEC moved for a voluntary dismissal without prejudice, only after it recognized that it would likely be sanctioned for its misconduct in this

#12769542v4\031477\0001

7

matter, and because it desired to strip this Court of jurisdiction over its investigation of the

Defendants and over a potential re-filing of this action outside the District of Utah.

        3.        *The SEC Failed to Provide Sufficient Explanation of Need.*

The SEC claims that a dismissal without prejudice is needed to review and consider what

it wants to do here.  SEC Motion to Dismiss at 2.  It claims that this motion should be acceptable,

as a few of the 18 defendants--not the DEBT Box Defendants--suggested a similar idea.  *Id*. at 3.

But the SEC does not explain why a dismissal without prejudice is necessary at this time

to conduct its review of the evidence.  For its Rule 11 and ethical obligations, as well as to comply

with the SEC's own  internal Enforcement Division procedures,[4] the SEC Enforcement Division

staff should have, prior to the authorization and commencement of this action, conducted a multi-

level internal evidence review for this action.  Thus, the SEC should not need a dismissal without

prejudice in the middle of litigation to conduct such a fundamental review now.  Indeed, this

Court's OSC does not direct the SEC to engage in such a review.  And the fact that some other

defendants suggested a similar proposal does not bind the DEBT Box Defendants, who did not

propose or join such a proposal, to go along with it now.

Put bluntly, it appears that the SEC, in the midst of this federal court action, wants to

circumvent the federal rules.  That is, the SEC is attempting to evade this Court's rules and

oversight and to retreat to its administrative investigative process, in which there is no oversight

of the SEC's conduct, *see Cochran v. SEC*, 969 F.3d 507, 515 (5th Cir, 2020) ("[t]here is no

scheme for judicial review of SEC investigations"), *vacated on other grounds, Cochran v. SEC*,

20 4th 194 (5th Cir. 2021) (*en banc*).  As noted above, under the administrative regime, the SEC

---

[4]    *See* SEC Enforcement Division's Enforcement Manual § 2.5.1 at 23 (2017) (requiring a Division recommendation to the Commission to "provide[] a comprehensive explanation of the recommendation's factual and legal foundation").

#12769542v4\031477\0001

can re-file another enforcement action against the DEBT Box Defendants or other defendant at some unknown time in the future, without any conditions, only perhaps circumscribed by the five-year statute of limitations under 28 U.S.C. § 2462 or the new ten-year statute of limitations for certain claims under 15 U.S.C. § 78u(d)(8).

At least one federal court has criticized the SEC for engaging in the recurring tactic of voluntary dismissal without prejudice in the middle of litigation.  *See*, *e.g.*, *SEC v. Kornman*, No. 3:04-CV-1803-L, 2006 WL 1506954, at *4 (N.D. Tex. May 31, 2006) (unpublished) (noting that "this case could have been simply resolved by the SEC moving to dismiss this case with prejudice. Instead, the SEC wants to hold open the probability that it will refile this case at some undefined point in the future. The problem with this approach is that, absent the conditions imposed [] by the court today, [defendant] will be substantially prejudiced …."). Indeed, given the "novelty of the circumstances" surrounding this case,[5] which may be considered, a voluntary dismissal without prejudice would unfairly prejudice the DEBT Box Defendants and other defendants.  *Mitchell*, 43 F. 4th at 1084.

    *4.      Dismissal Without Prejudice is Inappropriate at this Stage of Litigation.*

As discussed above, the SEC's Rule 41(a)(2) motion for voluntary dismissal without prejudice was filed after the Court's issuance of its OSC and after the SEC's filing of its sur-reply in further opposition to any imposition of sanctions.  There was only one reason that the SEC filed its Rule 41(a)(2) motion at this time:  to avoid an adverse decision on a dispositive motion by dismissing the Complaint without prejudice. But as noted above, that is precisely what the Tenth Circuit forbids.  *See Phillips USA, Inc.*, 77 F.3d at 358.

---

[5]   After diligent research, counsel for the DEBT Box Defendants were unable to find a case with a similar set of facts involving the SEC or another federal agency.

#12769542v4\031477\0001

C.      **The SEC's Rule 41(a)(2) Motion for Dismissal Without Prejudice Should <u>Also be Denied Because There Is No Ongoing Fraudulent Securities Offering</u>.**

Finally, the SEC appears to raise a specter of some ongoing fraudulent securities offering involving the DEBT Box Defendants, which requires further administrative investigation from which it will consider filing a new action.  *See* SEC Motion to Dismiss at 2; SEC Sur-Reply to OSC at 2.  This argument fails for at least three reasons.

*First*, the SEC has neither alleged nor presented any requisite allegations or admissible evidence, including for *scienter*, to support such claim of ongoing fraudulent securities offering. *See* Motion to Dissolve (ECF No. 132) at 13-20; Motion to Dismiss (ECF No. 197) at 4-13. *Second*, the DEBT Box license purchasers who have reviewed the Complaint's "fraud" allegations have not found such allegations to be material.  *See, e.g.,* Decl. of Bret Peterson (ECF No. 246-1) ¶ 12 ("I still believe that the DEBT Box Project has an upside and would not have sold Tokens at a devastating financial loss had I known there was false information used to get the TRO. I deeply regret selling my tokens …."); Decl. of Brad Christian (ECF No. 246-2) ¶ 10 ("I continue to believe that the DEBT Box Project has potential, and have even repurchased approximately $3,500 worth of Tokens since learning that TRO is gone…."). *Finally*, there is no likelihood of any future violations of the federal securities laws by the DEBT Box Defendants, as they moved their operations outside the United States in 2022, *see* MDO at 21-22, and have not engaged in any offers or sales of their node software licenses, which the SEC claims are "securities" transactions, anywhere in the world since the unsealing of the Complaint in this case.

## IV.    CONCLUSION

For the foregoing reasons, the DEBT Box Defendants respectfully request that the SEC's motion to dismiss under Rule 41(a)(2) and to vacate the March 7, 2024 hearing be denied in full.

Respectfully submitted,

Dated:  February 14, 2024

**KUNZLER BEAN & ADAMSON, PC**
Matthew R. Lewis
Taylor J. Smith

**MORRISON COHEN LLP**

/s/ *Richard Hong*
Richard Hong (admitted *pro hac vice*)
Jason P. Gottlieb (admitted *pro hac vice*)
David E. Ross (admitted *pro hac vice*)
Jeffrey D. Brooks (admitted *pro hac vice*)
Alexander R. Yarm (admitted *pro hac vice*)

*Attorneys for Defendants Digital Licensing Inc.,
Jason R. Anderson, Jacob S. Anderson, Schad E.
Brannon, Roydon B. Nelson, and Relief Defendants
Business Funding Solutions, LLC; Blox Lending,
LLC; The Gold Collective LLC; and UIU Holdings,
LLC*

#12769542v4\031477\0001