Romaine C. Marshall (9654)
Jose A. Abarca (12762)
Jonathan E. Schmalfeld (admitted *pro hac vice*)
POLSINELLI PC
2825 E Cottonwood Pkwy, Suite 500
Salt Lake City, UT  84121
Telephone: (801) 999-3504
rmarshall@polsinelli.com
jabarca@polsinelli.com
jschmalfeld@polsinelli.com

*Attorneys for Defendants iX Global, LLC, Joseph A. Martinez,
Travis Flaherty*, *and Flaherty Enterprises, LLC*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>vs.<br><br>DIGITAL LICENSING INC. dba DEBT Box, a Wyoming corporation, et al.,<br><br>           Defendants/Relief Defendants. | **DEFENDANTS IX GLOBAL, LLC, JOSEPH A. MARTINEZ, AND TRAVIS FLAHERTY'S RESPONSE IN OPPOSITION TO THE SEC'S MOTION TO DISMISS WITHOUT PREJUDICE AND VACATE HEARING ON MOTIONS TO DISMISS**<br><br>Case No. 2:23-cv-00482-RJS-DBP<br>Chief Judge Robert J. Shelby<br>Magistrate Judge Dustin B. Pead |

Defendants iX Global, LLC, Joseph A. Martinez, and Travis Flaherty ("iX Global Defendants"), through counsel of record, hereby submit this Reply to Plaintiff Securities and Exchange Commission's ("SEC") Motion to Dismiss Action Without Prejudice and to Vacate Upcoming Hearing (the "SEC Motion to Dismiss").  Dkt. No. 260.  These defendants request oral argument for the SEC Motion to Dismiss.

## ARGUMENT

**I.  The iX Global Defendants Incorporate and Join the Opposition filed by DEBT Box**

Pursuant to DUCivR 7-1(a)(7), the iX Global Defendants incorporate by reference and join those DEBT Box Defendants' Opposition to the SEC Motion to Dismiss. Dkt. No. 261. The iX Global Defendants present the below additional reasoning for why the SEC's Motion to Dismiss should be denied.

**II.  The SEC Seeks Minimal Possible Punishment for Exceedingly Egregious Actions**

The SEC's actions in this case warrant severe sanctions, as addressed in the iX Global Defendants' Reply to the SEC's Response to the Court's November 30, 2023, Order to Show Cause. Dkt. Nos. 247, 247-1. To avoid repetition, those arguments are incorporated by reference herein.

Now, the SEC seeks to cherry pick its own punishment – dismissal without prejudice – the minimal sanction suggested by the iX Global Defendants. *See* Dkt. No. 247, n.19 ("The SEC should, at minimum, be required to file an Amended Complaint anyways due to the current Complaint containing knowingly false allegations. The SEC would in no way be prejudiced by being forced to properly investigate its claims prior to filing that new Complaint.").

It is worth reiterating that the iX Global Defendants never advocated that an unconditional dismissal without prejudice, with the SEC given *carte blanche* to continue its abusive practices outside of the oversight of the Court, would be appropriate. But rather, and to be clear, the iX Global Defendants stated that "[u]nder these facts, the most severe sanctions, including but not limited to dismissal with prejudice, are appropriate." Dkt. No. 247 at 14. It was also suggested that the SEC should be ordered to pay all costs, fees, and damages suffered by the iX Global

Defendants because of the SEC's actions, and that the SEC should be required to issue a public statement admitting their misconduct. *Id*. at 16. Dismissal *without* prejudice was offered only as minimal remedy, to accompany other remedies, in the event this Court felt that dismissal with prejudice was unwarranted.

If the Court believes that the SEC's actions in this case were minimally harmful to the judicial process, then a dismissal without prejudice as one of a series of sanctions would be appropriate. However, presenting knowingly false information to the Court to obtain an *ex parte* TRO and abusive asset freeze and perpetuating those false allegations for months are not minimally egregious actions.

### III. The SEC's Change of Heart Should Be Questioned Based on Prior Actions

When the parties submitted their joint status report, the SEC submitted as an agenda item a request to begin discovery immediately, despite the pending Motions to Dismiss. *See* Dkt. 256, pg. 6. Now the SEC seeks to dismiss this case without prejudice, purportedly to "take investigative steps as appropriate, and engage with Defendants and Relief Defendants to determine whether to file a new complaint…" Dkt. No. 260 at 2.

If taken on its face, this request would appear to be the SEC taking corrective action. However, based on the SEC's prior conduct, the SEC's request should be looked at with raised eyebrows. Even in the SEC's Motion to Dismiss, the SEC telegraphs its intent to use its investigative subpoena power to conduct these "investigative steps" outside of the oversight of this Court and without the ability of iX Global Defendants to conduct its own discovery. *Id*. at n.1.

Under the applicable rules of civil procedure, the Court may order a dismissal at the SEC's request "only by court order, on terms that the court considers proper." FRCP 41(a)(2). The Court

is given wide discretion to fashion conditions on dismissal so long as those conditions "are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021) (quoting *Am. Nat. Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)).  *See also AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) (in "exceptional circumstances," attorney fees can be awarded to a defendant even when the plaintiff voluntarily dismisses with prejudice).

Any Court-approved dismissal without prejudice should include appropriate conditions to prevent the SEC from conducting further abusive litigation practices. Those conditions should include:

> (1) this Court retaining jurisdiction over the SEC's purported investigation;
>
> (2) prohibiting the SEC from using its investigatory subpoena power without prior authorization from this Court;
>
> (3) an award of all costs and fees borne by the iX Global Defendants in defending this action to-date which the SEC now effectively admits it does not currently have sufficient evidence to maintain; and
>
> (4) any other relief which this Court deems just and proper.

The iX Global Defendants maintain that this action should have never been filed. While the iX Global Defendants encourage the Court to dismiss the action, any such dismissal should be done in a way which prevents further harm to the iX Global Defendants rather than simply subjecting them to continued abuse at the hands of the SEC, outside of the oversight of this Court.

### IV.     Need for Expedited Determination

The Court currently has a hearing on Motions to Dismiss filed by various Defendants and Relief Defendants scheduled for March 7, 2024. Dkt. No. 242. Counsel for iX Global Defendants must prepare for that hearing and, in some instances, travel from out of town to attend. Whatever

the Court's determination on the SEC Motion to Dismiss, the iX Global Defendants respectfully request the Court make a determination as to the status of that scheduled March 7, 2024, hearing so counsel for the iX Global Defendants can prepare accordingly.

## CONCLUSION

For all the foregoing reasons, the iX Global Defendants respectfully request that the Court deny the SEC's Motion to Dismiss or, alternatively, set sufficient conditions on any dismissal to avoid further prejudice and abuse to the iX Global Defendants.

Dated: February 14, 2024

POLSINELLI PC

/s/ *Romaine C. Marshall*
Romaine C. Marshall
Jose A. Abarca
Jonathan E. Schmalfeld

*Attorneys for Defendants iX Global, LLC, Joseph A. Martinez, Travis Flaherty, and Flaherty Enterprises, LLC*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of February 2024, the foregoing document was served *via* CM/ECF to all counsel of record.

*/s/ Kaitlin Morgan*