Nicholas P. Heinke (Colorado Bar No. 38738)
HeinkeN@sec.gov
Gregory A. Kasper (Colorado Bar No. 46800)
KasperG@sec.gov
Terry R. Miller (Colorado Bar No. 39007)
MillerTe@sec.gov
Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Suite 1700
Denver, Colorado 80294
Tel.: 303-844-1000

*Attorneys for Plaintiff Securities and Exchange Commission*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and | **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS ACTION WITHOUT PREJUDICE AND TO VACATE UPCOMING HEARING [DKT. NO. 260]**<br><br>Case No. 2:23-cv-00482-RJS-DBP<br><br>Chief Judge Robert J. Shelby |

MATTHEW D. FRITZSCHE, an individual,

        Defendants,

ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

        Relief Defendants.

Plaintiff Securities and Exchange Commission ("SEC") submits this reply in support of its Motion to Dismiss Without Prejudice and to Vacate Upcoming Hearing[1] (Dkt. 260, "Motion") and in response to the oppositions filed by the DEBT Box Defendants (Dkt. 261, "DEBT Box Opp.") and the iX Global Defendants (Dkt. 264, "iX Global Opp.") as well as oppositions filed by Matthew Fritzsche (Dkt. 262), the FAIR Project Defendants (Dkt. 263), and Brendan Stangis (Dkt. 265) that incorporate arguments made in the DEBT Box Opp., the iX Global Opp., or both.

## PRELIMINARY STATEMENT

The SEC requests dismissal without prejudice so that SEC staff, including attorneys recently assigned to the case, may conclude their ongoing review of the existing record, take additional investigative steps to ensure the record is accurate and complete, engage with Defendants and Relief Defendants, including if appropriate through the SEC's Wells process,[2] and determine whether it is appropriate to proceed with a new complaint. In response, Defendants mischaracterize the relief the SEC seeks in the Motion as a "gambit" to evade the Court's jurisdiction (DEBT Box Opp. at 1, 2)[3] and repeat their arguments that this action should

---

[1] The Court has now vacated the March 7, 2024 hearing and the request to vacate that hearing is moot. (Dkt. 266.)

[2] Before filing this action, the SEC conducted a covert investigation in which it did not communicate directly with the Defendants or take other common, overt investigative steps. Under Rule 5(c) of the SEC's Rules on Informal and Other Procedures, which implements the SEC's Wells process, "[p]ersons who become involved in . . . investigations may . . . submit a written statement to the Commission setting forth their interests and position in regard to the subject matter of the investigation." SEC staff often engage in settlement discussions with persons who submit statements pursuant to Rule 5(c). For additional information, see Securities and Exchange Commission Division of Enforcement, Enforcement Manual, Nov. 28, 2017 (available at https://www.sec.gov/divisions/enforce/enforcementmanual.pdf).

[3] The DEBT Box Defendants' argument was incorporated by the other oppositions.

be dismissed with prejudice as a sanction for the conduct at issue in the Order to Show Cause. (*See, e.g.*, DEBT Box Opp. at 2; iX Global Opp. at 2-3.) Defendants' arguments have no merit.

Contrary to Defendants' assertions, the SEC does not seek this relief to evade this Court's jurisdiction. (DEBT Box Opp. at 1, 8-9; *see also* iX Global Opp. at 2 (claiming the SEC seeks an "unconditional dismissal without prejudice" so that it can work "outside of the oversight of the Court").) The Motion makes clear that the Court will retain jurisdiction over the Order to Show Cause and receivership issues (Motion at 2), and notes that, "[f]or the avoidance of doubt, the SEC understands *this dismissal does not moot* the pending issues related to the Court's Order to Show Cause or the open items related to the receivership" (*id.* at 3 (emphasis added)). The Motion also includes a provision for status reports to be filed in this Court. (*Id.* at 2.)[4] Finally, if the SEC determines to refile the case, it will be filed in this district and before Your Honor.

The SEC is not seeking dismissal without prejudice to preempt the pending Order to Show Cause—to the contrary, the SEC seeks this relief to allow the case team to complete its review of the record and take the investigative steps needed to, among other things, fully address the issues raised by the Order to Show Cause. To be sure, as stated in its response and sur-reply to the Order to Show Cause, the SEC maintains that sanctions, including dismissal with prejudice, are unwarranted. (Dkt. 233 at 9-20; Dkt. 259 at 1-3.) But if the Court were to dismiss the case with prejudice, that would preclude the agency from determining whether the case should move forward to protect investors under the federal securities laws. The record in this matter raises serious concerns that retail investors have been and are being harmed, and a

---

[4] Given the unique circumstances of this particular case, should the Court deem it necessary and issue an order to this effect, SEC staff would notify the Court about any investigative subpoenas (*i.e.*, those issued pursuant to the SEC's investigative authority, rather than Rule 45 subpoenas issued in litigation) that agency staff issues to Defendants or Relief Defendants for such period of time as the Court may order.

dismissal with prejudice could deprive those investors of a meaningful remedy.[5] This case should therefore be dismissed without prejudice so that the SEC may complete its review of the existing record, take any necessary, additional investigative steps and, if appropriate, file a new complaint to protect the interests of harmed retail investors.

For these reasons, and as argued below, pending the Court's resolution of the Order to Show Cause and receivership issues, this Court should grant the Motion and dismiss the case without prejudice.

