Matthew R. Lewis (7919)
Taylor J. Smith (17537)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, 10th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
mlewis@kba.law
tsmith@kba.law

Richard Hong (admitted *pro hac vice*)
Jason P. Gottlieb (admitted *pro hac vice*)
David E. Ross (admitted *pro hac vice*)
Jeffrey D. Brooks (admitted *pro hac vice*)
Alexander R. Yarm (admitted *pro hac vice*)
**MORRISON COHEN LLP**
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
rhong@morrisoncohen.com
jgottlieb@morrisoncohen.com
dross@morrisoncohen.com
ayarm@morrisoncohen.com

*Attorneys for Defendants Digital Licensing Inc., Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, and Relief Defendants Business Funding Solutions, LLC; Blox Lending, LLC; The Gold Collective LLC; and UIU Holdings, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), *et al*.;<br><br>Defendants,<br><br>ARCHER DRILLING, LLC, *et al*.,<br><br>Relief Defendants. | **DEFENDANTS DIGITAL LICENSING INC., JASON R. ANDERSON, JACOB S. ANDERSON, SCHAD E. BRANNON, AND ROYDON B. NELSON AND RELIEF DEFENDANTS BUSINESS FUNDING SOLUTIONS, LLC, BLOX LENDING, LLC, THE GOLD COLLECTIVE LLC, AND UIU HOLDINGS, LLC'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIAL FOR THE COURT'S NOVEMBER 30, 2023 ORDER TO SHOW CAUSE**<br><br>Case No. 2:23-cv-00482-RJS<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

#12849701v3\031477\0001

**DEBT BOX DEFENDANTS' MOTION FOR LEAVE TO FILE
SUPPLEMANTAL MATERIAL FOR THE COURT'S
ORDER TO SHOW CAUSE**

Pursuant to DUCivR 7-1(a)(9), Defendants Digital Licensing Inc. (d/b/a "DEBT Box"), Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, and Roydon B. Nelson and Relief Defendants Business Funding Solutions, LLC, Blox Lending, LLC, The Gold Collective LLC, and UIU Holdings, LLC (collectively "DEBT Box Defendants"), by and through undersigned counsel, respectfully request that this Court grant leave to file supplemental material for the Court's consideration in connection with the November 30, 2023 Order to Show Cause ("OSC"). (ECF No. 215)

The OSC has focused on whether the SEC should be sanctioned for its material misrepresentations at the *ex parte* TRO hearing and in the SEC's court filings, including in its opposition to the DEBT Box Defendants' motion to dissolve the TRO. *See* OSC at 18-19.

In fact, in the OSC briefing, the SEC admitted: (1) that it first became aware that it had made a material misrepresentation regarding bank account closures at the July 28, 2024 TRO hearing itself (Declaration of Laurie E. Abbott ¶ 7) ("When the hearing resumed, and Mr. Welsh made the statement concerning accounts being closed in the last 48 hours, I immediately recognized this was not what I said or meant to convey to Mr. Welsh during the break.") (ECF No. 233-2); and (2) that it was further alerted of such misrepresentation by the DEBT Box Defendants in their motion to dissolve the TRO on September 12, 2023 (Declaration of Michael E. Welsh ¶ 18) ("When I received the Motion to Dissolve, I asked our investigative staff attorneys for more information on Defendants' closed bank accounts. Investigative staff told me that while they had learned of accounts that had closed in the days before the hearing, those accounts did not, in fact,

#12849701v3\031477\0001

close in the 48 hours leading up to the TRO hearing but rather were the same accounts we had previously known were closed.") (ECF No. 233-3).

What the SEC has not acknowledged, however, is that, in addition to the materially false statements to this Court, the SEC also made material misrepresentations in its discovery responses to the DEBT Box Defendants weeks after it became aware that its statements about the bank account closures were false. *See* 09/26/2023 Plaintiff's Responses to Defendants Jason R. Anderson, Jacob B. Anderson, Schad E. Brannon, and Roydon B. Nelson's First Set of Interrogatories and Requests for Admission ("Plaintiff's Discovery Responses," attached hereto as supplemental material, Ex. 1). *See, e.g.,* Plaintiff's Discovery Responses at 5 (for Response to Request for Admission Nos. 1 & 2); at 7-9 (for Responses to Interrogatory Nos 1 & 2).

In particular, the DEBT Box Defendants' Request for Admission No. 2 asked the SEC to: "Admit that the SEC's statement, 'even in the last 48 hours [as of July 28, 2023] defendants have closed additional bank accounts' (TRO Tr. at 20), did not apply to DLI, Defendants or Relief Defendants." In response, the SEC, while lodging objections, claimed that, as of September 26, 2023, the SEC's statement still applied to DLI, the DEBT Box Defendants and Relief Defendants by denying the Request for Admission. *See* Plaintiff's Discovery Responses at 5.

In addition, in response to the DEBT Box Defendants' Interrogatory No. 2 ("If you denied Request [for Admission] No. 2, identify all 'additional bank accounts' the SEC alleges were closed 'in the last 48 hours [as of July 28, 2023]' by DLI, Defendants or Relief Defendants"), the SEC , while lodging objections, claimed that, as of September 26, 2023, "(1) the Declaration of Karaz Zaki and the exhibits attached thereto, and (2) and the Declaration of Joseph Watkins and the exhibits attached thereto" provided identification of such "additional bank account[]" closures. Plaintiff's Discovery Responses at 9. The SEC also included "Verification," signed on September 26, 2023, by a staff attorney, Mr. Watkins, who declared under penalty of perjury that the answers

provided to these interrogatories were "true and correct to the best of my knowledge, information and belief." *Id*. at 12.[1]

But, as this Court found in its OSC, "there was no evidence that any bank accounts closed in the 48 hours preceding the ex parte hearing." OSC at 14.

These relevant discovery materials have not been filed with or submitted to the Court for its consideration of the OSC. Thus, the DEBT Box Defendants would respectfully seek leave to submit Plaintiff's Discovery Responses as supplemental material (Ex. 1) for the Court's consideration.

The undersigned counsel for the DEBT Box Defendants contacted the SEC for its position on this leave request. As of this filing, the SEC has not responded.

Respectfully submitted,

Dated: March 6, 2024

**KUNZLER BEAN & ADAMSON, PC**

Matthew R. Lewis
Taylor J. Smith

**MORRISON COHEN LLP**

/s/ *Richard Hong*
Richard Hong (admitted *pro hac vice*)
Jason P. Gottlieb (admitted *pro hac vice*)
David E. Ross (admitted *pro hac vice*)
Jeffrey D. Brooks (admitted *pro hac vice*)
Alexander R. Yarm (admitted *pro hac vice*)

*Attorneys for Digital Licensing Inc., Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, Business Funding Solutions, LLC; Blox Lending, LLC; The Gold Collective LLC; and UIU Holdings, LLC*

---

[1] Similarly, as to Request for Admissions No.1 ("Admit that the SEC did not present any TRO Evidence showing that DLI, Defendants or Relief Defendants voluntarily closed any bank accounts in June or July 2023"), the SEC, while lodging objections, denied the Request for Admission. *See* Plaintiff's Discovery Responses at 5. As this Court found, however, "none of these accounts closed in July 2023, and all were closed by banks, not Defendants." OSC at 9.

#12849701v3\031477\0001