# Exhibit 1

Michael E. Welsh (Massachusetts Bar No. 693537)
welshmi@sec.gov
Casey R. Fronk (Illinois Bar No. 6296535)
fronkc@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel: (801) 524-5796

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual;<br><br>    Defendants, | Case No. 2:23-cv-00482-RJS-DBP<br>Judge Robert J. Shelby<br>Magistrate Judge Dustin B. Pead<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANTS JASON R. ANDERSON, JACOB S. ANDERSON, SCHAD E. BRANNON, AND ROYDON B. NELSON'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR ADMISSION** |

1

ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDING, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

   Relief Defendants.

Pursuant to Rules 26, 33, and 36 of the Federal Rules of Civil Procedure, Plaintiff Securities and Exchange Commission ("SEC" or the "Commission") hereby responds and objects to Defendants' First Set of Requests for Admission and Interrogatories to Plaintiff as follows:

**GENERAL OBJECTIONS**

1. The Commission objects to Defendants' Interrogatories generally, and incorporates this objection into each and every answer, to the extent the Interrogatories seek privileged or work-product protected information, including without limitation materials protected by the attorney-client privilege, deliberative process privilege, law enforcement privilege, other governmental privileges, the informant's privilege, and privileged intra-agency or inter-agency communications (including pursuant to Section 24(f) of the Exchange Act, 15 U.S.C. § 78x), trial preparation materials, and work product prepared in anticipation of litigation. In addition, the Commission objects to the Interrogatories to the extent they seek confidential materials, which are subject to governmental privileges, and materials, the production of which,

2

could harm other investigations or materials that are exempt or prohibited from production under federal law, including pursuant to 31 U.S.C. § 5318(g)(2)).

2.      The Commission objects to Defendants' "Definitions" generally, and incorporates this objection into each and every response, to the extent that the "Definitions" attempt to impose upon the Commission an obligation to create a document-by-document privilege log of documents protected by at least one applicable privilege. This request is overbroad, overly burdensome, and not required by either the law or the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(5) advisory committee notes (1993 amendments) ("The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection.").

3.      The Commission objects to Defendants' definition of "TRO Evidence" as vague and ambiguous because it is unclear what Defendants are referring to in requesting the Commission identify evidence submitted "orally."

4.      The Commission's objections and answers to these Interrogatories and Requests for Admission are made on the basis of information now known to the Commission, and are made without waiving any further objections to, or admitting the relevance or materiality of, any of the information requested.

5.      The Commission's discovery efforts and preparations for trial and the preliminary injunction hearing are ongoing, and all answers are provided without prejudice to its right to introduce or object to the discovery of any document, fact, or information discovered hereafter.

6.      The Commission reserves all objections that may be available to him at any hearing or trial or on any motion to the use or admissibility of any material produced. The

disclosure of any information does not constitute an admission by the Commission that such information is relevant to this action or admissible in evidence.

7. The Commission objects to the Interrogatories to the extent they ask the Commission to state all facts supporting a contention, allegation, or position, or to detail all facts of a certain kind, on the basis that such Interrogatories are overbroad and unduly burdensome and not proportional to the needs of the case. The Commission is not required to marshal its evidence or state every one of the many facts that may support a contention, particularly where numerous potential witnesses and voluminous documents are involved; nor is the Commission required to organize the evidence for Defendants. Further, once facts supporting a contention, allegation, or position are identified, continuing to identify every other fact or document that may support the contention, allegation, or position is unreasonable. Without waiving this objection, the Commission has provided responses to the Interrogatories in question in an effort to advance the litigation but notes that its responses cannot and will not reference all facts that support an allegation, position, or contention.

8. The Commission objects to these Interrogatories and Requests for Admission to the extent that they seek information not in the Commission's actual possession, custody, or control, or to the extent they seek information in Defendants' custody or control, or to which Defendants have equal access.

9. The Commission reserves the right to amend or supplement its objections and answers to the Requests in accordance with the Federal Rules of Civil Procedure.

**OJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS FOR ADMISSION**

The Commission adopts and incorporates by reference the forgoing General Objections in response to each numbered Request for Admission below. Upon request by Defendants, the Commission is willing to meet and confer regarding its response to Defendants' Requests.

