Nicholas P. Heinke (Colorado Bar No. 38738)
HeinkeN@sec.gov
Gregory A. Kasper (Colorado Bar No. 46800)
KasperG@sec.gov
Terry R. Miller (Colorado Bar No. 39007)
MillerTe@sec.gov
Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Suite 1700
Denver, Colorado 80294
Tel.: 303-844-1000

*Attorneys for Plaintiff Securities and Exchange Commission*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and | **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO DISMISS WITHOUT PREJUDICE AND MEMORANDUM IN SUPPORT**<br><br>Case No. 2:23-cv-00482-RJS-DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

i

MATTHEW D. FRITZSCHE, an individual,

        Defendants,

ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

        Relief Defendants.

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT OF SPECIFIC RELIEF SOUGHT ....................................1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ....................................3

III. THE SEC'S PROPOSED NEXT STEPS ...............................................................................5

IV. LEGAL AUTHORITY .............................................................................................................6

V. ARGUMENT..............................................................................................................................7

    A. Following the Normal Rule of Dismissing Without Prejudice is Appropriate..............7

    B. It is Appropriate for the Court to Dismiss Without Prejudice to Allow the SEC to Continue to Investigate and Engage with the Parties .........................................9

    C. The SEC's Conditions for Dismissal are Appropriate....................................................10

## TABLE OF AUTHORITIES

**Cases**

*Brown v. Baeke*,
  413 F.3d 1121 (10th Cir. 2005) ...................................................................................... 6, 7, 8, 9

*Frank v. Crawley Petroleum Corp.*,
  992 F.3d 987 (10th Cir. 2021) ............................................................................................ 6, 10

*Mitchell v. Roberts*,
  43 F.4th 1074 (10th Cir. 2022) ................................................................................................. 7

*Ohlander v. Larson*,
  114 F.3d 1531 (10th Cir. 1997) ................................................................................................ 7

*SEC v. Compania Internacional Financiera S.A.*, No. 11 Civ. 4904
  (JPO), 2012 WL 1856491 (S.D.N.Y. May 22, 2012) .............................................................. 9

**Statutes and Rules**

15 U.S.C. § 78u .................................................................................................................... 6, 9
17 C.F.R. § 202.5 ....................................................................................................................... 1
Federal Rule of Civil Procedure 41 ....................................................................... 1, 2, 5, 6, 7, 10

I.      **PRELIMINARY STATEMENT OF SPECIFIC RELIEF SOUGHT**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff Securities and Exchange Commission ("SEC" or "Commission"), through undersigned counsel, respectfully moves the Court to dismiss this action without prejudice, subject to the following conditions:

1.      The SEC will file a status report within 120 days of the Court's order dismissing the action without prejudice, and periodically thereafter;

2.      Given the unique circumstances of this particular case, should the Court deem it necessary and issue an order to this effect, SEC staff would notify the Court about any investigative subpoenas (*i.e.*, those issued pursuant to the SEC's investigative authority, rather than Rule 45 subpoenas issued in litigation) that agency staff issues in this matter for such period of time as the Court may order;

3.      If SEC staff makes a preliminary determination to recommend that the Commission re-file charges against some or all of the Defendants or Relief Defendants, SEC staff will engage with those Defendants and Relief Defendants, including, if appropriate, through the SEC's Wells process,[1] in connection with such recommendation; and

4.      If the SEC determines to re-file the case, it will be filed in this District and before Your Honor, either (at the Court's preference) under the existing case number or under a new case number that would permit reassignment or transfer to Your Honor under DUCivR 83-2.

---

[1] Under Rule 5(c) of the SEC's Rules on Informal and Other Procedures, which implements the SEC's Wells process, "[p]ersons who become involved in . . . investigations may . . . submit a written statement to the Commission setting forth their interests and position in regard to the subject matter of the investigation." 17 C.F.R. § 202.5(c); *see also* SEC, Division of Enforcement, Enforcement Manual § 2.4 (Nov. 28, 2017). SEC staff often engage in settlement discussions with persons who submit statements through the Wells process.

