Romaine C. Marshall (9654)
Jose A. Abarca (12762)
Jonathan E. Schmalfeld (admitted *pro hac vice*)
POLSINELLI PC
2825 E Cottonwood Pkwy, Suite 500
Salt Lake City, UT  84121
Telephone: (801) 999-3504
rmarshall@polsinelli.com
jabarca@polsinelli.com
jschmalfeld@polsinelli.com

*Attorneys for Defendants iX Global, LLC, Joseph A. Martinez, and Travis Flaherty*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>vs.<br><br>DIGITAL LICENSING INC. dba DEBT Box, a Wyoming corporation, et al.,<br><br>          Defendants/Relief Defendants. | **DEFENDANTS IX GLOBAL, LLC, JOSEPH A. MARTINEZ, AND TRAVIS FLAHERTY'S PETITION FOR FEES AND COSTS**<br><br>Case No. 2:23-cv-00482-RJS-DBP<br>Chief Judge Robert J. Shelby<br>Magistrate Judge Dustin B. Pead |

# INTRODUCTION

In this matter, the Plaintiff Securities and Exchange Commission ("SEC") sought and obtained an *ex parte* TRO. *See* Dkt. No. 9. Through that TRO, the SEC, among other things:

1. Froze all accounts at any bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by the iX Global Defendants. *Id*. at 12.

2. Required the iX Global Defendants to provide the SEC with a detailed and complete schedule of all of their assets, including: all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number, and all digital assets, digital currencies, virtual currencies, digital tokens, cryptocurrencies, digital wallets, or other tangible, intangible, or digital funds or assets, wherever located. *Id*. at 13.

3. Required the iX Global Defendants to locate and preserve all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), and any accounts, account passwords, computer passwords, device PINs and passwords, cryptographic keys, or digital wallets, pertaining in any manner to Defendants or to the allegations alleged in the Commission's complaint. *Id*. at 14.

4. Required the iX Global Defendants to respond to the SEC's expedited discovery within 5 days of service in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure and the corresponding Local Rules of this Court. *Id*. at 15.

5. Required the iX Global Defendants to provide the SEC with continuing access to inspect or copy any or all of the corporate books and records and other documents of the iX Global Defendants and their subsidiaries and affiliates, and continuing access to inspect their funds, property, assets and collateral, wherever located. *Id*.

The iX Global Defendants retained counsel to assist them with complying with the TRO. The TRO's requirements were onerous, and the cost of compliance was substantial.

This Court has subsequently determined, after briefing by the iX Global Defendants and others, that the TRO was improvidently entered, and has Ordered the SEC to pay the iX Global Defendants' attorneys' fees and legal costs arising from the TRO.  *See* Dkt. Nos. 214 and 275.  The iX Global Defendants submit to the Court the following Petition for Fees and Costs consistent with this Court's Order seeking fees and costs in the amount of $252,315.50.

## ARGUMENT

### I. Standard

The district court is granted "wide discretion in matters of sanctions" including determining reasonable fee amounts.  *See Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1205–08 (10th Cir. 2008).  In determining whether to apply straight fee recovery or a lodestar-limited recovery, the district court should consider the reasonableness of the fees requested.  *Id*.  "[A] party who has already been the victim of vexatious and dilatory tactics should not heedlessly be revictimized by requiring him to introduce evidence to establish the prevailing local rate for a certain type of litigation.  Furthermore… one who chose what he considered appropriate counsel should not be obliged to procure new, cheaper lawyers just to deal with a filing that is, after all, sanctionable." *Id*.  Costs recoverable under the Equal Access to Justice Act are enumerated in 28 U.S.C. § 1920. *See FTC v. Kuykendall*, 466 F.3d 1149, 1154-56 (10th Cir. 2006).

