Richard Hong (admitted *pro hac vice*)
Jason P. Gottlieb (admitted *pro hac vice*)
David E. Ross (admitted *pro hac vice*)
Jeffrey D. Brooks (admitted *pro hac vice*)
Alexander R. Yarm (admitted *pro hac vice*)
**MORRISON COHEN LLP**
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
rhong@morrisoncohen.com
jgottlieb@morrisoncohen.com
dross@morrisoncohen.com
ayarm@morrisoncohen.com

*Attorneys for Defendants Digital Licensing Inc., Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, and Relief Defendants Business Funding Solutions, LLC; Blox Lending, LLC; The Gold Collective LLC; and UIU Holdings, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box), *et al*.,;<br><br>  Defendants, and<br><br>ARCHER DRILLING, LLC,<br><br>  Relief Defendants. | **DECLARATION OF RICHARD HONG IN SUPPORT OF THE DEBT BOX DEFENDANTS' APPLICATION FOR ATTORNEYS' FEES FOR MORRISON COHEN LLP**<br><br>Case No. 2:23-cv-00482-RJS<br>Chief Judge Robert J. Shelby<br>Magistrate Judge Dustin B. Pead |

**DECLARATION OF RICHARD HONG IN SUPPORT OF THE DEBT BOX DEFENDANTS' APPLICATION FOR ATTORNEYS' FEES FOR MORRISON COHEN LLP**

Richard Hong declares the following to be true under penalty of perjury:

1.      I am a member of Morrison Cohen LLP ("Morrison Cohen" or "Firm"), attorneys for Defendants Digital Licensing Inc. (d/b/a "DEBT Box"), Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, and Roydon B. Nelson and Relief Defendants Business Funding Solutions, LLC, Blox Lending, LLC, The Gold Collective LLC, and UIU Holdings, LLC (collectively "DEBT Box Defendants") in the above-captioned action.  Morrison Cohen is a full-service law firm located in New York, New York.

2.      I have worked on this action from the date that Morrison Cohen was retained by the DEBT Box Defendants in early August 2023.  I have served as lead counsel on this matter.

3.      I respectfully submit this declaration in response to the Court's March 18, 2024 Memorandum Decision and Order ("MDO"; ECF No. 275) granting the DEBT Box Defendants and co-defendants sanctions of attorneys' fees and costs against Plaintiff Securities and Exchange Commission (the "Commission" or "SEC") for "engag[ing] in bad faith conduct in seeking, obtaining, and defending the ex parte TRO, asset freeze, and appointment of a receiver."  MDO at 79.  The information set forth in this Declaration is based on my personal knowledge and upon my review of the files and records maintained by my office.

4.      Having graduated from Columbia University and Fordham University School of Law, I was admitted to the State Bars of New York and New Jersey in 1992.  Beyond my federal clerkship, I have over 25 years of experience in litigating and trying white collar criminal and SEC enforcement matters.  Prior to joining Morrison Cohen in December 2022, I served more than 17 years at the Commission's Division of Enforcement, as Assistant Chief Litigation Counsel and Senior Trial Counsel in Washington, DC and New York, respectively. During that time, I personally handled several emergency actions, including those involving *ex parte* TROs and asset freezes, and worked closely with receivers, including their selection and supervision.  Prior to my

service at the SEC, I served more than a decade as a federal prosecutor at the U.S. Department of Justice in Washington, DC and at the U.S. Attorney's Office for the Southern District of Florida in Miami. My full biography can be found at https://www.morrisoncohen.com/professionals/rhong. I was responsible for making all major decisions in this matter. My standard hourly billing rate for this matter was $950 per hour, which was less than the rates charged by comparable New York City law firms for a lawyer of my background and experience.

5. As discussed below, because of the nature of this action, which included the representation of nine (9) defendants and relief defendants, after the issuance of emergency relief to the SEC, including the appointment of a receiver, the amount of specialized and complex work that needed to be performed and completed expeditiously was extraordinary. To put it another way, for approximately two months leading up to the October 6, 2023 TRO dissolution hearing, each day was a frenetic day in crisis management in a "bet-the-company" matter. To perform and complete a myriad of time-sensitive, if not urgent, tasks that confronted us every day, I was principally assisted by four other lawyers, Jason P. Gottlieb, David E. Ross, Jeffrey D. Brooks, and Alexander R. Yarm, at Morrison Cohen. Each of the lawyers had a different role. All of us were admitted *pro hac vice* in the United States District Court for the District of Utah.

