Richard Hong *(admitted pro hac vice)*
Jason P. Gottlieb *(admitted pro hac vice)*
David E. Ross *(admitted pro hac vice)*
Jeffrey D. Brooks *(admitted pro hac vice)*
Alexander R. Yarm *(admitted pro hac vice)*
MORRISON COHEN LLP
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
rhong@morrisoncohen.com
jgottlieb@morrisoncohen.com
dross@morrisoncohen.com
ayarm@morrisoncohen.com

*Attorneys for Defendants Digital Licensing Inc., Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, and Relief Defendants Business Funding Solutions, LLC; Blox Lending, LLC; The Gold Collective LLC; and UIU Holdings, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENAJMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, | **DEFENDANTS DIGITAL LICENSING INC. (D/B/A "DEBT BOX"), JASON R. ANDERSON, JACOB S. ANDERSON, SCHAD E. BRANNON, AND ROYDON B. NELSON AND RELIEF DEFENDANTS BUSINESS FUNDING SOLUTIONS, LLC, BLOX LENDING, LLC, THE GOLD COLLECTIVE LLC, AND UIU HOLDINGS, LLC'S MOTION FOR LEAVE TO FILE MORRISON COHEN LLP'S INVOICES UNDER SEAL; AND MEMORANDUM IN SUPPORT THEREOF**<br>Case No. 2:23-cv-00482-RJS<br>Chief Judge Robert J. Shelby<br>Magistrate Judge Dustin B. Pead |

LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual;

      Defendants,

ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

      Relief Defendants.

## RELIEF SOUGHT AND GROUNDS THEREFOR

Pursuant to Fed R. Civ. P. 26(b)(3)(A)–(B) and DUCivR 5-3, 7-1, and 26-2, Defendants Digital Licensing Inc. (d/b/a "DEBT Box"), Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, and Roydon B. Nelson, and Relief Defendants Business Funding Solutions, LLC, Blox Lending, LLC, The Gold Collective LLC, and UIU Holdings, LLC (collectively, the "DEBT Box Defendants"), by and through undersigned counsel, respectfully submit this Motion for Leave to File under Seal Morrison Cohen LLP's Invoices.  Procedural and common-law rules governing privilege, as well as standards governing the Court's standard protective order, establish authority and good cause supporting that the DEBT Box Defendants be granted leave to file Exhibits 1 & 2 to the Declaration of Richard Hong in Support of the Debt Box Defendants' Application for Attorneys' Fees for Morrison Cohen LLP, under seal.

## BACKGROUND & ARGUMENT

Following extensive briefing regarding the propriety of an *ex parte* temporary restraining order, the Court issued its March 18, 2024, Memorandum Decision and Order (ECF No. 275) ("Order"), in which it ordered the SEC to pay the DEBT Box Defendants' attorneys' fees arising from the TRO and the Receiver. *Order*, at 77, 79. Pursuant to the Order, and contemporaneously herewith, the DEBT Box Defendants have submitted the Declaration of Richard Hong in Support of the Debt Box Defendants' Application for Attorneys' Fees for Morrison Cohen LLP, which explains the total amount of and the basis for the attorneys' fees already ordered by the Court. Attached thereto, as Exhibits 1 & 2, are the redacted invoices (the unredacted version of the invoices would detail each applicable attorney fee charge including, the date, the attorney, a description of the work, the amount of time spent, and the total amount for each line item).[1]

---

[1] Certain other time entries, as well as certain personal/business information, that are irrelevant or not claimed as part of the DEBT Box Defendants' motion for attorneys' fees are redacted.

The information that detail each applicable attorney fee charge is subject to the attorney client privilege under Fed R. Civ. P. 26(b)(3)(A)–(B), *see also* Fed. R. Evid. 501 & 502, as well as substantial common law protecting communications between clients and attorneys.[2] In addition, were the information produced in discovery, in order to protect the contents of attorney-client interactions, litigation strategy, and other sensitive client data, it would be designated confidential under the court's Standard Protective Order, *see* DUCivR 26-2, and thus subject to seal under DUCivR 5-3(b)(2)(C)(i). Accordingly, supporting authority and good cause support the indefinite sealing of Exhibits 1 & 2, which sealing is narrowly targeted to protect the sensitive and privileged information.

## CONCLUSION

For the foregoing reasons, the Court should grant leave for the DEBT Box Defendants to file Exhibits 1 & 2 (invoices).

Dated:  April 17, 2024                    Respectfully submitted,

**MORRISON COHEN LLP**

*/s/ Richard Hong*
Richard Hong

*Attorney for Defendants Digital Licensing Inc., Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, and Relief Defendants Business Funding Solutions, LLC; Blox Lending, LLC; The Gold Collective LLC; and UIU Holdings, LLC*

---

[2] By submitting this information, the DEBT Box Defendants do not waive the privilege associated herewith and provide the limited information contained in Exhibits 1 & 2 for the limited purposes of complying with the Order and establishing the basis for attorneys' fees granted therein.