| | |
|---|---|
| Jason A. McNeill (9711) | Jessica B. Magee (*admitted pro hac vice*) |
| mcneill@mvmlegal.com | jessica.magee@hklaw.com |
| Eric K. Schnibbe (8463) | Andrew W. Balthazor (*admitted pro hac vice*) |
| schnibbe@mvmlegal.com | andrew.balthazor@hklaw.com |
| M<small>C</small>N<small>EILL</small> | V<small>ON</small> M<small>AACK</small> | H<small>OLLAND</small> & K<small>NIGHT</small> |
| 236 South 300 East | 1722 Routh Street, Suite 1500 |
| Salt Lake City, Utah 84111 | Dallas, Texas 75201 |
| Telephone: 801.823.6464 | Telephone: 214.969.1700 |

Attorneys for Josias N. Dewey, Court-Appointed Temporary Receiver

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**DIGITAL LICENSING INC. (d/b/a "DEBT Box"),** a Wyoming corporation; **JASON R. ANDERSON,** an individual; **JACOB S. ANDERSON,** an individual; **SCHAD E. BRANNON,** an individual; **ROYDON B. NELSON,** an individual; **JAMES E. FRANKLIN,** an individual; **WESTERN OIL EXPLORATION COMPANY, INC.,** a Nevada corporation; **RYAN BOWEN,** an individual; **IX GLOBAL, LLC,** a Utah limited liability company; **JOSEPH A. MARTINEZ,** an individual; **BENJAMIN F. DANIELS,** an individual; **MARK W. SCHULER,** an individual; **B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"),** a Utah limited liability company; **TRAVIS A. FLAHERTY,** an individual; **ALTON O. PARKER,** an individual; **BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"),** a Utah limited liability company; **BRENDAN J. STANGIS,** an individual; and **MATTHEW D. FRITZSCHE,** an individual, | **DECLARATION OF JESSICA B. MAGEE**<br><br>Case No. 2:23-cv-00482-RJS<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

|  |  |
|---|---|
| **Defendants,**<br><br>**ARCHER DRILLING, LLC**, a Wyoming limited liability company; **BUSINESS FUNDING SOLUTIONS, LLC**, a Utah limited liability company; **BLOX LENDING, LLC**, a Utah limited liability company; **CALMFRITZ HOLDINGS, LLC**, a Utah limited liability company; **CALMES & CO, INC.**, a Utah corporation; **FLAHERTY ENTERPRISES, LLC**, an Arizona limited liability company; **IX VENTURES FZCO**, a United Arab Emirates company; **PURDY OIL, LLC**, a Nebraska limited liability company; **THE GOLD COLLECTIVE LLC**, a Utah limited liability company; and **UIU HOLDINGS, LLC**, a Delaware limited liability company,<br><br>    **Relief Defendants.** |  |

### DECLARATION OF JESSICA B. MAGEE IN SUPPORT OF RECEIVER'S FIRST AND FINAL FEE APPLICATION

I, Jessica B. Magee, declare and state as follows:

1.  I am over the age of majority and have personal knowledge of the matters set forth herein. I am competent in all respects to make the statements set forth in this declaration.

**Receivership-Related Experience & Fees**

2.  I am a partner at Holland & Knight LLP ("H&K"), Chair of H&K's Securities Enforcement Defense Team, and served as lead counsel to the Court-appointed temporary receiver, Josias N. Dewey ("Receiver"), in the above captioned matter and submit this declaration in support of the Receiver's First and Final Fee Application ("Application").

3.  I have been licensed to practice law since 2002. Before joining the SEC as a staff attorney in 2010, I worked in private practice, including on matters involving the representation of court-appointed receivers. From 2010 to 2018 I was a member of the staff of the SEC, where I

served in various roles within the Division of Enforcement including as a staff attorney, trial attorney, Assistant Director, Regional Trial Counsel and, ultimately, as the Associate Director for Enforcement in the SEC's Fort Worth Regional Office.  During my time at the SEC, I investigated and supervised matters involving digital assets matters and receiverships.  Since returning to private practice, my work has included defending investigations and enforcement actions in which my firm's clients are opposed to agencies including, but not limited to, the SEC.

4. The other core H&K attorneys working on this matter, including the Receiver, also have notable experience working on digital asset-related receiverships, are all active members of H&K's Digital Asset and Blockchain Technology Team (of which the Receiver is chair), and possess specialized technical and engineering backgrounds suitable for this type of work.  Their relevant expertise is described in more detail in the application for consideration as a receiver in this matter, which is incorporated by reference herein for the Court's consideration[1].

