
Matthew R. Lewis (7919)
Taylor J. Smith (17537)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, 10th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
mlewis@kba.law
tsmith@kba.law

Richard Hong (admitted *pro hac vice*)
Jason P. Gottlieb (admitted *pro hac vice*)
David E. Ross (admitted *pro hac vice*)
Jeffrey D. Brooks (admitted *pro hac vice*)
Alexander R. Yarm (admitted *pro hac vice*)
**MORRISON COHEN LLP**
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
rhong@morrisoncohen.com
jgottlieb@morrisoncohen.com
dross@morrisoncohen.com
jbrooks@morrisoncohen.com
ayarm@morrisoncohen.com

*Attorneys for Defendants Digital Licensing Inc., Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, and Relief Defendants Business Funding Solutions, LLC; Blox Lending, LLC; The Gold Collective LLC; and UIU Holdings, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation, *et al.*,<br><br>Defendants,<br><br>ARCHER DRILLING, LLC, a Wyoming limited liability company, *et al.*,<br><br>Relief Defendants. | **DEFENDANTS DIGITAL LICENSING INC., JASON R. ANDERSON, JACOB S. ANDERSON, SCHAD E. BRANNON, AND ROYDON B. NELSON AND RELIEF DEFENDANTS BUSINESS FUNDING SOLUTIONS, LLC, BLOX LENDING, LLC, THE GOLD COLLECTIVE LLC, AND UIU HOLDINGS, LLC'S OPPOSITION TO THE SEC'S RENEWED MOTION TO DISMISS WITHOUT PREJUDICE**<br>Case No. 2:23-cv-00482-RJS<br>Chief Judge Robert J. Shelby<br>Magistrate Judge Dustin B. Pead |

## TABLE OF CONTENT

**Page(s)**

I.    PRELIMINARY STATEMENT ................................................................................... 1

II.    RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY ............... 2

III.    ARGUMENT .................................................................................................................. 4

     A.    The DEBT Box Defendants Will Suffer "Legal Prejudice" If Dismissal Is Without Prejudice. ............................................................................................................. 5

         1.    Defendants Have Expended Extraordinary Effort and Expense. .............. 5

         2.    The SEC Failed to Act With Diligence. ...................................................... 6

         3.    The SEC Failed to Provide the Real Explanation of Need....................... 6

         4.    The Stage of Litigation Is Not Dispositive for Any Dismissal. ................ 7

     B.    The SEC's Claim of Protecting Investors in This Case Cannot be Sustained. ........ 8

     C.    The Four Conditions that the SEC Proposed in Its Renewed Motion to Dismiss Are Inadequate. ..................................................................................................... 9

IV.    CONCLUSION............................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Mitchell v. Roberts,* 43 F. 4th 1074 (10th Cir. 2022)..........................................................................4

*Ohlander v. Larson*,
    114 F.3d 1531 (10th Cir. 1997) ...............................................................................................5

*SEC v. Compania Internacional Financiera S.A.*,
    No. 11-civ-4904 (JPO), 2012 WL 1856491 (S.D.N.Y. May 22, 2012).....................................7

*United States v. Griffin*,
    856 F. Supp. 1293 (N.D. Ill. 1994) ..........................................................................................8

*United States v. Stevens*,
    No. 08-cr-231 (EGS), 2009 WL 6525926 (D.D.C. Apr. 7, 2009) ............................................7

**Other Authorities**

Federal Rules of Civil Procedure Rule 41(a)(2) ...................................................................... *passim*

Rule 12(b) ......................................................................................................................................6

Rule 41(d) ......................................................................................................................................2

Rule 45 .......................................................................................................................................4, 9

#12997441v4\031376\0001

The DEBT Box Defendants respectfully submit this opposition to Plaintiff Securities and Exchange Commission's ("SEC") Renewed Motion to Dismiss ("MTD") this action without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure.  (ECF No. 280)  The DEBT Box Defendants also respectfully request oral argument on the SEC's renewed motion to dismiss.

## I.     PRELIMINARY STATEMENT

When the Securities and Exchange Commission attempts to voluntarily dismiss its *own* case, albeit without prejudice, twice within a period of two-plus months, conventional wisdom counsels that a defendant should not oppose the SEC's second try.  The well-worn adage "don't look a gift horse in the mouth" may come to mind.  Indeed, a handful of the defendants have accepted, and consented to the SEC's renewed motion to dismiss.

