Elizabeth McFadden (D.C. Bar No. 436076)
mcfaddene@sec.gov
Melinda Hardy (D.C. Bar No. 431906)
hardym@sec.gov
Michael S. Bailey (D.C. Bar No. 983676)
baileym@sec.gov
Office of the General Counsel
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-5100

*Attorneys for Plaintiff Securities and
Exchange Commission*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. | **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S CONSOLIDATED RESPONSE TO DEFENDANTS', RELIEF DEFENDANTS', AND THE RECEIVER'S PETITIONS FOR ATTORNEYS' FEES AND COSTS [ECF 287-292, 295, 296, 299]**<br><br>Case No. 2:23-cv-00482-RJS<br><br>Chief Judge Robert J. Shelby |

STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual;

    Defendants,

ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

    Relief Defendants.

The Securities and Exchange Commission ("Commission"), through undersigned counsel, responds to the petitions for attorneys' fees and costs filed by (1) James E. Franklin (Dkt. 287), (2) Calmes and Co, Inc. and Calmfritz Holdings, LLC (Dkt. 288), (3) Matthew Fritzsche (Dkt. 289), (4) iX Global, LLC, Joseph A. Martinez, and Travis Flaherty ("IX Global Defendants") (Dkt. 290), (5) Benjamin F. Daniels, Mark W. Schuler, Alton O. Parker, B&B Investment Group, LLC, and BW Holdings LLC ("FAIR Project Defendants") (Dkt. 291), (6) Digital Licensing Inc., Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, Roydon B. Nelson, Business Funding Solutions, LLC, Blox Lending, LLC, The Gold Collective LLC, and UIU Holdings, LLC ("Debt Box Defendants") for fees for Kunzler Bean & Adamson, PC (Dkt. 292), (7) Debt Box Defendants for fees for Morrison Cohen LLP (Dkt. 295), (8) Brendan J. Stangis (Dkt. 296), and (9) the Receiver (Dkt. 299) (collectively, the "Fee Petitions").

The Court ordered the Commission in its March 18, 2024 Memorandum Decision and Order ("Order") to pay the Defendants' and Receiver's attorneys' fees and legal costs arising from the TRO and the Receiver.  Dkt. 275 at 74-75, 79.  The Court noted that it would "ensure the reasonableness of the final amount by directing Defendants and Receiver submit a fee request and evaluating those requests in accordance with methodologies approved by the Tenth Circuit." *Id.* at 76.  The Court has wide discretion in assessing the reasonableness of fees, including in deciding whether to employ a "straight fee" method or a "lodestar" method.  *See, e.g.*, *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1206-07 (10th Cir. 2008).  This Response discusses facts from the Fee Petitions that are relevant to the lodestar method, in the event the Court elects to use that method of fee calculation.  This Response also identifies examples of fees and costs requested in certain of the Fee Petitions that the Court's Order identified as nonrecoverable.

## Analysis of the Fee Petitions Under the Lodestar Method

The Receiver and Defendant Fritzsche analyze the reasonableness of the fees they request under both the straight fee method and the lodestar method.  Dkt. 289 at 7-10; Dkt. 299 at 13-15.  None of the other fee petitions analyzes the reasonableness of the requested fees under the lodestar method.  When a court uses its inherent authority to sanction a party under the bad faith exception, the lodestar method is "an acceptable approach to determine the reasonableness of a fee request. . . ."  *Farmer v. Banco Popular of North America*, 791 F.3d 1246, 1259 (10th Cir. 2015); *see also Gardner v. Long*, No. 2:18-cv-00509, 2022 WL 2528329, at *2-5 (D. Utah July 7, 2022) (Shelby, J.) (employing lodestar method to verify the reasonableness of the amount of a fee award as a sanction for bad-faith conduct).[1]

