Nicholas P. Heinke (Colorado Bar No. 38738)
HeinkeN@sec.gov
Gregory A. Kasper (Colorado Bar No. 46800)
KasperG@sec.gov
Terry R. Miller (Colorado Bar No. 39007)
MillerTe@sec.gov
Ian J. Kellogg (Colorado Bar No. 40247)
KelloggI@sec.gov
Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Suite 1700
Denver, Colorado 80294
Tel.: 303-844-1000
*Attorneys for Plaintiff Securities and Exchange Commission*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENJAMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; | **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Case No. 2:23-cv-00482-RJS-DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual,

          Defendants,

ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah limited liability company; CALMES & CO, INC., a Utah corporation; FLAHERTY ENTERPRISES, LLC, an Arizona limited liability company; IX VENTURES FZCO, a United Arab Emirates company; PURDY OIL, LLC, a Nebraska limited liability company; THE GOLD COLLECTIVE LLC, a Utah limited liability company; and UIU HOLDINGS, LLC, a Delaware limited liability company,

          Relief Defendants.

# TABLE OF CONTENTS

I. INTRODUCTION ..........................................................................................................1

II. DISMISSAL WITH PREJUDICE IS NOT APPROPRIATE. ......................................2

III. CURATIVE CONDITIONS SHOULD BE LIMITED TO
ALLEVIATING HARM OF A REFILED ACTION ....................................................4

    A. The SEC agrees to DEBT Box Defendants' Condition
Nos. 1-3, 6, 9, 11 with some clarifications ............................................................5

    B. DEBT Box Defendants' Condition Nos. 7 and 10 are
unnecessary but the SEC does not oppose them with
modifications..........................................................................................................6

    C. DEBT Box Defendants' Condition Nos. 4, 5 and 8 should
be denied because they cure no legal prejudice and
interfere with the SEC's investigation. ..................................................................8

## TABLE OF AUTHORITIES

**Cases**

*Am. Nat. Bank and Trust Co. of Sapulpa v. Bic Corp.*,
  931 F.2d 1411 (10th Cir. 1991) ..................................................................................4, 7

*Anaya v. Rael,*
  2022 WL 9956370 (D.N.M. 2022) ................................................................................7, 8

*Brown v. Baeke*,
  413 F.3d 1121 (10th Cir. 2005) .........................................................................................2

*Ohlander v. Larson*, 1
  14 F.3d 1531 (10th Cir. 1997). …………….. ..................................................................2

*Rippetoe v. Taos Living Ctr.*,
  2013 WL 12335250 (D.N.M. 2013) ...............................................................................2, 7

*SEC v. Pentagon Cap. Mgmt. PLC*,
  2010 WL 4608681 (S.D.N.Y. Nov. 12, 2010) ..................................................................10

*SEC v. Scoville*,
  913 F.3d 1204 (10th Cir. 2019) .........................................................................................4

*United States v. Johnson*,
  2021 WL 5051628 (E.D. Mich. Nov. 1, 2021) ..................................................................3

*United States v. May*,
  771 F.2d 980 (6th Cir. 1985) ..............................................................................................3

*United States v. Meyer*,
  906 F.2d 1247 (8th Cir. 1990) ............................................................................................3

*United States v. Pajari*,
  715 F.2d 1378 (8th Cir. 1983) ............................................................................................3

*United States v. Segal*,
  2002 WL 538775 (N.D. Ill. Arp. 10, 2002) .......................................................................3

*U.S. ex rel. (Redacted) v. (Redacted)*,
  209 F.R.D. 475 (D. Utah 2001) ........................................................................................10

**Statutes and Rules**

15 U.S.C. § 77v(c) ............................................................................................................. 4

15 U.S.C. § 78aa(b) ........................................................................................................... 4

17 C.F.R. § 203.2 .............................................................................................................. 9

17 C.F.R. § 203.5 .............................................................................................................. 8

17 C.F.R. § 203.7(b) .................................................................................................... 9, 10

17 C.F.R. § 240.24c-1 ....................................................................................................... 9

Federal Rule of Civil Procedure 41  ................................................................... 2, 4, 8, 10

Plaintiff Securities and Exchange Commission submits this reply in support of its Motion to Dismiss Without Prejudice, Dkt. No. 280, and in response to the Opposition filed by the "DEBT Box Defendants,"[1] Dkt. No. 307 ("Opp."), which was incorporated in an opposition filed by Defendant Matthew Fritzsche, Dkt. No. 308. No other party filed an opposition.

