IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO DISMISS WITHOUT PREJUDICE** |
| Plaintiff, | |
| v. | Case No. 2:23-cv-00482-RJS-DBP |
| DIGITAL LICENSING INC. (d/b/a "DEBT Box"), a Wyoming corporation; JASON R. ANDERSON, an individual; JACOB S. ANDERSON, an individual; SCHAD E. BRANNON, an individual; ROYDON B. NELSON, an individual; JAMES E. FRANKLIN, an individual; WESTERN OIL EXPLORATION COMPANY, INC., a Nevada corporation; RYAN BOWEN, an individual; IX GLOBAL, LLC, a Utah limited liability company; JOSEPH A. MARTINEZ, an individual; BENAJMIN F. DANIELS, an individual; MARK W. SCHULER, an individual; B & B INVESTMENT GROUP, LLC (d/b/a "CORE 1 CRYPTO"), a Utah limited liability company; TRAVIS A. FLAHERTY, an individual; ALTON O. PARKER, an individual; BW HOLDINGS, LLC (d/b/a the "FAIR PROJECT"), a Utah limited liability company; BRENDAN J. STANGIS, an individual; and MATTHEW D. FRITZSCHE, an individual; | Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |
| Defendants, | |
| ARCHER DRILLING, LLC, a Wyoming limited liability company; BUSINESS FUNDING SOLUTIONS, LLC, a Utah limited liability company; BLOX LENDING, LLC, a Utah limited liability company; CALMFRITZ HOLDINGS, LLC, a Utah | |

limited liability company; CALMES & CO,
INC., a Utah corporation; FLAHERTY
ENTERPRISES, LLC, an Arizona limited
liability company; IX VENTURES FZCO, a
United Arab Emirates company; PURDY
OIL, LLC, a Nebraska limited liability
company; THE GOLD COLLECTIVE LLC,
a Utah limited liability company; and UIU
HOLDINGS, LLC, a Delaware limited
liability company,

                 Relief Defendants.

Before the court is Plaintiff Securities and Exchange Commission's Motion to Dismiss[1]

this action without prejudice.  For the reasons explained below, the Motion is GRANTED

subject to the condition that any future related case be filed in this court and before the

undersigned.  The case is DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

On July 26, 2023, the Commission filed a Complaint[2] against Defendants and Relief

Defendants alleging various violations of federal securities laws.[3]  Simultaneously, the

Commission also filed *ex parte* an application for a temporary restraining order (TRO), an asset

freeze, and the appointment of a Receiver.[4]  Following a hearing, the court issued the requested

TRO, froze Defendants' assets, and appointed a Receiver.[5]  In September, certain Defendants

---

[1] Dkt. 280, *Plaintiff Securities and Exchange Commission's Motion to Dismiss Without Prejudice* (*Motion to Dismiss*).

[2] Dkt. 1, *Complaint*.

[3] There are two primary groups of Defendants and Relief Defendants in this action: the DEBT Box Defendants and the iX Global Defendants.  For clarity, unless greater specificity is required, the court will refer to either the DEBT Box Defendants, the iX Global Defendants, or, as appropriate, simply Defendants.

[4] Dkt. 3, *Motion for Temporary Restraining Order*.

[5] Dkt. 9; Dkt. 10.

filed a motion to dissolve the TRO arguing, among other things, the Commission made misrepresentations to the court in seeking the emergency *ex parte* relief.[6]

At a hearing on October 6, 2023, the court dissolved the TRO and receivership after determining it was improvidently entered and noting its concerns about representations the Commission made in obtaining and defending the relief.[7]  In November, the court ordered the Commission to show cause why sanctions should not be imposed for its conduct,[8] which the Commission responded to in December.[9]  In view of the issues raised in the Order to Show Cause, in January 2024, the Commission moved to dismiss the case to consider whether and how to proceed with the matter.[10]  On March 18, 2024, the court imposed sanctions against the Commission for bad faith conduct in obtaining and defending the TRO.[11]  The court also denied the Commission's motion to dismiss without prejudice to refile the motion in accordance with the District of Utah's Local Rules.[12]

The Commission filed the present Motion on April 15, 2024, requesting the court dismiss the action without prejudice.[13]  The Commission seeks dismissal to allow attorneys newly assigned to the matter to conduct a proper investigation, to engage with Defendants through the Commission's administrative investigatory process, and to make a determination about

---

[6] Dkt. 132, *DEBT Box Defendants' Motion to Dissolve*.