## ARGUMENT

A district court "normally should grant" a voluntary dismissal unless a defendant can show that dismissal would cause "legal prejudice." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). In determining whether to grant voluntary dismissal, courts "should endeavor to [e]nsure substantial justice is accorded to both parties." *Id.* Thus, a court "must consider the equities not only facing the defendant, but also those facing the plaintiff." *Id.*

Dismissal without prejudice is warranted here to protect investors and the public interest. As explained in the Motion, SEC staff—including staff recently assigned to this case (*see* Dkt. 233 at 1)—are reviewing the record, and intend to take investigative steps as appropriate, and to engage with Defendants and Relief Defendants, to determine both whether to file a new complaint and the scope of any re-filed complaint. (Motion at 2-3.) Dismissal without prejudice will allow the SEC to bring a new action if it determines that claims for securities laws violations are warranted to protect investors harmed by Defendants' allegedly fraudulent scheme.

---

[5] The Court has previously found that the SEC established a likelihood of success on the merits of its securities fraud claims. (Dkt. 111 at 20:1-6, 24:22-24; *see* Dkt. 206 (SEC's opposition to Defendants' motions to dismiss).)

Defendants argue that they would suffer "legal prejudice" if the case were dismissed without prejudice. (DEBT Box Opp. at 5-9.) *See, e.g.*, *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005) (noting that legal prejudice reflects factors including "the opposing party's effort and expense in preparing for trial," "excessive delay and lack of diligence on the part of the movant," "insufficient explanation of the need for a dismissal," and "the present stage of litigation," but explaining that "[t]hese factors are neither exhaustive nor conclusive"). But the arguments they make largely mischaracterize the SEC's request, and the factors they invoke fail to show legal prejudice.

Defendants concede that "this matter is not close to trial." (DEBT Box Opp. at 7.) Thus, they cannot identify any "effort or expense in preparing for trial" that may need to be duplicated if the SEC filed a new action. Nor have Defendants shown that the SEC did not exercise "diligence" in seeking dismissal without prejudice (*id.* at 7-8) or that the SEC failed to provide an adequate "explanation of need" for the requested dismissal (*id.* at 8-9). After this Court issued its Order to Show Cause, experienced trial attorneys from the SEC's Denver Regional Office were assigned to this matter, and these SEC staff have been thoroughly reviewing the allegations and evidence. (Dkt. 233 at 1; Dkt. 259 at 1.) The SEC filed its Motion promptly after it had determined—as a result of that ongoing review—that dismissal without prejudice would allow the agency to take necessary additional steps before determining whether to proceed. (*See* Dkt. 259 at 1.)[6] Dismissing the case without prejudice will allow the SEC to ensure both that

---

[6] The DEBT Box Defendants' reliance on *SEC v. Kornman* is misplaced. (DEBT Box Opp. at 9.) The court in *Kornman* found that a request for voluntary dismissal without prejudice tried to circumvent a prior ruling. No. 3:04-CV-1803, 2006 WL 1506954, at *4-5 (N.D. Tex. May 31, 2006). This Court has not issued any ruling that would be circumvented by the requested dismissal without prejudice.

4

only well-supported allegations are included in any re-filed action and that violations of the securities laws, particularly violations involving investor fraud, do not go unaddressed.

Defendants also incorrectly assert that the SEC filed the Motion to "avoid an adverse decision on a dispositive motion." (DEBT Box Opp. at 9.) While the SEC is seeking to dismiss the case without prejudice to allow for the new team to conduct a thorough and complete investigation, the SEC maintains that Defendants' objections to the legal sufficiency of the complaint under Rule 12(b)(6) lack merit. (*See* Dkt. 206.) In any event, Defendants can renew those objections if the SEC chooses to re-file this action. Finally, the DEBT Box Defendants wrongly argue that there is no need to investigate whether there are ongoing violations. (DEBT Box Opp. at 10.) Regardless of whether the fraud is ongoing or whether DEBT Box "moved their operations outside the United States in 2022," as Defendants assert (*id.*), the SEC seeks to preserve its ability to address any securities laws violations arising from Defendants' allegedly fraudulent offering, including those that caused harm to United States investors.

Nor do iX Global's additional arguments counsel for dismissal with prejudice. iX Global reiterates or incorporates many of the arguments it made in connection with the Order to Show Cause, but as stated in the SEC's response and sur-reply to the Order to Show Cause, sanctions, including dismissal with prejudice, are unwarranted. (Dkt. 233 at 9-20; Dkt. 259 at 1-3.) iX Global also claims that the SEC has taken inconsistent positions by (first) asking the Court to allow discovery to commence and by (now) asking for a dismissal without prejudice. But these positions reflect the SEC's efforts to investigate the full truth of Defendants' conduct, efforts that the Defendants have opposed in both instances. Finally, iX Global's suggested conditions of dismissal without prejudice are either conditions similar to those the SEC suggests (*i.e.*, periodic status reports and reporting to the Court, if so ordered, regarding any investigative subpoenas

issued to Defendants or Relief Defendants) or requests for sanctions that the Court can resolve—and should deny—in connection with the Order to Show Cause.

## CONCLUSION

For the foregoing reasons, and those in the SEC's Motion (Dkt. 260), the Court should dismiss this action without prejudice, with the conditions proposed by the SEC, while retaining jurisdiction over the Order to Show Cause and receivership issues.

Dated:  February 28, 2024

Respectfully submitted,

*/s/ Nicholas Heinke*
Nicholas Heinke
Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Suite 1700
Denver, Colorado 80294
Tel.  303-844-1071
HeinkeN@sec.gov

*Attorney for Plaintiff Securities and Exchange Commission*

## CERTIFICATE OF SERVICE

On this 28th day of February, 2024, I hereby certify that I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification and service to all counsel of record.

*/s/ Nicholas Heinke*