**REQUEST FOR ADMISSION NO. 1**: Admit that the SEC did not present any TRO Evidence showing that DLI, Defendants or Relief Defendants voluntarily closed any bank accounts in June or July 2023.

**RESPONSE:** The Commission objects to Request for Admission No. 1 as vague and ambiguous because it is unclear what the undefined term "voluntarily" means in this Request, and specifically it is unclear what Defendants are referring to in requesting that the Commission "did not present" something as part of its application for a Temporary Restraining Order. The Commission further objects to the Request because it seeks information outside the scope of the expedited discovery ordered by the Court "concerning Defendants and their assets and activities." (ECF No. 9 ¶ XIII.), and improperly seeks a legal conclusion on topics going beyond the Commission's Complaint in this matter. Subject to and without waiving its objections, the Commission denies this Request.

**REQUEST FOR ADMISSION NO. 2**: Admit that the SEC's statement, "even in the last 48 hours [as of July 28, 2023] defendants have closed additional bank accounts" (TRO Tr. at 20), did not apply to DLI, Defendants or Relief Defendants.

**RESPONSE:** The Commission objects to Request for Admission No. 2 as vague and ambiguous because it is unclear what the undefined term "apply" means in this Request. The Commission further objects to the Request because it seeks information outside the scope of the expedited discovery ordered by the Court "concerning Defendants and their assets and activities." (ECF No. 9 ¶ XIII.) The Commission further objects to the Request improperly seeks a legal conclusion on topics going beyond the Commission's Complaint in this matter. Subject to and without waiving its objections, the Commission denies this Request.

**REQUEST FOR ADMISSION NO. 3:** Admit that the SEC did not present any TRO Evidence showing that DLI had moved its operations to the UAE in May 2022.

**RESPONSE:** The Commission objects to Request for Admission No. 3 as vague and ambiguous because it is unclear what the undefined terms "present" and mean in this Request. In

the context of this Request, it is also unclear what "moved its operations" means, as that term is undefined. The Commission further objects to the Request because it seeks information outside the scope of the expedited discovery ordered by the Court (ECF No. 9 ¶ XIII), and improperly seeks a legal conclusion on topics going beyond the Commission's Complaint in this matter. Subject to and without waiving its objections, the Commission admits this Request in part. The Commission admits that, in connection with its application for a Temporary Restraining Order, the Commission did not represent or contend that, as of May 2022, DLI had relocated to the UAE. Except as expressly admitted, the Commission denies this Request.

**REQUEST FOR ADMISSION NO. 4:** Admit the SEC did not present any TRO Evidence showing that DLI, Defendants or Relief Defendants were transferring or had transferred investor funds from any account in the United States to any account in the UAE from June through July 2023.

**RESPONSE:** The Commission objects to Request for Admission No. 4 as vague and ambiguous because it is unclear what the undefined terms "investor funds" and "account" mean in this Request. The Commission further objects to the Request because it seeks information outside the scope of the expedited discovery ordered by the Court (ECF No. 9 ¶ XIII.), and improperly seeks a legal conclusion. Subject to and without waiving its objections, the Commission denies this Request.

**REQUEST FOR ADMISSION NO. 5:** Admit the SEC, after commencing this Action, issued administrative investigative subpoenas relating to this Action to entities and individuals, without providing notice of such subpoenas to Defendants or Relief Defendants.

**RESPONSE:** The Commission objects to Request for Admission No. 5 as vague and ambiguous because it is unclear what the undefined terms "administrative" and "investigative" mean in this Request. The Commission further objects to the Request because it seeks information outside the scope of the expedited discovery ordered by the Court "concerning Defendants and

6

their assets and activities." (ECF No. 9 ¶ XIII.), and improperly seeks a legal conclusion on topics going beyond the Commission's Complaint in this matter. The Commission further objects to the Request privileged information, including without limitation materials protected by the deliberative process privilege, law enforcement privilege, other governmental privileges. Subject to and without waiving its objections, the Commission denies this Request.

**REQUEST FOR ADMISSION NO. 6:** Admit that none of the Defendants (Jason Anderson, Jacob Anderson, Schad Brannon, or Roydon Nelson) represented that "Lazy Magnolia generated over 12 million dollars a month in revenue at any point during the relevant time period," as alleged in the Complaint (¶ 80-81).