Rule 41(a)(2) provides that, other than in circumstances permitting dismissal without a court order (not applicable here), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," and that "[u]nless the [court] order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). Dismissal without prejudice, with the conditions outlined above, is warranted here to protect investors and the public interest. As the Court is aware, following the Court's Order to Show Cause, Dkt. 215 ("Show Cause Order"), beginning in December 2023 the SEC added new staff to supervise and lead the litigation in this matter, *see* Dkt. 233 at 1; *see also* Dkt. Nos. 234, 235, 236.[2] Now, in light of the Court's March 18, 2024 Memorandum Decision and Order, Dkt. No. 275 ("March 18 Order"), the SEC has removed from this case all of the attorneys who originally investigated and litigated this matter,[3] and added new investigative staff from the Denver and New York Regional Offices to assist. The only original staff member who remains on the case team is the senior staff accountant, Karaz Zaki, who is being supervised by, and supporting the work of, the new legal team. In short, with that one exception, all of the staff on this matter have been assigned only in the last few months, and all of the investigative staff who will work on this matter only joined the team in the last few weeks.

The new SEC team is analyzing and assessing the material collected by the original staff in support of the complaint to determine whether to recommend to the Commission the filing of a new case, and, if so, the scope of any re-filed complaint. As part of that analysis, and given the

---

[2] In addition to the attorneys noted in these filings, since December 2023, the SEC also added an additional trial counsel from the Denver Regional Office and a supervisory trial counsel from the Fort Worth Regional Office to the case team.

[3] Notices of withdrawal for those attorneys who entered appearances will be forthcoming.

current posture of the parties, SEC staff also intend, as appropriate, to take additional investigative steps, including seeking to take sworn testimony from the Defendants and Relief Defendants (which did not occur during the initial investigation or in expedited discovery), and also to engage with Defendants and Relief Defendants, including, if appropriate, through the SEC's Wells process. The fact that the case team is almost entirely new will add to the time needed for this assessment of the record and additional investigative steps. And once those steps are complete, the SEC staff will have to prepare and present a recommendation to the Commission with respect to any new case—a process that typically takes between six to eight weeks. Dismissal without prejudice will allow time for the SEC to complete this process with both deliberate speed and due care and, if it determines that claims for securities laws violations are warranted, to bring a new action to protect investors.

      The SEC has conferred with counsel for Defendants and Relief Defendants by email and in certain phone calls beginning April 6, 2024. Benjamin F. Daniels, Mark W. Schuler, Alton O. Parker, B & B Investment Group, and BW Holdings consent to dismissal without prejudice with the conditions above. Digital Licensing, Jason Anderson, Jacob Anderson, Schad Brannon, Roydon Nelson, Business Funding Solutions, Blox Lending, The Gold Collective, UIU Holdings, Matthew Fritzsche, iX Global, Joseph Martinez, Travis Flaherty, Flaherty Enterprises, iX Ventures, Brendan Stangis, Calmes & Co, and Calmfritz Holdings do not consent.[4]

---

[4] The DEBT Box Defendants specifically indicated they would submit an opposition to this motion. Defendants James Franklin and Western Oil Exploration and Relief Defendants Archer Drilling and Purdy Oil have not had counsel appear in this case, so undersigned counsel has not conferred with those parties. Defendant Ryan Bowen was previously dismissed. Dkt. 279.

3

## II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On July 26, 2023, the SEC filed its sealed complaint in this matter naming as Defendants Digital Licensing Inc. ("DEBT Box"), individuals who allegedly control DEBT Box, and other individuals and entities allegedly involved in DEBT Box's allegedly fraudulent offering. Dkt. 1 ¶¶ 13-30. Before filing this action, the SEC conducted an investigation in which it did not communicate directly with the Defendants (or Relief Defendants) or take other common investigative steps that could have alerted the Defendants to the SEC's investigation.