### II. Straight Fee Recovery is Appropriate in this Case

As described in the iX Global Defendants' Reply to the SEC's Response to the Court's November 30, 2023 Order to Show Cause (Dkt. No. 247), the obligations and associated legal costs imposed on the iX Global Defendants under the improvidently entered TRO were substantial.  These expenses included attorneys' fees for multiple meetings with the SEC's attorneys and

Receiver's Counsel, preparing discovery responses and asset accountings on an expedited basis, negotiating for access to funds for basic living expenses, and otherwise complying with the TRO's onerous obligations with the knowledge that failure to comply could result in being held in contempt. The iX Global Defendants were further forced to fully brief a Motion to Dissolve the TRO and prepare for a hearing on the subject due to the SEC failing to stipulate to removal of the TRO long after it was clear that the TRO was obtained using false and materially misleading allegations. *See* Dkt. No. 247-1 (timeline showing events related to TRO).

The iX Global Defendants retained attorneys in the Salt Lake City, Utah office of Polsinelli PC to represent them. Additionally, attorneys from Polsinelli's St. Louis and Nashville offices were brought on to assist in certain aspects of this representation due to their expertise in blockchain technology and securities litigation. Attached to this Petition for Fees as **Exhibit A** are the bills and billing entries of those attorneys arising from the TRO or Receiver. Each of the attorneys from which attorneys' fees are being submitted for reimbursement have reviewed Exhibit A, and affirmed that only time and costs arising from the TRO or Receiver are being requested. *See* **Exhibits B-E**.

Additionally, all the listed attorneys billed on this matter at a reduction from their otherwise applicable national rates for their work. These attorneys and rates were agreed upon and their bills were largely paid prior to any warning of the Court's intent to issue an Order to Show Cause. *See* Dkt. No. 187; *Hamilton*, 519 F.3d at 1207 ("one who chose what he considered appropriate counsel should not be obliged to procure new, cheaper lawyers just to deal with a filing that is, after all, sanctionable.").

Finally, the attorneys in this matter have each gone through their billing entries and removed any time and expense from consideration which was unrelated to the TRO or Receiver issues. This includes a reduction of time for billing entries which contained time for multiple aspects of representation and a complete reduction of time to zero in some billing entries which were closely related to TRO related legal services, but which did not specify as such in the entry narratives.[1] This process resulted in a reduction of $97,865.50 which the iX Global Defendants are not seeking recovery for despite the billing entries being related to TRO or Receiver issues.

In sum, the amount of $252,315.50 is reasonable in both amount and on a per-hour basis in light of the onerous obligations and associated legal costs imposed under the improvidently entered TRO. The attorneys retained for representation of the iX Global Defendants charged reasonable rates and spent reasonable time in assisting and defending against the TRO which the SEC obtained using false and materially misleading statements. The total time spent on TRO related legal fees is reasonable, especially in light of the SEC's own actions attempting to continue the TRO leading to the iX Global Defendants being forced to fully brief the issue to obtain a dissolution of the improvidently entered TRO. The iX Global Defendants are prepared to submit an unredacted copy of Exhibit A for the Court's *in camera* review and any additional evidence to assist the Court in assessing the fees paid by the iX Global Defendants related to the TRO and the reasonableness of such fees in light of the Court's March 18, 2024 Order. Dkt. # 275.

## **CONCLUSION**

---

[1] Also, the attorneys have deducted or excluded time entries that, but for the TRO, would not have been required. For example, on multiple occasions counsel for the iX Global Defendants provided guidance on the contractual and other implications of the TRO on the iX Global Defendants' businesses and personal lives unrelated to the software sales which are the subject of the instant litigation.

For the reasons stated above, the iX Global Defendants respectfully request the Court award the iX Global Defendants $252,315.50 as reasonable fees and costs arising from the TRO, and for any and all additional relief which this Court deems just and proper.

Dated: April 17, 2024

                              POLSINELLI PC

                              /s/ *Jose A. Abarca*
                              Romaine C. Marshall
                              Jose A. Abarca
                              Jonathan E. Schmalfeld

                              *Attorneys for Defendants iX Global, LLC,*
                              *Joseph A. Martinez, Travis Flaherty, and*
                              *Flaherty Enterprises, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April 2024, the foregoing document was served *via* CM/ECF to all counsel of record.

<em>/s/ Kaitlin Morgan</em>