6. Mr. Gottlieb holds bachelor's, master's, and law degrees from Rutgers University, Harvard University, and Columbia University, respectively. He was admitted to the Bar of the State of New York in 2002. Mr. Gottlieb, a member of the firm, is the chair of the Digital Assets Department and White Collar and Regulatory Enforcement practice group. He has over 20 years of experience in litigation, and is a leading authority on digital assets. His full biography can be found at https://www.morrisoncohen.com/professionals/jgottlieb. Among other things, Mr.

Gottlieb provided strategic advice on digital assets issues in connection with the TRO and receivership and appeared in court for the DEBT Box Defendants. His standard billing rate was $1,200 per hour, which was typical of (if not less than) the rates charged by comparable New York City law firms for a lawyer of his background and experience.

7. Mr. Ross holds bachelor's and law degrees from Binghamton University and Suffolk University Law School, respectively. He was admitted to the Bar of the State of New York in 2001. Mr. Ross, a member of the firm, has over 20 years of experience in litigation, including in securities litigation and receivership. His full biography can be found at https://www.morrisoncohen.com/professionals/dross. Among other things, Mr. Ross took lead on dealing with the Receiver and the SEC on various issues in connection with the TRO and asset freeze, and appeared in court for the DEBT Box Defendants. His standard billing rate is $825 per hour, which was typical of (if not less than) the rates charged by comparable New York City law firms for a lawyer of his background and experience.

8. Mr. Brooks holds bachelor's and law degrees from New York University and Georgetown University Law Center, respectively. He was admitted to the Bar of the State of New York in 1998. Mr. Brooks, a member of the firm, has over 25 years of experience in litigation, including in securities investigation and litigation. His full biography can be found at https://www.morrisoncohen.com/professionals/jbrooks. Among other things, Mr. Brooks dealt with the SEC and receiver in connection with the TRO and asset freeze, drafted and reviewed various court documents, and appeared in court for the DEBT Box Defendants. His standard billing rate is $825 per hour, which was typical of (if not less than) the rates charged by comparable New York City law firms for a lawyer of his background and experience.

9. Mr. Yarm holds bachelor's and law degrees from University of Maryland and

Brooklyn Law School, respectively. He was admitted to the Bar of the State of New York in 2016. Mr. Yarm, an associate, has over 7 years of experience in litigation. His full biography can be found at https://www.morrisoncohen.com/professionals/ayarm. As the principal associate on this matter, Mr. Yarm worked on all aspects of the matter, including conducting legal and factual research and reviewing documents. He also assisted myself and the other partners in preparation of court filings. His standard billing rate is $610 per hour, which was typical of (if not less than) the rates charged by comparable New York City law firms for a lawyer of his background and experience.

10. I am familiar with the time and record keeping practices of Morrison Cohen used in this matter (and used generally throughout the Firm). Timekeepers typically capture and record time spent on a daily basis, including the amount of time spent and a description of the activities. This time is then released regularly into the Firm's computerized billing system which automatically applies the timekeeper's billing rate.

11. The time and charges recorded in the billing system for a matter are organized by date and timekeeper, and are printed on a monthly basis, reviewed for billing purposes and then bills are printed and transmitted to the clients, including the DEBT Box Defendants in this matter. The collection of the information included in the invoices, and the preparation and sending of the invoices to the DEBT Box Defendants, all occurred in the ordinary course of Morrison Cohen's business.

12. In compliance with the Court's MDO, I have reviewed the legal invoices and included only the DEBT Defendants' attorneys' fees for the expenses arising from the TRO and appointment of the Receiver. *See* Exhibits 1 & 2 (redacted) (the invoices reflecting the relevant fees in full will be contemporaneously and separately filed under seal; motion for leave to file

under seal will be filed contemporaneously and separately as well). (Also, to err on the side of being conservative, I did not include any amount for costs.) Prior to the October 6, 2024 TRO dissolution hearing, virtually all of Morrison Cohen's fees were for the expenses arising from the TRO and appointment of the Receiver; I have redacted those fees and costs that are not directly related to expenses arising from the TRO and appointment of the Receiver. Further, to avoid any doubt, I have excluded all the DEBT Defendants' attorneys' fees and costs after the October 6, 2024 TRO dissolution hearing, even if the fees and costs were associated with the residual expenses arising from the TRO and appointment of the Receiver.