5. A prior pertinent case in which H&K was involved is *SEC v. Titanium Blockchain Infrastructure Servs., Inc.*, No. 18-cv-4315 (C.D. Cal. 2018) ("TBIS"), in which Mr. Dewey served as permanent receiver and H&K served as his counsel.  Together, they executed the first multi-million dollar distribution of claim payouts via cryptocurrency, returning a *pro-rata* distribution of 91% of eligible claimants' losses.

6. Another such matter is *SEC v. Middleton*, Case No. 19-cv-4625 (E.D.N.Y. 2019) ("Middleton"), ECF Nos. 51 and 61, in which the court appointed Mr. Dewey as "an independent intermediary" coordinating the transfer and custody of the defendants' digital assets, and H&K as the Distribution Agent for the Veritaseum Fair Fund tasked with administering the claims process

---

[1] *See* ECF No. 4, Plaintiff Securities and Exchange Commission's *Ex Parte* Application for Appointment of a Temporary Receiver at Ex. 3 (hereinafter "Receiver Recommendation").

and distribution in coordination with the Commission. The team developed efficient protocols for validating claims amongst a wide and complex mix of digital asset transactions, and ultimately returned 100% of eligible claimants' losses. The chart below summarizes the hourly rates for all H&K attorneys who worked on the *TBIS* and *Middleton* matters between 2021 and 2023, while calling specific attention to those H&K attorneys who also worked on this matter:

| Category | *TBIS*[2] | *Middleton* |
|---|---|---|
| **Partner Hourly Rates** | (2021) $595–$925<br>(2022) $685–$1125<br>(2023) $755–$1125 | (2021) $610–$715<br>(2022) $685–$800<br>(2023) $755 |
| Josias Dewey | (2021) $920<br>(2022) $920<br>(2023) N/A | (2021) $920<br>(2022) $920<br>(2023) N/A |
| **Associate Hourly Rates** | (2021) $325–$555<br>(2022) $375–$615<br>(2023) $540–$745 | (2021) N/A<br>(2022) $495–$560<br>(2023) $540–$560 |
| Andrew Balthazor | (2021) N/A<br>(2022) $435<br>(2023) $555–$685 | (2021) N/A<br>(2022) $555<br>(2023) $555 |
| Dennis Gonzalez | (2021) $495<br>(2022) $495–$560<br>(2023) $560–$625 | (2021) N/A<br>(2022) $495–$560<br>(2023) $560 |
| Alex Englander | (2021) N/A<br>(2022) $495–$540<br>(2023) $540–$615 | (2021) N/A<br>(2022) $495–$540<br>(2023) $540 |
| **Discounts**[3] | 10% courtesy reduction to final invoices | None |

7.  The court overseeing the *TBIS* receivership reviewed H&K's fees and hourly rates described in the chart above, and granted each fee application in full.[4] With respect to the

---

[2] This chart covers H&K's Third, Fourth, and Final Fee Applications filed in TBIS, spanning the three-year period of 2021 through 2023. *See TBIS*, ECF Nos. 110, 126, 131.

[3] Although not covered by the period in this chart, the court imposed a fee cap of $125,000 for the first 30 days of the receivership. *Id.*, ECF No. 48 § XVII. During these first 30 days, H&K further reduced their invoices by a courtesy discount of 15%. *Id.*, ECF No. 76 ¶ 25.

[4] *Id.*, ECF Nos. 112, 130, 135.

*Middleton* Fair Fund, the Commission did the same and similarly granted the fees requested in full.

8. The Commission has taken the position in this matter that Mr. Dewey's front-end rate discounts (of approximately 25% to $750 per hour), are reasonable, particularly in view of his substantial experience and relevant expertise. Likewise, the SEC understood and was comfortable with Mr. Dewey's front end offer to apply 17% to 33% discounts to the rates of H&K counsel representing him. Specifically, H&K's standard hourly rates and front-end discounted rates were as follows[5]:

| Name | Title (Role) | Current Hourly Billing Rate | Proposed Discounted Hourly Billing Rate |
|---|---|---|---|
| Josias Dewey | Partner (Receiver) | $980 | $750 |
| Jessica Magee | Partner (Counsel) | $1115 | $750 |
| Scott Mascianica | Partner (Counsel) | $1025 | $750 |
| Andrew Balthazor | Associate (Counsel) | $555 | $450 |
| Dennis Gonzalez | Associate (Counsel) | $560 | $450 |
| Alex Englander | Associate (Counsel) | $540 | $450 |
| Variety | Paralegal (Counsel) | $325 | $195 |

9. As indicated above, H&K's front-end discounted hourly rates in this matter are less than the rates H&K has charged, and been paid for, in similar matters (and well below same when considering H&K's Effective Hourly Rates in this matter, as described in the Application).