But there is nothing conventional about this action, and in this case, the gift horse is a Trojan horse.  In sanctioning the SEC, this Court found that the federal agency engaged in a "pattern of pervasive misconduct," that its "effort to obtain and defend the ex parte TRO was permeated with bad faith," and that the agency's "conduct constitutes a gross abuse of the power entrusted to it by Congress and substantially undermined the integrity of these proceedings and the judicial process."  3/18/2024 Memorandum Decision and Order ("Sanctions Order"; ECF No. 275) at 64, 65, 73.

Given what the Court has already found, the DEBT Box Defendants (respectfully, but regrettably) cannot trust the SEC to do what it claimed it would do after any dismissal of this action without prejudice.  In the DEBT Box Defendants' view, "the SEC is attempting to run away from this Court's rules and oversight and retreat to its administrative investigative process, in which there is no oversight of federal court as to the SEC's conduct."  DEBT Box Defendants Opposition to SEC's First Motion to Dismiss ("DEBT Box Def's First Opp.") (ECF No. 261) at 8.

#12997441v4\031376\0001

The DEBT Box Defendants respectfully suggest that it would be inappropriate to allow the SEC, which this Court has found to have engaged in sanctionable conduct, to circumvent the federal rules and avoid this Court's oversight so that it could "re-investigate" this matter, with unbridled discretion, and without any affirmative discovery obligations of its own. Allowing such a course of action would suggest that nothing really happened in this case. And as this Court knows, something terrible did occur here.

Thus, "[g]iven the unique circumstances of this particular case," SEC's Renewed MTD at 1, the appropriate (and the easiest) course of action is to exercise discretion and dismiss this action with prejudice under Rule 41(a)(2). Simply put, only that course of action will provide real deterrence. And dismissing with prejudice will serve the ends of justice.

Beyond the requested dismissal with prejudice, the DEBT Box Defendants respectfully submit that the four conditions that the SEC proposed in its renewed motion to dismiss are inadequate. They do not serve as "guardrails" to ensure that the SEC plays by the rules in this case. Equally important, the conditions, which do not reflect any concessions, fail to address the real and practical questions of what would and should occur *when* the SEC decides to re-file this action within the next 6-12 months—a decision which appears to be all but etched in stone.

Thus, if the Court is disinclined to dismiss with prejudice, the DEBT Box Defendants respectfully submit that additional conditions, including a monetary condition, as permitted by Rule 41(d) and as proposed by the DEBT Box Defendants below, need to be ordered by the Court.

## II.     RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 28, 2023, the SEC's Salt Lake City Regional Office, in an effort to obtain an *ex parte* TRO and asset freeze, made material misrepresentations to the Court. When confronted with the evidence showing that the SEC had made material misrepresentations to the Court, it responded on September 27, 2023 by re-casting what it had said to the Court at the TRO hearing, and then

#12997441v4\031376\0001

doubled down by claiming that the agency had made no misrepresentations--rather than acknowledging the error. Only when the Court required an explanation from the SEC, through its Order to Show Cause, did the agency disclose on December 21, 2023 that not only did it make material misrepresentations to the Court, but also that it knew that it had made misrepresentations, and failed to correct them before the Court.

As the briefing process for the Order to Show Cause matured in January 2024, the SEC apparently recognized, as it was preparing its reply, that it faced an imminent threat of sanctions from this Court. After all, beyond the massive damage inflicted by the SEC on the 28 defendants and relief defendants in this case, as well as on the worldwide DEBT Box community, the SEC's misconduct substantially undermined the integrity of the court proceedings and the judicial process. Thus, in what appeared to be an attempt to mitigate the likelihood of any sanctions, the SEC pre-emptively moved to voluntarily dismiss its own action without prejudice under Rule 41(a)(2).

On March 18, 2024, this Court sanctioned the SEC and denied the SEC's motion to dismiss under Rule 41(a)(2) without prejudice. As to the imposition of sanctions against the SEC, the Court explained that the SEC "expressly traded on its special standing as a federal agency—reminding the court it had been granted this relief several times in the past ten years—to demonstrate it could be trusted when asking for this tremendous exercise of judicial authority." Sanctions Order at 63. As the Court further explained (at 63-64), the SEC breached that trust, as

> the Commission not only repeated and affirmed its misrepresentations in the face of contrary evidence, it presented new falsehoods to the court in an effort to subtly shift from its previous misrepresentations without acknowledging its previous errors. The Commission's conduct demonstrated it knew its representations were false and it was deliberately perpetuating those falsehoods—continuing to abuse the judicial process in defense of the ex parte TRO that should not have issued.