Under the lodestar method, courts first determine "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Gardner*, 2022 WL 2528329, at *2 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  In assessing the reasonableness of the hourly rate, courts evaluate the "prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id.* at *3 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).[2]  District courts should not "ignore[] the parties' market evidence and set[] an attorneys' hourly rate using the rates [district courts] consistently grant[]."  *John Bean Techs. Corp. v. B GSE Grp., LLC*, No. 1:17-cv-000142, 2023 WL 6164322, at *23 (D. Utah Sept. 21, 2023) (Shelby, J.) (quoting *Case v. Unified Sch. Dist. No. 233*, 157

---

[1] "A party seeking attorney's fees and costs has the burden of proof as to entitlement and amount."  *Jackson v. Diversified Collection Servs., Inc.*, 485 Fed. App'x 311, 313 (10th Cir. 2012).

[2] "Unless the subject of the litigation is so unusual or requires such special skills that only an out-of-state attorney possesses, the fee rates of the local area should be applied even when the lawyers seeking fees are from another area."  *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (cleaned up) (citing *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983)).

F.3d 1243, 1255 (10th Cir. 1998)). "Courts may not use their 'own knowledge to establish the appropriate rate unless the evidence of prevailing market rates is . . . inadequate.'" *Id.* at *23 (quoting *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000)). In assessing the reasonableness of the claimed hours, courts consider "(a) whether the hours are supported by adequate billing records; (b) whether the attorney has exercised billing judgment; and (c) whether the hours expended on each task are reasonable." *Id.* at *18 (quoting *Webb v. Cty. of Stanislaus*, No. 2:21-mc-00696, 2022 WL 1288857, at *4 (D. Utah Apr. 29, 2022) (citing *Case*, 157 F.3d at 1250)).

In turning first to the reasonableness of the hourly rate, most of the hourly rates claimed by Defendants and the Receiver fall between $225 and $650 per hour,[3] and Salt Lake City counsel have affirmed that rates falling within this range are consistent with rates charged by counsel in the Salt Lake City region for similar services in matters similar to this one. *See* Dkt. 288 at 9-10; Dkt. 289-1 at 3; Dkt. 291-1 at 3-4. The Court has identified a similar range—between $265.50 and $643.50 per hour—as representing "a significant rate for the Salt Lake City legal market, but nevertheless reasonable given the skill, experience, and reputation [counsel] brought to bear on a difficult and protracted [intellectual property] case." *John Bean*, 2023 WL 6164322, at *25.[4]

---

[3] The Receiver and his counsel used discounted hourly rates between $450 and $750 per hour, but the effective hourly rate after accounting for additional discounts was between approximately $211 and $531. *See* Dkt. 299-9 at 2-3.

[4] *John Bean* cited recent decisions from the District of Utah that found reasonable attorney rates for complex matters in a comparable range. *John Bean*, 2023 WL 6164322, at *25 n.312 (citing *Waas v. Red Ledges Land Dev. Inc.*, No. 2:20-cv-00580-TC-DBP, 2021 WL 5179218, at *3-4 (D. Utah Nov. 2, 2021) (holding that $650 was a reasonable hourly rate for partners to bill in Salt Lake City); *ESIP Series 1, LLC v. Doterra Int'l, LLC*, No. 2:15-cv-00779, 2022 WL 17903397, at *5 (D. Utah Dec. 22, 2022) (approving hourly rates between $275 and $695 per hour in patent infringement case); *Martin v. SGT, Inc. f/k/a TGT, Inc.*, No. 2:19-cv-00289, 2023 WL 3585326,

Defendants Calmes and Co, Inc. and Calmfritz Holdings, LLC, Matthew Fritzsche, FAIR Project Defendants, and Brendan J. Stangis used Salt Lake City counsel whose rates fall within the range of counsel rates identified above. *See* Dkt. 288 at 9; Dkt. 289-1 at 3; Dkt. 291-1 at 3-4; Dkt. 296-1 at 2. James Franklin and IX Global Defendants used out-of-state counsel whose rates are comparable to Salt Lake City counsel in this case and/or billed a *de minimis* amount in this matter. *See* Dkt 287-1 at 5; Dkt. 290-4 at 3; Dkt. 290-5 at 3.[5] Debt Box Defendants used Salt Lake City counsel as local counsel and Morrison Cohen as lead counsel. Dkt. 295-1 at 8 (arguing that Morrison Cohen was needed "to address an extraordinary and highly sensitive situation . . . in a complex SEC crypto enforcement action"). Morrison Cohen charged partner rates ranging from $825 to $1200 per hour and an associate rate of $610 per hour. *Id.* at 7.