I.   INTRODUCTION

The bulk of the Opposition to the SEC's request for dismissal *without* prejudice seeks dismissal *with* prejudice based on facts before the Court in response to its Order to Show Cause. But in ruling on the Order to Show Cause, the Court found that "[d]ismissal of the entire action with prejudice is too remote from the Commission's sanctionable conduct. Further, such an extreme sanction would potentially subject the public to future harm by foreclosing an appropriate enforcement action by the Commission, should one be warranted." Dkt. No. 275 at 76 n.412. The Opposition fails to show any legal prejudice that would compel a different result.

The SEC agrees that curative conditions for dismissal without prejudice are appropriate, has proposed some conditions, and, as explained below, also agrees to the majority of those proposed by the DEBT Box Defendants. But the Court should not impose conditions that are not designed to alleviate potential harm of a refiled case and would unduly interfere with an investigation and the Commission's charging decisions that would precede a refiled case, if one is filed. In short, dismissal without prejudice is appropriate with curative conditions discussed below.

---

[1] The Opposition was filed on behalf of the following: Defendants Digital Licensing Inc, Jason Anderson, Jacob Anderson, Schad Brannon, and Roydon Nelson, and Relief Defendants Business Funding Solutions, Blox Lending, The Gold Collective, UIU Holdings.

1

II.     **DISMISSAL WITH PREJUDICE IS NOT APPROPRIATE.**

The SEC requests dismissal *without* prejudice to protect investors through a refiled action if appropriate. The DEBT Box Defendants' request for dismissal *with* prejudice (Opp. at 4-8) should be denied because they fail to identify legal prejudice under the factors courts consider when ruling on motions pursuant to Rule 41(a)(2) and show no prejudice that cannot be alleviated with curative conditions. Absent legal prejudice, courts "normally should grant" a voluntary dismissal. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

As to the factor concerning effort and expense (Opp. at 5), the SEC is not challenging the award of fees in the Court's March 18, 2024 order. *See* Dkt. No. 309. Moreover, the DEBT Box Defendants must do more than point to fees incurred in this action. To show harm from a refiled case, they must cite fees that will be *duplicated* in a refiled action. *See, e.g.*, *Rippetoe v. Taos Living Ctr.*, 2013 WL 12335250, at *2 (D.N.M. 2013) ("[T]he attorney's fees awarded upon voluntary dismissal without prejudice should not include expenses for research, discovery, and legal arguments that will be useful in the other suit."); *see also Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005) ("Prejudice does not arise simply because a second action … may be filed against the defendant, … which is often the whole point in dismissing a case without prejudice." (citation omitted)). The DEBT Box Defendants do not try to do so in the Opposition.

As to the factors about diligence and the SEC's need for the dismissal, the Opposition misstates the reasons why the SEC has moved to dismiss without prejudice. Opp. at 6. The DEBT Box Defendants wrongly argue that the SEC did so because of purported "legal insufficiency" raised in Defendants' motion to dismiss and to evade the Court's rules and oversight. Opp. at 1, 6-7. As explained in the Motion, the SEC seeks dismissal without prejudice

2

to allow the new team of attorneys assigned to the case to analyze the case file and take additional investigative steps before determining whether or not to proceed with a new complaint. Motion at 5-6. The SEC filed the Motion diligently after it assigned new attorneys and determined that additional investigation would be helpful. Contrary to the DEBT Box Defendants' claim that the SEC has already determined to refile the same case, no such decision has been made, and any refiled case may look different for many reasons, including because the SEC may not refile the same charges after additional investigation and the Wells process, which can result in resolution of potential charges.

As to the factor concerning the stage of litigation, the DEBT Box Defendants argue that the early stage is not dispositive when a case involves "pervasive misconduct." Opp. at 7-8. While no factor is dispositive, the early stage of this case does support dismissal without prejudice. Motion at 8-9. Further, as explained above, the Court has already found that the SEC's conduct at issue in the Court's Order to Show Cause did not warrant dismissal with prejudice. Dkt. No. 275 at 76 n.412.[2] And the use of administrative subpoenas cited in the Opposition (at 7) was known to the Court (*see* Dkt. No. 177 at 10-11) at the time the Court found the SEC's conduct did not warrant dismissal with prejudice.