[7] Dkt. 187, *Minute Order* for hearing on motions to dissolve.

[8] Dkt. 215, *Order to Show Cause*.

[9] Dkt. 233, *Commission's Response to Order to Show Cause*.

[10] Dkt. 260, *Plaintiff Securities and Exchange Commission's Motion to Dismiss Action Without Prejudice and to Vacate Upcoming Hearing*.

[11] Dkt. 275, *Memorandum Decision and Order* (*Sanctions Order*).

[12] *Id.* at 78-79.

[13] *Motion to Dismiss*.

appropriate next steps.[14]  According to the Commission, dismissal without prejudice is warranted to protect investors and the public interest, and because it would not subject Defendants to legal prejudice.[15]  The Commission also proposes several conditions governing the dismissal, including periodic status reports and, should the Commission determine to refile the case, a commitment to file it before the undersigned.[16]

Certain Defendants, notably the DEBT Box Defendants and iX Global Defendants, oppose the Motion,[17] arguing dismissal should be with prejudice.[18]  If the court exercises its discretion to dismiss the case without prejudice, Defendants assert the Commission's proposed conditions are inadequate and submit several of their own.[19]

The Motion is now fully briefed and ripe for review.[20]

## LEGAL STANDARD

Rule 41(a)(2) of the Federal Rules of Civil Procedure governs voluntary dismissals and "permits a district court to dismiss an action without prejudice 'upon such terms and conditions as the court deems proper.'"[21]  The Rule is primarily designed "to prevent voluntary dismissals

---

[14] *Id.* at 2–3.

[15] *Id.* at 7.

[16] *Id.* at 1.

[17] Defendants Benjamin F. Daniels, Mark W. Schuler, Alton O. Parker, BW Holdings, and B & B Investment Group consent to dismissal without prejudice, subject to the Commission's proposed conditions.  *Motion to Dismiss* at 3.

[18] Dkt. 307, *Defendants Digital Licensing Inc., Jason R. Anderson, Jacob S. Anderson, Schad E. Brannon, and Roydon B. Nelson and Relief Defendants Business Funding Solutions, LLC, Blox Lending, LLC, The Gold Collective LLC, and UIU Holdings, LLC's Opposition to the SEC's Renewed Motion to Dismiss Without Prejudice* (*Defendants' Opposition*); Dkt. 308, *Matthew Fritzsche's Opposition to the SEC's Renewed Motion to Dismiss Without Prejudice* (incorporating *Defendants' Opposition*).

[19] *Defendants' Opposition* at 2.

[20] Dkt. 310, *Plaintiff Securities and Exchange Commission's Reply in Support of its Motion to Dismiss Without Prejudice* (*Reply*).

[21] *Am. Nat'l Bank and Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (quoting Fed. R. Civ. P. 41(a)(2)).

which unfairly affect the other side, and to permit the imposition of curative conditions."[22]
Curative conditions are those "designed to alleviate any prejudice a defendant might otherwise
suffer upon refiling of an action."[23]  However, the court may "impose only those conditions
which actually will alleviate harm to the defendant."[24]  "Absent legal prejudice to the defendant,
the district court normally should grant" a voluntary dismissal.[25]  Fundamentally, the court
"should endeavor to insure substantial justice is accorded to both parties, and therefore the court
must consider the equities not only facing the defendant, but also those facing the plaintiff."[26]

## ANALYSIS

The parties' dispute concerning the Commission's Motion revolves around two central
issues: (1) whether dismissal should be with or without prejudice and, (2) assuming dismissal
without prejudice, what curative conditions are appropriate.  The court addresses each issue in
turn.