**RESPONSE:** The Commission objects to Request for Admission No. 6 because it seeks information outside the scope of the expedited discovery ordered by the Court "concerning Defendants and their assets and activities." (ECF No. 9 ¶ XIII.). Subject to and without waiving its objections, the Commission denies this Request.

### OJECTIONS AND RESPONSES TO INDIVIDUAL INTERROGATOREIS

The Commission adopts and incorporates by reference the forgoing General Objections in response to each numbered Interrogatory below. Upon request by Defendants, the Commission is willing to meet and confer regarding its response to Defendants' Interrogatory.

**INTERROGATORY NO. 1:** If you denied Request No. 1, identify all TRO Evidence showing that DLI, Defendants or Relief Defendants voluntarily closed any bank accounts during the Relevant period.

**RESPONSE:** The Commission objects to Interrogatory No. 1 as vague and ambiguous because it is unclear what the undefined term "voluntarily" means in this interrogatory. The Commission further objects to the Interrogatory to because it seeks information outside the scope of the expedited discovery ordered by the Court "concerning Defendants and their assets and activities." (ECF No. 9 ¶ XIII.). The Commission objects to the interrogatory on the grounds that

7

it is premature, unduly burdensome, improper, and not proportional to the needs of the case. The Commission further objects to the interrogatory to the extent it seeks to impose any legal obligations on the Commission or seeks a legal conclusion. The Commission is not required to marshal all of its evidence before trial or preliminary injunction hearing, organize or provide a narrative of that evidence for Defendants, or state or explain in detail every fact that may support a contention, particularly where discovery is ongoing and Defendants have failed to produce any documents in response to the Commission's discovery requests, which were served on August 2, 2023. Subject to and without waiving its objections, the Commission refers Defendants to (1) the Declaration of Karaz Zaki and the exhibits attached thereto, and (2) and the Declaration of Joseph Watkins and the exhibits attached thereto.

**INTERROGATORY NO. 2:** If you denied Request No. 2, identify all "additional bank accounts" the SEC alleges were closed "in the last 48 hours [as of July 28, 2023]" by DLI, Defendants or Relief Defendants.

**RESPONSE:** The Commission objects to the interrogatory on the grounds that it is unreasonable, premature, unduly burdensome, improper, and not proportional to the needs of the case. The Commission further objects to the Interrogatory to because it seeks information outside the scope of the expedited discovery ordered by the Court (ECF No. 9 ¶ XIII), and improperly seeks a legal conclusion on topics going beyond the Commission's Complaint in this matter. The Commission further objects to the interrogatory to the extent it seeks to impose any legal obligations on the Commission or seeks a legal conclusion. The Commission is not required to marshal all of its evidence before trial or preliminary injunction hearing, organize or provide a narrative of that evidence for Defendants, or state or explain in detail every fact that may support a contention, particularly where discovery is ongoing and Defendants have failed to produce any documents in response to the Commission's discovery requests, which were served on August 2,

8

2023. Subject to and without waiving its objections, the Commission refers Defendants to (1) the Declaration of Karaz Zaki and the exhibits attached thereto, and (2) and the Declaration of Joseph Watkins and the exhibits attached thereto.

**INTERROGATORY NO. 3:** If you admitted Request No. 3, identify all TRO Evidence showing that DLI actually moved its operations to the UAE in June or July 2023.

**RESPONSE:** The Commission objects to Interrogatory No. 3 as vague and ambiguous because it is unclear what the undefined term "operations" means in this interrogatory. The Commission further objects to the interrogatory because it seeks information outside the scope of the expedited discovery ordered by the Court (ECF No. 9 ¶ XIII). The Commission further objects to the interrogatory to the extent it seeks to impose any legal obligations on the Commission or seeks a legal conclusion. The Commission is not required to marshal all of its evidence before trial or preliminary injunction hearing, organize or provide a narrative of that evidence for Defendants, or state or explain in detail every fact that may support a contention, particularly where discovery is ongoing and Defendants have failed to produce any documents in response to the Commission's discovery requests, which were served on August 2, 2023. Subject to and without waiving its objections, the Commission refers Defendants to (1) the Declaration of Karaz Zaki and the exhibits attached thereto, and (2) and the Declaration of Joseph Watkins and the exhibits attached thereto.