With the complaint, the SEC also filed an application for *ex parte* relief, including a Temporary Restraining Order, an asset freeze, and the appointment of a temporary Receiver. Dkt. 3. Following an *ex parte* hearing, on July 28, 2023, the Court issued the requested TRO, Dkt. 9, and appointed a temporary Receiver, Dkt. 10. On September 12, 2023, certain Defendants filed a motion to dissolve the TRO, arguing, among other things, that the SEC improperly obtained *ex parte* emergency relief by making misrepresentations to the Court. Dkt. 132 at 10-13. Other Defendants later filed similar motions. *See* Dkts. 145, 159.

On October 6, 2023, the Court held a hearing on the motions to dissolve, at which it dissolved the TRO and temporary Receivership and stated that it was considering issuing an order to show cause concerning the SEC's misrepresentations. *See* Dkt. 189. On November 30, 2023, the Court issued a written order dissolving the TRO, Dkt. 214, and also issued a Show Cause Order, Dkt. 215. On December 21, 2023, the SEC responded to the Show Cause Order, Dkt. 233, and later that day undersigned counsel and other lawyers from the SEC's Denver Regional Office entered their appearances in this matter, Dkts. 234-236. Certain Defendants and

Relief Defendants filed reply briefs regarding the Show Cause Order, Dkts. 246-249, 253, and the SEC later filed a sur-reply brief, Dkt. 259. In that brief, the SEC noted that

> the Commission is continuing to take steps to address the issues the Court identified and to identify any other issues that may warrant further consideration. As indicated in the Commission's Response [to the Order to Show Cause], experienced trial attorneys from the Commission's Denver Regional Office have been assigned to this matter. ([Dkt. 233] at 1; *see* Dkt. 234-236.) That team is reviewing the allegations and evidence in this matter. Given this ongoing review, the Commission has determined that the best way to proceed is to dismiss this action without prejudice. Thus, the Commission has authorized the filing of a motion to dismiss this action without prejudice, which will be forthcoming.

*Id.* at 1. The next day, February 1, 2024, the SEC filed a motion to dismiss without prejudice. Dkt. 260. Certain Defendants and Relief Defendants opposed the motion, Dkts. 261-265, and the SEC later filed a reply in support, Dkt. 267.

On March 18, 2024, the Court issued its Memorandum Decision and Order on the Order to Show Cause in which it sanctioned the SEC. Dkt. 275. However, the Court also

> reject[ed] Defendants' argument that . . . dismissal with prejudice is an appropriate sanction. . . . Dismissal of the entire action with prejudice is too remote from the Commission's sanctionable conduct. Further, such an extreme sanction would potentially subject the public to future harm by foreclosing an appropriate enforcement action by the Commission, should one be warranted.

*Id.* at 76 n. 412. The Court further denied the SEC's original motion to dismiss for failing to comply with the Local Rules, but did so without prejudice to the SEC re-filing a proper motion in accordance with the Local Rules. *Id.* at 78-79.

### III.   THE SEC'S PROPOSED NEXT STEPS

As noted above, the SEC team now working on this matter is almost entirely new. This new SEC team is presently engaging in a thorough analysis and assessment of the current record in this case, a process which will take time.

Further, as noted above, before filing this action, the SEC conducted an investigation in which it did not communicate directly with the Defendants (or Relief Defendants) or take other common investigative steps that could have alerted the Defendants to the SEC's investigation. Given the current posture, in addition to analyzing the current record, the SEC intends to take additional investigative steps, likely including seeking to take testimony from most if not all of the current parties, to ensure the record is accurate and complete before making any recommendation to re-file this case. And if SEC staff makes a preliminary determination to recommend that the Commission re-file charges against some or all of the parties, SEC staff would engage with those parties in connection with such recommendation. This process allows for a thorough dialogue with any party the SEC staff would recommend charging in order to ensure that party's position and arguments are considered.