13. In connection with the expenses arising from the TRO and appointment of the Receiver, Morrison Cohen expended a total of 707.7 hours performing, among others, the following tasks: (1) studying of the Complaint, the TRO and the asset freeze to understand the alleged bases of each, which included conducting factual and legal research; (2) reviewing the court file, including pleadings and transcripts of hearings; (3) responding to the SEC and the Receiver's numerous requests for financial, digital assets, and other information and documents in connection with the TRO and asset freeze, including responding and preparing to respond to their expedited discovery requests and other requests for information/documents by the Receiver and the SEC, which, among other things, required significant document review and coordination and oversight of complex digital asset turnovers to the Receiver; (4) responding to the SEC's and the Receiver's motions to clarify the receivership (ECF Nos. 125, 144) and the Receiver's motion for contempt/sanctions (ECF No. 138); (5) researching and drafting the DEBT Box Defendants' motion to dissolve the TRO and motion to appoint a new receiver (ECF No. 132) as well as preparing a reply for the same (ECF No. 177); (6) reviewing the SEC's expedited document production and responses; (7) frequent correspondence with the SEC and Receiver in connection

with their requests for information and documents, the DEBT Box Defendants' responses and stipulated living expenses, as well as with third-parties, such as financial institutions in connection with stipulated living expenses; (8) preparing for and attending court hearings; (9) numerous discussions with our clients regarding the foregoing tasks; and (10) coordinating with local counsel, Kunzler Bean & Adamson, in Salt Lake City on all activities.

14.     In this case, the DEBT Box Defendants were required to pay, and have in fact paid, Morrison Cohen based upon its hourly rates and time expended, and none of the attorneys' fees were charged on a contingency basis.  Based on a review of my Firm's legal invoices, the DEBT Box Defendants are seeking $565,497.50 in connection with work relating to expenses arising from the TRO and appointment of the Receiver.  The breakdown for this time is as follows:

| ATTORNEY | RATE | HOURS WORKED | TOTAL |
|---|---|---|---|
| Richard Hong | $950 | 234.7 | $222,965 |
| Jason Gottlieb | $1200 | 25.9 | $31,080 |
| David Ross | $825 | 87.9 | $72,517.50 |
| Jeffrey Brooks | $825 | 92.2 | $76,065 |
| Alexander Yarm | $610 | 267 | $162,870 |

TOTAL:   707.7 hours worked by 5 attorneys; attorneys' fees of $565,497.50.

15.     Under *Hamilton v. Boise Cascade Express*, 519 F.3d 1197 (10th Cir. 2008), the district court, in the exercise of its discretion, can choose which method for calculating fees to apply in a particular case.  *Id*. at 1207.  Thus, this Court can provide a "straight fee recovery [for actual expenditures] or a lodestar-limited recovery." *Id*.

7

16.     Morrison Cohen was selected and retained to address an extraordinary and highly sensitive situation—nine defendants and relief defendants who were subject to a draconian *ex parte* TRO and asset freeze, with a receivership, in a complex SEC crypto enforcement action. In addition to dealing with the SEC's demands, the DEBT Box Defendants addressed numerous, frequently urgent, requests from the Receiver, as well as its motions. Through the Firm's substantial and diligent work, assisted by our local counsel, the DEBT Box Defendants were able to find and establish the materially false and misleading representations that the SEC made to the Court in connection with the SEC's seeking, obtaining, and defending the *ex parte* TRO, asset freeze, and appointment of a receiver. To put it bluntly (and perhaps immodestly), without the Firm leading the defense effort, the materially false and misleading statements of the SEC would not have been exposed and the TRO would not have been dissolved on October 6, 2023. Under these circumstances, a "straight fee recovery" is appropriate for Morrison Cohen. *See Hamilton*, 519 F.3d at 1207.

17.     I respectfully submit that the amounts sought are reasonable, and that the SEC should properly be held responsible for the same. Accordingly, the DEBT Box Defendants respectfully request that the Court award attorneys' fees of $565,497.50, together with such other and further relief as the Court may deem just and proper.

I declare under penalty of perjury under 28 U.S.C.S. § 1746 that the forgoing is true and correct.

Executed on April 17, 2024

/s/ *Richard Hong*
Richard Hong
MORRISON COHEN LLP

Counsel for DEBT Box Defendants