10. Additionally, in 2021, Baker & Hostetler LLP was selected as counsel to a receiver, for a receivership involving digital assets[6]. A comparison of that team's first fee application, to that of H&K's here, is provided in the chart below:

| | *SEC v. Qin et al*[7] | **This Matter**[8] |
|---|---|---|
| Counsel | Baker & Hostetler LLP | H&K |

---

[5] *Id.* at 8.
[6] *See SEC v. Qin et al*, No. 1:20-cv-10849-JGLC (S.D. N.Y. 2020), ECF No. 29-1.
[7] *Id.*, ECF No. 66.
[8] *See* Application, **Exhibit C-1**.

|  | *SEC v. Qin et al*[7] | This Matter[8] |
|---|---|---|
| Year of Appointment | 2021 | 2023 |
| Discounted Partner Rates | $695/hr | $750/hr |
| Discounted Associate Rates | $295/hr | $450/hr |
| First Fee Application Period | 66 days | 70 days |
| Total Billable Hours | 2,280 hours | 2,198.60 hours |
| Total Fees Incurred | $1,050,968.11 | $1,014,785.00 |
| - Total Discounts | $(305,807.50) | $(567,210.00) |
|    Discounts Pursuant to 30-day Fee Cap | *$(305,807.50)* | *$(123,445.00)* |
|    Additional Discretionary Discounts Beyond Discounted Rates | *$(0.00)* | *$(443,765.00)* |
| % of Total Discounts | ~29% | ~55% |
| Effective Hourly Rate[9] | $326.82 | $259.72 |
| Total Fees Requested | $745,160.61 | $447,575.00 |
| **Result** | **Granted in Full**[10] | **TBD** |

11.  Both matters involved digital asset-related receiverships, nearly identical billable hours expended and total fees incurred, yet H&K provided approximately 26% more in additional discounts and is requesting about 40% less in fees over a similar period of time. The *Qin* court granted that team's fee application in full, effectively finding such fees reasonable.

12.  In sum, H&K's hourly rates requested in the Application are at or below rates it has charged in matters of similar complexity and scope, and are at least comparable to rates charged in other digital asset-related receiverships. Accordingly, in my experience these hourly rates are reasonable and customary for attorneys with similar skill and expertise.

**Rates for Salt Lake City, Utah**

13.  As further explained in the Application, the Receiver contends that it is likely more appropriate for the Court to assess the fees under a traditional receivership framework. Nevertheless, even if the Court wishes to consider prevailing market rates within the Salt Lake City area, H&K's rates fall within those parameters. *See* Application at Section V.A.

---

[9] The Effective Hourly Rate is equal to (Total Fees Requested)/(Total Billable Hours).
[10] *See supra* n.6, *Qin* ECF Nos. 91, 101.

14.    Given the technical acumen and specialized expertise required for this matter, H&K's Discounted Hourly Rates of ($450/hr for associates and $750/hr for partners) appear reasonable for the Salt Lake City market.  The reasonableness of H&K's rates is enhanced further after applying H&K's substantial discounts, reducing H&K's Effective Hourly Rates to $375.26 per partner hour and $211.77 per associate hour[11].

**Certification of Compliance with SEC Billing Instructions**

15.    To the best of my knowledge, information and belief formed after reasonable inquiry, all fees and expenses of  H&K are true and accurate and comply with the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission.

16.    All fees contained in H&K's invoices (attached to the Application as **Exhibit E**)[12] are based on the rates listed therein, and such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed.

17.    The amount for which reimbursement is sought in the Application does not include the amortization of the cost of any investment, equipment, or capital outlay, nor does it include time and costs incurred after October 6, 2024, the date on which the Court determined that the Receivership should be dissolved.

18.    The requests for reimbursement of services that were justifiably purchased or contracted for from third parties (such as copying, imaging, bulk mail, messenger service,

---

[11] *See* Application, **Exhibit C-1**.
[12] The Receivership Team's invoices in support of the Application have been filed under seal pursuant to the Receiver's motion filed contemporaneously with the Application; nevertheless, the Receiver and Receivership Team reserve and do not waive attorney-client privilege, work product, or other applicable protections afforded thereto.

overnight courier, computerized research, or title and lien searches) include only the amount billed to H&K by the third party vendor through October 6, 2024.

I declare under criminal penalty of law of Utah that the foregoing is true and correct.

DATED this 17th day of April, 2024.

/s/ *Jessica B. Magee*
Jessica B. Magee