On April 15, 2024, the SEC filed the instant renewed motion to dismiss. The SEC continued to request, over the DEBT Box Defendants' opposition, that the dismissal should be granted without prejudice, subject to the following four self-selected conditions:

(1) The SEC will file a status report within 120 days of the Court's order dismissing the action without prejudice, and periodically thereafter;

(2) [S]hould the Court deem it necessary and issue an order to this effect, SEC staff would notify the Court about any investigative subpoenas (i.e., those issued pursuant to the SEC's investigative authority, rather than Rule 45 subpoenas issued in litigation) that agency staff issues in this matter for such period of time as the Court may order;

(3) If SEC staff makes a preliminary determination to recommend that the Commission re-file charges against some or all of the Defendants or Relief Defendants, SEC staff will engage with those Defendants and Relief Defendants, including, if appropriate, through the SEC's *Wells* process, in connection with such recommendation; and

(4) If the SEC determines to re-file the case, it will be filed in this District and before Your Honor, either (at the Court's preference) under the existing case number or under a new case number that would permit reassignment or transfer to Your Honor under DUCivR 83-2.

## III. ARGUMENT

Dismissal with prejudice is warranted "[g]iven the unique circumstances of this particular case." SEC's Renewed MTD at 1. Here, a voluntary dismissal without prejudice would cause "legal prejudice" to the DEBT Box Defendants and other defendants. *See* DEBT Box Def's First Opp. at 6 (citing and quoting *Mitchell v. Roberts*, 43 F. 4th 1074, 1083 (10th Cir. 2022)) (explaining that Rule 41(a)(2) is "designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.") (cleaned up).

The Tenth Circuit has explained that district courts should consider the following factors in determining whether such legal prejudice exists: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the movant; (3)

4

insufficient explanation of the need for a dismissal; and (4) the present stage of litigation. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

### A. The DEBT Box Defendants Will Suffer "Legal Prejudice" If Dismissal Is Without Prejudice.

The DEBT Box Defendants explained in their opposition to the SEC's first Rule 41(a)(2) motion that the SEC had failed to address the foregoing four-factor test for determining whether "legal prejudice" exists. *See* DEBT Box Def's First Opp. at 5 & n.2. This Court agreed, but provided the SEC a second chance to re-file its motion to dismiss. Sanctions Order at 78-79. The SEC's second try, however, does not fare much better.

#### 1. *Defendants Have Expended Extraordinary Effort and Expense.*

The DEBT Box Defendants and other defendants have already expended extraordinary effort and expense, including substantial attorney's fees, to defend the SEC's action. *See* DEBT Box Def. First Opp. at 7. The SEC dismissively ignores that fact. SEC Renewed MTD at 8. Instead, the SEC claims that the case was not close to trial. But that fact does not negate all the effort and expense undertaken by the DEBT Box Defendants and others in defending against the SEC's wrongful TRO action.

In fact, the best that the SEC can muster in response is (1) to speculate that the defendants can "presumably can leverage, rather than duplicate, their previous research and briefing"; and (2) to make inapposite comment that this Court had ordered sanctions of attorneys' fees and costs arising from the SEC's misconduct in handling TRO and the Receiver—which the SEC will undoubtedly challenge. SEC Renewed MTD at 8 & n.5. Contrary to the SEC's suggestion, without making an appropriate payment of attorneys' fees and costs for defending the current action, the DEBT Box Defendants will suffer legal prejudice.

5

### 2. The SEC Failed to Act With Diligence.

On October 6, 2023, this Court dissolved the TRO and asset freeze. ECF No. 187 (Minute Order). A week later, on October 13, 2023, the SEC was alerted to the legal insufficiency of its Complaint, when many of the defendants, including the DEBT Box Defendants, submitted their Rule 12(b) motions to dismiss. *See* DEBT Box Def's First Opp. at 7. But approximately 110 days later (January 31, 2024), only after the SEC recognized that it would likely be sanctioned for its misconduct, did the SEC file its first motion to dismiss without prejudice. *See id*. at 7-8.

The SEC fails to address why it took 110 days to file the Rule 41(a)(2) motion. Instead, the SEC pivots and moves the goalposts; it now claims that it actually acted with diligence because it filed the *renewed* motion to dismiss under Rule 41(a)(2) "within a month" of the Court's order sanctioning the SEC and denying its first motion to dismiss under Rule 41(a)(2) without prejudice. SEC Renewed MTD at 9. The SEC's argument is without merit.