Turning next to the reasonableness of the claimed hours, the billing records submitted in support of a fee petition must contain "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *John Bean*, 2023 WL 6164322, at *18 (quoting *Case*, 157 F.3d at 1250) (noting that deficient time entries may be construed against the movant and striking, for example, a block-billed entry containing a non-compensable task along with compensable ones); *see also Wopsock v. Dalton*, No. 2:12-cv-00570, 2020 WL 5645621, at *8-11 (D. Utah Sept. 22, 2020) (Shelby, J.) (reducing fee by 10% because entries lacked specificity allowing Court to segregate time for recoverable activities from nonrecoverable ones). Counsel seeking fees must also "make a good faith effort to exclude from a fee request hours that are

---

at *17 (D. Utah May 22, 2023) (Shelby, J.) (finding rates of up to $695 per hour "reasonable based on the skill, experience, and reputation [ ] counsel brought to bear on a difficult case")).
[5] IX Global Defendants also used Salt Lake City counsel whose rates fall within the range of counsel rates identified above. *See* Dkt. 290-2 at 3; Dkt. 290-3 at 3.

4

excessive, redundant, or otherwise unnecessary." *John Bean*, 2023 WL 6164322, at *19 (quoting *Hensley*, 461 U.S. at 434). The Court has considered "the relatively high rate of billing by partners when compared with associates and paralegals" as a factor in determining whether a party has exercised billing judgment and whether the reasonableness of a party's fee request "warrant[s] a closer look." *See John Bean*, 2023 WL 6164322, at *19. Finally, when evaluating the hours expended on each task, courts typically consider the factors set forth in *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998) and *Johnson v. Georgia Highway Exp. Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) to determine whether the resulting award is reasonable or warrants further adjustment.[6] *See John Bean*, 2023 WL 6164322, at *22-23.

Using the methodology set forth above, the hours claimed by Defendants, Relief Defendants, and Receiver largely include the required detailed fee and cost information and appear to fall within a reasonable range given the compressed and urgent nature of responding to the TRO and Receivership Order, with two possible exceptions: First, as described below, Defendant Franklin's fee petition lacks sufficiently detailed time entries. Second, some of the Fee Petitions appear to reflect high allocations of work among partners/shareholders compared to associates. *See, e.g.*, Decl. of Richard Hong in Support of Debt Box Defendants' Application for

---

[6] The *Case* factors are: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) the potential duplication of services. *Case*, 157 F.3d at 1250. The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

Attorneys' Fees for Morrison Cohen LLP, Dkt. 295-1 at 7 (appearing to reflect 62% of the time billed by partners).

### **Nonrecoverable Fees and Costs in the Fee Petitions**

The Court ordered Defendants and Receiver to submit fee petitions "setting forth in detail all attorneys' fees and legal costs arising from the TRO and appointment of the Receiver." Dkt. 275 at 77. The TRO was in effect between July 28, 2023 and October 6, 2023. The Court instructed Defendants and Receiver to exclude from their fee petitions "all work attributable to the pending Motions to Dismiss filed by Defendants, as well as Defendants' replies to the Commission's Response to the Order to Show Cause." *Id.* at 78. The Court further instructed Defendants and Receiver to include only costs permitted by 28 U.S.C. § 1920. *Id.* at 77 n.418.