---

[2] The Opposition also invites the Court to analogize to criminal actions, where the government sometimes requests dismissal with prejudice. Opp. at 7-8. But the government often exercises its discretion to ask for the same relief the SEC is seeking here, and courts routinely grant that relief without imposing any conditions. *See, e.g.*, *United States v. Meyer*, 906 F.2d 1247, 1250 (8th Cir. 1990) ("pursuant to the government's request, the district court dismissed the [initial] indictment without prejudice to permit additional investigation"); *accord United States v. May*, 771 F.2d 980, 981 (6th Cir. 1985); *United States v. Pajari*, 715 F.2d 1378, 1381 (8th Cir. 1983); *United States v. Johnson*, No. 19-20274, 2021 WL 5051628, at *1 (E.D. Mich. Nov. 1, 2021); *United States v. Segal*, 2002 WL 538775, at *6 (N.D. Ill. Arp. 10, 2002), *recommendation adopted*, Dkt. No. 42 (May 31, 2002).

Finally, the Opposition wrongly assumes that protection of investors is meaningful only with "a specter of some ongoing fraud." Opp. at 8. In addition to stopping ongoing fraud, Congress has authorized the SEC to pursue past fraudulent conduct and to protect prior investors through disgorgement awards and future investors through injunctive relief. As to likelihood of future violations, the DEBT Box Defendants argue that they have moved their operations outside the United States (Opp. at 8) under the misimpression that their physical location places them outside the reach of federal securities laws. "Congress 'affirmatively and unmistakably' directed that [the antifraud provisions of the federal securities laws] apply extraterritorially in an enforcement action." *SEC v. Scoville*, 913 F.3d 1204, 1215 (10th Cir. 2019). This Court has jurisdiction over enforcement actions involving conduct within the United States and certain conduct outside the United States. *See* 15 U.S.C. §§ 77v(c) and 78aa(b). Moving operations overseas does not insulate those operations from the federal securities laws. !

### III. CURATIVE CONDITIONS SHOULD BE LIMITED TO ALLEVIATING HARM OF A REFILED ACTION.

The SEC proposed conditions that would alleviate legal prejudice that might be caused by a refiled action. Motion at 1. Those conditions serve the purpose of Rule 41(a)(2), which allows "only those conditions which actually will alleviate harm to the defendant." *Am. Nat. Bank and Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). While the Opposition's proposal for 11 conditions does not address this standard, Opp. at 9-10, the SEC agrees to six of these proposed conditions with some clarifications explained below. Two proposed conditions (Nos. 7 and 10) are unnecessary to alleviate harm of a refiled case and would put a burden on the Court and parties, but the SEC does not oppose them as clarified below if the Court is inclined to accept them. The Court should deny three conditions (Nos. 4, 5,

4

and 8) because they are not aimed at preventing harm caused by a refiled case and would unduly obstruct a nonpublic investigation.

### A. The SEC agrees to DEBT Box Defendants' Condition Nos. 1-3, 6, 9, and 11 with some clarifications.[3]

The SEC's initial proposed conditions alleviate harm of a refiled case while not imposing undue burdens on the parties or the Court. However, should the Court wish to impose additional conditions and additional Court oversight, the SEC does not object to the DEBT Box Defendants' conditions as described in this section. The SEC does not object to Condition 1, that the Court retains jurisdiction, and Condition 2, which calls for status reports every 90 days instead of the 120 days proposed by the SEC.

Condition 3, which concerns notice of administrative subpoenas, appears to overlap with the second condition proposed by the SEC. While the SEC's normal practice when conducting nonpublic investigations is not to provide notice of administrative subpoenas to courts or third parties, the SEC is not opposed to providing the Court notice of subpoenas if the Court considers it necessary. Motion at 1. Condition 3 adds a vague requirement that the SEC "provide a copy of the issued subpoenas within 3 business days." If the Court considers it necessary for the SEC to provide notice or copies of administrative subpoenas, the SEC requests that the Court state who should receive notice, copies, or both, how the SEC should provide notice or copies, and how long after service of the subpoenas should notice or copies be provided.

---

[3] The SEC did not have the chance to resolve small differences concerning conditions before filing the motion because, despite the SEC's invitation, the DEBT Box Defendants declined to discuss details of potential curative conditions during conferral and simply objected to the SEC's motion.