### I.     Dismissal Without Prejudice

A voluntary dismissal without prejudice under Rule 41(a)(2) should typically be granted
unless it would result in legal prejudice.  The court concludes there is no prejudice here that
cannot be cured by the condition discussed below, and the Commission's requested dismissal
without prejudice should be granted.  As the Tenth Circuit has repeatedly instructed, "[p]rejudice
does not arise simply because a second action has been or may be filed against the defendant."
Indeed, that "is often the whole point in dismissing a case without prejudice."  Rather, the

---

[22] *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996)).

[23] *Am. Nat'l Bank*, 931 F.2d at 1412 (citation omitted).

[24] *Id.* (citation omitted).

[25] *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (internal quotation and citation omitted).

[26] *Brown*, 413 F.3d at 1124 (quoting *Cnty. of Santa Fe v. Pub. Serv. Co.*, 311 F.3d 1031, 1048 (10th Cir. 2002)).

prejudice analysis evaluates several "practical factors."  Namely, the court considers "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for dismissal; and the present stage of litigation."  Considering these factors, Defendants have failed to demonstrate legal prejudice would arise from dismissal without prejudice.

The Commission argues dismissal without prejudice is appropriate because it will protect investors and the public interest, and will not cause Defendants legal prejudice.[27]  The Commission seeks to dismiss this case to allow a new team of attorneys to "analyze and assess the existing record, take additional investigative steps as appropriate to ensure the record is accurate and complete, engage with Defendants and Relief Defendants, and determine whether it is appropriate to recommend the Commission proceed with a new complaint, and, if so, the scope of any new complaint."[28]  According to the Commission, Defendants cannot demonstrate a dismissal would cause them legal prejudice because, due to the early stage of this litigation, there would not be duplicated expenses in preparing for trial.[29]  Additionally, the Commission asserts Defendants cannot demonstrate excessive delay, lack of diligence, or an inadequate explanation of the need for dismissal.[30]  The Commission contends it first sought dismissal immediately after it determined reconsideration of how to proceed with the matter was necessary, and it filed the present Motion within one month of the court's denial of the initial motion.[31]

---

[27] *Motion to Dismiss* at 7.

[28] *Id.* at 8.

[29] *Id.*

[30] *Id.*

[31] *Id.* at 9.

In their Opposition, Defendants assert the court should dismiss the case with prejudice because a voluntary dismissal without prejudice would subject them to legal prejudice.[32] Though the case was not close to trial, Defendants argue they have "expended extraordinary effort and expense" litigating the action.[33] According to Defendants, the Commission did not act with diligence because it waited to seek dismissal until approximately 110 days after Defendants put it on notice of the issues in its Complaint.[34] Defendants further assert the Commission fails to provide a "real" explanation of the need for dismissal and is only attempting to "circumvent from [sic] the federal rules and retreat to its administrative investigative process, in which there is no federal court oversight of the [Commission's] conduct." At bottom, Defendants contend dismissal with prejudice is warranted because, considering the Commission's conduct in this case, Defendants "cannot trust" the Commission to do what it claims it will do following a dismissal without prejudice.[35] The Commission, Defendants assert, "should not be allowed to 're-investigate' this matter[] with unbridled discretion."[36]

As referenced above, the court previously found aspects of the Commission's conduct in this case to be sanctionable. However, it has already considered and imposed the sanction it deemed appropriate in view of that misconduct. In so doing, the court determined the "extreme sanction" of dismissal with prejudice was not warranted.[37] Leaning heavily on the court's previous Sanctions Order, Defendants effectively urge the court, based on conduct already

---

[32] *Defendants' Opposition* at 4.