**INTERROGATORY NO. 4:** If you denied Request No. 4, identify all TRO Evidence showing that DLI, Defendants or Relief Defendants were transferring or had transferred investor funds from any account in the United States to any account in the UAE from June through July 2023.

**RESPONSE:** The Commission objects to Interrogatory No. 4 as vague and ambiguous because it is unclear what the undefined terms "investor funds" and "account" mean in this Interrogatory. The Commission objects to the interrogatory on the grounds that it is premature, unduly burdensome, improper, and not proportional to the needs of the case. The Commission

9

further objects to the interrogatory to the extent it seeks to impose any legal obligations on the Commission or seeks a legal conclusion. The Commission is not required to marshal all of its evidence before trial or preliminary injunction hearing, organize or provide a narrative of that evidence for Defendants, or state or explain in detail every fact that may support a contention, particularly where discovery is ongoing and Defendants have failed to produce any documents in response to the Commission's discovery requests, which were served on August 2, 2023. Subject to and without waiving its objections, the Commission refers Defendants to (1) the Declaration of Karaz Zaki and the exhibits attached thereto, and (2) and the Declaration of Joseph Watkins and the exhibits attached thereto.

**INTERROGATORY NO. 5:** If you admitted Request No. 5, state the SEC's basis for issuing administrative investigative subpoenas relating to this Action, without providing notice of such subpoenas to Defendants or Relief Defendants.

**RESPONSE:** The Commission objects to Interrogatory No. 5 as vague and ambiguous because it is unclear what the undefined terms "administrative" and "investigative" mean in this interrogatory. The Commission further objects to the interrogatory to the extent it seeks to impose any legal obligations on the Commission or seeks a legal conclusion. The Commission further objects to the interrogatory because it seeks information outside the scope of the expedited discovery ordered by the Court (ECF No. 9 ¶ XIII), and improperly seeks a legal conclusion on topics going beyond the Commission's Complaint in this matter. Subject to and without waiving its objections, the Commission states that it denied Request for Admission No. 5, and therefore, no response to Interrogatory No. 5 is required.

**INTERROGATORY NO. 6:** If you denied Request No. 6, identify all evidence supporting the allegation in the Complaint (¶ 80-81) that Defendants represented Lazy Magnolia generated over 12 million dollars a month in revenue at any point during the relevant time period in the Complaint.

**RESPONSE:** The Commission objects to the interrogatory to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. The Commission objects to the interrogatory on the grounds that it is premature, unduly burdensome, improper, and not proportional to the needs of the case. The Commission further objects to the Interrogatory because it seeks information outside the scope of the expedited discovery ordered by the Court (ECF No. 9 ¶ XIII). The Commission further objects to the interrogatory to the extent it seeks to impose any legal obligations on the Commission or seeks a legal conclusion. The Commission is not required to marshal all of its evidence before trial or preliminary injunction hearing, organize or provide a narrative of that evidence for Defendants, or state or explain in detail every fact that may support a contention, particularly where discovery is ongoing and Defendants have failed to produce any documents in response to the Commission's discovery requests, which were served on August 2, 2023. Subject to and without waiving its objections, the Commission refers Defendants the Declaration of Joseph Watkins (including without limitation paragraph 21 of declaration) and the exhibits attached thereto. Responding further, the Commission states that Interrogatory No. 6 is premature. The Commission will supplement answer to this interrogatory once discovery has progressed, in accordance with the Court-ordered expedited discovery schedule.

Dated: September 26, 2023        Respectfully submitted,

                                                     */s/ Michael E. Welsh*
                                                     Michael E. Welsh
                                                     Casey R. Fronk
                                                     Attorneys for Plaintiff
                                                     Securities and Exchange Commission

**Verification**

I, Joseph D. Watkins, am a staff attorney in the Division of Enforcement for the United States Securities and Exchange Commission. I was assigned to the investigation which resulted in the filing of this civil injunctive action and I am familiar with the factual basis for the SEC's Complaint in this matter. I have reviewed the Commissions responses to Defendants' First Set of Interrogatories to Plaintiff. On behalf of the United States Securities and Exchange Commission, I declare under penalty of perjury that the answers provided to these interrogatories are true and correct to the best of my knowledge, information and belief.

Executed this 26th day of September, 2023

_____
Joseph D. Watkins