Finally, once SEC staff have completed this process, the Commission itself must authorize any re-filed case. *See* 15 U.S.C. § 78u(d)(1). The process of recommending an action typically takes between six to eight weeks. The SEC intends to move with all deliberate speed in completing its analysis of the existing record, taking additional investigative steps as may be appropriate in these circumstances, and engaging with Defendants and Relief Defendants. However, that process will take time to complete in a careful and thorough manner.

## IV.     LEGAL AUTHORITY

Rule 41(a)(2) "permits a district court to dismiss an action without prejudice upon such terms and conditions as the court deems proper." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (internal quotation omitted). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative

conditions." *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021) (quoting *Brown*, 413 F.3d at 1123). A district court "normally should grant" a voluntary dismissal unless a defendant can show that the dismissal would cause legal prejudice. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). "Ordinarily, a dismissal under Rule 41(a)(2) will be without prejudice." *Mitchell v. Roberts*, 43 F.4th 1074, 1083 (10th Cir. 2022).

"Prejudice does not arise simply because a second action has been or may be filed against the defendant, . . . which is often the whole point in dismissing a case without prejudice." *Brown*, 413 F.3d at 1124 (internal citation omitted). Instead, legal prejudice is a function of "other, practical factors including: 'the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation.'" *Id.* (quoting *Ohlander*, 114 F.3d at 1537). These factors are not exclusive, and courts should consider other factors unique to the circumstances of each case. *Ohlander*, 114 F.3d at 1537. In determining whether to grant voluntary dismissal, courts "should endeavor to [e]nsure substantial justice is accorded to both parties." *Id.* Thus, a court "must consider the equities not only facing the defendant, but also those facing the plaintiff." *Id.*

**V.     ARGUMENT**

    **A.     Following the Normal Rule of Dismissing Without Prejudice is Appropriate.**

Dismissal without prejudice, with the conditions outlined above, is appropriate under the circumstances, will protect investors and the public interest, and will not unfairly affect Defendants or cause them legal prejudice. The SEC requests dismissal without prejudice so that the new SEC team working on this matter, some of whom were only assigned following the

7

Court's March 18 Order, Dkt. 275, may analyze and assess the existing record, take additional investigative steps as appropriate to ensure the record is accurate and complete, engage with Defendants and Relief Defendants, and determine whether it is appropriate to recommend the Commission proceed with a new complaint, and, if so, the scope of any new complaint.

This approach balances the issues raised in connection with the Show Cause Order with the need to ensure investors are protected. *Cf.* Dkt. 275 at 76 n.412 (rejecting Defendants' argument that dismissal with prejudice is an appropriate sanction: "such an extreme sanction would potentially subject the public to future harm by foreclosing an appropriate enforcement action by the Commission, should one be warranted."). Particularly at this early stage of the litigation, granting the SEC's motion is appropriate.

Further, the current Defendants and Relief Defendants cannot show that dismissal would cause them legal prejudice. This matter is not close to trial, and thus they cannot identify any "effort or expense in preparing for trial" that would need to be duplicated if the SEC filed a new action.[5] And even if Defendants could identify an expense that would be incurred in a re-filed action that would not be incurred if this action were to continue without a dismissal, the Court could impose curative conditions to mitigate that expense.[6] Moreover, if the SEC elects not to re-

---

[5] While certain parties moved to dismiss, *see* Dkts. 182, 191-193, 196, 197, 232, any re-filed complaint may address the concerns raised in those motions, and if any party re-files a motion to dismiss, they presumably can leverage, rather than duplicate, their previous research and briefing Further, the Court has ordered the SEC to pay Defendants' and Receiver's attorney's fees and legal costs arising from the TRO and the Receiver. Dkt. 275 at 79.

[6] *See Brown*, 413 F.3d at 1126 (endorsing the magistrate judge's finding that "the ability of the parties to use discovery in the new case combined with Defendants' ability to seek reimbursement for any duplicative expenses will alleviate any legal prejudice to Defendants with respect to the efforts and expenses expended by Defendants to date in preparing for trial in this case") (internal quotation omitted).

file the case, or some or all of the parties consensually resolve the matter through a pre-filing conferral process, the dismissal without prejudice could result in significant resource savings by both the parties and the Court.