### 3. The SEC Failed to Provide the Real Explanation of Need.

In its renewed motion to dismiss, the SEC explains that a new team of lawyers need to review the evidence, investigate further, "engage" with defendants and relief defendants and determine whether a new complaint should be filed and the scope of such complaint. SEC Renewed MTD at 7-8. The SEC's latest explanation, however, is inconsistent with the understanding of the DEBT Box Defendants and others of the SEC's intention.

Notwithstanding the SEC's claim that there is a new team of lawyers, it appears that the SEC has all but decided to re-file this action within the next 6-12 months. And the only reason that the SEC has moved to dismiss without prejudice is to circumvent from the federal rules and retreat to its administrative investigative process, in which there is no federal court oversight of the SEC's conduct.

Given that this Court has found that the SEC engaged in a "pattern of pervasive misconduct" and that the agency's "conduct constitutes a gross abuse of the power entrusted to it by Congress and substantially undermined the integrity of these proceedings and the judicial process," the SEC should not be allowed to "re-investigate" this matter, with unbridled discretion. Sanctions Order at 64, 73. In fact, as discussed in the DEBT Box Defendants' Reply in Further Support of Its Motion to Dissolve TRO (ECF No. 177), the SEC has already abused its administrative investigative process by issuing administrative investigative subpoenas for a related federal court action. *Id*. at 11 ("To date, at least 20 such secret administrative investigative subpoenas that are related to this civil action have been issued by the SEC.").[1]

### 4. *The Stage of Litigation Is Not Dispositive for Any Dismissal.*

The SEC claims, in passing, that since this litigation is in the early stage, dismissal without prejudice is appropriate. SEC Renewed MTD at 9. There is no rule that mandates dismissal without prejudice for a case in the early stage of litigation.

Other federal agencies, such as the Department of Justice ("DOJ"), have repeatedly moved to dismiss its criminal matters with prejudice, and courts have so ordered, when the ends of justice requires it; that is, irrespective of the stage of the litigation, the notoriety of the matter, or the risk of danger posed by a particular defendant, when DOJ's prosecutors or law enforcement agents have engaged in pervasive misconduct, DOJ has dismissed the indictments with prejudice for the ends of justice. *See, e.g., United States v. Stevens*, No. 08-cr-231 (EGS), 2009 WL 6525926 (D.D.C. Apr. 7, 2009) (setting aside a jury verdict of a U.S. Senator and dismissing the indictment

---

[1] The one SEC case, *SEC v. Compania Internacional Financiera S.A.*, No. 11-civ-4904 (JPO), 2012 WL 1856491 (S.D.N.Y. May 22, 2012), that the SEC relies upon (SEC's Renewed MTD at 9 n.8) to request a dismissal without prejudice is inapposite. There, the SEC could not obtain critical information during the discovery period, in part due to the defendant's conduct. *Id*. at *6. That is not the case here.

#12997441v4\031376\0001

for prosecutorial misconduct); *United States v. Griffin*, 856 F. Supp. 1293, 1300 (N.D. Ill. 1994) (dismissal of an indictment of a convicted member of the infamous "El Rukn" gang because of prosecutorial misconduct). In sum, the DEBT Box Defendants will suffer legal prejudice if dismissal is without prejudice.

**B.    The SEC's Claim of Protecting Investors in This Case Cannot be Sustained.**

As in the first Rule 41(a)(2) motion to dismiss, the SEC repeatedly asserts that it needs to protect investors, suggesting a specter of some ongoing fraudulent securities offering involving the defendants and relief defendants. SEC Renewed MTD at 2, 3, 7, 8. This is false.

There is no ongoing offering of any type, including any sales of "node" software licenses that the SEC claimed were "securities" transactions, anywhere in the world—let alone in the United States. DEBT Box Def's First Opp. at 10. In addition, there is no likelihood of any future violations of the federal securities laws by the DEBT Box Defendants, as they moved their operations outside the United States in 2022. *See* 11/30/2023 Memorandum Decision and Order (ECF No. 214) at 21-22.

Tellingly, the SEC has made no showing of any investor harm/loss by the DEBT Box Defendants, and the only known harm/loss was caused by the SEC's misconduct. *See* DEBT Box Def. Reply to SEC's Response to Order to Show Cause (ECF No. 246) at 10 (discussing how two individual holders of the DEBT Box associated tokens lost approximately $475,979 and $140,000, respectively, after the issuance of the SEC's press release about obtaining emergency relief in this action). Thus, given that there is no ongoing offering, the SEC's suggestion that the DEBT Box Defendants would cause any harm to the investing public is purely speculative.