It appears that certain Defendants did not exclude from the Fee Petitions "all work attributable to the pending Motions to Dismiss filed by Defendants, as well as Defendants' replies to the Commission's Response to the Order to Show Cause." *Id.* at 78. For example:

- Fritzsche (Dkt. 289-1): Various entries related to work on OSC reply brief between 12/18/23 and 03/18/24, *see, e.g.*, ALG 01/09/24 entry for "Reviewed friendly counsel draft response to SEC response to Order to show cause; continued preparation of client declaration and client's response, preparation of correspondence to client regarding effort."

- FAIR Project Defendants (Dkt. 291-1): Various entries related to work on briefing regarding Defendants' motions to dismiss on 10/05/23, 11/22/23, and 12/05/23; multiple entries between 12/29/23 and 01/12/24 related to work on OSC reply brief, *see, e.g.*, KEP 01/04/24 entry for "Review and revise Reply to SEC Response to Order to Show Cause and supporting declarations."

6

- Calmes/Calmfritz (Dkt. 288):  KTS 01/12/24 entry re: reviewing briefing received on OSC issues.

It also appears that certain Defendants included in the Fee Petitions fees and legal costs that are attributable to matters other than the Defendants' Motions to Dismiss and replies regarding the Order to Show Cause that do not arise from the TRO and appointment of the Receiver.  For example:

- Franklin (Dkt. 287-3):  Petition seeks fees going back to 06/30/23, which pre-dates issuance of the TRO, *see* Exhibit C, p.2.

- Fritzsche (Dkt. 289-1):  Various entries relating to client and defendant communications re: the SEC's motion to dismiss, *see, e.g.*, ALG 01/30/24 entry "about SEC's intent to dismiss the complaint without prejudice" and ALG 01/31/24 entry regarding review of SEC motion to dismiss and communications with client regarding the motion.

- FAIR Project Defendants (Dkt. 291-1):  11/07/23 and 11/08/23 entries referencing, among other tasks, work on Green United litigation; 11/14/23, 11/15/23, and 11/22/23 entries relating to the SEC's motion for alternate service on Defendant Franklin, *see*, *e.g.*, 11/15/23 TAB entry for "Reviewed SEC motion for alternative service and exhibits."

Certain of the time records do not "set[] forth in detail all attorneys' fees and legal costs" and therefore it is not possible to determine if the fees and costs sought are "arising from the TRO and appointment of the Receiver."  Dkt. 275 at 77.  For example:

- Franklin: Ex. A, p.6 amount claimed for "previous balance due" (Dkt 287-1); Ex. B provides no information re: attorney hourly rate or amount of time billed (Dkt.

7

287-2); Ex. C refers to "Attorney fees" and "phone calls" but provides no further description of the work performed by counsel (Dkt. 287-3).

- FAIR Project Defendants (Dkt. 291-1):  11/02/23 KMW and TAB entries regarding discussions with client on facts and allegations of case and case status and strategy with no further information.

Finally, it appears that Defendant Franklin is seeking to recover approximately $354 for outside counsel's access to and hosting for Relativity, an electronic document review platform (Dkt. 287-1), and $982 for Westlaw research charges (Dkt. 287-3), which are not costs recoverable under 28 U.S.C. § 1920.

Dated:  May 1, 2024

Respectfully submitted,

/s/ *Michael S. Bailey*
Michael S. Bailey (D.C. Bar No. 983676)
Senior Counsel
baileym@sec.gov
Elizabeth McFadden (D.C. Bar No. 436076)
Deputy General Counsel
mcfaddene@sec.gov
Melinda Hardy (D.C. Bar No. 431906)
Assistant General Counsel
hardym@sec.gov
Office of the General Counsel
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-5100

*Attorneys for Plaintiff Securities and Exchange Commission*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2024, I caused the foregoing to be served to all parties entitled to service through the Court's ECF system.

/s/ *Michael S. Bailey*
Michael S. Bailey

*Attorney for Plaintiff Securities and Exchange Commission*