5

Condition 6 states that the "SEC staff will comply with the Wells process described in its Enforcement Division Manual…." Motion at 1. To clarify, participation of potential defendants in the Wells process is voluntary where the SEC staff has made a preliminary determination to recommend charging an individual or entity—the SEC cannot compel someone to engage in it. The SEC agrees to engage in the Wells process with any party the SEC staff may recommend charging and who wishes to participate.

Condition 9 states that the SEC will file a refiled case before Your Honor. Contrary to the DEBT Box Defendants' arguments, the SEC is not trying to evade sanctions from this Court or forum shop. The only difference between the DEBT Box Defendants' condition and the SEC's proposal is that the SEC defers to the Court's discretion on how and whether any refiled case is assigned to Your Honor, Motion at 1, while the DEBT Box Defendants' condition removes that discretion. The SEC agrees to either version.

Finally, Condition 11 states that any Defendant or Relief Defendant may raise matters of compliance with the Court's order during the SEC's investigation. The SEC agrees to this condition and requests clarification that it be mutual, so that the SEC may also raise matters of compliance, such as subpoena-enforcement issues, to this Court during the investigation.

**B.    DEBT Box Defendants' Condition Nos. 7 and 10 are unnecessary but the SEC does not oppose them with modifications.**

The DEBT Box Defendants' Condition 7 states that the SEC must provide "its entire investigative file" to parties when it provides a Wells notice. The Wells process is designed to aid the charging decision for a specific potential defendant. The SEC staff typically provides a thorough explanation of the evidence it would use to prove potential charges against a particular

6

person or entity. It does not provide a potential defendant voluminous nonpublic records that have little or nothing to do with the potential charges against that party.

Condition 7 would not prevent any harm that could be caused by a refiled action, and the DEBT Box Defendants make no attempt to explain how prejudice caused by a refiled case could be cured by the receipt of an "entire investigative file" at the Wells notice stage. *Am. Nat. Bank*, 931 F.2d at 1412 ("[p]rejudice does not automatically result to defendant from the filing of a second law suit[.]"). All *charged* parties will receive all appropriate disclosures under the rules of discovery in a refiled case. Moreover, the term "investigative file" is vague and will invite disputes about its scope as well as work product and privileged information in the SEC's "file." If the Court is inclined to require the SEC to provide specific information with a Wells notice the condition should be limited so that the SEC will provide, upon request, the following: (i) each subpoena issued in this case; (ii) documents provided in response to those subpoenas; and (iii) transcripts of any investigative testimony taken in this case and transcript exhibits.

The DEBT Box Defendants' Condition 10 seeks an order requiring the SEC to pay attorney fees incurred in this first action if the SEC files a second action, excluding fees and costs "with respect to the TRO and receiver issues." A request for all fees is not tailored to address harm caused by a refiled case because, if appropriate, an award of fees should be limited to work that needs to be duplicated in the second action. *Rippetoe*, 2013 WL 12335250, at *2.

There is likely very little work done in this first action that will need to be duplicated in a second action, especially given the early stage of this case. The Opposition cites no fees for work that would not be useful in a refiled action and that were not already covered by the Court's separate award of fees. The Court can deny the request for fees on this record. *See Anaya v. Rael,*

7

2022 WL 9956370, at *5 (D.N.M. 2022) (denying a fee award and noting that "[t]he Court cannot conclude based on the record before it that the discovery would not be useful" for the claims in second action). Still, if the Court is inclined to consider an award of fees to address harm caused by a refiled action, the Court should allow Defendants to request duplicative fees only if a second action is filed—after they have incurred such fees and submitted them for review—and allow the SEC to respond so that the issue can be resolved when it is ripe.

      **C.**    **DEBT Box Defendants' Condition Nos. 4, 5 and 8 should be denied because they cure no legal prejudice and interfere with the SEC's investigation.**

The SEC opposes the remaining three conditions not addressed above—4, 5, and 8. These conditions seek special access to information gathered during an SEC fact-finding investigation. SEC investigations inform the Commission's charging decisions and, to that end, are non-adversarial and are nonpublic. 17 C.F.R. § 203.5. The special access conditions requested in the Opposition are not appropriate curative conditions under Rule 41 because they would not alleviate any harm caused by a refiled action, where any defendants who are ultimately charged will have access to information and witnesses under the civil rules of discovery.