[33] *Id.* at 5.

[34] *Id.* at 6.

[35] *Id.* at 1.

[36] *Id.* at 7.

[37] *Sanctions Order* at 76 n.412.

addressed, to further sanction the Commission by dismissing with prejudice.  The court declines the invitation.

This voluntary dismissal comes early in the litigation and Defendants have not expended great effort and expense preparing for trial.  Much of Defendants' effort and expense to this point stems from issues relating to the TRO and Receiver.  If the case were dismissed without prejudice, Defendants would not be prejudiced by these expenses because the court imposed a sanction against the Commission for attorney fees and costs arising from those issues.[38]

The court acknowledges certain Defendants filed motions to dismiss under Rule 12(b), but no prejudice arises from this because these efforts and expenses would likely not be duplicated in a subsequent action.  The logic of other courts in this Circuit considering appropriate attorney fees following a voluntary dismissal without prejudice is persuasive.  After a voluntary dismissal in which other related litigation between the parties remained ongoing, the court in *Rippetoe v. Taos Living Center* determined an award of attorney fees "should not include expenses for research, discovery, and legal arguments that will be useful in the other suit."[39] Though not precisely on-point, the underlying logic applies in this context.  Defendants will not be prejudiced because their efforts and expenses in preparing their motions to dismiss will not be duplicated in a potential future action.  Should it be necessary, they will likely be able to repurpose the research, discovery, and legal arguments prepared in the initial stages of this litigation for use in a subsequent case.

Concerning the Commission's diligence and stated need for dismissal, Defendants do not demonstrate prejudice would arise from a dismissal without prejudice.  Following the court's

---

[38] *Id.* at 79.

[39] No. 12-CV-0646, 2013 WL 12335250, at *2 (D.N.M. Feb. 7, 2013).

Order to Show Cause and Sanctions Order, the Commission has sought to rectify its misconduct in part by assigning a new team of attorneys to the case.  That team promptly filed the present Motion within a month of the court's Sanctions Order, citing the need to reconsider the case file, to take additional investigative steps—including engaging with Defendants—and to determine "whether or not to proceed with a new complaint."[40]

The court is unpersuaded by Defendants' argument that the Commission lacked diligence because it should have sought to dismiss the case when the court dissolved the TRO and Defendants filed their Rule 12(b) motions.[41]  As stated above, the Commission's misconduct in this case has been addressed.  Defendants' effort to color this Motion with those issues is unavailing.  The Commission's rationale for dismissal is appropriate and it did not unduly delay seeking dismissal in view of that explanation.  This factor does not establish Defendants[] would be prejudiced by a dismissal without prejudice.

Lastly, dismissal without prejudice is supported by the early stage of the litigation.  Citing criminal cases involving the Department of Justice (DOJ), Defendants argue other federal agencies have moved to dismiss cases with prejudice "when the ends of justice require[] it."[42]  According to Defendants, they do this "irrespective of the stage of the litigation . . . when DOJ's prosecutors or law enforcement agents have engaged in pervasive misconduct . . . ."[43]

---

[40] *Reply* at 3.

[41] *Defendants' Opposition* at 6.  Defendants suggest the Commission should have sought dismissal after it "was alerted to the legal insufficiency of its Complaint" by Defendants' Rule 12(b) motions.  *Id.*  The court repeats and reiterates what it stated in the Sanctions Order: "The court cautions it has not yet had occasion to evaluate the underlying merits of this action."  *Sanctions Order* at 79.  Defendants' Rule 12(b) motions have not been decided. Due to the early stage of this litigation and the focus on issues concerning the TRO, there has been no consideration of the legal sufficiency of either the Commission's Complaint or Defendants' arguments.  Defendants' position does not establish the Commission failed to act with diligence.

[42] *Defendants' Opposition* at 7.