Similarly, Defendants cannot show excessive delay and lack of diligence on the part of the SEC, or that the SEC failed to provide an adequate explanation of need for the requested dismissal. The SEC filed its initial motion to dismiss promptly after it had determined that dismissal without prejudice would allow the agency to take necessary additional steps before determining whether to proceed, and files this motion within a month of the Court's order denying the SEC's initial motion without prejudice to refiling. The present, relatively early stage of litigation also favors dismissal without prejudice, as no trial date has been set.

**B. It is Appropriate for the Court to Dismiss Without Prejudice to Allow the SEC to Continue to Investigate and Engage with the Parties.**

Should the Court grant this motion, the SEC intends to take additional investigative steps and to engage with Defendants and Relief Defendants, to determine both whether to file a new complaint and the scope of any re-filed complaint.[7] Courts have granted plaintiffs' motions to dismiss without prejudice specifically to permit plaintiffs to conduct additional investigation prior to re-filing the case. *See Brown*, 413 F.3d at 1123-26 (affirming decision to grant dismissal without prejudice, with conditions, to allow plaintiff to find a replacement expert).[8]

---

[7] The SEC intends to take these steps pursuant to its authority to investigate potential securities law violations, including through the SEC's own administrative subpoena power, rather than using civil discovery tools. *See* 15 U.S.C. § 78u.

[8] *See also SEC v. Compania Internacional Financiera S.A.*, No. 11 Civ. 4904(JPO), 2012 WL 1856491, at *7 (S.D.N.Y. May 22, 2012) (granting SEC's motion to dismiss without prejudice, finding, *inter alia*, that "a full and complete investigation is in the interest of the investing

9

Additional investigation, as well as engagement with Defendants and Relief Defendants, is particularly critical here. The SEC initially filed this case after an investigation in which the SEC had not communicated directly with Defendants. *See* Dkt. 233 at 11. Further, while the SEC obtained documents and other information from certain Defendants and Relief Defendants through expedited discovery before the TRO was dissolved, it did not, for example, take sworn testimony or depositions of the Defendants or Relief Defendants. In light of the issues raised in connection with the Show Cause Order, the SEC wants to ensure that its allegations are fully supported by the record before proceeding with the litigation. The SEC also wants to give the parties an opportunity to provide the SEC with all relevant information before the SEC makes allegations in any re-filed complaint, and taking reasonable investigative steps and engaging with Defendants and Relief Defendants are important to that effort.

### C.     The SEC's Conditions for Dismissal are Appropriate.

Rule 41(a)(2) allows the Court to impose proper conditions on any dismissal. Fed. R. Civ. P. 41(a)(2). "Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." *Frank*, 992 F.3d at 998 (quoting *Am. Nat'l Bank & Trust Co. v. BIC Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)). The SEC's proposed conditions, outlined above, are reasonable and should be imposed.

---

public"); *id.* at *6 (rejecting Defendants' argument that the Commission should be precluded "from bringing these claims again in the future, regardless of what it finds in any further investigation"); *cf.* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364 (4th ed. 2023) ("Dismissal has been allowed to give the plaintiff an opportunity to secure new evidence after the plaintiff has found, by discovery or otherwise, that the claim advanced in the action could not be proven on the basis of the information then available.").

Dated:  April 15, 2024

Respectfully submitted,

*/s/ Nicholas Heinke*
Nicholas Heinke
Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Suite 1700
Denver, Colorado 80294
Tel.  303-844-1071
HeinkeN@sec.gov

*Attorney for Plaintiff Securities and Exchange Commission*

12

## CERTIFICATE OF SERVICE

On this 15th day of April, 2024, I hereby certify that I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification and service to all counsel of record.

*/s/ Nicholas Heinke*