8

### C. The Four Conditions that the SEC Proposed in Its Renewed Motion to Dismiss Are Inadequate.

The SEC argues that the four conditions proposed in its renewed motion to dismiss would be sufficient to support a dismissal without prejudice. They are not. The SEC's four conditions do not provide any real oversight of the SEC's conduct in any future investigation of this matter. Nor do they alleviate any prejudice a defendant might otherwise suffer upon refiling of an action.

Under its proposal, the SEC agrees to file one "status report" 4 months later (and maybe others "periodically"); if ordered, the SEC will "notify" the Court (not any defendants or relief defendants) about any administrative investigative subpoenas it issues; will "engage" with the defendants and relief defendants upon making a preliminary determination to re-file charges against some or all of the defendants or relief defendant (which is nothing more than an agreement that the SEC will follow the usual, customary process, according to its Enforcement Division Manual (Section 2.4 at 19-22); and will file, *after* the completion of the investigation, the new action before this Court. None of these conditions are "curative," or provide assurance that there would be any oversight, let alone sufficient oversight, of the SEC during the administrative investigation. Indeed, the SEC, which was sanctioned for its pervasive misconduct, could "re-investigate" this matter, with unbridled discretion.

This Court should not countenance such exercise of discretion by the SEC. In light of the circumstances, if the Court is disinclined to dismiss with prejudice, the DEBT Box Defendants propose the following "guardrail" conditions:

1. The court will retain jurisdiction of this dismissed case for the purpose of enforcing the conditions of dismissal;

2. The SEC will file a status report within 90 days of the Court's order dismissing the action without prejudice, and every 90 days thereafter;

3. SEC staff would notify the Court about any investigative subpoenas (i.e., those issued pursuant to the SEC's investigative authority, rather than Rule 45 subpoenas

9

      issued in litigation) that agency staff issues in this matter and provide a copy of the issued subpoenas within 3 business days;

4. SEC staff would provide a copy of any and all documents the SEC obtains from any subpoenaed issued by subpoenas (or otherwise obtained informally without any subpoena) within 5 business days of receipt;

5. SEC staff would allow an opportunity for the lawyers who are representing the defendants and relief defendants in the dismissed action to attend the testimony or interviews (including voluntary, off-the-record interviews). SEC staff would also provide a copy of any and all transcripts or notes of investigative testimony or interviews (including voluntary, off-the-record interviews) within 10 business days of conducting such testimony or interviews;

6. SEC staff will comply with the *Wells* process described in its Enforcement Division Manual regarding the staff's preliminary determination;

7. If the SEC decides to provide a *Wells* notice (that is, provide its preliminary determination to recommend charges) to any defendant or relief defendant in the dismissed case, SEC staff would provide its entire investigative file to such defendant or relief defendant's counsel upon providing a *Wells* notice;

8. If the SEC decides to provide a *Wells* notice to any defendant or relief defendant in the dismissed case, SEC staff would provide anything that would constitute *Brady* or potential or actual exculpatory evidence with respect to such defendant or relief defendant upon providing a *Wells* notice;

9. If the SEC determines to re-file the case, it will be filed in this District and before Chief Judge Shelby;

10. If the SEC determines to re-file the case, the SEC will pay the defendants' and relief defendants' attorneys' fees that were incurred in defending the prior dismissed action (excluding the fees and costs associated with respect to the TRO and receiver issues); and

11. If SEC staff fails to comply with any of the foregoing, any defendant or relief defendant may raise such non-compliance with the court for appropriate sanctions during the investigation.

## IV. **CONCLUSION**

For the foregoing reasons, the DEBT Box Defendants respectfully request that the SEC's renewed motion to dismiss under Rule 41(a)(2) be denied. The Complaint should be dismissed with prejudice or, alternatively, if this Court is inclined to grant dismissal without prejudice, additional conditions, including a monetary condition, as discussed above, should be imposed.

|  |  |
|---|---|
| Dated:  April 29, 2024 | Respectfully submitted,<br><br>**KUNZLER BEAN & ADAMSON, PC**<br>Matthew R. Lewis<br>Taylor J. Smith<br><br>**MORRISON COHEN LLP**<br><br>/s/ *Richard Hong*<br>Richard Hong (admitted *pro hac vice*)<br>Jason P. Gottlieb (admitted *pro hac vice*)<br>David E. Ross (admitted *pro hac vice*)<br>Jeffrey D. Brooks (admitted *pro hac vice*)<br>Alexander R. Yarm (admitted *pro hac vice*)<br><br>Attorneys for Defendants Digital Licensing Inc., Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, and Relief Defendants Business Funding Solutions, LLC; Blox Lending, LLC; The Gold Collective LLC; and UIU Holdings, LLC |