The DEBT Box Defendants' <u>Condition 4</u> would require the SEC to provide all documents it receives under administrative subpoenas to all current Defendants. This includes documents from parties (and non-parties) who may request confidential treatment of their documents during the investigation and do not want to share them with all current Defendants in this case, some of whom may not be charged in a refiled case.

The condition would also unduly burden the SEC's investigation and the parties and non-parties. All documents obtained during an investigation are not necessarily relevant to eventual charges, and documents relevant to one potential defendant are not necessarily relevant to all

8

potential defendants. Only some of the Defendants asked for this condition, and others – as well as third parties – may not want other Defendants to receive their documents, especially where their documents are not necessarily relevant in a refiled case. Moreover, the proposed deadline of 5 days is not adequate time to review, redact, and produce records.

The condition is also unnecessary to cure harm that may be caused by a refiled case. Any party who is not charged in a refiled case will have no need for these records. And any party who is proposed to be included in a refiled case will (if the Court orders) receive voluminous records on request during the Wells process and, ultimately, the ability to subpoena records under the civil rules of discovery. Finally, the proposed condition would upend established rules relating to SEC investigations. All information or documents obtained in the course of an investigation are deemed nonpublic, 17 C.F.R. § 203.2, and specific rules govern access to that nonpublic information, 17 C.F.R. § 240.24c-1. The Opposition provides no reason for exceptions to these rules because it fails to explain how this special access would cure harm caused by a refiled case.

Similarly, Condition 5 seeks special access that would burden the investigation and not alleviate harm of a refiled case. This condition would allow counsel for all current Defendants—parties who will not necessarily be charged in a refiled case—to attend not only investigative testimony, but also informal (*i.e.,* not compelled by subpoena) witness interviews. The presence of counsel for a dozen or more parties would burden the investigation by creating a risk of chilling witnesses and invasions of privacy. This unusual access would also slow down the investigation and be impractical—especially with informal witness interviews. This proposed condition is also unnecessary because every witness has the right to have their *own* counsel present at formal testimony sessions, 17 C.F.R. § 203.7(b), or voluntary interviews. A witness

9

does not need the presence of dozens of other attorneys at their testimony or interview to protect their rights. The presence of all attorneys in this case at all *voluntary* interviews is even more unnecessary and is something that parties have no right to during investigations or even litigation. The presence of all counsel in this case for every witness interview would not alleviate harm caused by a refiled action because any party in a refiled action will have subpoena power to compel testimony and they will have the opportunity to be present at depositions.

Finally, this special access would upend the rule that requires the sequestration of witnesses, 17 C.F.R. § 203.7(b), which is commonly used to enhance credibility of testimony in judicial and administrative settings. The DEBT Box Defendants have not identified harm caused by a refiled case that would be cured by upending the rule requiring sequestration.

Condition 8 also seeks to impose a burden that does not address harm caused by a refiled action. This condition would require the SEC to provide "anything that would constitute *Brady* or potential or actual exculpatory evidence" at the time of a Wells notice. But the refiled case would be a civil action where work product protection applies and *Brady* does not. *U.S. ex rel. (Redacted) v. (Redacted)*, 209 F.R.D. 475, 483 (D. Utah 2001) ("To extend *Brady* to this civil case is both unnecessary and unwarranted: because they are in possession of the underlying documents, defendants could recreate the government's audit from materials to which they have access."); *see also SEC v. Pentagon Cap. Mgmt. PLC*, 2010 WL 4608681, *2 (S.D.N.Y. Nov. 12, 2010). A condition requiring disclosure under *Brady* is unnecessary to alleviate harm of a refiled case because any party charged in a refiled case will have civil discovery tools available to them. Thus, like the special access sought in Conditions 4 and 5, this special access should not be granted as a curative condition under Rule 41(a)(2).

10

Dated:  May 13, 2024

Respectfully submitted,

*/s/ Nicholas Heinke*
Nicholas Heinke
Securities and Exchange Commission
Byron G. Rogers Federal Building
1961 Stout Street, Suite 1700
Denver, Colorado 80294
Tel.  303-844-1071
HeinkeN@sec.gov

*Attorney for Plaintiff Securities and Exchange Commission*

12

## CERTIFICATE OF SERVICE

On this 13th day of May, 2024, I hereby certify that I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification and service to all counsel of record.

*/s/ Jessica Stamper*