[43] *Id.*

Defendants' selective presentation of certain criminal cases does not establish legal prejudice in this civil enforcement action.  As the Commission highlights, federal agencies also routinely seek and receive dismissals without prejudice.[44]  Often, unlike here, those requests are granted without imposing any curative conditions.[45]  Moreover, the court has already addressed the Commission's misconduct and determined dismissal with prejudice would be inappropriate, in part, because of the early stage of this litigation.[46]

A final, related observation further supports the conclusion dismissal without prejudice is appropriate here.  The court's role is "to insure substantial justice is accorded to both parties."[47] This requires "consider[ing] the equities not only facing the defendant, but also those facing the plaintiff."[48]  As the court previously noted when it determined dismissal with prejudice would be an inappropriate sanction, the equities facing the Commission implicate the public's interest in enforcement of the securities laws.[49]  Dismissal with prejudice "would potentially subject the public to future harm by foreclosing an appropriate enforcement action by the Commission, should one be warranted."[50]  This consideration applies with equal force here and, along with the other factors discussed, counsels in favor of dismissal without prejudice.

In sum, the court concludes the practical factors establishing Defendants would suffer legal prejudice from a dismissal without prejudice are absent.  As is "normally"[51] warranted in

---

[44] *Reply* at 3 n.2.

[45] *Id.*

[46] *Sanctions Order* at 76 n.412.

[47] *Brown*, 413 F.3d at 1124 (quoting *Cnty. of Santa Fe*, 311 F.3d at 1048).

[48] *Id.* (quoting *Cnty. of Santa Fe*, 311 F.3d at 1048).

[49] *Sanctions Order* at 76 n.412.

[50] *Id.*

[51] *Brown*, 413 F.3d at 1123.

such circumstances, the Commission's Motion to Dismiss without prejudice is granted, subject to the condition to which the court now turns.

## II.   Curative Conditions

The Commission proposes four conditions designed to cure any legal prejudice arising from dismissal of the action.[52]   Three of these conditions relate to apprising the court of steps the Commission may take in its internal investigatory and administrative proceedings.[53]   One condition requires any potential future case to be refiled in this District before the undersigned.[54] Defendants argue the Commission's conditions are inadequate because they do not "alleviate any prejudice a defendant might otherwise suffer upon refiling of an action,"[55] and propose several conditions of their own.   Defendants' arguments are unpersuasive, and its proposed conditions do not relate to alleviating harm Defendants may suffer due to the filing of a future action.   As explained below, the Commission's authority to conduct investigations and administrative proceedings is a creature of statute.   Federal district courts have limited jurisdiction over these matters.   The court recognizes the Commission's good-faith effort to ensure transparency in its future handling of this matter but determines the only condition necessary and appropriate under Rule 41(a)(2) is that any future case be refiled before the undersigned.

When dismissing an action without prejudice under Rule 41(a)(2), the court has discretion to impose conditions "designed to alleviate any prejudice a defendant might otherwise

---

[52] *Motion to Dismiss* at 1.

[53] *Id.*   The proposed conditions require filing a status report within 120 days of dismissal and periodically thereafter, notifying the court of any investigative subpoenas issued by the Commission, and, if Commission staff makes a preliminary determination to recommend the Commission refile charges, engaging with Defendants through appropriate administrative mechanisms.

[54] *Id.*

[55] *Defendants' Opposition* at 9.

suffer upon refiling of an action."[56]  But the court "should impose only those conditions which will actually alleviate harm to the defendant."[57]  Defendants' prejudice concerns appear to be that the Commission "is attempting to run away from this Court's rules and oversight and retreat to its administrative investigative process . . . ."[58]  Related to this, many of Defendants' proposed conditions concern oversight and management of the Commission's internal administrative proceedings.  Defendants also express concern that the Commission's conditions "fail to address the real and practical questions of what would and should occur when the [Commission] decides to re-file this action within the next 6-12 months . . . ."[59]

To the former concern, the Commission's potential use of its internal administrative process is not a proper factor for consideration when the court evaluates prejudice which may arise from a dismissal under Rule 41(a)(2).  Congress has granted the Commission authority to conduct in-house administrative investigations and enforcement actions.[60]  With some exceptions, oversight and management of the Commission's internal administrative process is beyond the jurisdiction of a federal district court.[61]  The Securities Exchange Act provides Defendants a mechanism to seek review of a final order from the Commission in a court of

---

[56] *Am. Nat'l Bank*, 931 F.2d at 1412 (citation omitted).

[57] *Id.* (citation omitted).

[58] *Defendants' Opposition* at 1.

[59] *Id.* at 2.

[60] *Axon Enter., Inc. v. Federal Trade Commission*, 598 U.S. 175, 180 (2023) (noting the Securities Exchange Act "authorize[s] the Commission[] to address statutory violations either by bringing civil suits in federal district court or by instituting their own administrative proceedings") (consolidated case also involving the SEC).

[61] *Id.* at 185 (discussing the Exchange Act's statutory review scheme and noting the Supreme Court has "several times held that the creation of such a review scheme for agency action divests district courts of their ordinary jurisdiction over the covered cases") (citations omitted).

appeals.[62]  And, should Defendants have challenges "collateral to any decisions the Commission[] could make in individual enforcement proceedings,"[63] such as those raising "standard questions of administrative and constitutional law," they may file suit in a federal district court.[64]  Otherwise, overseeing the Commission's in-house proceedings is not the proper role of a district court and conditions concerning that issue are not the sort Rule 41(a)(2) contemplates.  Accordingly, Defendants' attempt to argue they will suffer prejudice due to the Commission's potential exercise of its statutory authority is misplaced.

Concerning Defendants' latter concern, that the Commission's conditions "fail to address" prejudice that may result if the Commission elects to refile this case,[65] the court is unpersuaded.  In the event the Commission refiles against some or all Defendants, it commits to doing so in this court before the undersigned.  Prejudice does not result from the mere fact Defendants may have a second action filed against them, as "this is often the whole point in dismissing a case without prejudice."[66]  The court understands Defendants to be broadly concerned the Commission is engaging in gamesmanship and seeking to evade this court's review.  But the Commission's proposed condition to refile in this court adequately addresses that concern and alleviates any potential prejudice.

The court determines the only curative condition necessary to alleviate prejudice Defendants may suffer from a potential future action is that, should the Commission refile some

---

[62] *See id.* at 181 ("Under the Exchange Act, '[a] person aggrieved by [an SEC] final order . . . may obtain review of the order' by filing a petition in a court of appeals.  15 U.S.C. § 78y(a)(1).  That petition gives the appellate court 'jurisdiction' to 'affirm or modify and enforce or to set aside the order in whole or in part.'  § 78y(a)(3).").

[63] *Id.* at 195–96.

[64] *Id.* at 194 (citation and quotation omitted).

[65] *Defendants' Opposition* at 2.

[66] *Brown*, 413 F.3d at 1124.

form of this case against any or all Defendants and Relief Defendants, it must do so in this District before the undersigned.

## CONCLUSION

For the reasons explained above, the Commission's Motion to Dismiss[67] without prejudice is GRANTED. The case is DISMISSED WITHOUT PREJUDICE subject to the following condition:

- Should the Commission refile this action against some or all Defendants and Relief Defendants, it must be filed in the U.S. District Court for the District of Utah before the undersigned.

In view of the case's dismissal, Defendants' pending Motions to Dismiss[68] under Rule 12(b) are DENIED as moot.

The Clerk of Court is directed to close the case.

SO ORDERED this 28th day of May 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[67] Dkt. 280.

[68] Dkt. 182; Dkt. 191; Dkt. 192; Dkt. 193; Dkt. 196; Dkt. 197; Dkt. 232.